## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MYSTIC LANDING, LLC, <br><br>Plaintiff, <br><br>v. <br><br>PHARMACIA CORPORATION, SOLUTIA, INC., and MONSANTO COMPANY, <br><br>Defendants/Third-Party Plaintiffs, <br><br>v. <br><br>MODERN CONTINENTAL CONSTRUCTION CO., INC., <br><br>Third-Party Defendant. | **CIVIL ACTION NO. 04-10180 RGS** |

### PLAINTIFF MYSITIC LANDING, LLC'S AND THIRD-PARTY DEFENDANT MODERN CONTINENTAL CONSTRUCTION CO., INC.'S ANSWER TO DEFENDANTS' COUNTERCLAIM AND THIRD-PARTY COMPLAINT

Plaintiff Mystic Landing, LLC ("Mystic") and Third-Party Defendant Modern Continental Construction Co., Inc. ("Modern") hereby answer the Counterclaim and Third-Party Complaint, respectively, of Defendants Pharmacia Corporation ("Pharmacia") and Monsanto Company ("Monsanto") as follows:

### COUNTERCLAIMS

### FIRST COUNTERCLAIM

1. Mystic is without sufficient information to admit or deny the allegations contained in paragraph 43 of Defendants' Counterclaims, and therefore denies the same.

#474448 v1

2. Mystic is without sufficient information to admit or deny the allegations contained in paragraph 44 of Defendants' Counterclaims, and therefore denies the same.

3. Mystic admits the allegations contained in paragraph 45 of Defendants' Counterclaims.

4. Mystic admits that it is the owner of the parcel of real property located at Alford Street and Broadway in Everett, Massachusetts as alleged in paragraph 46 of Defendants' Counterclaims. Mystic denies all remaining allegations contained in paragraph 46 of Defendants' Counterclaims.

5. Mystic answers that its complaint is a legal document the terms of which speak for themselves. To the extent that the allegations contained in paragraph 47 of Defendants' Counterclaims require a response, Mystic denies the same.

6. Paragraph 48 of Defendants' Counterclaims contains conclusions of law to be determined by the Court. To the extent that the allegations contained in paragraph 48 require a response, Mystic denies the same.

7. Mystic denies the allegations contained in paragraph 48(a) of Defendants' Counterclaims..

8. Mystic denies the allegations contained in paragraph 48(b) of Defendants' Counterclaims.

9. Mystic denies the allegations contained in paragraph 49 of Defendants' Counterclaims.

10. Mystic denies the allegations contained in paragraph 50 of Defendants' Counterclaims.

#474448 v1

## SECOND COUNTERCLAIM

11. Mystic restates its responses to the allegations contained in paragraphs 43 through 47 of Defendants' Counterclaims as though fully set forth herein.

12. Mystic denies the allegations contained in paragraph 52 of Defendants' Counterclaims.

13. Paragraph 52(a) of Defendants' Counterclaims contains conclusions of law to be determined by the Court. To the extent that the allegations contained in paragraph 52(a) require a response, Mystic denies the same.

14. Mystic denies the allegations contained in paragraph 52(b) of Defendants' Counterclaims.

15. Mystic denies the allegations contained in paragraph 53 of Defendants' Counterclaims.

16. Mystic denies the allegations contained in paragraph 54 of Defendants' Counterclaims.

## THIRD-PARTY COMPLAINT

### COUNT I

17. Modern is without sufficient information to admit or deny the allegations contained in paragraph 55 of Defendants' Third-Party Complaint, and therefore denies the same.

18. Modern is without sufficient information to admit or deny the allegations contained in paragraph 56 of Defendants' Third-Party Complaint, and therefore denies the same.

#474448 v1

19. Modern admits the allegations contained in paragraph 57 of Defendants' Third-Party Complaint.

20. Modern answers that the complaint filed in this action is a legal document the terms of which speak for themselves. Modern further answers that M.G.L. c. 21E is a legal statute, the terms of which speak for themselves. To the extent that the allegations contained in paragraph 58 of Defendants' Third-Party Complaint require a response, Modern denies the same.

21. Modern denies the allegations contained in paragraph 59 of Defendants' Third-Party Complaint.

22. Paragraph 60 of Defendants' Third-Party Complaint contains conclusions of law to be determined by the Court. To the extent that the allegations contained in paragraph 60 require a response, Modern denies the same.

### COUNT II

23. Modern restates its responses to the allegations contained in paragraphs 55 through 57 of Defendants' Third-Party Complaint as though fully set forth herein.

24. Modern answers that the complaint filed in this action is a legal document, the terms of which speak for themselves. Modern further answers that 42 U.S.C. §§ 9601 et seq. is a legal statute, the terms of which speak for themselves. To the extent that the allegations contained in paragraph 62 require a response, Modern denies the same.

25. Modern denies the allegations contained in paragraph 63 of Defendants' Third-Party Complaint.

#474448 v1

26. Paragraph 64 of Defendants' Third-Party Complaint contains conclusions of law to be determined by the Court. To the extent that the allegations contained in paragraph 64 require a response, Modern denies the same.

## PLAINTIFF MYSTIC LANDING LLC'S AND THIRD-PARTY DEFENDANT MODERN CONTINENTAL CONSTRUCTION CO., INC.'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants' Counterclaim and/or Third-Party Complaint fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants' Counterclaim and/or Third-Party Complaint are barred by the doctrines of unclean hands, laches, and estoppel.

### THIRD AFFIRMATIVE DEFENSE

Defendants' Counterclaims and/or Third-Party Complaint are barred in whole or in part by Defendants' refusal and/or failure to comply with the terms of the applicable statutes, M.G.L. c. 21E and 42 U.S.C. §§ 9601 et seq.

### FOURTH AFFIRMATIVE DEFENSE

Defendants' Counterclaim and/or Third-Party Complaint are barred because Defendants failed to satisfy the conditions precedent to filing a suit under M.G.L. c. 21E and 42 U.S.C. §§ 9601 et seq.

### FIFTH AFFIRMATIVE DEFENSE

Defendants' Counterclaim and/or Third-Party Complaint are barred in whole in or part by the relevant statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Defendants' Counterclaim and/or Third-Party Complaint are barred in whole in or part by Defendants' negligence and/or strict liability.

## SEVENTH AFFIRMATIVE DEFENSE

Mystic and Modern hereby give notice that they intend to rely upon such other and further defenses that may become available through discovery or otherwise and reserve their rights to assert and rely upon such further defenses as of right or by appropriate motion.

WHEREFORE, Plaintiff Mystic Landing, LLC and Third-Party Defendant Modern Continental Construction Co., Inc. respectfully request that this Court dismiss the Counterclaims and Third-Party Complaint, respectively, that Mystic and Modern be awarded their costs in defending the same, and that the Court award such further, different relief as justice may require.

Respectfully submitted,

**MYSTIC LANDING, LLC and MODERN CONTINENTAL CONSTRUCTION CO., INC.**

By its attorneys,

Gerald J. Petros, Esq. (BBO #558437)
Doreen M. Zankowski, Esq. (BBO #558381)
Lauren Timoney Upton, Esq. (BBO #565122)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109-1775
(617) 345-9000

DATED: March 3rd, 2004.

#474448 v1

## CERTIFICATE OF SERVICE

I, Doreen M. Zankowski, hereby certify that on this 3rd day of March 2004, I served a true and accurate copy of the foregoing document by first class mail, postage prepaid to:

Adam P. Kahn, Esq.
John M. Stevens, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts 02210

Richard M. Cieri, Esq.
Gibson, Dunn & Crutcher
200 Park Avenue
New York, NY 10166

*Doreen Zankowski /KLR/*

#474448 v1