UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MYSTIC LANDING, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>PHARMACIA CORPORATION, SOLUTIA INC.<br>and MONSANTO COMPANY,<br><br>    Defendants.<br><br>PHARMACIA CORPORATION and<br>MONSANTO CORPORATION,<br><br>    Third-Party Plaintiffs,<br><br>v.<br><br>MODERN CONTINENTAL CONSTRUCTION<br>CO., INC.,<br><br>    Third-Party Defendant. | CIVIL ACTION No. 04-10180 RGS |

## MEMORANDUM IN SUPPORT OF DEFENDANT PHARMACIA CORPORATION'S MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT

Defendant Pharmacia Corporation ("Pharmacia") submits this memorandum in support of its Motion for Leave To File a Third-Party Complaint ("Motion"). The Court should grant the Motion because it is timely filed, and because the third-party claim does not prejudice the plaintiff, does not unduly delay or complicate the trial, is meritorious and furthers judicial efficiency.

FHBoston/1043665.1

## FACTUAL BACKGROUND

Plaintiff Mystic Landing LLC ("Mystic") originally brought suit against Pharmacia, seeking damages for costs of responding to environmental contamination of property formerly owned by Pharmacia that Mystic plans to develop for retail, residential, and recreational uses. In connection with the transfer of that property to Boston Edison Company ("Boston Edison"), Boston Edison agreed to indemnify Pharmacia for all costs and losses relating to the use of the property other than for manufacturing and industrial purposes. The third-party claim seeks to enforce that indemnity.

## ARGUMENT

In determining whether to grant leave under Fed. R. Civ. P. 14(a) to file a third-party complaint, district courts should employ a "liberal standard," allowing impleader "on any colorable claim of derivative liability that will not unduly delay or otherwise prejudice the ongoing proceedings." Lehman v. Revolution Portfolio LLC, 166 F.3d 389, 393 (1st Cir. 1999); see also Hicks v. Long Island Railroad, 165 F.R.D. 377, 379 (E.D.N.Y. 1996), quoting Shafarman v. Ryder Truck Rental, Inc., 100 F.R.D. 454, 459 (S.D.N.Y. 1984)(A motion for leave to file a third-party complaint should be "freely granted to promote…efficiency unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim.") The factors to be considered include "possible prejudice to the plaintiff, complication of issues in the trial, likelihood of causing delay, timeliness of the motion to implead, the merit or substance of the third-party complaint, and additional expenses to the parties." United States of America v. Government Development Bank, 725 F. Supp. 96, 105 (D. P.R. 1989).

Pharmacia's third-party claim against Boston Edison meets all of these standards. The claim is clearly derivative in nature. Mystic seeks to recover from Pharmacia response costs required for property it plans to develop for residential, retail and recreational uses. The third-party claim seeks to recover on an indemnity given to Pharmacia by Boston Edison for any loss it incurs for the use of the property for those purposes. The claim will not unduly delay or complicate the trial. It is being filed before the commencement of discovery and involves the same factual issues presented by the complaint. Accordingly, joinder of the claim in this action will avoid unnecessary duplication, thereby promoting judicial efficiency. Finally, the Motion is timely filed. See United States of America v. Government Development Bank, 725 F. Supp. at 106.

Respectfully submitted,

John M. Stevens (BBO # 480140)
Adam P. Kahn (BBO # 561554)
Christopher J. Spiro (BBO #657568)
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts  02210
(617) 832-1000
Attorneys for Defendant/Third-Party
  Plaintiff Pharmacia Corporation

Dated:  April 29, 2004

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL/HAND ON 5/14/04

FHBoston/1043665.1

- 3 -