UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MYSTIC LANDING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PHARMACIA CORPORATION, SOLUTIA INC. and MONSANTO COMPANY,<br><br>Defendants. | |
| PHARMACIA CORPORATION and MONSANTO COMPANY,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>MODERN CONTINENTAL CONSTRUCTION CO., INC.,<br><br>Third-Party Defendant. | CIVIL ACTION No. 04-10180 RGS |

## MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS OF DEFENDANT MONSANTO COMPANY

Defendant Monsanto Company ("Monsanto") submits this memorandum in support of its motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The Court should grant the motion because, as shown by the official public documents attached hereto, Monsanto could not possibly have taken any of the actions on which all counts of the Complaint are based. In the event the Court cannot take judicial notice of those documents and must therefore refer to the affidavit of counsel to which they are also attached, Monsanto requests that the motion be treated as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

FHBoston/1056966.1

## ARGUMENT

I. **The Complaint Cannot State A Claim Against Monsanto Because Monsanto Did Not Exist Until Long After The Events Alleged Had Occurred.**

The Complaint seeks relief on various legal theories arising from environmental contamination of property owned by plaintiff Mystic Landing, LLC ("Mystic") located in Everett, Massachusetts (the "Site"). This contamination is alleged to be attributable to the use of the Site for chemical manufacturing and storage of oil. (Complaint ¶¶ 20,21.) The Complaint alleges that Monsanto owned the Site and used it for those purposes from 1943 until 1983, when it sold the Site. (Complaint ¶¶ 8-10.) There are no allegations of any subsequent contacts with the Site by Monsanto.

Monsanto demonstrably could not have engaged in any of the activities from which liability is alleged to arise, because it was not formed until long after 1983. More particularly, it was incorporated as Monsanto Ag Company in February 2000 and changed its name to Monsanto Company one month later. Copies of the corporate certificates showing the incorporation and the name change are attached hereto, respectively, as Exhibits "A" and "B."

Mystic's error may arise from the fact that, from in or about 1943 until in or about 1983, a corporation then called Monsanto Company owned and operated the Site. That corporation changed its name to Pharmacia Corporation ("Pharmacia") in March 2002. A copy of the corporate certificate showing the name change is attached hereto as Exhibit "C." Mystic seems to have understood that the corporate owner and occupant of the Site from 1943 to 1983 was Pharmacia because Pharmacia was the only corporation to which it provided notification and with which it conducted the disclosures and negotiations mandated by Massachusetts General

Laws Chapter 21E, the statute on which counts I, II, and VI of the Complaint are based.[1] (Complaint ¶¶ 26,27.) In any event, Pharmacia is named in the Complaint as a defendant and has appeared in the action, so dismissal of Monsanto will not require Mystic to start over again with the right defendant.

When Monsanto pointed out these facts to counsel for Mystic, their response was to refuse to agree to the dismissal of Monsanto without prejudice because of the existence of certain contractual arrangements involving Monsanto and Pharmacia with respect to liabilities such as that alleged here. A copy of counsel's response is attached hereto as Exhibit "D." There is no suggestion by counsel that these arrangements were for the benefit of anyone other than Pharmacia, but for present purposes, the short answer to counsel's position is that the Complaint sets forth no claim based upon any supposed contractual assumption of liability for the benefit of Mystic. Rather, the Complaint contains claims based upon a Massachusetts statute and the Massachusetts law of torts arising from actions occurring in or before 1983. Monsanto, as a matter of law, could not have engaged in any of those actions. Accordingly, it is entitled, as a matter of law, to dismissal of the complaint against it.

---

[1] The failure to include Monsanto in this process is separate grounds for dismissal of those counts. See M.G.L. c. 21E §4A.

## CONCLUSION

For the foregoing reasons, the Court should enter judgment dismissing the Complaint against Monsanto.

Respectfully submitted,

_____
John M. Stevens (BBO # 480140)
Adam P. Kahn (BBO # 561554)
Elisabeth M. Delisle (BBO #658067)
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts  02210
(617) 832-1000

## CERTIFICATE OF SERVICE

I hereby certify that I served the above document on May 24, 2004 by having a copy thereof delivered by hand to Doreen M. Zankowski, Hinckley, Allen & Snyder LLP, 28 State Street, Boston, Massachusetts 02109. I also had a copy delivered by hand to Jeffrey N. Stevens, Esquire, Boston Edison Company, 800 Boylston Street, Boston, Massachusetts 02199

_____
John M. Stevens (BBO No. 480140)

DATED: May 24, 2004.