UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE
2004 JUN 10 P 3: 40
U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| MYSTIC LANDING, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PHARMACIA CORPORATION, SOLUTIA INC., and MONSANTO COMPANY, <br><br> Defendants, <br><br> PHARMACIA CORPORATION and MONSANTO COMPANY, <br><br> Third-Party Plaintiffs, <br><br> v. <br><br> MODERN CONTINENTAL CONSTRUCTION CO., INC., <br><br> Third-Party Defendant. | CIVIL ACTION NO. 04-10180 RCL NMG |

### PLAINTIFF MYSTIC LANDING, LLC MEMORANDUM OF LAW IN SUPPORT OF ITS OPPOSITION TO DEFENDANT MONSANTO COMPANY'S MOTION FOR JUDGEMENT ON THE PLEADINGS

#### I.   INTRODUCTION

Plaintiff Mystic Landing, LLC ("Mystic") opposes the Motion for Judgment on the Pleadings (the "Motion") filed by Defendant Monsanto Company ("New Monsanto") in which New Monsanto seeks its dismissal from this action. Based upon papers that have been filed in a related[1] matter, *In re Solutia Inc. et al.*, U.S. Bankr. Ct. S.D.N.Y., Case No. 03-17949 (PCB) (the "Solutia Bankruptcy"), significant questions of fact

---

[1] Solutia, Inc. was a wholly owned subsidiary of Old Monsanto and is a party to several agreements with Old Monsanto, Pharmacia and New Monsanto.

488819.1                                          1

remain as to the extent to which New Monsanto assumed certain liabilities and assets of Monsanto Company ("Old Monsanto"), the company that owned and operated the property located in Everett, Massachusetts (the "Site") now owned by Mystic. Therefore, even if all of the allegations set forth in New Monsanto's Motion are assumed to be true, significant questions of fact remain with respect to New Monsanto's potential liabilities regarding the Site such that the Motion should be denied.

## II.　ARGUMENT

### A.　Summary Judgment Standard

Because New Monsanto has presented in its Motion matters outside the pleadings, its Motion "shall be treated as one for summary judgment and disposed of as provided in Rule 56." *See* Fed. R. Civ. P. 12(c).

Turning to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriately rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is *no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law*." *See* Fed. R. Civ. P. 56 (emphasis added). *See also* Coll v. PB Diagnostic Sys., Inc., 50 F.3d 1115, 1121 (1st Cir. 1995). In ruling on a motion for summary judgment, courts look at the record in the light most favorable to the party opposing the motion and indulge all inferences favorable to that party. *See* Oliver v. Digital Equip. Corp., 846 F.2d 103, 105 (1st Cir. 1988); Stepanischen v. Merchants Despatch Transp. Corp., 722 F.2d 922, 928 (1st Cir. 1983)(citing Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976)).

As set forth below, because there are significant questions of fact regarding New Monsanto's previously assumed liabilities from Old Monsanto and Pharmacia Corporation ("Pharmacia"), New Monsanto's Motion should be denied.

**B.     Although New Monsanto did not exist during the period that Old Monsanto owned and operated the Site, it is clear from papers filed in the Solutia Bankruptcy that New Monsanto acquired certain assets and assumed certain liabilities of Old Monsanto dating from the time prior to the incorporation of New Monsanto, and, therefore, New Monsanto may be liable for Old Monsanto's activities at the Site.**

New Monsanto has clearly set out in its Motion that: 1) it did not exist during the period when Old Monsanto owned and operated the Site; and 2) Old Monsanto merely changed its name to Pharmacia Corporation and is still in existence. However, even assuming that these assertions are true, it remains unclear whether New Monsanto is liable for Old Monsanto's actions at the Site. To the extent that Old Monsanto transferred certain assets and liabilities to New Monsanto through various corporate restructuring agreements, New Monsanto may be responsible for liabilities that arose prior to its date of incorporation-.

In its Motion, New Monsanto represents that it came into existence in 2000 as a new corporation, and therefore, it could not have liability for any actions that occurred before 2000. However, one corporation may transfer assets and liabilities to another, and in this case, evidence exists to show that Old Monsanto transferred certain assets and liabilities to New Monsanto. New Monsanto ignores the complex corporate restructuring of Old Monsanto that led to the formation of Solutia and New Monsanto. The papers filed by New Monsanto and Pharmacia in the Solutia Bankruptcy reference liabilities and assets that have been transferred by and among New Monsanto, Solutia and Pharmacia, thereby establishing that New Monsanto may be liable for Old Monsanto's actions which

are the subject of this action. The liabilities that New Monsanto accepted in 2000 relate to actions taken by Old Monsanto or other corporations prior to 2000, thereby making the date of New Monsanto's corporate formation in Delaware irrelevant to a determination of liability.

1. The Distribution Agreement

Solutia was formed as a spin-off of Old Monsanto pursuant to a Distribution Agreement dated as of September 1, 1997 by and between Old Monsanto and Solutia (the "Distribution Agreement"). A copy of the Distribution Agreement, as filed in the Solutia bankruptcy case, is attached hereto as Exhibit A. Pursuant to the Distribution Agreement, Solutia was formed, and Old Monsanto transferred to Solutia certain assets and liabilities relating to Old Monsanto's chemicals business.

2. The Amendment to the Distribution Agreement

New Monsanto is a party to an Amendment to Distribution Agreement dated July 1, 2002 by and among New Monsanto, Old Monsanto and Solutia (the "Amendment"), whereby the Distribution Agreement was amended to make New Monsanto a party to the allocations of assets, liabilities and obligations set forth in the Distribution Agreement. A copy of the Amendment is attached hereto as Exhibit B. Section 2(a) of the Amendment expressly provides that New Monsanto shall be for all purposes a party to the 1997 Distribution Agreement. Section 2(d) of the Amendment provides that the term "Monsanto" with respect to certain sections of the Distribution Agreement shall mean "Pharmacia and New Monsanto."

Moreover, Section 4.03(a)(i) of the Distribution Agreement, as amended, provides that "Pharmacia and New Monsanto shall retain or assume, as the case may be, and shall

indemnify, defend and hold harmless each member of the Chemicals Group, and each of their Representatives and Affiliates, from and against (1) all Monsanto Liabilities...."

As a result of the Amendment, *New Monsanto accepted obligations that arose well before its incorporation in 2000; the exact distribution of those liabilities and assets was part of a complex transaction that cannot be explained simply by pointing to the date on which a particular corporation was formed.*

3. <u>Pharmacia's and New Monsanto's Joint Objection</u>

In the Bankruptcy Case, Pharmacia and New Monsanto jointly filed Objections to Debtor's Motion to Reject Distribution Agreement Dated September 1, 1997 (As Amended or Supplemented) (the "Joint Objection"). A copy of the Joint Objection is attached hereto as <u>Exhibit C</u>. In the Joint Objection, New Monsanto makes certain representations with respect to the formation of Solutia and New Monsanto and the intent of the Distribution Agreement. In footnote 1, the Joint Objection explains the formation of New Monsanto:

> New Monsanto was incorporated in Delaware on February 9, 2000, as a wholly owned subsidiary of Old Monsanto under the name Monsanto Ag Company ... On September 1, 2000, Pharmacia transferred to New Monsanto the assets related to the agricultural business of Old Monsanto and New Monsanto assumed from Pharmacia the liabilities related to that business as well as the liabilities previously assumed by Solutia under the Distribution Agreement to the extent that Solutia fails to pay, perform or discharge such liabilities. Under an Amendment to the Distribution Agreement dated July 1, 2002, Solutia agreed to indemnify New Monsanto for the Chemical Liabilities...

*The representations made by New Monsanto and Pharmacia in the Joint Objection clearly raise questions as to New Monsanto's liability with respect to certain businesses originally conducted by Pharmacia prior to the formation of either Solutia or New Monsanto.*

488819.1                                         5

This matter is further complicated by the fact that in the Solutia Bankruptcy, Solutia is seeking to reject the Distribution Agreement, as amended, pursuant to 11 U.S.C. § 365. If Solutia is successful in rejecting the Distribution Agreement, as amended, then the various allocations of liabilities made in the Distribution Agreement would be undone, and the issue of which entity has which obligations would be further clouded. In sum, sufficient questions exist regarding the distribution of the liabilities, such that the Defendant's Motion should be denied.

C. **New Monsanto and Pharmacia have refused Mystic's reasonably requests that New Monsanto and Pharmacia stipulate and/or confirm that Pharmacia bears full responsibility for any and all liabilities of Old Monsanto with respect to the Site.**

Despite Mystic's repeated requests *either*: (1) that New Monsanto and Pharmacia stipulate that Pharmacia has assumed all liabilities of Old Monsanto when it owned and operated site from 1943 until 1983, *see* 5/27/04 letter from Doreen Zankowski to Adam Kahn, a copy of which is attached hereto as Exhibit D, *or* (2) that New Monsanto and Pharmacia confirm that Pharmacia does not and will not deny responsibility for any and all liabilities incurred by Old Monsanto in connection with the Site, *see* 6/2/04 letter from Doreen Zankowski to Adam Kahn, a copy of which is attached hereto as Exhibit E, Monsanto has failed to do so.

Rather, New Monsanto filed this Motion with the Court referencing a March 23, 2004 letter from Mystic's counsel to demonstrate Mystic's alleged unwillingness and/or refusal to agree to dismiss New Monsanto from this action. That letter, however, was written well before the parties had met on April 13, 2004 and fully discussed the possibility of New Monsanto's dismissal from this case, and well before the parties appeared before the Court during the April 22, 2004 Initial Scheduling Conference and

again discussed the possibility of New Monsanto's dismissal from this action. During each of those meetings, Mystic expressed a willingness to dismiss New Monsanto from this action, subject to the conditions discussed above.

Nor has New Monsanto provided Mystic with sufficient information to address the questions raised by the Distribution Agreement, the Amendment, and other papers filed in the Solutia Bankruptcy regarding the allocation of liability between Old Monsanto, Pharmacia and New Monsanto. The failure of New Monsanto and Pharmacia to meet Mystic's reasonable requests regarding these assurances leaves Mystic with no alternative but to oppose New Monsanto's Motion until the parties are able to conduct further discovery and confirm that Pharmacia is the responsible party and that New Monsanto is not responsible for any liabilities relating to the Site.

### III. CONCLUSION

As set forth above, because significant issues exist as to New Monsanto's and Pharmacia's liabilities, Mystic respectfully requests that this Court deny New Monsanto's Motion. In the alternative, Mystic respectfully requests that this Court defer its ruling on this Motion until the parties are able to conduct discovery regarding the issue of Pharmacia's and New Monsanto's responsibilities for Old Monsanto's liabilities.

Respectfully submitted,

**MYSTIC LANDING, LLC**

By its attorneys,

*Gerald J. Petros /KLP/*
Gerald J. Petros, Esq. (BBO #558437)
Doreen M. Zankowski, Esq. (BBO #558381)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109-1775
(617) 345-9000

DATED: June 10th, 2004

## CERTIFICATE OF SERVICE

I, Gerald J. Petros, hereby certify that on this 10th day of June 2004, I served a true and accurate copy of the foregoing document by first class mail, postage prepaid, to:

Adam P. Kahn, Esq.
John M. Stevens, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts 02210

Jeffrey N. Stevens, Esq.
Boston Edison Co.
800 Boylston Street
Boston, Massachusetts 02199

*Gerald J. Petros /KLP/*

488819.1

8