UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 JUN 15  P 3: 18

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| MYSTIC LANDING, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PHARMACIA CORPORATION, SOLUTIA INC. and MONSANTO COMPANY, <br><br> Defendants. | |
| PHARMACIA CORPORATION and MONSANTO CORPORATION, <br><br> Third-Party Plaintiffs, <br><br> v. <br><br> MODERN CONTINENTAL CONSTRUCTION CO., INC., <br><br> Third-Party Defendant. | CIVIL ACTION No. 04-10180 RGS |
| PHARMACIA CORPORATION, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> BOSTON EDISON COMPANY, <br><br> Third-Party Defendant. | |

**THIRD-PARTY COMPLAINT OF DEFENDANT
PHARMACIA CORPORATION AGAINST BOSTON EDISON COMPANY**

FHBoston/1033702.1

## Introduction

1. This Third-Party Claim is brought, pursuant to Federal Rule of Civil Procedure 14(a), for breach of a contract for the sale of land and, in particular, for the buyer's failure and anticipatory failure to fulfill its contractual obligation to indemnify the seller for damages arising from a breach of a covenant restricting the use of the land to manufacturing and industrial purposes.

## Parties and Jurisdiction

2. Third-Party Plaintiff Pharmacia Corporation ("Pharmacia") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 100 Route 206 North, Peapack, New Jersey. Pharmacia was formerly known as the Monsanto Company.

3. Third-Party Defendant Boston Edison Company ("Boston Edison") is a corporation organized and existing under the laws of Massachusetts with its principal place of business at 800 Boylston Street, Boston, Massachusetts.

4. The Court has jurisdiction pursuant to 28 U.S.C. § 1367(a).

## Statement of the Claim

5. The claim concerns a parcel of approximately 35 acres of land located in Everett and Boston at Alford Street and Broadway (the "Property"). The Property was owned by Pharmacia prior to 1983. During that time, the Property was used for industrial and manufacturing purposes, and it bordered other property owned by Pharmacia and used for those purposes.

6. On or about June 20, 1983, Pharmacia and Boston Edison executed a quitclaim deed by which Pharmacia sold the Property to Boston Edison, and as part of the transaction, they

entered into an agreement with respect to the future use of the Property (collectively, the "Agreement"). A copy of the Agreement is attached hereto, made a part hereof and marked as Exhibit "A."

    (a)    In paragraph b of the portion of the Agreement entitled "Further Covenants and Conditions," Boston Edison, on behalf of itself and its successors in title, agreed for the benefit of Pharmacia and its successors in title that the Property "shall be used solely for industrial and manufacturing purposes and . . . shall not be used for retail business, for multi or single family residential purposes, park purposes [or] recreational uses." Paragraph d of that portion of the Agreement provided that the foregoing use restrictions would run with the land.

    (b)    In paragraph c of the portion of the Agreement entitled "Further Covenants and Conditions," Boston Edison agreed that it would "at all times indemnify and hold [Pharmacia] harmless from and against . . . any and all civil liability, claims, suits, judgments, damages, losses, costs and expenses (including reasonable attorneys' fees) caused by, relating to or arising out of any use of the premises in violation of the provisions of paragraph[] . . . b. . . ." Boston Edison further agreed in said paragraph c that its obligations and the rights of Pharmacia under this indemnity would "not be affected by a conveyance of the [Property by Boston Edison] or by the conveyance of . . . adjoining property [then owned by Pharmacia and that the indemnity would] continue in full force and effect in the event one or both such conveyances are made in the future."

7.   In or about 1995, Boston Edison conveyed the Property, and following an intervening transaction, it was conveyed again in or about June 2001 to plaintiff Mystic Landing LLC ("Mystic").

8.   Shortly after acquiring the Property, Mystic publicly announced plans and commenced preparations to develop the property for retail business, residential purposes and recreational uses. The plans announced by Mystic included proposed construction of 537 residential units.

9.   On or about August 27, 2001, Mystic sent Pharmacia notice under chapter 21E, section 4A of the Massachusetts General Laws stating that it would incur costs for removing hazardous materials from the Property, alleging that those hazardous materials had been released during the period when Pharmacia owned the Property and demanding that Pharmacia reimburse it for those costs. Subsequent statements and disclosures mandated by section 4A made clear that the costs for which Mystic sought reimbursement would, in whole or in substantial part, relate to excavation of soil arising out of Mystic's planned development of the property for retail, residential and recreational uses. It is those costs that Mystic seeks to recover from Pharmacia in this action.

10.   Upon learning of Mystic's plans and before receiving the notice described in paragraph 9, on or about June 27, 2001, counsel for Pharmacia advised Boston Edison of Mystic's plans to use the Property for purposes prohibited by the Agreement and demanded that Boston Edison fulfill the contractual obligations set forth in paragraph 6. Upon receipt of the notice described in paragraph 9, on or about August 31, 2001, counsel for Pharmacia forwarded it to Boston Edison and reiterated that demand. On several subsequent occasions, including the filing of this action, counsel demanded that Boston Edison fulfill its contractual obligations.

11.  In breach of its obligations under the Agreement and despite the repeated demands by Pharmacia's counsel, Boston Edison failed and refused to indemnify Pharmacia for the damages, costs and expenses relating to Mystic's planned development of the Property for retail, residential and recreational uses.

12.  Pharmacia has been damaged by Boston Edison's breach of contract described in paragraph 11 in that it has incurred costs and expenses, including attorneys' fees, relating to Mystic's planned retail, residential and recreational use of the Property, and it will incur further such losses and may be liable for damages to Mystic.

WHEREFORE, Pharmacia prays that the Court enter judgment as follows:

(1) In the event judgment is entered for Mystic against Pharmacia, awarding Pharmacia damages against Boston Edison in the amount of the award in favor of Mystic;

(2) Awarding Pharmacia damages against Boston Edison in the amount of all of Pharmacia's costs and expenses, including attorneys' fees, relating to Mystic's planned development of the Property; and

(3) Granting Pharmacia such other and further relief as may be just and proper.

Respectfully submitted,

_____
John M. Stevens (BBO No. 480140)
Adam P. Kahn (BBO No. 561554)
Elisabeth Delisle (BBO No. 658067)
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts  02210
(617) 832-1000
Attorneys for Defendant/Third-Party
    Plaintiff Pharmacia Corporation

Dated:  June 15, 2004

FHBoston/1033702.1

- 5 -