UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MYSTIC LANDING, LLC,<br>   Plaintiff,<br> v.<br><br>PHARMACIA CORPORATION, SOLUTIA INC.<br>and MONSANTO COMPANY,<br>   Defendants. | |
| PHARMACIA CORPORATION and<br>MONSANTO COMPANY,<br>   Third-Party Plaintiffs,<br> v.<br><br>MODERN CONTINENTAL CONSTRUCTION<br>CO., INC.,<br>   Third-Party Defendant. | CIVIL ACTION No. 04-10180 NMG |
| PHARMACIA CORPORATION,<br>   Third-Party Plaintiff,<br> v.<br><br>BOSTON EDISON COMPANY,<br>   Third-Party Defendant. | |
| BOSTON EDISON COMPANY,<br>   Fourth-Party Plaintiff,<br> v.<br><br>O'DONNELL SAND & GRAVEL, INC.<br>and MARY O'DONNELL,<br>   Fourth-Party Defendant. | |

**PHARMACIA CORPORATION AND MONSANTO COMPANY'S ANSWERS TO
THIRD-PARTY DEFENDANT BOSTON EDISON COMPANY'S COUNTERCLAIMS
AND CROSS-CLAIMS**

The Third-Party Plaintiff, Pharmacia Corporation ("Pharmacia"), and Defendant-in-Cross-Claim Monsanto Company ("Monsanto"), hereby answer the Counterclaims and Cross-Claims, respectively of Boston Edison Company ("BECO"), as follows:

## FIRST DEFENSE

As to the specific allegations of the Counterclaims and Cross-Claims, the Defendants state as follows:

### Parties and Jurisdiction

1. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. Admit the allegations in paragraph 2.

3. Admit the allegations in paragraph 3.

4. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. State that the allegations in paragraph 8 are not allegations of fact but conclusions of law and, accordingly, require no response. To the extent that a response is required to this paragraph, deny the allegations in paragraph 8.

### Facts Relevant to Chain of Title

9. Deny the allegations in paragraph 9.

10. State that as paragraphs 10 and 11 purport to characterize the terms of a document, Pharmacia and Monsanto refer this Court to the document itself and not to BECO's characterization of it. Pharmacia and Monsanto expressly deny any characterization by BECO of Exhibit "A" that is inconsistent with the terms contained in that document.

11. State that to the extent paragraphs 12 and 13 purport to characterize the terms of a document, Pharmacia and Monsanto refer this Court to the document itself and not to BECO's characterization of it. Pharmacia and Monsanto expressly deny any characterization by BECO of Exhibit "B" that is inconsistent with the terms contained in that document. Further state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 12 and 13.

12. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

13. State that to the extent paragraph 15 purports to characterize the terms of a document, Pharmacia and Monsanto refer this Court to the document itself and not to BECO's characterization of it. Pharmacia and Monsanto expressly deny any characterization by BECO of Exhibit "C" that is inconsistent with the terms contained in that document. Further state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15.

14. State that they are without knowledge or information sufficient to form a belief as to the truth of the first sentence of paragraph 16. State that as the remainder of paragraph 16 purports to characterize the terms of a document, Pharmacia and Monsanto refer this Court to the document itself and not to BECO's characterization of it. Pharmacia and Monsanto expressly

deny any characterization by BECO of Exhibit "D" that is inconsistent with the terms contained in that document.

15. Deny the first sentence of paragraph 17. As the allegations in the second sentence of paragraph 17 purport to characterize the terms of a document, Pharmacia and Monsanto refer this Court to the document itself and not to BECO's characterization of it. Monsanto and Pharmacia expressly deny any characterization by BECO of the document referenced in paragraph 17 that is inconsistent with the terms of that document. Further state that they are without knowledge or information sufficient to form a belief as to the allegations in the third sentence of paragraph 17.

16. State that to the extent paragraphs 18, 19 and 20 purport to characterize the terms of a document, Pharmacia and Monsanto refer this Court to the document itself and not to BECO's characterization of it. Pharmacia and Monsanto expressly deny any characterization by BECO of Exhibit "E" that is inconsistent with the terms contained in that document. Further state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 18, 19 and 20.

17. State that as paragraph 21 purports to characterize the terms of a document, Pharmacia and Monsanto refer this Court to the document itself and not to BECO's characterization of it. Pharmacia and Monsanto expressly deny any characterization by BECO of Exhibit "F" that is inconsistent with the terms contained in that document. Further state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21.

18. State that they are without knowledge or information sufficient to form a belief as to the allegations in the first two sentences of paragraph 22. Further state that as the remainder of paragraph 22 purports to characterize the terms of a document, Pharmacia and Monsanto refer

this Court to the document itself and not to BECO's characterization of it. Pharmacia and Monsanto expressly deny any characterization by BECO of Exhibit "G" that is inconsistent with the terms contained in that document.

19. State that as paragraph 23 purports to characterize the terms of a document, Pharmacia and Monsanto refer this Court to the document itself and not to BECO's characterization of it. Pharmacia and Monsanto expressly deny any characterization by BECO of Exhibit "H" that is inconsistent with the terms contained in that document. Further state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23.

### Mystic's Chapter 21E Notice

20. As to the allegations in paragraph 24, admit that Mystic sent Pharmacia a notice and state that as the remainder of paragraph 24 purports to characterize the terms of a document, Pharmacia and Monsanto refer this Court to the document itself and not to BECO's characterization of it. Pharmacia and Monsanto expressly deny any characterization by BECO of the notice that is inconsistent with the terms contained in that document.

21. As to the allegations in paragraph 25, admit that Pharmacia notified BECO of Mystic's Chapter 21E notice, and state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph.

22. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

23. As to the allegations contained in paragraph 27, admit that Pharmacia has sought indemnification from BECO and state that the third party complaint filed by Pharmacia seeking indemnification speaks for itself.

## COUNTERCLAIMS

### Count I

24. Pharmacia repeats and realleges its responses to paragraphs 1 to 27 hereof, inclusive, as if the same were set forth herein in their entirety.

25. Pharmacia states that the allegations contained in paragraph 29 are not allegations of fact but conclusions of law and, accordingly, require no response. To the extent that a response is required to this paragraph, Pharmacia denies the allegations in paragraph 29.

26. Pharmacia states that paragraphs 30, 31 and 32 do not contain allegations of fact but rather contain a request for relief, and, accordingly, require no response. To the extent that a response is required to these paragraphs, Pharmacia denies the allegations in paragraphs 30, 31 and 32.

### Count II

27. Pharmacia repeats and realleges its responses to paragraphs 1 to 27 hereof, inclusive, as if the same were set forth herein in their entirety.

28. Pharmacia denies the allegations contained in paragraph 34.

29. Pharmacia states that the allegations contained in paragraph 35 are not allegations of fact but conclusions of law and, accordingly, require no response. To the extent that a response is required to this paragraph, Pharmacia denies the allegations in paragraph 35.

30. Pharmacia denies the allegations contained in paragraph 36 and 37.

## CROSS-CLAIM AGAINST MONSANTO

### Count I

31. Monsanto repeats and realleges its responses to paragraphs 1 to 27 hereof, inclusive, as if the same were set forth herein in their entirety.

32. Monsanto states that the allegations contained in paragraph 39 are not allegations of fact but conclusions of law and, accordingly, require no response. To the extent that a response is required to this paragraph, Monsanto denies the allegations in paragraph 39.

33. Monsanto states that paragraphs 40, 41 and 42 do not contain allegations of fact but rather contain a request for relief, and, accordingly, require no response. To the extent that a response is required to these paragraphs, Monsanto denies the allegations in paragraphs 40, 41 and 42.

### Count II

34. Monsanto repeats and realleges its responses to paragraphs 1 to 27 hereof, inclusive, as if the same were set forth herein in their entirety.

35. Monsanto denies the allegations in paragraph 44, 45, and 46.

**SECOND DEFENSE**

36. BECO has failed to state a claim upon which relief may be granted.

**THIRD DEFENSE**

37. The damages alleged, if incurred or to be incurred at all, were caused, in whole or in part, by persons other than Pharmacia and Monsanto.

**FOURTH DEFENSE**

38. By virtue of its acts and omissions, BECO has failed to mitigate the damages alleged.

**FIFTH DEFENSE**

39. The claims alleged in the counterclaims are barred by laches.

**SIXTH DEFENSE**

40. The claims alleged in the counterclaims are barred by BECO's unclean hands.

**SEVENTH DEFENSE**

41. The claims alleged in the counterclaims are barred by estoppel.

## EIGHTH DEFENSE

42. The cross-claims against Monsanto are barred because Monsanto is not a proper party to this proceeding. Monsanto was incorporated in February 2000 and (1) never owned or operated the property that is the subject of this litigation or the abutting property, (2) never entered into a contract with BECO relating to the property, and (3) could not otherwise have participated in any act transpiring before the date it was incorporated.

Respectfully submitted,

/s/ John M. Stevens
John M. Stevens (BBO # 480140)
Adam P. Kahn (BBO # 561554)
Elisabeth M. DeLisle (BBO #658067)
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts  02210
(617) 832-1000
 Attorneys for Pharmacia Corporation
  and Monsanto Company

Dated: August 9, 2004

### Certificate of Service

I hereby certify that a true copy of the above document was served by mailing same, first class and postage prepaid to the following counsel of record: Doreen M. Zankowski, Hinkley, Allen & Snyder LLP, 28 State Street, Boston, Massachusetts 02109-1775 and Douglas B. Otto, Morrison Mahoney LLP, 250 Summer Street, Boston, Massachusetts 02210-1181.

/s/ Adam P. Kahn
Adam P. Kahn