UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MYSTIC LANDING, LLC,<br>        Plaintiff<br><br>v.<br><br>PHARMACIA CORPORATION, SOLUTIA, INC. and MONSANTO COMPANY,<br>        Defendants<br><br>PHARMACIA CORPORATION and MONSANTO CORPORATION,<br>        Third-Party Plaintiffs,<br><br>v.<br><br>MODERN CONTINENTAL CONSTRUCTION CO., INC.,<br>        Third-Party Defendant<br><br>PHARMACIA CORPORATION,<br>        Third-Party Plaintiff,<br><br>v.<br><br>BOSTON EDISON COMPANY,<br>        Third-Party Defendant<br><br>BOSTON EDISON COMPANY,<br>        Fourth-Party Plaintiff,<br><br>v.<br><br>O'DONNELL SAND & GRAVEL, INC. and MARY O'DONNELL,<br>        Fourth-Party Defendants | CIVIL ACTION NO:<br>04-10180 NMG |

## ANSWER OF FOURTH-PARTY DEFENDANT
## TO THE FOURTH-PARTY COMPLAINT

Fourth-Party Defendant, in answering the Complaint of the Fourth-Party Plaintiff states:

1. Paragraphs 1 through 5; paragraphs 8 through 11; paragraphs 13 and 14; and paragraph 19 contain allegations not directed at this Fourth-Party Defendant, contain legal conclusions not directed at the Fourth-Party Defendant and otherwise do not require an answer.

6. Admitted.

7. Admitted.

12. Admitted that Edison sold property to OSG. Remaining allegations are legal conclusions and do not require an answer.

15. Admitted insofar as the paragraph contains factual allegations regarding the 1995 sale from Edison to OSG. It is denied insofar as the legal analysis of the documents.

16. Admitted.

17. Admitted that O'Donnell entered into a Notice of Option Agreement with Modern Continental dated May 1, 1996.

18. Admitted.

20. The 1983 Deed speaks for itself. Fourth-Party Defendants deny the analysis of the Deed.

21. Admitted as to what the language in Exhibit F contains. Denied as to any legal conclusions alleged in paragraph 21.

22. O'Donnell admits the sale of property to Mystic and that the 2001 deed contains the language contained in paragraph 22.

23. The factual allegations regarding Exhibit H are admitted. Denies as far as paragraph 23 contains conclusions of law.

75. Denied.

76. No answer is required.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

83. Denied.

84. Denied.

85. Denied.

87. Denied.

88. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

### First Affirmative Defense

Fourth-Party Plaintiff has suffered no damages and is therefore not entitled to any relief.

### Second Affirmative Defense

Conditions precedent have not occurred entitling Fourth-Party Plaintiff to any relief.

### Third Affirmative Defense

Fourth-Party Plaintiff's claims against Fourth-Party Defendants are not ripe and should be dismissed.

### Fourth Affirmative Defense

No violations of the restrictive use provisions have occurred and Fourth-Party Defendants are not liable for indemnity.

### Fifth Affirmative Defense

Fourth-Party Plaintiff does not allege facts sufficient to prove Fourth-Party Defendants intentionally interfered with business relationships or contracts and the claim should be dismissed.

WHEREFORE, Fourth-Party Defendants, O'Donnell Sand & Grave, Inc., and Mary O'Donnell, ask this Court to:

1. Declare that O'Donnell is not liable to the Fourth-Party Plaintiff and award O'Donnell costs and attorneys fees;

2. Declare that O'Donnell has no legal responsibility to any of the parties in this action.

Fourth-Party Defendants,
O'Donnell Sand & Gravel, Inc. and Mary O'Donnell,

By their attorney,

_____
Howard G. Guggenheim, Esq.
BBO No. 244150
P.O. Box 736
Scituate, MA 02066
781-264-3717

Dated: August 17, 2004

- 5 -

## CERTIFICATE OF SERVICE

I, Howard G. Guggenheim, Esq., hereby certify that I have served a copy of the foregoing Answer of the Fourth-Party Defendants to the Fourth-Party Complaint on all attorneys of record, by mailing a copy of same, first class, postage prepaid, to: Douglas B. Otto, Esq., Morrison Mahoney LLP, 250 Summer Street, Boston, MA 02210-1181; Doreen M. Zankowski, Esq., Hinkley, Allen & Snyder, 28 State Street, Boston, MA 02109-1775; and Adam P. Kahn, Esq., Foley Hoag LLP, 155 Seaport Boulevard, Boston, MA 02210-2600.

/s/ Howard G. Guggenheim
Howard G. Guggenheim, Esq.

Dated: August 19, 2004

S:\KH Documents\O'DONNELL\Fourth-Party Answer.doc