UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
MASSACHUSETTS

| | |
|---|---|
| MODERN LANDING, LLC,<br>    Plaintiff,<br><br>v.<br><br>PHARMACIA CORP., SOLUTIA INC.,<br>and MONSANTO CO.,<br>    Defendants. | **CIVIL ACTION NO.<br>04-10180 RGS** |
| PHARMACIA CORP. and MONSANTO CO.,<br>    Third-Party Plaintiffs,<br><br>v.<br><br>MODERN CONTINENTAL CONSTR. CO., INC.,<br>    Third-Party Defendant. | |
| PHARMACIA CORP.,<br>    Third-Party Plaintiff,<br><br>v.<br><br>BOSTON EDISON CO.,<br>    Third-Party Defendant. | |
| BOSTON EDISON CO.,<br>    Fourth-Party Plaintiff,<br><br>v.<br><br>O'DONNEL SAND & GRAVEL, INC. and<br>MARY O'DONNELL,<br>    Fourth-Party Defendants. | |

### THIRD-PARTY DEFENDANT MODERN CONTINENTAL CONSTRUCTION CO., INC.'S ANSWER TO CROSS-CLAIMS OF THIRD-PARTY DEFENDANT BOSTON EDISON COMPANY

1

Third-Party Defendant Modern Continental Construction Company, Inc. ("Modern") hereby answers the Cross-Claims of Third-Party Defendant Boston Edison Company ("BECo") as follows:

### Parties and Jurisdiction

1. Modern is without sufficient information to admit or deny the allegations contained in paragraph 1 of BECo's Cross-Claims, and therefore denies the same.

2. Modern is without sufficient information to admit or deny the allegations contained in paragraph 2 of BECo's Cross-Claims, and therefore denies the same.

3. Modern is without sufficient information to admit or deny the allegations contained in paragraph 3 of BECo's Cross-Claims, and therefore denies the same.

4. Modern admits the allegations contained in paragraph 4 of BECo's Cross-Claims.

5. Modern admits the allegations contained in paragraph 5 of BECo's Cross-Claims.

6. Modern is without sufficient information to admit or deny the allegations contained in paragraph 6 of BECo's Cross-Claims, and therefore denies the same.

7. Modern is without sufficient information to admit or deny the allegations contained in paragraph 7 of BECo's Cross-Claims, and therefore denies the same.

8. Paragraph 8 of BECo's Cross-Claims contains conclusions of law to be determined by the Court. To the extent that the allegations contained in paragraph 8 require a further response, Modern is without sufficient information to admit or deny those allegations and therefore denies the same.

### Facts Relevant to Chain of Title and Restrictive Use Covenant

9. Modern is without sufficient information to admit or deny the allegations contained in paragraph 9 of BECo's Cross-Claims.

2

10. Modern states that the "1983 Deed" referenced in paragraph 10 of BECo's Cross-Claims is a written document, the terms of which speak for themselves. To the extent that the allegations contained in paragraph 10 of BECo's Cross-Claims require a further response, Modern is without sufficient information to admit or deny those allegations and therefore denies the same.

11. Modern states that the "1983 Deed" referenced in paragraph 11 of BECo's Cross-Claims is a written document, the terms of which speak for themselves. To the extent that the allegations contained in paragraph 11 of BECo's Cross-Claims require a further response, Modern is without sufficient information to admit or deny those allegations and therefore denies the same.

12. Modern states that the "1983 Deed" referenced in paragraph 12 of BECo's Cross-Claims is a written document, the terms of which speak for themselves. To the extent that the allegations contained in paragraph 12 of BECo's Cross-Claims require a further response, Modern is without sufficient information to admit or deny those allegations and therefore denies the same.

13. Modern states that the "1983 Deed" and "1995 Deed" referenced in paragraph 13 of BECo's Cross-Claims are written documents, the terms of which speak for themselves. To the extent that the allegations contained in paragraph 13 of BECo's Cross-Claims require a further response, Modern is without sufficient information to admit or deny those allegations and therefore denies the same.

14. Modern is without sufficient information to admit or deny the allegations contained in paragraph 14 of BECo's Cross-Claims.

15. Modern states that the "Acknowledgement and Release" and "like release" referenced in paragraph 15 of BECo's Cross-Claims are written documents, the terms of which speak for themselves. To the extent that the allegations contained in paragraph 15 of BECo's Cross-Claims require a further response, Modern is without sufficient information to admit or deny those allegations and therefore denies the same.

16. Modern states that the "Quitclaim Deed" referenced in paragraph 16 of BECo's Cross-Claims is a written document, the terms of which speak for themselves. To the extent that the allegations contained in paragraph 16 of BECo's Cross-Claims require a further response, Modern is without sufficient information to admit or deny those allegations.

17. Modern states that the "deed," "Notice of Option Agreement," and "Option Agreement" referenced in paragraph 17 of BECo's Cross-Claims are written documents, the terms of which speak for themselves. To the extent that the allegations contained in paragraph 17 of BECo's Cross-Claims require a further response, Modern is without sufficient information to admit or deny those allegations.

18. Modern states that the "Grant and Release of Easements" and "1983 Deed" referenced in paragraph 18 of BECo's Cross-Claims are written documents, the terms of which speak for themselves. To the extent that the allegations contained in paragraph 18 of BECo's Cross-Claims require a further response, Modern is without sufficient information to admit or deny those allegations and therefore denies the same.

19. Modern states that the "1983 Deed" referenced in paragraph 19 of BECo's Cross-Claims is a written document, the terms of which speak for themselves. To the extent that the allegations contained in paragraph 19 of BECo's Cross-Claims require a further

response, Modern is without sufficient information to admit or deny the allegations contained in paragraph 19 of BECo's Cross-Claims, and therefore denies the same.

20. Modern states that the "1983 Deed" referenced in paragraph 20 of BECo's Cross-Claims is a written document, the terms of which speak for themselves. To the extent that the allegations contained in paragraph 20 of BECo's Cross-Claims require a further response, Modern is without sufficient information to admit or deny those allegations and therefore denies the same.

21. Modern states that the "Transfer Certificate of Title," "Grant and Release," and "1995 Deed" referenced in paragraph 21 of BECo's Cross-Claims are written documents, the terms of which speak for themselves. To the extent that the allegations contained in paragraph 21 of BECo's Cross-Claims require a further response, Modern is without sufficient information to admit or deny those allegations and therefore denies the same.

22. Modern states that the "2001 Deed" and "Notice of Option Agreement" referenced in paragraph 22 of BECo's Cross-Claims are written documents, the terms of which speak for themselves. To the extent that the allegations contained in paragraph 22 of BECo's Cross-Claims require a further response, Modern is without sufficient information to admit or deny those allegations and therefore denies the same.

23. Modern states that the "Transfer Certificate of Title," "1999 Transfer Certificate of Title," "1995 Deed," and "1999 Grant and Release" referenced in paragraph 23 of BECo's Cross-Claims are written documents, the terms of which speak for themselves. To the extent that the allegations contained in paragraph 23 of BECo's Cross-Claims require a further response, Modern is without sufficient information to admit or deny those allegations and therefore denies the same.

### Mystic's Chapter 21E Notice to Pharmacia

24. Modern states that the "notice" referenced in paragraph 24 of BECo's Cross-Claims is a written document, the terms of which speak for themselves. To the extent that the allegations contained in paragraph 24 of BECo's Cross-Claims require a further response, Modern is without sufficient information to admit or deny those allegations and therefore denies the same.

25. Modern states that the November 1, 2001 letter and "1995 Deed" referenced in paragraph 25 of BECo's Cross-Claims are written documents, the terms of which speak for themselves. To the extent that the allegations contained in paragraph 25 of BECo's Cross-Claims require a further response, Modern is without sufficient information to admit or deny those allegations and therefore denies the same.

26. Modern states that paragraph 26 of BECo's Cross-Claims fails to make a specific allegation and, therefore, Modern neither admits nor denies any allegations therein.

27. Modern is without sufficient information to admit or deny the allegations contained in paragraph 27 of BECo's Cross-Claims, and therefore denies the same.

### CROSS-CLAIMS AGAINST MODERN AND MODERN

#### Count I
#### Against Modern and Modern for Declaratory Judgment

28. Answering paragraph 47 of BECo's Cross-Claims, Modern restates its responses to the allegations contained in paragraphs 1 through 27 of BECo's Cross-Claims as though fully set forth herein.

29. Paragraph 48 of BECo's Cross-Claims contains conclusions of law to be determined by the Court. Further answering, Modern states that the documents referenced in paragraph 48 of BECo's Cross-Claims are written documents, the terms of which

6

speak for themselves. To the extent that the allegations contained in paragraph 48 require a further response, Modern denies the same.

30. Paragraph 49 of BECo's Cross-Claims fails make any allegation which requires a response by Modern. To the extent that paragraph 49 shall be deemed to allege actionable behavior or wrongdoing by or against Modern, it is denied.

31. Paragraph 50 of BECo's Cross-Claims fails make any allegation which requires a response by Modern. To the extent that paragraph 50 shall be deemed to allege actionable behavior or wrongdoing by or against Modern, it is denied.

32. Paragraph 51 of BECo's Cross-Claims fails make any allegation which requires a response by Modern. To the extent that paragraph 51 shall be deemed to allege actionable behavior or wrongdoing by or against Modern, it is denied.

33. Paragraph 52 of BECo's Cross-Claims fails make any allegation which requires a response by Modern. To the extent that paragraph 52 shall be deemed to allege actionable behavior or wrongdoing by or against Modern, it is denied.

### Count II
### Against Mystic in Contract for Indemnification

34. Answering paragraph 53 of BECo's Cross-Claims, Modern restates its responses to the allegations contained in paragraphs 1 through 27 of BECo's Cross-Claims as though fully set forth herein.

35. Modern states that the "deed," "Transfer Certificate of Title," and "1995 Deed" referenced in paragraph 54 of BECo's Cross-Claims are written documents, the terms of which speak for themselves. To the extent that the allegations contained in paragraph 54 of BECo's Cross-Claims require a further response, Modern is without sufficient

information to admit or deny the allegations contained therein, and therefore denies the same.

36. Modern states that the "1995 Deed" referenced in paragraph 55 of BECo's Cross-Claims is a written document, the terms of which speak for themselves. Further answering, paragraph 55 of BECo's Cross-Claims contains conclusions of law to be determined by the Court. To the extent that the allegations contained in paragraph 55 of BECo's Cross-Claims require a further response, Modern is without sufficient information to admit or deny the allegations contained therein, and therefore denies the same.

37. Paragraph 56 of BECo's Cross-Claims contains conclusions of law to be determined by the Court. To the extent that the allegations contained in paragraph 56 of BECo's Cross-Claims require a further response, Modern is without sufficient information to admit or deny the allegations contained therein, and therefore denies the same.

### Count III
### Against Mystic for Common Law Indemnification

38. Answering paragraph 57 of BECo's Cross-Claims, Modern restates its responses to the allegations contained in paragraphs 1 through 27 of BECo's Cross-Claims as though fully set forth herein.

39. Modern states that the "1983 and 1995 Deeds" referenced in paragraph 58 of BECo's Cross-Claims are written documents, the terms of which speak for themselves. To the extent that the allegations contained in paragraph 58 of BECo's Cross-Claims require a further response, Modern is without sufficient information to admit or deny the allegations contained therein, and therefore denies the same.

40. Modern is without sufficient information to admit or deny the allegations contained in paragraph 59 of BECo's Cross-Claims, and therefore denies the same.

41. Modern states that the "1995 Deed" referenced in paragraph 60 of BECo's Cross-Claims are written documents, the terms of which speak for themselves. To the extent that the allegations contained in paragraph 60 of BECo's Cross-Claims require a further response, Modern is without sufficient information to admit or deny the allegations contained therein, and therefore denies the same.

42. Paragraph 61 of BECo's Cross-Claims contains conclusions of law to be determined by the Court. To the extent that the allegations contained in paragraph 61 of BECo's Cross-Claims require a further response, Modern is without sufficient information to admit or deny the allegations contained therein, and therefore denies the same.

### COUNT IV
### Against Modern for Common Law Indemnification

43. Answering paragraph 62 of BECo's Cross-Claims, Modern restates its responses to the allegations contained in paragraphs 1 through 27 of BECo's Cross-Claims as though fully set forth herein.

44. Modern admits that Mystic is wholly owned by Modern as alleged in paragraph 63 of BECo's Cross-Claims. Further answering, Modern states that the "Notice of Option Agreement" and the "1983 and 1995 Deeds" referenced in paragraph 63 of BECo's Cross-Claims are written documents, the terms of which speak for themselves. Paragraph 63 of BECo's Cross-Claims contains conclusions of law to be determined by the Court. To the extent that the allegations contained in paragraph 63 of BECo's Cross-Claims require a further response, Modern denies the same.

45. Paragraph 64 of BECo's Cross-Claims contains conclusions of law to be determined by the Court. To the extent that the allegations contained in paragraph 64 of BECo's Cross-Claims require a further response, Modern denies the same.

46. Modern states that the "1995 Deed" referenced in paragraph 65 of BECo's Cross-Claims is a written document, the terms of which speak for themselves. To the extent that the allegations contained in paragraph 65 of BECo's Cross-Claims require a further response, Modern denies the same.

47. Paragraph 66 of BECo's Cross-Claims contains conclusions of law to be determined by the Court. To the extent that the allegations contained in paragraph 66 of BECo's Cross-Claims require a further response, Modern denies the same.

### Count V
### Against Modern for Interference with Advantageous Business Relations

48. Answering paragraph 67 of BECo's Cross-Claims, Modern restates its responses to the allegations contained in paragraphs 1 through 27 of BECo's Cross-Claims as though fully set forth herein.

49. Modern admits that Mystic is wholly owned by Modern as alleged in paragraph 68 of BECo's Cross-Claims. Modern states that the "mortgage" and "Option Agreement" referenced in paragraph 68 of BECo's Cross-Claims are written documents, the terms of which speak for themselves. To the extent that the allegations contained in paragraph 68 of BECo's Cross-Claims require a further response, Modern denies the same.

50. Modern states that the "Notice of Option Agreement," "1999 Grant and Release," and "1983 Deed" referenced in paragraph 69 of BECo's Cross-Claims are written documents, the terms of which speak for themselves. To the extent that the allegations

contained in paragraph 69 of BECo's Cross-Claims require a further response, Modern denies the same.

51. Modern states that the "Notice of Option Agreement" and the "1983 and 1995 Deeds" referenced in paragraph 70 of BECo's Cross-Claims are written documents, the terms of which speak for themselves. To the extent that the allegations contained in paragraph 70 of BECo's Cross-Claims require a further response, Modern denies the same.

52. Paragraph 71 of BECo's Cross-Claims contains conclusions of law to be determined by the Court. To the extent that the allegations contained in paragraph 71 of BECo's Cross-Claims require a further response, Modern denies the same.

53. Paragraph 72 of BECo's Cross-Claims contains conclusions of law to be determined by the Court. To the extent that the allegations contained in paragraph 72 of BECo's Cross-Claims require a further response, Modern denies the same.

54. Modern denies the allegations contained in paragraph 73 of BECo's Cross-Claims.

## THIRD-PARTY DEFENDANT MODERN CONTINENTAL CONSTRUCTION COMPANY, INC.'S AFFIRMATIVE DEFENSES TO THIRD-PARTY DEFENDANT BOSTON EDISON CO.'S CROSS-CLAIMS

### FIRST AFFIRMATIVE DEFENSE

BECo's Cross-Claims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

BECo's Cross-Claims are barred by the doctrines of unclean hands, laches, and estoppel.

### THIRD AFFIRMATIVE DEFENSE

BECo's Cross-Claims are barred in whole in or part by the relevant statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

BECo's claims must be denied because any losses suffered by BECo are due to actions, omissions, breaches of contract, and/or other conduct of BECo or others, for which Modern and/or Modern are not legally responsible.

### FIFTH AFFIRMATIVE DEFENSE

BECo's Cross-Claims are barred because BECo has failed to mitigate its alleged damages.

### SIXTH AFFIRMATIVE DEFENSE

BECo's claims are barred by one or all of the doctrines of waiver, relief, accord and satisfaction, and equitable estoppel.

### SIXTH AFFIRMATIVE DEFENSE

BECo's Cross-Claims are barred in whole in or part by BECo's negligence and/or strict liability.

### SEVENTH AFFIRMATIVE DEFENSE

BECo's Cross-Claims are barred in whole or in part due to the non-occurrence of a condition precedent.

### EIGHTH AFFIRMATIVE DEFENSE

BECo's Cross-Claims are barred because it is not a real party in interest and lacks standing to assert claims against Modern and/or Modern in this action.

### NINTH AFFIRMATIVE DEFENSE

BECo has suffered no damages and therefore is not entitled to any relief.

### TENTH AFFIRMATIVE DEFENSE

BECo's Cross-Claims are barred because the conditions precedent to filing its Cross-Claims have not been met.

### ELEVENTH AFFIRMATIVE DEFENSE

BECo's Cross-Claims are barred by the economic loss doctrine.

### TWELFTH AFFIRMATIVE DEFENSE

BECo's claims against Modern and Modern are not ripe for adjudication and therefore should be dismissed.[1]

### THIRTEENTH AFFIRMATIVE DEFENSE

BECo's claims are barred because Chapter 21 E claims were not contemplated by the 1983 Deed referenced in BECo's Cross-Claims.

### FOURTEENTH AFFIRMATIVE DEFENSE

Modern hereby give notice that it intends to rely upon such other and further defenses that may become available through discovery or otherwise and reserve its rights to assert and rely upon such further defenses as of right or by appropriate motion.

WHEREFORE, Third-Party Defendant Modern Continental Construction Company, Inc. respectfully requests that this Court dismiss the Cross-Claims of Third-Party Defendant Boston Edison Company, that Modern be awarded its costs in defending the same, and that the Court award such further, different relief as justice may require.

---

[1] By motion dated May 8, 2004, BECo sought to bifurcate the issues of contribution and indemnity so that Mystic's claims would be adjudicated first, and indemnification issues addressed thereafter. The Court allowed the motion by Order dated June 10, 2004.

13

Respectfully submitted,

**MODERN CONTINENTAL CONSTRUCTION COMPANY, INC.**

By its attorneys,

/s/ Doreen M. Zankowski
Gerald J. Petros, Esq. (BBO #558437)
Doreen M. Zankowski, Esq. (BBO #558381)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109-1775
(617) 345-9000

DATED: August 30, 2004

## CERTIFICATE OF SERVICE

I, Doreen M. Zankowski, hereby certify that on this 30th day of August 2004, I served a true and accurate copy of the foregoing document by facsimile and first class mail, postage prepaid, to:

Adam P. Kahn, Esq.
John M. Stevens, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts 02210

Mark S. Granger
Douglas B. Otto
William A. Staar
Morrison Mahoney LLP
250 Summer Street
Boston, Massachusetts 02210

Howard G. Guggenheim
P.O. Box 736
Scituate, MA 02066

/s/ Doreen M. Zankowski