UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MYSTIC LANDING, LLC,<br>　　　　Plaintiff,<br>　v.<br><br>PHARMACIA CORPORATION, SOLUTIA INC.<br>　and MONSANTO COMPANY,<br>　　　　Defendants. | CIVIL ACTION No. 04-10180 NMG |
| PHARMACIA CORPORATION and<br>　MONSANTO COMPANY,<br>　　　　Third-Party Plaintiffs,<br>　v.<br><br>MODERN CONTINENTAL CONSTRUCTION<br>　CO., INC.,<br>　　　　Third-Party Defendant. | |
| PHARMACIA CORPORATION,<br>　　　　Third-Party Plaintiff,<br>　v.<br><br>BOSTON EDISON COMPANY,<br>　　　　Third-Party Defendant. | |
| BOSTON EDISON COMPANY,<br>　　Fourth-Party Plaintiff,<br>　v.<br><br>O'DONNELL SAND & GRAVEL, INC.<br>and MARY O'DONNELL,<br>　　Fourth-Party Defendant. | |

**CORRECTED AFFIDAVIT OF ADAM KAHN**

Adam Kahn hereby deposes and says as follows:

1. I am one of the counsel for defendants Pharmacia, Corporation ("Pharmacia") and Monsanto Company ("Monsanto"). I make this affidavit in support of their motion for an order compelling disclosures and discovery.

2. In the course of my representation of Pharmacia and Monsanto, I learned of an action in Suffolk Superior Court captioned <u>Rosen Construction Ventures, Inc. v. O'Donnell Sand & Gravel, Inc.</u> and numbered Civil Action No. 96-5683F, which concerned the property at issue herein (the "Property") and in which third-party defendant Modern Continental Construction Co., Inc. ("Modern") was a party. I arranged to obtain certain filings in that action from the court, including an affidavit of Peter M. Grela, Modern's chief financial officer, a copy of which is attached as Exhibit "A." In this affidavit, Mr. Grela describes Modern's use the Property in connection with its performance of a large construction contract for the Central Artery Project.

3. I was one of the participants in a view of the Property on June 29, 2004. It was apparent that the Property had been and was being used intensively for work that had to do with demolition of the old elevated Central Artery and construction of the new Central Artery Project. Attached as Exhibits "B," "C" and "D" are three photographs taken on that day. Exhibit B shows pieces of the old elevated Central Artery steel structure being broken up. Exhibit C shows an unpaved area apparently used for the fueling of construction equipment and vehicles. Exhibit D shows one of the several piles of debris and refuse on the Property. All of these photographs are fair and accurate representations of what I saw on June 29, 2004.

4. At the view on June 29, 2004 and a subsequent date, environmental consultants engaged by Pharmacia and Monsanto took soil samples that they had analyzed for the presence of certain contaminants. A copy of their report of the results of this sampling is attached as

Exhibit "E." It shows, among other results, the presence of elevated levels of lead on the surface of the Property in the area where pieces of steel from the old Central Artery were being broken up and elevated levels of oil in the area apparently used for fueling.

5. Attached as Exhibit "F" is a copy of a letter I wrote to counsel for Modern and plaintiff Mystic Landing LLC ("Mystic"), stating that their response to Pharmacia's and Monsanto's requests for production of documents had been deficient and requesting a discovery conference on that issue.

Signed under the pains and penalties of perjury this 3rd day of January 2005.

By, _____
Adam P. Kahn (BBO No. 561554)

## CERTIFICATE OF SERVICE

I, John M. Stevens, hereby certify that I served the foregoing document by having a copy thereof delivered to counsel for Mystic Landing, LLC and Modern Continental Construction Co., Inc., and by having copies mailed to counsel for Boston Edison Company and counsel for Mary O'Donnell and O'Donnell Sand & Gravel, Inc., this 3rd day of January, 2005.

_____
John M. Stevens

FHBOSTON/1147724.2                                     - 3 -