United States District Court
District of Massachusetts

```
_____
                              )
MYSTIC LANDING,               )
                              )
        Plaintiff,            )
                              )    Civil Action No.
        v.                    )    04-10180-NMG
                              )
PHARMACIA CORP., et al.,      )
                              )
        Defendants.           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This action relates to cleanup costs for a contaminated parcel of approximately 35 acres of land in Everett, Massachusetts ("the Site"). The parties seek declaratory judgments regarding which party should pay for cleanup costs and damages pursuant to M.C.L. c. 21E, § 4A and Section 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607. The Court's jurisdiction is based upon diversity and supplemental jurisdiction.

Pending before the Court are 1) a motion for summary judgment filed by Monsanto, 2) a joint motion for extension of the pre-trial schedule and a hearing on open matters and 3) a motion to compel filed by Pharmacia and Monsanto.

## I.  Factual Background

According to the complaint, Monsanto Company ("Monsanto") acquired the Site in or around 1943.  Monsanto operated a large scale chemical manufacturing plant and stored oil on the Site, which Mystic alleges caused the contamination.  Although the complaint is not entirely clear, apparently Solutia, Inc. ("Solutia") is the corporate successor-in-interest to part of Monsanto and Pharmacia Corporation ("Pharmacia") is the corporate successor-in-interest to another part of Monsanto.  Title to the Site was conveyed, in succession, to Boston Edison Company ("Boston Edison") in 1983, O'Donnell Sand & Gravel, Inc. ("OSG") in 1995, to Mary O'Donnell ("O'Donnell") in 1999 and finally, in 2001, to Mystic Landing, LLC ("Mystic"), the current owner. Mystic is a single-purpose LLC and, allegedly, a wholly-owned subsidiary of Modern Continental Construction Co. ("Modern").

In April, 2001, it was determined that the soil, groundwater and sediment on the Site were contaminated.  M.G.L. c. 21E imposes strict liability for environmental damage on any person who stores or disposes of hazardous material on real property from which there has been a release or threat of release of hazardous material.  Mystic asserts that Monsanto, Solutia and Pharmacia are liable for contribution or reimbursement for its property cleanup costs which have exceeded $6 million.

The defendants dispute any liability and assert, among other

things, that there has been a release of hazardous materials during Mystic's ownership of the Site and that the purchase price paid by Mystic represented a generous allowance for the cost of remediation of any environmental contamination.

## II.  Motion of Defendant Monsanto Company for Judgment on the Pleadings

Monsanto has moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56.  Because the motion refers to, and relies on, matters outside of the pleadings, the motion will be treated as one for summary judgment.

### A.   Summary Judgment Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."  Mesnick v. General Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991)(quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)).  The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "Factual disputes that are irrelevant or unnecessary will not be counted." Id.  A genuine issue of

material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

### B. Discussion

Monsanto contends that although the Complaint asserts that it owned the Site from 1943 until 1983, it was not incorporated until February, 2000, and therefore could not have undertaken any actions relating to contaminating the Site prior to 2000. Monsanto asserts that an entity called Monsanto Company ("Old Monsanto"), the predecessor to Pharmacia, owned and operated the Site from 1943 until 1983.

Mystic opposes the motion. It acknowledges that it was Old Monsanto, not Monsanto, that owned the Site prior to 1983 but

asserts that Monsanto may have assumed certain liabilities and assets of Old Monsanto through a series of complex corporate restructuring agreements. Therefore, Mystic argues, Monsanto may be liable for liabilities that arose prior to its date of incorporation.

Monsanto was incorporated on February 9, 2000, as a wholly owned subsidiary of Old Monsanto. Pursuant to a Distribution Agreement dated September 1, 1997, and an Amendment to Distribution Agreement dated July 1, 2002, Old Monsanto transferred less than all of its assets and liabilities to Solutia, in part, and to Monsanto, in part. Old Monsanto then changed its name to Pharmacia in March, 2002. Monsanto may have assumed liabilities of Old Monsanto through those agreements.

Mystic has represented to the Court that Pharmacia and Monsanto have refused to stipulate that 1) Pharmacia has assumed all liabilities of Old Monsanto relating to contamination of the Site or 2) Pharmacia is responsible for liabilities incurred by Old Monsanto relating to contamination of the Site. This legitimizes Mystic's allegation that Monsanto may have assumed some of Old Monsanto's liabilities relating to the contamination of the Site.

The documents submitted by the parties demonstrate that there are material questions of fact regarding Monsanto's liability in the present action. To the extent Monsanto acquired

-5-

certain assets and liabilities of Old Monsanto through the corporate restructuring, Monsanto may be responsible for costs relating to the remediation of the Site. Summary judgment, therefore, is not warranted and the motion will be denied.

### III. Joint Motion for Extension of the Pre-Trial Schedule and a Hearing on Open Matters

All parties except Solutia, which has failed to appear in this action and which allegedly has filed for bankruptcy protection, have moved for an extension of the discovery and pre-trial schedule and a hearing on open matters.

The motion will be allowed. The Court adopts the parties' suggested revised deadlines, which are as follows:

        fact discovery completed:    5/27/05

        expert disclosures completed: 7/11/05

        expert depositions completed: 8/25/05

        dispositive motions due:     9/26/05

The Court notes that the Order issued by Judge Stearns on June 10, 2004, unambiguously indicated that the case will be bifurcated and that issues relating to the claims for contribution and indemnity against Boston Edison will not be addressed until the claims brought by Mystic against the Pharmacia defendants are decided. This Court will not reconsider that Order unless substantial and compelling reasons based upon new evidence are sufficiently shown.

**IV.  Defendants' Motion to Compel Disclosure and Production of Documents**

On December 27, 2004, Pharmacia and Monsanto filed a motion to compel Mystic and Modern to make disclosures required by Fed. R. Civ. P. 26(a) and to produce certain requested documents. They also requested expenses and attorneys' fees associated with the bringing of that motion.  Apparently, neither Mystic nor Modern has responded to the motion.

Pharmacia and Monsanto have outlined the information they are seeking and it appears to be discoverable and relevant.  At a discovery conference on October 25, 2004, counsel for the plaintiff and third party defendant allegedly assured defendants that further production would be made within two weeks but it has not happened.  The disclosures of Mystic and Modern have been woefully inadequate and they have carelessly disregarded their obligations to comply with reasonable discovery requests without explanation.

Defendants' motion will be allowed insofar as it relates to compelling the production of discoverable information.  At the status conference to be scheduled, Mystic and Modern shall be prepared to show cause why the Court should not impose upon them sanctions relating to the expenses incurred by defendants in connection with the motion to compel.

**ORDER**

In accordance with the foregoing memorandum:

1) the Motion for Judgment on the Pleadings of Defendant Monsanto Company (Docket No. 21) is treated as a motion for summary judgment and is **DENIED**;

2) the Joint Motion for Extension of the Pre-Trial Schedule and a Hearing on Open Matters (Docket No. 51) is **ALLOWED**; and

3) Defendants' Motion to Compel Disclosure and Production of Documents (Docket No. 52) is **ALLOWED** insofar as it relates to compelling the production of documents. The Court reserves its ruling on whether to impose sanctions.

A status conference will be held on Monday, April 4, 2005, at 3:00 p.m. in Courtroom #4 at the John Joseph Moakley United States Courthouse, One Courthouse Way, Boston, Massachusetts.
**So ordered.**

                                                      /s/ Nathaniel M. Gorton
                                                      Nathaniel M. Gorton
                                                      United States District Judge

Dated: February 25, 2005