UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MYSTIC LANDING, LLC,<br>　　Plaintiff,<br><br>v.<br><br>PHARMACIA CORP., SOLUTIA INC.,<br>and MONSANTO CO.,<br>　　Defendants.<br><br>PHARMACIA CORP. and MONSANTO CO.,<br>　　Third-Party Plaintiffs,<br><br>v.<br><br>MODERN CONTINENTAL CONSTR. CO., INC.,<br>　　Third-Party Defendant.<br><br>PHARMACIA CORP.,<br>　　Third-Party Plaintiff,<br><br>v.<br><br>BOSTON EDISON CO.,<br>　　Third-Party Defendant.<br><br>BOSTON EDISON CO.,<br>　　Fourth-Party Plaintiff,<br><br>v.<br><br>O'DONNELL SAND & GRAVEL, INC. and<br>MARY O'DONNELL,<br>　　Fourth-Party Defendants. | CIVIL ACTION NO.<br>04-10180 NMG |

<u>**INITIAL DISCLOSURES OF**</u>
<u>**MODERN CONTINENTAL CONSTRUCTION CO., INC.**</u>
<u>**TO**</u>
<u>**BOSTON EDISON COMPANY**</u>

#522497

Pursuant to Rules 26(a)(1) of the Federal Rules of Civil Procedure and Local Rule 26.2(A) of the United States District Court for the District of Massachusetts, Modern Continental Construction Co., Inc. ("Modern"), hereby submits its initial disclosures to Boston Edison Company ("BECO"). The following initial disclosures are based on information that is reasonably available to Modern at this time.

## RESERVATION OF RIGHTS

Although these disclosures are made based upon a good faith inquiry, Modern's efforts to identify relevant witnesses and documents are ongoing. Accordingly, Modern reserves its right to amend, correct, and/or supplement these disclosures in light of any additional information that may become available. This reservation of rights is particularly important because (1) the events which are the subject of BECO's claims occurred many years ago, and, to the best of Modern's knowledge, many of the documents relating to those acts were either destroyed in a flood, or have been relocated to off-site storage facilities with hundreds of thousands of other documents unrelated to this particular matter, and such relocation has been without sufficient indexing to retrieve the documents. Further, many of the employees involved in this matter have left the employment of Modern and/or Mystic Landing, LLC ("Mystic") (Mystic is the single use entity that owns the Site and Modern being the general partner of Mystic which is a limited liability corporation). Thus, many of the employees or representatives of Mystic and/or Modern who had any prior involvement with the site that is the subject of this lawsuit (the "Site") are no longer under the control of the either Mystic or Modern.

Modern does not waive, but expressly reserves without limitation, any and all objections under the attorney-client privilege, work product doctrine, or any other such privilege or immunity from discovery, and any and all objections to the appropriateness and/or scope of discovery.

## INITIAL DISCLOSURES

**I.   Disclosure Pursuant to Fed. R. Civ. P. 26(a)(1)(A)**

Except as identified below, Modern has not yet identified the specific individuals likely to have discoverable information that they may use to support its claims and defenses. Subject to and without waiver of their rights to amend, correct, and/or supplement these disclosures, Modern states that, to date, it has identified the following individuals or categories of individuals who are likely to have discoverable information and whom Modern may use to support its claims and defenses.

1.   Individuals currently or formerly employed by Mystic or Modern Continental Construction Co., Inc. and/or its representatives, including, but not necessarily limited to:

>    Peter Grela
>    c/o Modern Continental Construction Co., Inc.
>    600 Hundred Memorial Drive
>    Cambridge MA  02139
>    (617) 864-6300
>
>    Robert Shepard
>    Modern Continental Construction Co., Inc.
>    600 Hundred Memorial Drive
>    Cambridge MA  02139
>    (617) 864-6300

Max Marino
Modern Continental Construction Co., Inc.
101 Broad Street
Boston, MA
(617)423-9444

Charles Madden, Sr.
c/o Modern Continental Construction Co., Inc.
600 Hundred Memorial Drive
Cambridge, MA  02139
(617)864-6300

The discoverable information known to these individuals may include information regarding the purchase of the Site, future development of the Site, and the use of the Site by Modern as a lay down and storage yard for construction materials.

2.   Individuals currently or formerly employed by BECO or its representatives including but not necessarily limited to:

F.A. Stoble (current or former Senior Vice President)
c/o NStar Electric
800 Boylston Street, 36th Floor
Boston, MA  02199

Marc S. Alpert, (current or former Vice President and/or Treasurer)
c/o NStar Electric
800 Boylston Street, 36th Floor
Boston, MA  02199

Peter Gravelese (current or former BECO employee)
c/o NStar Electric
800 Boylston Street, 36th Floor
Boston, MA  02199

Arthur L. Bartlett, Esq.
33 Broad Street
Boston, MA

4

The discoverable information known to these witnesses may include information regarding the sale of the Site by BECO to Mary O'Donnell and/or O'Donnell Sand and Gravel.

3. Mary O'Donnell, individually and as current or former President of O'Donnell Sand and Gravel and/or Mary O'Donnell Construction Co., Inc. Her address is believed to be or to have been 47 Marion Drive, Kingston, MA. Mary O'Donnell is believed to possess information regarding the sale of the Site to Mystic.

4. Current or former employees or representatives of Monsanto, Solutia and/or Pharmacia, including, but not limited to:

>Gerald Rinaldi (current or former Monsanto and/or Solutia employee)
>c/o Solutia and/or Monsanto
>800 North Lindbergh Boulevard
>St. Louis, MO 63167
>
>Richard A. Stohr, Esq.
>1488 Minmar
>St. Louis, MO 63122
>
>Fred L. Thompson
>c/o Monsanto
>800 North Lindbergh Boulevard
>St. Louis, MO 63167
>
>Michael R. Foresman
>c/o Monsanto Company
>800 North Lindbergh Boulevard
>St. Louis, MO 63167

As yet identified employees and/or representatives of Monsanto, Solutia, and/or Pharmacia who have knowledge and/or information of Monsanto's activities at the Site, including, without limitation, environmental contamination at the Site.

The discoverable information known to these individuals may include information regarding the sale of the Site by Pharmacia to BECO and the contamination at the Site at the time of the transfer of the Site from Pharmacia to BECO.

5. Mr. Duff Collins of Woodard and Curran, or other representatives of Woodard and Curran which performed environmental sampling on the Site on behalf of Monsanto, Pharmacia, and/or Solutia. Mr. Collins is believed to possess discoverable information about the nature of certain contamination at the Site and the relationship to past uses of the Site Monsanto.

## II. Disclosure Pursuant to Fed. R. Civ. P. 26(a)(1)(B)

Modern may use some or all of the following categories of documents to support its claims and defenses. These documents are located at the offices of Hinckley, Allen & Snyder, LLP or otherwise within the custody or control of Modern. Additional documents, which have already been produced, may have been returned to the custody or control of Mystic.

1. Certain documents relating to the purchase and sale of the Site.

2. Certain documents related to the planned development scenarios of the Site.

3. Title information for the Site.

4. Photographs of the Site when Monsanto owned and operated the Site.

5. Documents relating to the sale of the abutting property, once owned by Monsanto/Solutia and sold to Gateway Development, said sale taking place on or about March 17, 1999.

6

6. Certain documents related to Mystic's alleged damages, including, but not limited to, sampling results and an analysis prepared by Rizzo Associates, Inc.

7. Correspondence between Mystic and Monsanto/Solutia/Pharmacia constituting demands made by Mystic that Monsanto/Solutia/Pharmacia remediate the Site in accordance with M.G.L. 21E.

8. Sampling results of Woodard and Curran.

Modern's investigation is ongoing and includes a review of documents that it will seek in discovery from the remaining parties. Modern has not disclosed the identity of any person who may be used at trial to present evidence under Rule 702, 703, or 705 of the Federal Rules of Evidence. Modern will disclose the identity of any such individual as required by Rules 26(a)(2) or as otherwise ordered by this Court and will supplement this initial disclosure in accordance with Rule 26 of the Federal Rules of Civil Procedure.

### III. Disclosure Pursuant to Fed. R. Civ. P. 26(a)(1)(c)

Pursuant to Mystic's claims for declaratory judgment pursuant to M.G.L. 21E, contribution, negligence, continuing nuisance, strict liability, and trespass, Mystic asserts damages against Defendants Monsanto/Solutia/Pharmacia in the amount of $6,100,000 plus interest, court costs, and attorneys' fees. For additional information and a breakdown of the alleged damages, see Plaintiff's Complaint and the M.G.L. 21E, Sec. 4A Demand Letter from Mystic to Monsanto/Solutia/Pharmacia. Modern has a right to contribution for contamination of the Site from Monsanto/Solutia/Pharmacia, as Monsanto and Pharmacia has sued Modern as a third party defendant for alleged contribution to the contamination at the Site.

IV.    **Disclosure Pursuant to Fed. R. Civ. P. 26(a)(1)(D)**

Modern is unaware of any insurance agreements that provide coverage for the claims at issue.

**Modern expressly reserves its rights to supplement this initial disclosure.**

Respectfully submitted,

**MODERN CONTINENTAL CONSTRUCTION CO., INC.**

By its attorneys,

   /s/ Doreen M. Zankowski
Robert G. Flanders, Esq. (BBO #170820)
Doreen M. Zankowski, Esq. (BBO #558381)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA  02109-1775
(617) 345-9000

DATED: March 22, 2005

8

**CERTIFICATE OF SERVICE**

I, Doreen M. Zankowski, hereby certify that on this 22nd day of March, 2005, I served a true and accurate copy of the foregoing document electronically or by first class mail to:

Adam P. Kahn, Esq.
John M. Stevens, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts 02210

Mark S. Granger
Douglas B. Otto
William A. Staar
Morrison Mahoney LLP
250 Summer Street
Boston, Massachusetts 02210

Howard G. Guggenheim
P.O. Box 736
Scituate, MA 02066

                                                    /s/ Doreen M. Zankowski
                                                    Doreen M. Zankowski