UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MYSTIC LANDING, LLC,<br>      Plaintiff,<br>  v.<br><br>PHARMACIA CORPORATION, SOLUTIA INC.<br>and MONSANTO COMPANY,<br>      Defendants. | CIVIL ACTION No. 04-10180 NMG |
| PHARMACIA CORPORATION and<br>MONSANTO COMPANY,<br>      Third-Party Plaintiffs,<br>  v.<br><br>MODERN CONTINENTAL CONSTRUCTION<br>CO., INC.,<br>      Third-Party Defendant. | |
| PHARMACIA CORPORATION,<br>      Third-Party Plaintiff,<br>  v.<br><br>BOSTON EDISON COMPANY,<br>      Third-Party Defendant. | |
| BOSTON EDISON COMPANY,<br>    Fourth-Party Plaintiff,<br>  v.<br><br>O'DONNELL SAND & GRAVEL, INC.<br>and MARY O'DONNELL,<br>    Fourth-Party Defendant. | |

**STATEMENT TO THE COURT IN SUPPORT OF SANCTIONS**

Pharmacia Corporation ("Pharmacia") and Monsanto Company ("Monsanto") (collectively, the "Defendants") submit this Statement in support of the imposition of sanctions against Plaintiff Mystic Landing LLC ("Mystic"), Third-Party Defendant Modern Continental

B3007842.2

Construction Company, Inc. ("Modern") and their counsel. On February 25, 2005, the Court granted Defendants' Motion To Compel Disclosure of Documents (the "Motion") and scheduled a hearing on April 4, 2005, at which Mystic and Modern were to show cause why the Court should not impose upon them sanctions relating to costs incurred in bringing the Motion. The Defendants submit this Statement in advance of the scheduled hearing in order to bring to the attention of the Court information bearing upon the appropriate sanctions. More particularly, the failure of Mystic and Modern to comply with the Court's order allowing the Motion and additional violations of their discovery obligations warrant not only monetary sanctions but also, as provided by Rule 37(b)(2), taking certain designated facts as established and, indeed, dismissal of the action.

### I. Mystic And Modern Failed To Make Adequate Disclosures Or Production Of Documents Prior To The Granting Of The Motion To Compel.

The memorandum submitted by Pharmacia and Monsanto in support of the Motion details the extent of Mystic's and Modern's failure to comply with their discovery obligations. Mystic's and Modern's September 10, 2004, production of a single box of documents consisting of approximately 1900 pages, of which at 300 were entirely unrelated to the subject matter of any of the Defendants' requests for production of documents (the "Requests"), was so inadequate as to constitute a failure to respond to a discovery request. Mystic and Modern failed to produce numerous categories of documents responsive to the Requests which are not only relevant but central to the subject matter of the proceeding currently before this Court. Despite the Defendants' good faith attempt to confer with Mystic's and Modern's counsel regarding their incomplete and evasive response to the requests, Mystic and Modern failed to produce a single additional document prior to the time the Motion was filed.

Subsequent to the filing of the Motion, Doreen Zankowski, counsel for Mystic and Modern contacted John Stevens, counsel for Monsanto and Pharmacia, and requested that the defendants withdraw the Motion. At that time, Ms. Zankowski indicated that she had located a small number of additional responsive materials for the Defendants' review. Mr. Stevens informed Ms. Zankowski that the Defendants would review additional materials once Mystic and Modern had made an effort to make a complete and non-evasive response to the Requests. At no other time prior to the granting of the Motion did Ms. Zankowski indicate that Mystic and Modern had prepared additional documents for review. At no time prior to the granting of Motion did Mystic or Modern supplement their automatic disclosures to the Defendants. Indeed, despite the Court's allowance of the Motion, the Defendants have yet to receive amended disclosures.

## II. Mystic And Modern Have Violated This Court's Order By Once Again Failing To Make An Adequate Production of Documents.

Mystic and Modern have failed to comply with the Order and have persisted in their failure to cooperate in discovery. On March 2, 2005, Ms. Zankowski contacted Mr. Stevens and stated that additional documents were available for the Defendants' review. On March 11, 2005, the earliest date on which Mystic and Modern's additional production was, in fact, made available to the Defendants, counsel for the Defendants reviewed Mystic's and Modern's additional production at the offices of Hinckley Allen Snyder LLP.

Mystic and Modern's additional production was again clearly inadequate. The production consisted of: (1) the single box of documents previously produced by Mystic and Modern; (2) a box containing the docket for the present case as well as documents the Defendants had supplied to Mystic and Modern; (3) approximately six boxes of documents

relating to the matter of *Rosen Construction Ventures, Inc. v. O'Donnell Sand & Gravel*, Civil Action No. 96-6583F, including but not limited to deposition transcripts and exhibits, correspondence, and docket copies; (4) miscellaneous documents consisting of, among other things, a 1996 development plan related to the Site, materials related to the matter of *Rosen Construction Ventures, Inc. v. Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.*, Civil Action No. 00-10158-WGY, including a trial transcript and two responses to subpoenas, and two pockets containing materials apparently from attorneys' files at Hinckley Allen Snyder LLP. The additional production appeared to consist entirely of documents which had been in the possession of Hinckley Allen Snyder LLP. No additional documents appear to have been produced from Mystic's or Modern's files.

That Mystic and Modern have failed to produce all documents in their possession responsive to the Request is clear. The Requests were clear and sufficiently narrow to permit a reasonable response. In addition, in the Motion, the Defendants pointed out specific documents which should have been produced in response to their requests. Mystic and Modern have not yet produced many of the documents identified in their motion, including but not limited to documents showing any payment actually made by Mystic for assignment of an option agreement from an affiliate of Modern, any payment actually made by Mystic for the actual acquisition of the Property and activities on the property during the nine years it was operated by Modern and four years it was owned by Mystic and operated by Modern in connection with the performance of a multi-million dollar construction contract.

According to Mystic's deponent, many of the documents exist. He testified, for example, that there are documents evidencing payment of the price for the purchase of the Property and that contracts for the use of the Property by subcontractors of Modern exist. Mystic 30(b)(6)

Dep. at 8, 10, 11, 29. A copy of the transcript of Mystic's 30(b)(6) deposition is attached hereto as Exhibit "A." They simply were not produced in response either to the Requests or the Court's order.

The extent of Mystic's and Modern's continued failure to produce documents is undetermined. Mystic's production of documents was one of the designated subject matters for its 30(b)(6) deposition. A copy of the Notice of that deposition is attached hereto as Exhibit "B." However, Mystic's witness was entirely uninformed on that subject. Mystic 30(b)(6) Dep. ("Dep.") at 8, 10, 11, 21, 29.

### III.   Mystic Failed To Prepare Its Rule 30(b)(6) Designee.

Producing an unprepared witness for a Rule 30(b)(6) deposition is tantamount to a failure to appear at a deposition. *Starlight Int'l v. Herlihy*, 186 F.R.D. 626, 639 (D. Kan. 1999). It is well settled that a 30(b)(6) deponent has "an affirmative obligation to educate himself as to the matters regarding the corporation." *Calzaturficio SCARPA s.p.a. v. Fabiano Shoe Co., Inc.*, 201 F.R.D. 33 (D. Mass. 2001). The rule requires "persons to review all matters known or reasonably available to it in preparation for the 30(b)(6) deposition." *Id.* Courts have noted that preparation for a 30(b)(6) deposition can be burdensome, but "is merely the result of the concomitant obligation from the privilege of being able to use the corporate from in order to conduct business." *U.S. v. Taylor*, 166 F.R.D. 356 (M.D.N.C. 1996).

Mystic utterly failed to perform any of these duties. It produced Peter Grela as its Rule 30(b)(6) witness. He testified that he had been designated by Mystic to testify on its behalf as to information known to it concerning the subject matters set forth in the Notice. Dep. at 5. But he had done virtually nothing to prepare for the deposition. Dep. at 5-6. He was unable or unwilling to answer even the most basic questions concerning any of the subjects listed in the

notice. As to the payment of the purchase price for the Property, he did not know by what means the payment had been made. Dep. at 7. As to the use of the Property during Mystic's ownership, he did not know that Modern's subcontractor was breaking up the steel structure of the old elevated Central Artery on Mystic's property. Dep. at 26. As to proposed development of the Property, he did not know whether Mystic had taken any actions to obtain any of the numerous regulatory approvals listed in a preliminary assessment as necessary for a proposed development. Dep. at 32-35. As to Mystic's knowledge of contamination of the Property at the time of its purchase, he did not know whether it was aware of information set forth in an environmental consultant's report dated shortly before the purchase. Dep. at 16. As to Mystic's response to environmental contamination of the Property, including communications with the Department of Environmental Protection ("DEP"), he did not know whether Mystic had taken actions required by the Massachusetts Contingency Plan, whether it had followed the recommendations of its consultant to report contamination to DEP or whether it had had any communication at all with DEP. Dep. at 40-42. In sum, Mystic simply failed to appear for its Rule 30(b)(6) deposition.[1]

---

[1] This failure is in no sense remedied by the retroactive attempt by Mystic's counsel to designate alternative witnesses on two of the noticed subject matters ten days after the deposition. Parties are bound by their depositions and are not free to replace them with other testimony when the testimony of their original designee is not to their liking.

## IV. Dismissal Of The Action In Addition To Reimbursement Of Expenses, Is An Appropriate Sanction.

### A. The Court Should Require Reimbursement Of Defendant's Expenses.

Rule 37 provides that, if a motion to compel disclosure is granted, the court shall "require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion." Fed. R. Civ. P. 37(a)(4)(A). Accordingly, the Defendants request that the Court, as an initial sanction, require Mystic, Modern and their counsel, to pay all reasonable expenses incurred by the Defendants in making the Motion. Mystic and Modern have also caused the Defendants to incur expenses in reviewing evasive and incomplete discovery responses, bringing the inadequacy of those responses to the Court's attention in their Motion and in this Statement, and preparing for and attending depositions of an unprepared witness designated by Mystic. The Defendants therefore request that the Court order Mystic, Modern and their counsel to pay all reasonable expenses incurred by the Defendants in reviewing Mystic and Modern's additional document production and in preparing for and taking Mystic's 30(b)(6) deposition.

### B. The Court Should Establish Certain Facts With Respect To Payment For The Property And Incurrence Of Response Costs.

Reimbursing Pharmacia and Monsanto for their expenses is an appropriate sanction for Mystic's and Modern's failure to produce documents in response to the Requests, but Mystic's and Modern's violations of the Court's order mandating that production demand additional sanctions. Where a party fails to comply with a Court order, Rule 37(b) provides that a court "may make such orders in regard to the failure as are just," including, among other sanctions: (1) that designated facts shall be taken to be established for the purposes of the action in

B3007842.2                                    - 7 -

accordance with the claim of the party obtaining the order and (2) an order dismissing the action or any part thereof. Fed. R. Civ. P. 37(b)(2)(A) and (C). An order that certain facts be taken as granted is appropriate here. Neither in response to the Requests nor following the Court's order that all such documents be produced did Mystic or Modern produce a single document evidencing any payment by Mystic in connection with its acquisition of the Property, other than production of a deed reciting a total consideration of $300,000 for the Property. Because Mystic has failed to produce any other document evidencing any other payment (or even that Mystic paid the $300,000 consideration recited in the deed), the court should establish as a fact that the Property was acquired for $300,000. In addition, Mystic has failed to produce documents evidencing that it has incurred any response costs since its formation in June 2001. Accordingly, it should be established that Mystic has incurred no response costs.

### C. Dismissal Of This Action Is Also Appropriate.

The ultimate sanction of dismissal is appropriate. Mystic and Modern have flouted every discovery obligation. To this date, they have not made voluntary disclosures that comply with the Rules. They failed to produce documents. Ordered to do so by the Court, they failed to produce a single document from their own files, proffering only selected old files in the possession of counsel. Mystic then continued the program of concealment by failing to prepare a Rule 30(b)(6) witness. *See Damiani v. Rhode Island Hospital*, 704 F.2d 12 (1st Cir. 1983) ("There is nothing in the rule that states or suggests that the sanction of dismissal can be used only after all the other sanctions have been considered or tried").

Not only does Mystic's and Modern's conduct foreclose them from asserting the right to continue to prosecute the action, but their limited disclosures on the merits indicate that they have no action to prosecute. Counts I, II, and III of Mystic's complaint (Declaratory Judgment,

Contribution, and Negligence) rely entirely on allegations that Mystic has incurred or will incur response costs investigating, containing and removing contaminants from the Property. See Complaint pars. 31, 34, 39. Because its Rule 30(b)(6) witness testified both that Mystic has not incurred response costs to date and that Mystic has no current plans to incur any future response costs, these counts should be dismissed not just for Mystic's misconduct but on the merits.[2] Dep. at 42-43, 46.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the action and award Pharmacia and Monsanto their costs incurred in making the Motion and otherwise by reason of Mystic's, Modern's and their counsel's failure to produce documents in response to the requests for their

---

[2] If Mystic is permitted to continue to maintain the action, it is evident even from the limited quantity of documents produced and the limited amount of testimony given by Mystic that there should be no bifurcation and that Boston Edison Company should be a party to a single unified action. The third-party complaint seeks indemnification under Boston Edison's contract to indemnify Pharmacia for all costs and liabilities arising from the use of the Property for other than manufacturing and industrial purposes and, in particular, for its use for residential, commercial and recreational purposes. Mystic's testimony was that it would incur the response costs it seeks to recover herein only in connection with the development of the Property. Dep. 44-47. And the only plans for development contemplated by Mystic or those who have been discussing purchasing the Property from it involve residential, commercial and recreational uses and not manufacturing and industrial uses. Dep. 30-32, 45, 55. Therefore, any recovery sought by Mystic herein will implicate Boston Edison's indemnity.

production and the Court's order that they be produced.  In the event the action is not dismissed, the facts that Mystic made no payment for the Property and that it has incurred no response costs should be taken as established.

Respectfully submitted,

_/s/ John M. Stevens_
John M. Stevens (BBO #480140)
Adam P. Kahn (BBO #561554)
Elisabeth M. DeLisle (BBO #658067)
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts  02210
(617)  832-1000

### Certificate of Service

I hereby certify that I have caused this document to be served by having a copy thereof delivered by hand to:

> Doreen M. Zankowski, Esquire
> Hinckley, Allen & Snyder LLP
> 28 State Street
> Boston, Massachusetts  02109
>
> Douglas B. Otto, Esquire
> Morrison Mahoney LLP
> 250 Summer Street
> Boston, Massachusetts  02210

and by first-class mail to:

> Howard G. Guggenheim, Esquire
> P. O. Box 736
> Scituate, Massachusetts  02066

_/s/ John M. Stevens_
John M. Stevens (BBO No. 480140)

Dated:    April 1, 2005