UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
MASSACHUSETTS

| | |
|---|---|
| MYSTIC LANDING, LLC, </br></br>Plaintiff,</br></br>v.</br></br>PHARMACIA CORPORATION, SOLUTIA INC., and MONSANTO COMPANY,</br></br>Defendants,</br></br>PHARMACIA CORPORATION and MONSANTO COMPANY,</br></br>Third-Party Plaintiffs,</br></br>v.</br></br>MODERN CONTINENTAL CONSTRUCTION CO., INC.,</br></br>Third-Party Defendant. | CIVIL ACTION NO. </br>04-10180 RGS |

## INITIAL DISCLOSURES OF PLAINTIFF MYSTIC LANDING, LLC

Pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2 of the United States District Court for the District of Massachusetts, Plaintiff Mystic Landing, LLC ("Mystic") makes the following disclosures:

(A) **Individuals who may have discoverable information relevant to the allegations contained in the Complaint pursuant to Fed. R. Civ. P. 26 (a)(1)(A):**

- Current and former employee(s) of Modern Continental Construction Co., Inc. ("Modern"), 600 Memorial Drive, Cambridge, MA 02139, 617-864-6300, who are familiar with the Property may have knowledge regarding Mystic's and Modern's acquisition of the Property, the planned development of the Property,

1

the required environmental clean-up of the Property, and the allegations set forth in the pleadings, among other things.

- Patricia Donahue, c/o Department of Environmental Protection, Metropolitan Boston-Northeast Regional Office, 205A Lowell Street, Wilmington, MA 01887, may have knowledge regarding the contamination of the Property and the required environmental clean-up of the Property, among other things.

- Richard Chaplin, c/o Department of Environmental Quality Engineering, Metropolitan Boston – Northeast Region, 5 Commonwealth Avenue, Woburn, MA 01810, may have knowledge regarding the contamination of the Property and the required environmental clean-up of the Property, among other things.

- Current and former employee(s) of E.C. Jordan Co., 562 Congress Street, Portland, ME 04112, 207-775-5401, may have knowledge regarding the conditions on the Property prior to Mystic's and Modern's acquisition thereof.

- Current and former employee(s) of Goldman Environmental Consultants, Inc., 60 Brooks Drive, Braintree, MA 02184, 781-356-9140, may have knowledge regarding the conditions on the Property prior to Mystic's and Modern's acquisition thereof.

- Current and former employee(s) of Consulting Engineers & Scientists, Inc., 10 Riverside Drive, Lakeville, MA 02347, may have knowledge regarding the conditions on the Property prior to Mystic's and Modern's acquisition thereof.

- Current and former employee(s) of Pharmacia Corporation, 800 N. Lindbergh Blvd., St. Louis, Missouri, may have knowledge regarding the contamination of the Property, the conditions on the Property prior to Mystic's and Modern's acquisition thereof, and the relationship between and among the Defendants, among other things.

- Current and former employee(s) of Solutia, Inc., 575 Maryville Center Drive, St. Louis, Missouri, may have knowledge regarding the contamination of the Property, the conditions on the Property prior to Mystic's and Modern's acquisition thereof, and the relationship between and among the Defendants, among other things.

- Current and former employee(s) of Monsanto Company, 800 N. Lindbergh Boulevard, St. Louis, Missouri, may have knowledge regarding the contamination of the Property, the conditions on the Property prior to Mystic's and Modern's acquisition thereof, and the relationship between and among the Defendants, among other things.

- Current and former employee(s) of Boston Edison Company, 800 Boylston Street, Boston, MA 02199, 617-424-2000, may have knowledge regarding conditions on

the Property prior to Mystic's and Modern's acquisition thereof, and the transfer of the Property to O'Donnell Sand & Gravel, Inc, among other things.

(B) **Listing of Relevant Documents by Category pursuant to Fed. R. Civ. P. 26(a)(1)(B):**

The following documents are currently at the Cambridge offices of Mystic and will be made available at the offices of its attorneys on a mutually agreeable date upon Defendants' request:

- Certain documents related to the purchase and sale of the property which is the subject of this lawsuit (the "Property");

- Mystic's correspondence file related to the Property and the allegations raised in the Complaint;

- Certain documents related to the planned development of the Property;

- Certain documents related to the proposed clean-up and remediation of the Property; and

- Certain documents related to Mystic's alleged damages.

(C) **Computation of Damages**

Pursuant to Mystic's claims for declaratory judgment pursuant to Mass. Gen. L. 21E, contribution, negligence, continuing nuisance, strict liability, and trespass, Mystic asserts damages against Defendants as follows:

| | |
|---|---|
| Soil and Sediment Disposal | $3,019,000 |
| Construction Dewatering | $400,000 |
| Groundwater Remediation | $830,000 |
| Soil and Sediment Pre-characterization | $210,000 |
| Engineering | $420,000 |
| Additional Costs (additional dewatering, sediments excavating, disposal, etc.) | $1,220,000 |
| TOTAL DAMAGES | $6,100,000 |

(D)  **Insurance Agreements**

Mystic is unaware of any insurance available to satisfy the claims asserted in this action.

The foregoing disclosures are based upon Mystic's good faith inquiry, and Mystic's efforts to identify relevant witnesses and documents are ongoing. Accordingly, Mystic expressly reserves its right to supplement, amend, and/or correct these disclosures if and when any additional information becomes available.

Respectfully submitted,

MYSTIC LANDING, LLC

By its attorneys,

_____
Gerald J. Petros, Esq. (BBO #558437)
Doreen M. Zankowski, Esq. (BBO #558381)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109-1775
(617) 345-9000

DATED: May 24, 2004