# HinckleyAllenSnyder LLP
ATTORNEYS AT LAW

28 State Street
Boston, MA 02109-1775
TEL: 617.345.9000
FAX: 617.345.9020
www.haslaw.com

**Doreen M. Zankowski, Esq.**
dzankowski@haslaw.com

March 10, 2005

VIA FACSIMILE (617) 832-7000
AND FIRST CLASS MAIL

John M. Stevens, Esq.
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Blvd.
Boston, MA  02210-2600

Re:   **Mystic Landing, LLC v. Pharmacia Corporation, Solutia Inc., and Monsanto Company; Pharmacia Corporation and Monsanto Company v. Modern Continental Construction Co., Inc. (C.A. No. 04-10180 NMG)**

Dear John:

I write in response to your letter of March 3, 2005. Although I agree that I have only had one conversation with you regarding your motion to compel, I did have one conversation with Adam Kahn and left one voicemail message for him about the motion. I believe my calls to Adam is what prompted you to call me back.

I concur that I requested that you withdraw your motion premised upon the fact that the documents were ready for your review, and all parties had filed a joint motion to extend the scheduling order in this matter. Although you would not agree at the time to withdraw the motion, you did agree to provide us with time to file our opposition – you agreed that we could file our opposition within a reasonable time before Judge Gorton had a hearing. Contrary to what you and I anticipated, Judge Gorton ruled sua sponte on the motion.

We have always been prepared to provide you with the responsive documents that we have in our possession, and are responsive to your document request. As we told you at the meeting we had at Hinckley Allen's office on October 25, 2004 and as further

**HinckleyAllenSnyder**LLP
ATTORNEYS AT LAW

John M. Stevens, Esq.
March 10, 2005
Page 2

discussed on either January 4th or 5th, 2005, the documents have been ready for review. As you know, I have contacted Elisabeth DeLisle and she will be in our offices on Friday, March 11th to review the documents.

With regard to document production, we have been repeatedly asking if you would provide us with the narrowed documents we requested in our letter of September 17, 2004. Your continued lack of cooperation is surprising and your repeated insistence that we go through hundreds of boxes is merely an attempt to have us waste our time.

As we have called to discuss narrowing our document request in the past, and as we have sent a written request to you narrowing the issues, please consider this our compliance with Local Rule 7.1(A)(2) regarding same.

Very truly yours,
HINCKLEY, ALLEN & SNYDER, LLP

Doreen M. Zankowski

DMZ/mle