# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MYSTIC LANDING, LLC, <br>     Plaintiff, <br><br> v. <br><br> PHARMACIA CORP., SOLUTIA INC., <br> and MONSANTO CO., <br>     Defendants. | **CIVIL ACTION NO.** <br> **04-10180 NMG** |

PHARMACIA CORP. and MONSANTO CO.,
    Third-Party Plaintiffs,

v.

MODERN CONTINENTAL CONSTR. CO., INC.,
    Third-Party Defendant.

PHARMACIA CORP.,
    Third-Party Plaintiff,

v.

BOSTON EDISON CO.,
    Third-Party Defendant.

BOSTON EDISON CO.,
    Fourth-Party Plaintiff,

v.

O'DONNEL SAND & GRAVEL, INC. and
MARY O'DONNELL,
    Fourth-Party Defendants.

## AFFIDAVIT OF DOREEN M. ZANKOWSKI, ESQ.

I, Doreen M. Zankowski, Esq. hereby state and depose the following to be true

and accurate, and based on my personal knowledge:

1.      I am a partner in the law firm of Hinckley Allen & Snyder, LLP located on 28 State Street, Boston, Massachusetts.

2.      I am counsel of record for Plaintiff Mystic Landing LLC ("Mystic") and Third-Party Defendant Modern Continental Construction Co., Inc. ("Modern") in connection above-captioned matter.

3.      Modern is currently dissolving and consolidating large portions of its business operations. Consequently, Mystic's and Modern's voluminous files and documents are currently being moved and mingled as offices are closed and/or consolidated. Furthermore, many of Mystic's and Modern's employees and project participants are no longer employed or associated with Mystic or Modern. Mystic and Modern currently lack adequate staffing to efficiently conduct an inspection of documents. Mystic and Modern, however, continue to search for any additional responsive documents.

4.      On or about September 16, 2004, Pharmacia Corporation and Monsanto Company (hereinafter the "Defendants"), noticed the depositions of Mystic's and Modern's Rule 30(b)(6) designees. On or about October 6, 2004, the Defendants noticed the individual depositions of Peter M. Grela and Robert Shepard.

5.      On or about October 24, 2005, a meeting of counsel was conducted at the offices of Hinckley Allen & Snyder LLP to discuss filing a joint motion to enlarge the time for discovery because, as the process of discovery was on-going, several additional parties had been added to the litigation since the original scheduling conference.

6.      At this meeting, John M. Stevens, Esq., counsel for the Defendants Pharmacia Corporation and Monsanto Company (collectively referred as the "Defendants") asserted

that Mystic and Modern had not yet produced all the requested documentation within their possession, custody, and control. In response, I stated that Mystic and Modern produced all responsive documentation that they had located and that they would continue to make all reasonable efforts to search for any further documentation that may be responsive to the Defendants' discovery requests.

7.     At this meeting, I informed Mr. Stevens that Mr. Grela, Mr. Shepard and Max Marino were the individuals at Mystic and Modern who possessed knowledge relevant to the claims and defenses in this case.

8.     On or about December 28, 2004, after receiving Defendant's Motion to Compel, I contacted Adam Kahn, Esq., counsel for the Defendants, to discuss the unnecessary nature of the Motion to Compel.

9.     On or about January 4, 2005, I contacted Mr. Stevens to inform him that additional documents were available for immediate inspection and again requested that he withdraw the Motion to Compel because Mystic and Modern were diligently seeking documents responsive to Defendants' request.

10.    During subsequent telephone conversations with Mr. Stevens, Mr. Stevens insisted that he did not want to waste his time reviewing a portion of documents, but demanded "all" available documents ready for his review. During these conversations, Mr. Stevens informed me that although he would not withdraw the Motion to Compel, he agreed to provide Mystic and Modern additional time to file an opposition in an effort to locate any additional documents responsive to Defendants' discovery requests.

11.    Since early December 2004, I have provided documents for Defendants' counsel to review.

#524131                                  3

12.    On or about March 11, 2005, counsel for Modern and Mystic produced several boxes of documents to Defendants for inspection and copying.

13.    On or about March 30, 2005, counsel for Mystic and Modern discovered additional documents potentially responsive to the Defendants' requests for documents in a misplaced box.

14.    Immediately after the discovery of this information, I contacted Defendants' counsel to inform them of the recent discovery and promptly caused all responsive, non-privileged documents contained therein to be copied and delivered to Mr. Stevens.

15.    Copies of those documents were sent to Mr. Stevens on the afternoon of April 1, 2005.

16.    All documents attached to Mystic's and Modern's Opposition to the Defendants' Statement to the Court in Support of Sanctions are true and accurate copies.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 4TH DAY OF APRIL 2005

                        /s/ Doreen M. Zankowski
                        Doreen M. Zankowski

Respectfully submitted,

**Modern Continental Construction Co.,
Inc. and Mystic Landing, LLC**

By its attorneys,

_/s/ Doreen M. Zankowski_

Robert G. Flanders, Esq. (BBO #170820)
Doreen M. Zankowski, Esq. (BBO #558381)
Kevin M. Plante (BBO#630088)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109-1775
(617) 345-9000

DATED: April 4, 2005

## CERTIFICATE OF SERVICE

I, Doreen M. Zankowski, hereby certify that on this 4th day of April, 2005, I served a true and accurate copy of the foregoing document electronically or first class mail to:

Adam P. Kahn, Esq.
John M. Stevens, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts 02210

Mark S. Granger
Douglas B. Otto
William A. Staar
Morrison Mahoney LLP
250 Summer Street
Boston, Massachusetts 02210

Howard G. Guggenheim
P.O. Box 736
Scituate, MA 02066

/s/ Doreen M. Zankowski
Doreen M. Zankowski
