UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MYSTIC LANDING, LLC,<br>    Plaintiff,<br><br>v.<br><br>PHARMACIA CORP., SOLUTIA INC.,<br>and MONSANTO CO.,<br>    Defendants.<br><br>PHARMACIA CORP. and MONSANTO CO.,<br>    Third-Party Plaintiffs,<br><br>v.<br><br>MODERN CONTINENTAL CONSTR. CO., INC.,<br>    Third-Party Defendant.<br><br>PHARMACIA CORP.,<br>    Third-Party Plaintiff,<br><br>v.<br><br>BOSTON EDISON CO.,<br>    Third-Party Defendant.<br><br>BOSTON EDISON CO.,<br>    Fourth-Party Plaintiff,<br><br>v.<br><br>O'DONNEL SAND & GRAVEL, INC. and<br>MARY O'DONNELL,<br>    Fourth-Party Defendants. | CIVIL ACTION NO.<br>04-10180 NMG |

**MYSTIC LANDING, LLC'S AND MODERN CONTINENTAL
CONSTRUCTION CO., INC.'S OPPOSITION TO DEFENDANTS'
STATEMENT TO THE COURT IN SUPPORT OF SANCTIONS**

The Plaintiff, Mystic Landing, LLC ("Mystic") and Third-Party Defendant Modern Continental Construction Co., Inc. ("Modern") hereby oppose Defendants Pharmacia Corporation's ("Pharmacia") and Monsanto Company's ("Monsanto") (collectively referred herein as the "Defendants") Statement to the Court in Support of Sanctions (the "Statement")[1]. Monsanto and Pharmacia have filed the Statement not to cure alleged vexatious or dilatory discovery on the part of Mystic and Modern, but to obfuscate the true issues before the Court: Monsanto and Pharmacia's strict liability, based upon a forty year ownership and operation of a chemical manufacturing facility, for their uncontested pollution of a piece of property and consequent remediation costs.

As grounds for showing good cause while they should not be sanctioned for alleged discovery violations, Mystic and Modern maintain that they have performed, in good faith and with substantial due diligence, all discovery obligations and have produced to the Defendants any and all responsive, non-privileged documents located within their care, custody, and control. Mystic and Modern not only did not undertake any actions which should have subjected them to a Motion to Compel, but further they have not engaged in any actions in violation of this Court's February 25, 2005 Order (the "Order") granting Defendants' Motion to Compel Disclosure of Documents. Furthermore, as discovery is still ongoing, Mystic and Modern are continuing their efforts to timely supplement their responses with any further documents and information to the extent they exist and can be located.

---

[1] Mystic and Modern were in the process of preparing a submission to the Court explaining why imposition of sanctions was not appropriate in preparation for the hearing scheduled for Monday, April 4, 2005. On the afternoon of April 1, 2005, however, counsel for Mystic and Modern received Pharmacia Corporation's and Monsanto Company's Statement to the Court in Support of Sanctions (the "Defendants' Statement"), which raises discovery issues above and beyond the scope of the Court's Order.

#524134                                    2

Contrary to the Defendants' assertions, Mystic and Modern have produced (and have made every effort to locate and produce) all available and known documents in their possession, custody, and control that are responsive to the Defendants' discovery requests. Although not relevant to the sanctions issue before the court, Mystic and Modern also adequately prepared their initial Rule 30(b)(6) deponent; indeed, that deposition has yet to be completed. Mystic and Modern, with Defendants' counsel's acknowledgement, had designated and were willing to provide additional designees to address specific issues raised at the deposition conducted on March 14, 2005. Accordingly, since discovery is still on-going and because Mystic and Modern have complied with all discovery obligations at every step of the way, the imposition of sanctions is unwarranted.

## I.  PERTINENT PROCEDURAL AND FACTUAL BACKGROUND

On or about May 24, 2004, Mystic and Modern provided their initial disclosures to the Defendants pursuant to Rule 26(a)(1) and Local Rule 26.2. See Initial Disclosures of Plaintiff Mystic Landing LLC, dated May 24, 2004 (a true and accurate copy is attached as Exhibit 1); see also Initial Disclosures of Third-Party Defendant Modern Continental Construction Co., Inc., dated May 24, 2004 (a true and accurate copy is attached as Exhibit 2). On or about September 16, 2004, the Defendants noticed the depositions of Mystic's and Modern's Rule 30(b)(6) designees. See Affidavit of Doreen M. Zankowski, Esq., ¶ 4. (hereinafter "Zankowski Aff."). Subsequently, on October 6, 2004, the Defendants noticed the depositions of Peter M. Grela and Robert Shepard, individually. See Zankowski Aff., ¶ 4.

On or about October 25, 2004, the parties arranged and attended a meeting at the

offices of Hinckley Allen & Snyder, LLP to discuss filing a joint motion to enlarge the time for discovery, as the process of document production and discovery was ongoing for all parties and several parties had been added to the litigation since the original scheduling conference. See Zankowski Aff., ¶ 5. At this meeting, John M. Stevens, Esq., counsel for Defendants, asserted that Mystic and Modern had not yet produced all the requested documentation relevant to the transactions at issue that he believed should exist. Zankowski Aff., ¶ 6. Doreen M. Zankowski, Esq., counsel for Mystic and Modern, stated that Mystic and Modern had produced all responsive documentation that they had located within their care, custody, and control, and that they would continue to make all reasonable efforts to search for any further documentation that may be responsive to the Defendants' discovery requests. Zankowski Aff., ¶ 6. As previously indicated to Defendants' counsel, Modern suffered damage to many of its files and records in a flood incident; consequently, documents relating to many of Defendants' requests had been destroyed or lost. See Affidavit of Robert Shepard (hereinafter "Shepard Aff."), dated March 22, 2005, ¶ 11. Also, at that meeting, Ms. Zankowski informed Mr. Stevens that Mr. Grela, Mr. Shepard, and Mr. Max Marino were the individuals at Mystic and Modern who possessed knowledge relevant to the claims and defenses in this case. Zankowski Aff., ¶ 7.

On December 9, 2004, the parties filed a Joint Motion for Extension of Time to Extend Pre-Trial Schedule, seeking enlargement of the time for discovery in this matter. See Civil Docket for Case #: 1:04-cv-10180-NMG (a true and accurate copy is attached as Exhibit 3) [2]. Thereafter, despite the parties' meeting, correspondence, and

---

[2] The Joint Motion to Extend the Pre-Trial Schedule was allowed, enlarging the time for fact discovery up to and including May 27, 2005.

#524134                                    4

understanding of the progression of discovery in this matter, Defendants served a Motion to Compel on or about December 23, 2004, seeking production of certain documents (a true and accurate copy is attached as <u>Exhibit</u> 4). On or about December 28, 2004, Ms. Zankowski called Adam Kahn, Esq., counsel for Defendants, to discuss the unnecessary nature of the Motion to Compel in light of the parties' agreement. Zankowski Aff., ¶ 8.

On or about January 4, 2005, Ms. Zankowski contacted Mr. Stevens to again inform him that Mystic and Modern had documents which were available for immediate inspection and to once again request that the Motion to Compel be withdrawn because Mystic and Modern were indeed diligently seeking documents responsive to the Defendants' document request. Zankowski Aff., ¶ 9. Mr. Stevens insisted that he did not want to waste his time reviewing a portion of documents, but demanded "all" documents ready for his review. Zankowski Aff., ¶ 10. Moreover, although he would not withdraw the Motion to Compel, Mr. Stevens informed Ms. Zankowski that he agreed that Mystic and Modern could have additional time to file an opposition to the Motion and to locate any additional responsive documents[3]. Zankowski Aff., ¶ 10.

Since early December 2004, counsel for Mystic and Modern have provided and made available documents for Defendants' counsel to review. Zankowski Aff., ¶ 11. On or about March 11, 2005, counsel for the Defendants' reviewed several further boxes of documents for inspection and copying. Zankowski Aff., ¶ 12. In connection with the ongoing discovery and development of facts, on March 14, 2005, the Defendants conducted the deposition of Mystic's initial Rule 30(b)(6) designee, Mr. Peter Grela. <u>See</u>

---

[3] Despite counsels' agreement to enlarge the time to file an opposition and to locate the additional documents requested, the Court granted Defendants' Motion to Compel before Mystic and Modern could file a motion to enlarge the time to respond to the Motion to Compel. Counsel for Mystic and Modern would have vigorously opposed the Motion.

Deposition Testimony of Peter M. Grela ("Grela Deposition"), dated March 14, 2005 (a true and accurate copy is attached as Exhibit 5). Despite personal hardship issues, Mr. Grela appeared at his deposition, and in good faith did not seek a continuance of the deposition date. As indicated to Mr. Stevens, additional 30(b)(6) designees would be made available should Mr. Grela be unable or lack the knowledge to testify about requested areas of examination. See Grela Deposition, p. 134. At the conclusion of the first day of Mr. Grela's deposition, the parties agreed to continue the deposition at a future date. See Letter from John M. Stevens to Doreen M. Zankowski, dated March 24, 2005 (a true and accurate copy is attached as Exhibit 6).

On or about March 24, 2005, in connection with the Fourth-Party Complaint filed by Boston Edison Company, Mystic and Modern filed its initial disclosures pursuant to Rule 26(a)(1) and Local Rule 26.2. See Initial Disclosures of Mystic Landing LLC to Boston Edison Company, dated March 24, 2005 (a true and accurate copy is attached as Exhibit 7); see also Initial Disclosures of Modern Continental Construction Co., Inc. to Boston Edison Company, dated March 24, 2005 (a true and accurate copy is attached as Exhibit 8). Modern's and Mystic's Initial Disclosures to Boston Edison Company contain the same disclosures, regarding the same issues, that are relevant to Mystic's claims and to Modern's defenses with respect to claims and defenses of the Defendants Monsanto and Pharmacia. Further, Mystic's and Modern's counsel obtained the consent of Boston Edison Company's attorney to have additional time to file their initial disclosures, and Defendants' counsel was copied on the confirming correspondence. See Letter from Doreen M. Zankowski, Esq. to Douglas Otto, Esq., dated March 18, 2005 (a true and accurate copy is attached as Exhibit 9). On or about March 30, 2005, in

#524134                                6

furtherance of its ongoing discovery obligations, Mystic and Modern discovered additional documents potentially responsive to the Defendants' requests for documents in a misplaced box. Zankowski Aff., ¶ 13. Immediately after the discovery of this information, Ms. Zankowski contacted Defendants' counsel to inform them of the recent discovery and promptly caused all responsive, non-privileged documents contained therein to be copied and delivered to Mr. Stevens on the afternoon of April 1, 2005[4]. Zankowski Aff., ¶¶ 14-15.

## II. ARGUMENT

Rule 37 is flexible and the court is directed to make such orders "as are just" and is not limited in any case of disregard of the rules or court orders under them to a stereotyped response. See Wright, Miller & Marcus, Federal Practice & Procedure, Civil 2d §2284. Traditionally, courts have administered justice with mercy and have allowed a party a second opportunity to comply with discovery rules and orders made under them. See Wright, Miller & Marcus, Federal Practice & Procedure, Civil 2d §2284; see also CTS Corp. v. Piher Intern. Corp., 59 F.R.D. 394 (D.C. Ill. 1973) (plaintiff given another opportunity to comply with court order to produce documents despite plaintiff's continued failure to produce such documents); U.S. v. Ross, 37 F.R.D. 566 (D.C.N.Y. 1965) (complaint would not be dismissed by failure to serve answers to interrogatories served three and half years earlier on condition interrogatories would be answered within 20 days); Beckley v. Aktieselskabet Glittre, 32 F.R.D. 384 (D.C.N.Y. 1963) (relief not

---

[4] In Defendants' Statement, they allege that Mystic and Modern failed to produce documents regarding payments by Mystic for assignment of an option agreement, payment for the actual acquisition of the property and activities conducted on the property. Prior to receipt of Defendants' Statement, however, Ms. Zankowski promptly informed Mr. Stevens that he would be receiving additional documents responsive to his requests, all of which were included in the recent discovery of the misplaced box documents. Zankowski Aff., ¶ 14. Despite Ms. Zankowski's statements and efforts to produce the documents at no cost to the Defendants, Defendants' still filed this Statement requesting sanctions.

#524134

given for failure to answer interrogatories where defendant established that information would be furnished as soon as available).

### A. Defendants' Are Not Entitled To Sanctions Under Fed. R. Civ. P. Rule 37(a)(4)(A).

The Defendants seek reimbursement of the expenses associated with bringing a Motion to Compel documents. The filing of the Motion to Compel was contrary to the discussions between counsel to allow Mystic and Modern additional time to locate any additional documents responsive to the Defendants' documents requests. Zankowski Aff., ¶ 10. Defendants' Motion to Compel was disingenuous in light of the irrefutable fact that Mystic and Modern have made available to Defendants all documents they knew about, and that were within their care, custody, and control at the time of the requests. Indeed, in light of the agreement, Defendants' counsel's apparently recognized this fact.

Before the filing of the Motion to Compel, at the meeting of counsel held on October 25, 2004, Ms. Zankowski informed Mr. Stevens that Mystic and Modern would continue to search for additional responsive documents, and, if any such documents were found, they would promptly be made available for Defendants' inspection. See Letter from Doreen M. Zankowski, Esq. to John M. Stevens, Esq., dated March 10, 2005 (a true and accurate copy is attached as Exhibit 10). The express purpose of the October 25, 2004 meeting was to discuss extending the applicable discovery deadlines by filing a joint motion, permitting both parties the opportunities to continue ongoing discovery efforts. Zankowski Aff., ¶ 5.

Mystic and Modern have faithfully complied with all discovery obligations and made good-faith efforts to locate all responsive documents. The Defendants irresponsibly decided to abandon the above-discussed agreement, to forego cooperation

#524134                                    8

with Mystic and Modern, and to cease reviewing the documents that had been produced for them in favor of directly involving the Court through the filing of their unjustified Motion to Compel. Fed. R. Civ. P. 37(a)(4)(A) provides that, to seek any award of costs or sanctions under that section of the rule, the moving party must have made "a good faith effort to obtain the disclosure or discovery without Court action."

In light of the above facts, Defendants' counsel did not make good-faith efforts to obtain the requested discovery before filing the Motion to Compel. Mystic and Modern made all discoverable and responsive documents available to Defendants, yet the Defendants chose not to review them at that time, waiting until March 11, 2005. The Defendants' lack of cooperation and failure to make a good-faith procurement of the discovery provided to them should, together with their counsel's agreement to allow Mystic and Modern more time to respond to the Motion to Compel, bar Defendants from obtaining sanctions under Fed. R. Civ. P. 37(a)(4)(A). See Wright, Miller & Marcus, Federal Practice & Procedure, Civil 2d §2284; see also Cuno, Inc. v. Pall Corp., 116 F.R.D. 279 (D.C.N.Y. 1987) (plaintiff not entitled to award of attorney's fees for bringing motion based on plaintiff's failure to resolve discovery dispute informally).

Nevertheless, even if this Court were to deem sanctions under Fed. R. Civ. P. 37(a)(4)(A) appropriate, Defendants' wholly misstate what costs, if any, they would be entitled to receive. Fed. R. Civ. P. 37 (a)(4)(A) expressly states that only those "expenses reasonably incurred in making the motion, including attorney's fees" can be awarded. Defendants' ignore the mandate of the rule and request this Court to award them the costs and fees attendant to the usual course of discovery. See Tollett v. City of Kemah, 285 F.3d 357 (C.A. 5th 2002) (prevailing party can recover attorney's fees incurred in motion

to compel, but not for underlying discovery requests, because those costs were not caused by any failure to comply with discovery and would have been incurred had there not been a discovery dispute). Indeed, they go further and demand evidentiary preclusions and even dismissal, even though the applicable rule does not provide for such sanctions.

> **B.  Sanctions Pursuant To Rule 37(b)(2) Are Inappropriate Because Mystic And Modern Have Not Violated A Specific Court Order.**

It is well established that a court shall not impose sanctions pursuant to Rule 37(b)(2) unless and until a specific order pursuant to Rule 37(a) is issued and then violated. See In re Williams, 215 B.R. 289 (D. R.I. 1997); see also R.W. Intern. Corp. v. Welch Foods, Inc., 937 F.2d 11 (1st Cir. 1991) (sanctions should be applied exclusively in situations where a court has issued an order and the order has not been respected). The Court's Order pertains to a Motion to Compel that Defendants filed regarding initial disclosures and the production of requested documents. There is no motion before the Court, much less evidence, that Mystic or Modern violated this Court's order. Mystic and Modern have complied and will continue to comply with all their discovery obligations and with the Court's Order; thus, sanctions under Fed. R. Civ. P. 37(b)(2) are not proper.

Despite Defendants' allegations, Mystic and Modern have produced all known, available documents in their possession, custody or control. Shepard Aff., ¶¶ 8-12. Furthermore, as presented above, counsel for Mystic and Modern have continued to produce all known and available documents that are responsive to Defendants' requests. Prior to Defendant's filing of its Motion to Compel, and again subsequent to the Court's February 25, 2005 order, Mystic and Modern located and produced additional responsive documents, which Defendants' counsel disregarded and failed to inspect until March 11,

2005. Furthermore, when Mystic and Modern located still more responsive documents at offsite storage facilities and in misplaced files on March 30, 2005, Defendants' counsel was immediately contacted and copies of all such documents were produced to Mr. Stevens on April 1, 2005.

The Defendants' erroneously conclude, without support in the record, that because Mystic's 30(b)(6) deponent testified about the previous existence of certain documents regarding the purchase price of property involved in this dispute, that Mystic and Modern currently have these documents in their possession and are intentionally withholding and/or simply failed to produce such documents. The Defendants' allegations are without merit, as they attempt to conjure means to derail Mystic and Modern's prosecution of their case. Mystic and Modern previously informed Defendants that many documents that may have existed at one point in time were later destroyed or lost due to severe water damage as a result of a burst pipe at Modern's project office located in Boston, Massachusetts. Shepard Aff., ¶ 13.

In short, Mystic and Modern have made adequate initial disclosures under Rule 26(a)(1) and Local Rule 26.2 based on the facts known to them at the time of their initial disclosures. To the extent the Defendants have challenged or raised questions about Mystic's and Modern's disclosure of witnesses or persons with substantial knowledge, the Defendants were informed at the meeting of counsel on October 25, 2004 that Mr. Grela, Mr. Shepard, and Mr. Marino were the individuals at Mystic and Modern who could address issues relating to this matter. Indeed, prior to the October 25, 2004 meeting, the Defendants knew that Mr. Grela and Mr. Shepard possessed knowledge regarding this dispute, as evidenced by the fact that they noticed the individual

depositions of Mr. Grela and Mr. Shepard after they noticed the depositions of Mystic's and Modern's Rule 30(b)(6) designees. Furthermore, Mystic and Modern recently filed their initial disclosures in connection with the Fourth-Party Complaint filed by Boston Edison Company, which contain more comprehensive disclosures, as discovery has progressed and new information has been learned. Importantly, in the Defendants' Statement, they do not allege that Mystic or Modern failed to provide the information required in connection with the initial disclosures.

As of this date and in accordance with this Court's Order, Mystic and Modern have produced all responsive, available documents within their possession, custody or control and they will continue to timely supplement these disclosures with any additional and responsive documents, to the extent they can be located[5]. Therefore, because there is no evidence that Mystic or Modern have violated the Court's order or have acted contra to the spirit and obligations of discovery, the imposition of sanctions under these circumstances is inappropriate.

### C. Defendants Are Not Entitled to the Establishment of Certain Facts as a Sanction Under Fed. R. Civ. P. 37(b)(2)(A).

Defendants have failed to move -- let alone prove -- that Mystic or Modern have violated any aspect or provision of this Court's February 25, 2005 Order, which would entitle them to the sanctions available under Fed. R. Civ. P. 37(b)(2). To impose a sanction under Rule 37(b), a court must find that a party's conduct was willful, blatant,

---

[5] Modern is currently dissolving and consolidating large portions of its business. Consequently, Mystic's and Modern's voluminous files and documents are being moved and mingled as offices are closed and consolidated, substantially increasing the probability that potentially responsive documents were inadvertently misplaced. Zankowski Aff., ¶ 3. Further complicating this effort, many of Mystic's and Modern's employees and project participants are no longer employed by or affiliated with Mystic or Modern. Zankowski Aff., ¶ 3. As a result, Mystic and Modern currently lack adequate staffing to conduct an efficient document inspection. Notwithstanding these substantial hardships, Mystic and Modern are

and without any excuse whatsoever. See Blake Assoc., Inc. v. Omni Spectra, Inc., 118 F.R.D. 283 (D. Mass. 1988); see also Damiani v. Rhode Island Hosp., 704 F.2d 12 (C.A.R.I. 1983).

Even, assuming *arguendo,* that the Court were to determine Mystic and Modern somehow should be sanctioned in connection with the Motion to Compel, the establishment of certain facts regarding payment for the property and the incurrence of response costs would not be appropriate sanctions because Mystic and Modern have not engaged in any willful or blatant conduct to justify the imposition of such a draconian measure, which is not an appropriate, just, or necessary sanction under the circumstances.

The factual circumstances presented here do not support a finding that Mystic's and Modern's conduct was willful, blatant, or in bad faith. The ability to seek sanctions under Fed. R. Civ. P. 37(b)(2) hinges upon and is related to the violation of a Court order issued pursuant to Fed. R. Civ. P. 37(a). The Order related generally to the production and disclosure of documents; the request for admission of the facts regarding payment for the property is not referenced, included or specifically addressed in the Order. Defendants' request for sanctions relating to the Rule 30(b)(6) deposition bears no relationship to the Court's Order regarding production of documents.

As discussed *supra*, the deposition of Mr. Grela has not yet been completed. Moreover, to the extent that Defendants conclude that Mr. Grela is unable or lacks the knowledge to testify as to any matters, Mystic and Modern have agreed to produce additional individuals to address the remaining outstanding issues. In addition, counsel for Mystic and Modern recently provided the Defendants with newly located documents

---

continuing to diligently search and to attempt to locate additional documents responsive to Defendants' requests. Zankowski Aff., ¶ 3.

that address the payment issues that arose during the Grela Deposition. Thus, Mystic's and Modern's conduct cannot reasonably be considered to be willful, blatant, or in bad faith. Rather, Mystic and Modern have made all reasonable, good faith efforts to comply with the Court's order regarding the production of responsive documents. Accordingly, the imposition of a sanction establishing certain facts would be most inappropriate, as no evidence has been presented that Mystic or Modern engaged in any willful withholding of requested documents or discoverable information.

**D.    Defendants Are Not Entitled to the Sanction of Dismissal of this Action Under Fed. R. Civ. P. 37(b)(2)(C).**

Although Mystic and Modern vigorously assert that they have not violated the Court's order, even if this Court were to decide to impose sanctions, dismissal of this action, as requested by the Defendants, would be a wholly inappropriate remedy. Dismissal is a drastic sanction and runs counter to this Court's strong policy favoring disposition of cases on the merits. See Velazquez-Rivera v. Sea-Land Service, Inc., 920 F.2d 1072, 1075 (1st Cir. 1990) (citations omitted); see also Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002) (dismissal as a sanction should be employed only where party's misconduct is extreme). Before imposing the sanction of dismissal, there must be evidence of willfulness, bad faith or inexcusable fault for failing to comply with a court order. See Wright, Miller & Marcus, Federal Practice & Procedure, Civil 2d §2284, citing In re Professional Hockey Antitrust Litigation, 531 F.2d 1188 (3rd Cir. 1976). If the failure is because of an inability to comply rather than because of willfulness, bad faith, or any other similar grievous fault, the action should not be dismissed, nor a default judgment entered. Wright, Miller & Marcus, Federal Practice & Procedure, Civil 2d §2284.

#524134                                   14

In deciding whether any sanction is appropriate, the Court should consider the totality of the circumstances, including whether a party has repeatedly violated the court's discovery orders. See Young v. Gordon, 330 F.3d 76, 82 (1st Cir. 2003); see also Robson v. Hallenbeck, 81 F.3d 1, 2 (1st Cir. 1996). Here, no such noncompliance exists -- much less are there any repeated instances of noncompliance. Moreover, when noncompliance occurs, the ordering court should consider the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation. Tower Ventures, 296 F.3d at 46. Thus, even if this Court were to decide to impose sanctions -- an action that, under the circumstances, would be unjustified -- dismissal would be highly inappropriate and unwarranted. No evidence has been presented that either Mystic or Modern has ever withheld documents willfully. In fact, all factors point to Mystic's and Modern's attempts to wholly comply with discovery obligations, by producing and supplementing the documents relevant for production.

Furthermore, the Defendants' allegation that Mystic failed to adequately prepare its Rule 30(b)(6) designee is not properly before the court (no such motion with respect to that deposition has been filed); in any event, any such assertion is without merit and would not support the extreme sanction of dismissal. The deposition of Peter Grela has yet to be completed. Mr. Grela was able to testify competently and completely on a number of the issues identified in the Defendants' Notice of Deposition. Furthermore, Defendants' counsel should not accuse Mr. Grela of being unprepared simply because Defendants' counsel did not get the responses he was clearly seeking. Moreover, at the end of Mr. Grela's deposition, Mystic and Modern agreed that they would produce additional individuals to address any remaining areas of inquiry. Accordingly, because

#524134                                   15

Mystic and Modern have neither acted willfully nor in bad-faith, the Court should decline to impose any sanctions. In any event, a dismissal would be completely inappropriate under these circumstances.

### III. CONCLUSION

No evidence has been shown by Defendants that Mystic or Modern have ever disregarded their discovery obligations, withheld responsive documents, or acted in a vexatious or dilatory manner. In fact, as demonstrated to the Court, Mystic and Modern have responsibly produced all documents not only at the time of the request, but have seasonably and timely supplemented such production as and when responsive documents have been newly discovered. Additionally, Mystic and Modern recently made further and more specific initial disclosures in connection with the Fourth-Party Complaint filed by Boston Edison Company.

For all the foregoing reasons, along with those presented in the Shepard and Zankowski Affidavits, Mystic and Modern respectfully request that this Court deny any award of sanctions against Mystic and Modern in favor of Defendants.

Respectfully submitted,

**Modern Continental Construction Co., Inc. and Mystic Landing, LLC**

By its attorneys,

<u>/s/ Doreen M. Zankowski</u>
Robert G. Flanders, Esq. (BBO #170820)
Doreen M. Zankowski, Esq. (BBO #558381)
Kevin M. Plante (BBO#630088)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109-1775
(617) 345-9000

DATED: April 4, 2005

## CERTIFICATE OF SERVICE

I, Doreen M. Zankowski, hereby certify that on this 4th day of April, 2005, I served a true and accurate copy of the foregoing document electronically or first class mail to:

Adam P. Kahn, Esq.
John M. Stevens, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts 02210

Mark S. Granger
Douglas B. Otto
William A. Staar
Morrison Mahoney LLP
250 Summer Street
Boston, Massachusetts 02210

Howard G. Guggenheim
P.O. Box 736
Scituate, MA 02066

                                                /s/ Doreen M. Zankowski
                                                Doreen M. Zankowski