United States District Court
District of Massachusetts

_____
                                    )
**MYSTIC LANDING, LLC,**             )
                                    )
       Plaintiff,              )
                                    )   Civil Action No.
       v.                      )   04-10180-NMG
                                    )
**PHARMACIA CORP., et al.,**         )
                                    )
       Defendants.             )
_____)


**MEMORANDUM & ORDER**

**GORTON, J.**

**I.  Sanctions**

    Pending before the Court is a portion of Defendants' Motion to Compel Disclosure and Production of Documents.  In its Memorandum & Order entered February 25, 2005 (Docket No. 59), the Court allowed the motion insofar as it related to compelling the production of documents and reserved ruling on whether to impose sanctions.  After notice to the parties, consideration of the written submissions with respect to sanctions and a thorough hearing on the matter, the Court finds that plaintiff, Mystic Landing, LLC and third-party defendant, Modern Continental Construction Co., will be sanctioned for their dilatory and incomplete compliance with their discovery obligations and, specifically, their actions which necessitated the filing of the

-1-

motion to compel and caused unnecessary expense and inconvenience to the defendants, Pharmacia and Monsanto.

Accordingly, Defendants' Motion to Compel (Docket No. 52) is **ALLOWED** and the plaintiff, Mystic, and the third-party defendant, Modern, shall pay forthwith to the defendants, Pharmacia and Monsanto, Three Thousand Dollars ($3,000) as a sanction and to reimburse them for unnecessary discovery expenses incurred.

## II.  Bifurcation

In its Memorandum & Order of February 25, 2005, the Court also stated that it would not reconsider the bifurcation Order issued by Judge Stearns on June 10, 2004, unless substantial and compelling reasons based upon new evidence were sufficiently shown.  After a hearing and further review, the Court determines that such reasons have not been shown.  Accordingly, the trial will be bifurcated and the claims with respect to Boston Edison will be deferred and addressed later, if necessary.  If a second phase of the trial is required, supplemental discovery will be scheduled at the conclusion of the first phase.

## III. Scheduling

A final pretrial conference will be held on Friday, December 9, 2005 at 3:00 p.m. and trial will commence on Monday, January 23, 2006 at 9:00 a.m.  Deadlines for pretrial submissions are:

- In limine motions and witness and exhibit lists on or before January 2, 2006;

- responses and/or objections thereto on or before January 9, 2006; and
- proposed findings of fact and conclusions of law on or before January 9, 2006.

**So ordered.**

                                    /s/ Nathaniel M. Gorton
                                    Nathaniel M. Gorton
                                    United States District Judge

Dated: April 5, 2005