UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MYSTIC LANDING, LLC, <br>     Plaintiff <br><br> VS. <br><br> PHARMACIA CORP., SOLUTIA, INC., and <br> MONSANTO CO., <br>     Defendants <br><br> PHARMACIA CORP. and MONSANTO CO. <br>     Third Party Plaintiffs <br><br> VS. <br><br> MODERN CONTINENTAL CONSTR. CO., INC. <br>     Third Party Defendant <br><br> PHARMACIA CORP., <br>     Third Party Plaintiff <br><br> VS. <br><br> BOSTON EDISON CO., <br>     Third Party Defendant <br><br> BOSTON EDISON CO., <br>     Fourth Party Plaintiff <br><br> VS. <br><br> O'DONNELL SAND & GRAVEL, INC. and <br> MARY O'DONNELL, <br>     Fourth Party Defendants | **CIVIL ACTION NO.** <br> **04-10180 NMG** |

**INITIAL DISCLOSURES OF**
**O'DONNELL SAND & GRAVEL, INC. AND MARY O'DONNELL,**
**<u>FOURTH PARTY DEFENDANTS</u>**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and Local Rule 26.2(A) of the United States District Court for the District of Massachusetts, O'Donnell Sand & Gravel, Inc. and Mary O'Donnell (hereinafter "O'Donnell"), hereby submit their initial disclosures to Boston Edison Company (hereinafter "BECO").

## RESERVATION OF RIGHTS

These disclosures are made based upon good faith inquiry. O'Donnell's efforts to identify relevant witnesses and documents are ongoing. O'Donnell reserves the right to amend, correct, and/or supplement these disclosures as additional information becomes available. The reservation of rights are important because (1) the events occurred years ago and the documents are difficult to locate or have been discarded.

O'Donnell does not waive, but expressly reserves without limitation, any and all objections under the attorney/client privilege, work product doctrine, or any other such privilege or immunity from discovery, and any and all objections to the appropriateness and/or scope of discovery.

## INITIAL DISCLOSURES

### I. Disclosure Pursuant to Fed. R. Civ. P. 26(a)(1)(A)

Except as identified below, O'Donnell has not yet identified all individuals likely to have discoverable information to support the defenses. O'Donnell does not waive their right to amend and supplement disclosures. O'Donnell identifies the following individuals or categories who are likely to have discoverable information and whom O'Donnell may use to support their defenses:

    1.    Mary O'Donnell, Individually and as President of O'Donnell Sand & Gravel, Inc., 47 Marion Drive, Kingston, Massachusetts. O'Donnell

possesses information regarding the transfer of the site in question from BECO to O'Donnell and from O'Donnell to Mystic.

2. Charles Madden, Jr., c/o Gator Development Company, Inc. The discoverable information known to Mr. Madden may include information regarding the transfer of the site in question to O'Donnell and the transfer of the site from O'Donnell to Modern Continental. Both O'Donnell and Madden may have information regarding the uses of the site in question by Modern Continental and the negotiations for the sales of the site in question.

3. Individuals currently or formerly employed by BECO including but not necessarily limited to Donald Anastasia. Mr. Anastasia may have information regarding the negotiations for the sale of the subject property from BECO to O'Donnell.

4. Max Marino, c/o Modern Continental Construction Co., Inc., 101 Broad Street, Boston, Massachusetts. Mr. Marino may have information regarding the sale of the subject property from O'Donnell to Modern.

## II. Disclosure Pursuant to Fed. R. Civ. P. P. 26(a)(1)(B)

O'Donnell may use some or all of the following categories of documents to support its defenses. Most of these documents are in the possession of the attorneys for Modern Continental Construction Co. and the attorneys for BECO.

1. All documents attached to the Fourth Party Complaint of BECO.

2. All documents relating to the purchase and sale of the subject property from BECO to O'Donnell and from O'Donnell to Modern.

3. All title information for the subject property including purchase and sale agreements and deeds from BECO to O'Donnell and from O'Donnell to Modern.

### III. Disclosure Pursuant to Fed. R. Civ. P. 26(a)(1)(C)

Pursuant to O'Donnell's defenses to the Fourth Party Plaintiff's Claim against O'Donnell, O'Donnell asserts damages against BECO for court costs and attorney's fees. O'Donnell's claim for attorney's fees is based on BECO's groundless claim for indemnification against O'Donnell.

### IV. Disclosure Pursuant to Fed. R. Civ. P. 26(a)(1)(D)

O'Donnell is unaware of any insurance agreements that provide coverage for the claims at issue.

O'Donnell expressly reserves their right to supplement this initial disclosure.

Respectfully submitted,
O'DONNELL SAND & GRAVEL, INC.
And MARY O'DONNELL
By their Attorney,

/s/ Howard G. Guggenheim
Howard G. Guggenheim, Esquire
P.O. Box 736
Situate, MA 02066
(781) 264-3717
BBO #214150
DATED:    March 31, 2005

## CERTIFICATE OF SERVICE

I, Howard G. Guggenheim, hereby certify that on this 31st day of March, 2005 I served a true and accurate copy of the foregoing document by mailing first class mail to:

1. Adam P. Kahn, Esquire, Foley Hoag, LLP, 155 Seaport Boulevard, Boston, MA 02210;
2. Mark S. Granger, Esquire, and Douglas B. Otto, Esquire, Morrison Mahoney, LLP, 250 Summer Street, Boston, MA 02210; and
3. Doreen M. Zankowski, Esquire, Hinckley, Allen & Snyder, LLP, 28 State Street, Boston, MA 02109.

SIGNED under the pains and penalties of perjury this 31st day of March, 2005.

Howard G. Guggenheim, Esquire