United States District Court
District of Massachusetts

```
                                    )
MYSTIC LANDING, LLC,                )
                                    )
          Plaintiff,                )
                                    )    Civil Action No.
          v.                        )    04-10180-NMG
                                    )
PHARMACIA CORP., et al.,            )
                                    )
          Defendants.               )
                                    )
```

MEMORANDUM & ORDER

GORTON, J.

I.    Sanctions

Pending before the Court is a portion of Defendants' Motion
to Compel Disclosure and Production of Documents.  In its
Memorandum & Order entered February 25, 2005 (Docket No. 59), the
Court allowed the motion insofar as it related to compelling the
production of documents and reserved ruling on whether to impose
sanctions.  After notice to the parties, consideration of the
written submissions with respect to sanctions and a thorough
hearing on the matter, the Court finds that plaintiff, Mystic
Landing, LLC and third-party defendant, Modern Continental
Construction Co., will be sanctioned for their dilatory and
incomplete compliance with their discovery obligations and,
specifically, their actions which necessitated the filing of the

-1-

motion to compel and caused unnecessary expense and inconvenience
to the defendants, Pharmacia and Monsanto.

Accordingly, Defendants' Motion to Compel (Docket No. 52) is
**ALLOWED** and the plaintiff, Mystic, and the third-party defendant,
Modern, shall pay forthwith to the defendants, Pharmacia and
Monsanto, Three Thousand Dollars ($3,000) as a sanction and to
reimburse them for unnecessary discovery expenses incurred.

## II.  **Bifurcation**

In its Memorandum & Order of February 25, 2005, the Court
also stated that it would not reconsider the bifurcation Order
issued by Judge Stearns on June 10, 2004, unless substantial and
compelling reasons based upon new evidence were sufficiently
shown.  After a hearing and further review, the Court determines
that such reasons have not been shown.  Accordingly, the trial
will be bifurcated and the claims with respect to Boston Edison
will be deferred and addressed later, if necessary.  If a second
phase of the trial is required, supplemental discovery will be
scheduled at the conclusion of the first phase.

## III. **Scheduling**

A final pretrial conference will be held on Friday, December
9, 2005 at 3:00 p.m. and trial will commence on Monday, January
23, 2006 at 9:00 a.m.  Deadlines for pretrial submissions are:

- In limine motions and witness and exhibit lists on or
  before January 2, 2006;

- responses and/or objections thereto on or before January

    9, 2006; and

- proposed findings of fact and conclusions of law on or

    before January 9, 2006.

**So ordered.**

                                    /s/ Nathaniel M. Gorton
                                    Nathaniel M. Gorton
                                    United States District Judge

Dated: April 5, 2005

-3-