UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MYSTIC LANDING, LLC,<br>    Plaintiff | )<br>)<br>) |
| VS. | )<br>) |
| PHARMACIA CORP., SOLUTIA, INC., and<br>MONSANTO CO.,<br>    Defendants | )<br>)<br>)<br>) |
| PHARMACIA CORP. and MONSANTO CO.<br>    Third Party Plaintiffs | )<br>)<br>) |
| VS. | )<br>) |
| MODERN CONTINENTAL CONSTR. CO., INC.<br>    Third Party Defendant | )<br>) |
| PHARMACIA CORP.,<br>    Third Party Plaintiff | )<br>)<br>) |
| VS. | )<br>) |
| BOSTON EDISON CO.,<br>    Third Party Defendant | )<br>)<br>) |
| BOSTON EDISON CO.,<br>    Fourth Party Plaintiff | )<br>)<br>) |
| VS. | )<br>) |
| O'DONNELL SAND & GRAVEL, INC. and<br>MARY O'DONNELL,<br>    Fourth Party Defendants | )<br>)<br>) |

**CIVIL ACTION NO.
04-10180 NMG**

**FOURTH-PARTY DEFENDANT, MARY O'DONNELL'S
RESPONSE TO FIRST REQUEST FOR THE PRODUCTION
OF DOCUMENTS AND THINGS BY FOURTH-PARTY
<u>PLAINTIFF, BOSTON EDISON COMPANY</u>**

Mary O'Donnell (hereinafter referred to as "O'Donnell") in answering the Request for Production of Documents propounded by the Fourth-Party Plaintiff, states as follows:

Request No. 1:   Any and all documents, correspondence, notes or memoranda, including especially drafts and altered or modified versions of documents, which relate to the 1995 sale from Edison to OSG, including any documents relating to OSG's negotiations with Edison predating said sale.

**_RESPONSE NO. 1:_**  OSG is not presently in possession of any documents described in Request No. 1 but states that all documents called for are in the possession of Boston Edison.

Request No. 2:   Any and all documents, correspondence, notes or memoranda, including especially drafts and altered or modified versions of documents, which relate to the 1995 Indemnity as expressed in the 1995 Deed.

**_RESPONSE NO. 2:_**  All documents are in the possession of Boston Edison.

Request No. 3:   Any and all documents, notes or memoranda between O'Donnell and any legal counsel having anything to do with the 1995 Sale and/or the 1995 Indemnity provisions in the 1995 Deed. For any document alleged to be protected by the attorney-client privilege, please be sure to include said document on the privilege log with a description of the document.

**_RESPONSE NO. 3:_**  OBJECTION. O'Donnell objects to Request No. 3 in that it calls for attorney work product. Reserving her objection until the time of trial, O'Donnell sates that she is not in possession of any documents, notes or memoranda.

However, O'Donnell asserts that all documents and/or memoranda are in the possession of Boston Edison.

Request No. 4:    Any and all documents, correspondence, notes or memoranda, including especially drafts and altered or modified versions of documents, which relate in any way to the 1983 use restriction and 1983 Indemnity provision as expressed in the 1983 Deed between Monsanto and Edison.

**_RESPONSE NO. 4:_**  O'Donnell is not in possession of any documents described in Request No. 4 but asserts that any and all notes or memoranda are in the possession of Boston Edison and the attorneys at Hinckley, Allen and Snyder.

Request No. 5:    Any and all documents, correspondence, notes or memoranda, including especially drafts and altered or modified versions of documents, which relate to your denial of Edison's allegation that you failed to take the steps necessary to protect the restrictive use and indemnity provisions contained in the 1983 and 1995 Deeds.

**_RESPONSE NO. 5:_**  O'Donnell is not in possession of any documents described in Request No. 5.

Request No. 6:    Any and all documents, correspondence, notes or memoranda, including especially drafts and altered or modified versions of documents, which relate in any way to the conveyance of the Property from OSG to Mary O'Donnell on September 25, 1995.

**_RESPONSE NO. 6:_**  O'Donnell is not in possession of any documents described in Request No. 6 but asserts that the attorneys at Hinckley, Allen and Snyder would have

all documents relative to the conveyance of the Property from OSG to Mary O'Donnell on September 25, 1995.

Request No. 7: Any and all documents, correspondence, notes or memoranda, including especially drafts and altered or modified versions of documents, which relate to the omission of the 1995 Indemnity and/or 1995 use restriction in OSG's conveyance of the Property to Mary O'Donnell on September 25, 1995.

**_RESPONSE NO. 7:_** O'Donnell asserts that she does not have possession of any documents described in Request No. 7 but further asserts that any documents that exist are in the possession of the attorneys at Hinckley, Allen and Snyder.

Request No. 8: Any and all documents, correspondence, notes or memoranda, including especially drafts and altered or modified versions of documents, which relate to your denial of Edison's allegation that you purchased the Property on September 25, 1995 subject to the 1995 Deed and use restrictions contained therein.

**_RESPONSE NO. 8:_** O'Donnell does not have possession of any documents requested in Request No. 8.

Request No. 9: Any and all documents, correspondence, notes or memoranda, including especially drafts and altered or modified versions of documents, which relate to the inclusion of the language in the March 26, 1999 Transfer Certificate of Title stating that the Property, as owned by you, was "subject to covenants, etc. contained in deed between Boston Edison Company and O'Donnell Sand & Gravel, inc. dated May 6, 1995 ...".

**_RESPONSE NO. 9:_** O'Donnell is not aware of any documents relative to the language included in the Transfer Certificate.

Request No. 10: Any and all documents, correspondence, notes or memoranda, including especially drafts and altered or modified versions of documents, which relate to your denial of Edison's allegation that you are bound by the 1995 Indemnity and 1995 use restriction.

**_RESPONSE NO. 10:_** O'Donnell does not believe there are any documents described in Request No. 10.

Request No. 11: Any and all documents, correspondence, notes or memoranda, including especially drafts and altered or modified versions of documents, which relate to your denial that Edison took the steps necessary to protect Monsanto in the 1995 Sale as expressed by the 1995 Deed.

**_RESPONSE NO. 11:_** O'Donnell does not have possession of any documents described in Request No. 11.

Request No. 12: Any and all documents, correspondence, notes or memoranda, including especially drafts and altered or modified versions of documents, which relate in any way to the 1999 Grant and Release executed by O'Donnell and Gateway on March 18, 1999.

**_RESPONSE NO. 12:_** O'Donnell does not have possession of any documents described in Request No. 12.

Request No. 13: Any and all documents, correspondence, notes or memoranda, including especially drafts and altered or modified versions of documents, which relate to your denial of Edison's allegations that the 1999 Grant and Release executed by O'Donnell did not adversely affect the 1995 Indemnity and 1995 use restriction as expressed in the 1995 Deed.

**_RESPONSE NO. 13:_**   O'Donnell believes that there are no documents described in Request No. 13.

Request No. 14:   Any and all documents, correspondence, notes or memoranda, including especially drafts and altered or modified versions of documents, which relate to the June 21, 2001 sale of the Property from Mary O'Donnell to Mystic, including any documents relating to O'Donnell's negotiations with Mystic that pre-dated the conveyance.

**_RESPONSE NO. 14:_**   O'Donnell states that all documents are in the possession of the attorneys from Hinckley, Allen and Snyder.

Request No. 15:   Any and all documents, correspondence, notes or memoranda, including especially drafts and altered or modified versions of documents, which relate to the negotiation, drafting or execution of the March 17, 1999 Notice of Option Agreement between Mary O'Donnell and Modern.

**_RESPONSE NO. 15:_**   O'Donnell asserts that any documents are in the possession of the attorneys at Hinckley, Allen and Snyder.

Request No. 16:   Any and all documents, correspondence, notes or memoranda, including especially drafts and altered or modified versions of documents, which relate to the negotiation, drafting or execution of the May 1,1996 mortgage executed and delivered by Mary O'Donnell in favor of Modern.

**_RESPONSE NO. 16:_**   O'Donnell asserts that any documents are in the possession of the attorneys from Hinckley, Allen and Snyder.

Request No. 17:   Any and all documents, correspondence, notes or memoranda, including especially drafts and altered or modified versions of documents,

which relate to the 1995 Acknowledgement and Release between OSG and Edison, including any documents relating to OSG's negotiations with Edison predating said 1995 Acknowledgement and Release.

**RESPONSE NO. 17:**     All existing documents are in the possession of Boston Edison.

Request No. 18:   Any and all documents, correspondence, notes or memoranda, including especially drafts and altered or modified versions of documents, which reflect or refer in any way to any and all individuals involved in the negotiations, drafting and execution of the 1995 Acknowledgement and Release between OSG and Edison.

**RESPONSE NO. 18:**     All existing documents are in the possession of Boston Edison.

Request No. 19:   Any and all documents referenced by O'Donnell in her response to the First Set of Interrogatories by Edison.

**RESPONSE NO. 19:**     O'Donnell states that she does not have possession of any documents described in Request No. 19.

MARY O'DONNELL
By her Attorney,

_____
Howard G. Guggenheim, Esquire
P.O. Box 736
Scituate, MA 02066
(781) 264-3717
BBO #214150
DATED:      August 10, 2005

## **CERTIFICATE OF SERVICE**

I, Howard G. Guggenheim, hereby certify I have served copies of the foregoing Response to Request for Documents upon counsel of record, Douglas B. Otto, Esquire and Jill K. Hauff, Esquire of Morrison Mahoney, LLP, 250 Summer Street, Boston, MA 02210.

SIGNED under the pains and penalties of perjury this 16 day of August, 2005.

_____
Howard G. Guggenheim, Esquire