UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MYSTIC LANDING, LLC,<br>    Plaintiff | )<br>)<br>) |
| VS. | )<br>) |
| PHARMACIA CORP., SOLUTIA, INC., and<br>MONSANTO CO.,<br>    Defendants | )<br>)<br>)<br>)   **CIVIL ACTION NO.**<br>      **04-10180 NMG** |
| PHARMACIA CORP. and MONSANTO CO.<br>    Third Party Plaintiffs | )<br>)<br>) |
| VS. | )<br>) |
| MODERN CONTINENTAL CONSTR. CO., INC.<br>    Third Party Defendant | )<br>) |
| PHARMACIA CORP.,<br>    Third Party Plaintiff | )<br>)<br>) |
| VS. | )<br>) |
| BOSTON EDISON CO.,<br>    Third Party Defendant | )<br>)<br>) |
| BOSTON EDISON CO.,<br>    Fourth Party Plaintiff | )<br>)<br>) |
| VS. | )<br>) |
| O'DONNELL SAND & GRAVEL, INC. and<br>MARY O'DONNELL,<br>    Fourth Party Defendants | )<br>)<br>) |

**FOURTH-PARTY DEFENDANT, O'DONNELL SAND & GRAVEL, INC.'S
RESPONSE TO FIRST REQUEST FOR THE PRODUCTION
OF DOCUMENTS AND THINGS BY FOURTH-PARTY
<u>PLAINTIFF, BOSTON EDISON COMPANY</u>**

O'Donnell Sand & Gravel, Inc.'s (hereinafter referred to as "OSG"), in answer to the Request for Production of Documents Propounded by Fourth-Party Plaintiff states as follows:

Request No. 1:   Any and all documents, correspondence, notes or memoranda, including especially drafts and altered or modified versions of documents, which relate to the 1995 Sale from Edison to OSG, including any documents relating to OSG's negotiations with Edison predating said sale.

**_RESPONSE NO. 1:_**  OSG does not have possession of any documents described in Request No. 1. However, OSG asserts that all documents are in the possession of Boston Edison.

Request No. 2:   Any and all documents, correspondence, notes or memoranda, including especially drafts and altered or modified versions of documents, which relate to the 1995 Indemnity as expressed in the 1995 Deed.

**_RESPONSE NO. 2:_**  OSG asserts that it is not in possession of the documents described in Request No. 2. However, OSG asserts that any documents regarding Request No. 2 are in the possession of Boston Edison.

Request No. 3:   Any and all documents, notes or memoranda between OSG and any legal counsel having anything to do with the 1995 Sale and/or the 1995 Indemnity provisions in the 1995 Deed. For any document alleged to be protected by the attorney-client privilege, please be sure to include said document on the privilege log with a description of the document.

***RESPONSE NO. 3:*** OBJECTION. OSG objects to Request No. 3 since it calls for work product in preparation of the within litigation. Reserving its objection, OSG asserts that it is not in possession of the documents described in Request No. 3.

Request No. 4: Any and all documents, correspondence, notes or memoranda, including especially drafts and altered or modified versions of documents, which relate in any way to the 1983 use restriction and 1983 Indemnity provisions as expressed in the 1983 Deed between Monsanto and Edison.

***RESPONSE NO. 4:*** OSG believes that there are no documents that are requested in Request No. 4. However, OSG asserts that if there are documents, they are in the possession of Boston Edison.

Request No. 5: Any and all documents, correspondence, notes or memoranda, including especially drafts and altered or modified versions of documents, which relate to OSG's denial of Edison's allegation that OSG failed to take the steps necessary to protect the restrictive use and indemnity provisions contained in the 1983 and 1995 Deeds.

***RESPONSE NO. 5:*** OSG asserts that there are no documents requested in Request No. 5.

Request No. 6: Any and all documents, correspondence, notes or memoranda, including especially drafts and altered or modified versions of documents, which relate in any way to the conveyance of the Property from OSG to Mary O'Donnell on September 25, 1995.

**RESPONSE NO. 6:** OSG asserts that it is not in possession of the documents described in Request No. 6. OSG asserts that any such documents are in the possession of the attorneys at Hinckley, Allen and Snyder.

Request No. 7: Any and all documents, correspondence, notes or memoranda, including especially drafts and altered or modified versions of documents, which relate to the omission of the 1995 Indemnity and 1995 use restrictions in OSG's conveyance of the Property to Mary O'Donnell on September 25, 1995.

**RESPONSE NO. 7:** OSG asserts that it is not in possession of the documents described in Request No. 7. OSG asserts that any such documents are in the possession of the attorneys at Hinckley, Allen and Snyder.

Request No. 8: Any and all documents, correspondence, notes or memoranda, including especially drafts and altered or modified versions of documents, which relate in any way to the 1999 Grant and Release executed by O'Donnell and Gateway on March 18, 1999.

**RESPONSE NO. 8:** OSG asserts that it is not in possession of the documents described in Request No. 8. OSG asserts that any such documents are in the possession of the attorneys at Hinckley, Allen and Snyder.

Request No. 9: Any and all documents, correspondence, notes or memoranda, including especially drafts and altered or modified versions of documents, which relate to OSG's denial of Edison's allegations that the 1999 Grant and Release executed by O'Donnell did not adversely affect the 1995 Indemnity and 1995 use restriction as expressed in the 1995 Deed.

**_RESPONSE NO. 9:_**   OSG is not in possession of the documents requested in Request No. 9.

Request No. 10:   Any and all documents, correspondence, notes or memoranda, including especially drafts and altered or modified versions of documents, which relate to OSG's denial of Edison's allegation that OSG is bound by the 1995 Indemnity and 1995 use restriction.

**_RESPONSE NO. 10:_**   OSG is not in possession of any documents described in Request No. 10 other than the deeds themselves.

Request No. 11:   Any and all documents, correspondence, notes or memoranda, including especially drafts and altered or modified versions of documents, which relate to OSG's denial that Edison took the steps necessary to protect Monsanto in the 1995 Sale as expressed by the 1995 Deed.

**_RESPONSE NO. 11:_**   OSG states that it is not in possession of any documents described in Request No. 11.

Request No. 12:   Any and all documents, correspondence, notes or memoranda, including especially drafts and altered or modified versions of documents, which relate to the 1995 Acknowledgement and Release between OSG and Edison, including any documents relating to OSG's negotiations with Edison predating said 1995 Acknowledgement and Release.

**_RESPONSE NO. 12:_**   OSG is not in possession of any documents described in Request No. 12 but asserts that such documents would be in the possession of Boston Edison.

Request No. 13: Any and all documents, correspondence, notes or memoranda, including especially drafts and altered or modified versions of documents, which reflect or refer in any way to any and all individuals involved in the negotiations, drafting and execution of the 1995 Acknowledgement and Releas4e between OSG and Edison.

**_RESPONSE NO. 13:_** OSG is not in possession of any documents described in Request No. 13 and asserts that any documents which do exist are in the possession of Boston Edison.

Request No. 14: Any and all documents referenced by OSG in its response to the First Set of Interrogatories by Edison.

**_RESPONSE NO. 14:_** OSG states that it does not have possession of any documents requested in Request No. 14.

          O'DONNELL SAND & GRAVEL, INC.
          By its Attorney,

          _____
          Howard G. Guggenheim, Esquire
          P.O. Box 736
          Scituate, MA 02066
          (781) 264-3717
          BBO #214150
          DATED: August 10, 2005

## CERTIFICATE OF SERVICE

I, Howard G. Guggenheim, hereby certify I have served copies of the foregoing Response to Request for Documents upon counsel of record, Douglas B. Otto, Esquire and Jill K. Hauff, Esquire of Morrison Mahoney, LLP, 250 Summer Street, Boston, MA 02210.

SIGNED under the pains and penalties of perjury this 16 day of August, 2005.

_____
Howard G. Guggenheim, Esquire