UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MYSTIC LANDING, LLC,<br>　　　　Plaintiff,<br>　v.<br><br>PHARMACIA CORPORATION, SOLUTIA INC.<br>　and MONSANTO COMPANY,<br>　　　　Defendants. | CIVIL ACTION No. 04-10180 NMG |
| PHARMACIA CORPORATION and<br>　MONSANTO COMPANY,<br>　　　　Third-Party Plaintiffs,<br>　v.<br><br>MODERN CONTINENTAL CONSTRUCTION<br>　CO., INC.,<br>　　　　Third-Party Defendant. | |
| PHARMACIA CORPORATION,<br>　　　　Third-Party Plaintiff,<br>　v.<br><br>BOSTON EDISON COMPANY,<br>　　　　Third-Party Defendant. | |
| BOSTON EDISON COMPANY,<br>　　　　Fourth-Party Plaintiff,<br>　v.<br><br>O'DONNELL SAND & GRAVEL, INC.<br>　and MARY O'DONNELL,<br>　　　　Fourth-Party Defendant. | |

**MEMORANDUM OF MONSANTO COMPANY
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant Monsanto Company ("New Monsanto") submits this memorandum in support of its motion for summary judgment dismissing the Complaint against it. The Court should grant

B3109811.3

the motion because New Monsanto is entitled to judgment as a matter of law on the statutory and tort claims alleged in the Complaint. Moreover, even if plaintiff Mystic Landing, LLC ("Mystic Landing") were permitted to put forward contractual claims not set forth in the complaint, New Monsanto would be entitled to judgment as a matter of law on those claims as well.

The Court has not previously considered New Monsanto's position with respect to the issue of potential contractual liability. New Monsanto moved for judgment on the pleadings on the ground that it did not exist at the times the events alleged in the complaint occurred. Without disputing that proposition, Mystic Landing contended there was an issue whether, by subsequent contracts, New Monsanto might have assumed liability to parties such as Mystic Landing arising from events that occurred prior to its incorporation. Although the complaint did not allege this newly asserted basis for liability, the Court denied the motion for judgment on the pleadings without holding a hearing. Had there been a hearing, New Monsanto would have shown--as it demonstrates herein--that it has no direct contractual liability to third parties such as Mystic Landing for claims such as that set forth in the complaint.

## SUMMARY STATEMENT OF FACTS

Pharmacia, then named Monsanto Company, owned the property in Boston and Everett that is the subject matter of the action (the "Property") until 1983. (SOMF at ¶ 4). For a period of time ending some years before that date, Pharmacia manufactured chemicals on the Property. (SOMF at ¶5). In addition to manufacturing chemicals on the Property and elsewhere, Pharmacia also carried on agricultural and pharmaceutical businesses at other locations. (SOMF at ¶ 6).

By agreement dated September 1, 1997, amended on July 1, 2002 (the "Distribution Agreement"), Pharmacia, then named Monsanto Company, transferred or "spun-off" its chemicals business to a newly-formed corporation, Solutia, Inc. ("Solutia"). (SOMF at ¶ 7). Pursuant to the Distribution Agreement, Pharmacia transferred the assets associated with its chemical business to Solutia, and Solutia assumed the liabilities associated with Pharmacia's current and former chemical business (the "Chemical Liabilities"), which include any environmental liabilities arising from Pharmacia's former ownership and operation of the Property (SOMF at ¶ 8), and agreed to defend and indemnify Pharmacia from and against the Chemical Liabilities. (SOMF at ¶ 9).

Section 10.07 of the Distribution Agreement provides that "[e]xcept for the provisions of Sections 4.03 and 4.04 relating to Indemnities, which are also for the benefit of the Indemnitees, this Agreement is solely for the benefit of the parties hereto and their Subsidiaries and Affiliates and is not intended to confer upon any other Persons any rights or remedies hereunder." (SOMF at ¶10). Sections 4.03 and 4.04 of the Distribution Agreement identify the Indemnitees as the parties, their "Representatives" and their "Affiliates." (SOMF at ¶ 11). As defined in the Distribution Agreement, an Affiliate is a person who controls or is controlled by an Indemnitee, and an Indemnitee's Representatives are its directors, officers, employees, agents, consultants, advisors, accountants, attorneys and representatives. (SOMF at ¶¶ 12-13).

In March 2000, Pharmacia and New Monsanto assumed their current corporate names. Specifically, in connection with its merger with another pharmaceuticals company, Pharmacia and Upjohn, Inc., the corporation formerly known as Monsanto Company changed its name to Pharmacia in March 2000. (SOMF at ¶ 14). Thereafter, New Monsanto, which had been

incorporated under the name Monsanto Ag Company as a wholly owned subsidiary of Pharmacia one month earlier, changed its name to Monsanto Company. (SOMF at ¶ 15).

By agreement dated September 1, 2000, amended on July 1, 2002, (the "Separation Agreement"), Pharmacia transferred the assets associated with its agricultural business to New Monsanto, and New Monsanto assumed the liabilities associated with Pharmacia's current and former agricultural business (the "Monsanto Liabilities") and agreed to defend Pharmacia and hold it harmless from and against the Monsanto Liabilities. (SOMF at ¶ 16-17). With regard to the Chemical Liabilities previously assumed by Solutia, New Monsanto assumed nothing but a contingent obligation to indemnify Pharmacia, an obligation that arose only to the extent and on the condition that a loss to Pharmacia resulted from failure by Solutia to fully carry out its obligations under the Distribution Agreement. (SOMF at ¶ 18).

Section 11.08 of the Separation Agreement provides that "[e]xcept for the provisions of Sections 3.03 and 3.04 relating to Indemnities, which are also for the benefit of the Indemnitees, this Agreement is solely for the benefit of the parties hereto and their Subsidiaries and Affiliates and is not intended to confer upon any other Persons any rights or remedies hereunder." (SOMF at ¶ 19). The terms "Indemnittees," "Affiliates" and "Representatives" have the same definitions in the Separation Agreement as they do in the Distribution Agreement. (SOMF at ¶ 21-22). Mystic Landing is not an Indemnitee under either Agreement or an Affiliate or Representative of New Monsanto.

Solutia filed for bankruptcy in December 2003. (SOMF at ¶ 3) It was named as a defendant in the complaint but has not been served with process. (SOMF at ¶ 3).

## ARGUMENT

New Monsanto is entitled to summary judgment dismissing the complaint against it because, as a matter of law, Mystic Landing has no direct claim against New Monsanto. The only claims pleaded in the complaint seek recovery in tort and under statute based on events occurring before New Monsanto existed. Even if Mystic Landing were permitted to proceed on a contractual theory not set forth in the complaint, it would still have no direct claim against New Monsanto because Mystic Landing is neither a party to the contract on which it purportedly relies nor an intended beneficiary of that contract.

### I.    Mystic Landing Has No Direct Statutory Or Tort Claim Against New Monsanto.

The only basis for statutory or tort liability stated in the complaint is acts alleged to have occurred between 1943 and 1983. (SOMF at ¶ 25). New Monsanto could not have committed any of those acts because it did not exist until 2000. Accordingly, it can have no liability to Mystic Landing in tort or under statute. Mystic Landing did not attempt to dispute this conclusion in its response to New Monsanto's motion for judgment on the pleadings. (SOMF at ¶ 27).

### II.    Mystic Landing Has No Contract Claim Against New Monsanto.

The argument by which Mystic Landing avoided entry of judgment in favor of New Monsanto on its motion for judgment on the pleadings does not withstand analysis. Mystic Landing's argument was that, based upon certain contractual arrangements between them, "New Monsanto may be liable for [Pharmacia's] actions." (SOMF at ¶ 27). The only pertinent

contractual arrangements between New Monsanto and Pharmacia are the Separation Agreement and the Distribution Agreement. (SOMF at ¶ 30).

Because Mystic Landing is not a party to the Separation Agreement or the Distribution Agreement, it can recover based upon undertakings made by New Monsanto in those Agreements only if it is a third-party beneficiary of the Agreements. In that regard, the Separation and Distribution Agreements specify that they are to be construed in accordance with Delaware law. In Delaware,

> it is settled law that a third-party may recover on a contract made for his benefit. However, in order for there to be a third-party beneficiary, the contracting parties must intend to confer a benefit . . . If . . . the parties to the contract did not intend to benefit the third-party but the third party happens to benefit from the performance of the contract either indirectly or coincidentally, such third person has no rights under the contract. (internal citations omitted)

Delmar News, Inc. v. Jacobs Oil Company, 584 A.2d 531, 534 (Del. Super. 1990). In Delmar News, the courts refused to allow a suit against an insurer for the cost of cleaning up and removing oil that had leaked from a tank because the plaintiff was unable to establish that it was an intended, rather than an indirect, beneficiary of the insurance contract. Id. Similarly, in Guardian Constr. Co. v. Tetra Tech Richardson, Inc., 583 A.2d 1378 (Del. Super. 1990) the Court ruled that contractors on a state project who had relied on faulty plans and specifications provided to the state agency by an engineering firm were not entitled to bring suit against the engineering firm for breach of its contact, stating that "[i]n order for third-party beneficiary rights to be created, not only is it necessary that performance of the contract confer a benefit upon a third person that was intended, but the conferring of the beneficial effect on such third-party, whether it be creditor or donee, should be a material part of the contract's purpose." Id. at 1386; see also Stuchen v. Duty Free International, 1996 Del. Super. LEXIS 187 (Del. Super. 1996).

In sum, the only third-parties entitled to recover as third-party beneficiaries under Delaware law are those whom the contract intended to benefit as a material part of its purpose.

Mystic Landing cannot recover as a third-party beneficiary under the Separation or Distribution Agreements because it was neither the intent nor the purpose of the Separation or Distribution Agreements to benefit third parties such as Mystic Landing. Indeed, the Agreements expressly state that they are not intended to benefit any unrelated third party. They could not have done so more explicitly. Both the Separation and Distribution Agreements provide that, "except for the provisions . . . relating to Indemnities, which are also for the benefit of the Indemnitees, this Agreement is solely for the benefit of the parties hereto and their Subsidiaries and Affiliates and is not intended to confer upon any other Persons any rights or remedies hereunder." (SOMF at ¶¶ 10-19). The Separation and Distribution Agreements make clear that the only intended beneficiaries of the agreements are Pharmacia, New Monsanto and Solutia and their Representatives, Subsidiaries and Affiliates. Mystic Landing is an unrelated third party and cannot recover as a third-party beneficiary under the Separation or Distribution Agreements.

The Separation Agreement and the Distribution Agreement allocate liability and create indemnification obligations as between the parties to those Agreements. Solutia contractually assumed the Chemical Liabilities at issue here under the Distribution Agreement and continued the Chemical Business. New Monsanto only assumed a contingent obligation to indemnify Pharmacia solely to the extent and on the condition that a loss to Pharmacia resulted from a failure by Solutia to fully carry out its obligations under the Distribution Agreement. Those undertakings are for the benefit of Pharmacia, and the Separation Agreement expressly makes

clear that it is not intended to benefit unrelated third parties like Mystic Landing by conferring on them a right to sue New Monsanto directly.

At most, under the provisions of the Separation Agreement, New Monsanto may have an obligation to indemnify Pharmacia for any judgment that may be entered against it herein. In essence, New Monsanto is Pharmacia's insurer to the extent and on the condition that a loss to Pharmacia results from a failure by Solutia to fully carry out its obligations under the Distribution Agreement. Under Delaware law, as in other jurisdictions, there is no direct right of action against an insurer.[1] Delmar News, 584 A.2d 531, 534. See also, Kauffmann v. McKeown, 56 Del. 217, 221 (1963) ("A liability insurer may well be the real party in interest, but this is not a State where a direct action is permitted against it. Plaintiff is obliged to bring his suit against the tort feasor"). Nor could an injured third-party, who was not a third-party beneficiary of an insurance policy covering a city for damages for the wrongful acts of its officials, assert a claim for damages against an insurer where the city had issued an illegal building permit. Willis v. City of Rehhoboth Beach, 2004 Del. Super. LEXIS 340 (Del. Super. 2004). Similarly, where a homeowner brought a claim against the insurance company of an insured who lived at the homeowner's property in which a fire occurred, the Superior Court of Delaware held that such claim could not be maintained because the homeowner was not an intended third-party beneficiary of the insurance contract. Hostetter v. Hartford Insurance Company, 1992 Del. Super. LEXIS 284, *17 (Del. Super. 1992) ("If the parties to the contract do not intend to benefit the third person, the third person has no rights under the contract even though he might otherwise be an incidental beneficiary of the contract."). To reiterate, Mystic

---

[1] A plaintiff is unable to sue a defendant's insurer directly even though the insurer may be providing a defense to its insured. Accordingly, that New Monsanto may be providing a defense to Pharmacia in this action as its attorney-in-fact does not confer any right on Mystic Landing to sue New Monsanto directly.

Landing has no right conferred by the Separation Agreement to bring an action against New Monsanto.

## CONCLUSION

For the foregoing reasons, the Court should grant New Monsanto's motion for summary judgment and dismiss the complaint as against New Monsanto.

Respectfully submitted,

_____
John M. Stevens (BBO # 480140)
Adam P. Kahn (BBO # 561554)
Elisabeth M. Delisle (BBO #658067)
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts  02210
(617) 832-1000

Dated:   October 24, 2005

### Certificate of Service

I hereby certify that I have caused this document to be served by having a copy thereof delivered by hand to:

| | |
|---|---|
| Doreen M. Zankowski, Esquire<br>Hinckley, Allen & Snyder LLP<br>28 State Street<br>Boston, Massachusetts  02109 | Douglas B. Otto, Esquire<br>Jill K. Hauff, Esquire<br>Morrison Mahoney LLP<br>250 Summer Street<br>Boston, Massachusetts  02210 |

and by first-class mail to:

Howard G. Guggenheim, Esquire
P. O. Box 736
Scituate, Massachusetts  02066

_____
John M. Stevens (BBO No. 480140)

Dated:

B3109811.3

- 9 -