UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 OCT 24  P 4:45

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| MYSTIC LANDING, LLC,<br>        Plaintiff,<br>   v.<br><br>PHARMACIA CORPORATION, SOLUTIA INC.<br> and MONSANTO COMPANY,<br>        Defendants. | |
| PHARMACIA CORPORATION and<br> MONSANTO COMPANY,<br>        Third-Party Plaintiffs,<br>   v.<br><br>MODERN CONTINENTAL CONSTRUCTION<br> CO., INC.,<br>        Third-Party Defendant. | CIVIL ACTION No. 04-10180 NMG |
| PHARMACIA CORPORATION,<br>        Third-Party Plaintiff,<br>   v.<br><br>BOSTON EDISON COMPANY,<br>        Third-Party Defendant. | |
| BOSTON EDISON COMPANY,<br>    Fourth-Party Plaintiff,<br>   v.<br><br>O'DONNELL SAND & GRAVEL, INC.<br> and MARY O'DONNELL,<br>    Fourth-Party Defendant. | |

**MONSANTO COMPANY'S STATEMENT OF MATERIAL FACTS AS TO WHICH
THERE IS NO DISPUTE**

B3108961.3

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, Defendant Monsanto Company, by and through its undersigned counsel, hereby makes the following statement of material facts not in dispute:

1. The Property that is the subject of this lawsuit is located at Alford Street and Broadway in Everett and Boston, Massachusetts (the "Property"). DeLisle Aff., Exh. A, Complaint at ¶ 7.

2. In this suit, Mystic Landing has brought claims against two defendants: Monsanto Company ("New Monsanto") and Pharmacia Corporation ("Pharmacia"). DeLisle Aff., Exh. A, Complaint.

3. The Complaint also names Solutia Inc. ("Solutia") as a defendant. DeLisle Aff., Exh. A, Complaint. Solutia filed for bankruptcy in December 2003. DeLisle Aff., Exh. B, Interrogatory Responses at 9. Solutia has not been served with process.

4. Defendant Pharmacia, then named Monsanto Company, owned the Property until 1983. DeLisle Aff., Exh. B, Interrogatory Responses at 2.

5. Pharmacia manufactured chemicals on the Property from the beginning of its period of ownership through the late 1970's. DeLisle Aff., Exh. B, Interrogatory Responses at 14.

6. In addition to manufacturing chemicals on the Property, Pharmacia, then named Monsanto Company, conducted various operations at other locations, generally involving a chemical products business (the "Chemicals Business"), an agricultural products business (the "Ag Business") and a pharmaceuticals business (the "Pharmaceuticals Business"). DeLisle Aff., Exh. B, Interrogatory Responses at p. 8.

7. By agreement dated September 1, 1997, amended on July 1, 2002 (the "Distribution Agreement"), Pharmacia, then named Monsanto Company, transferred or "spun-off" its

Chemicals Business to a newly formed corporation, Solutia Inc., which is now an independent publicly held company. DeLisle Aff., Exh D, Distribution Agreement; DeLisle Aff., Exh. E, Amendment to Distribution Agreement; DeLisle Aff., Exh.B, Interrogatory Responses at 8; DeLisle Aff., Exh. C, DeCamp Deposition at 11.

8. Pursuant to the Distribution Agreement, Pharmacia transferred the assets associated with its chemical business to Solutia, and Solutia assumed the liabilities associated with Pharmacia's current and former chemical business (the "Chemical Liabilities"), which include any environmental liabilities arising from Pharmacia's former ownership and operation of the Property. DeLisle Aff., Exh. D, Distribution Agreement at Section 2.03; DeLisle Aff., Exh. E, DeCamp Deposition at 15-17.

9. In addition, Solutia agreed to defend and indemnify Pharmacia from and against the Chemical Liabilities. DeLisle Aff., Exh. D, Distribution Agreement at Section 4.03(b).

10. Section 10.07 of the Distribution Agreement provides that "[e]xcept for the provisions of Sections 4.03 and 4.04 relating to Indemnities, which are also for the benefit of the Indemnitees, this Agreement is solely for the benefit of the parties hereto and their Subsidiaries and Affiliates and is not intended to confer upon any other Persons any rights or remedies hereunder." DeLisle Aff., Exh. D, Distribution Agreement at Section 10.07.

11. Sections 4.03 and 4.04 of the Distribution Agreement identify the Indemnitees as "each member of the Chemicals Group, and each of their Representatives and Affiliates," and "each member of the Monsanto Group, and each of their Representatives and Affiliates." DeLisle Aff., Exh. D, Distribution Agreement at Sections 4.03(a)(1) and 4.03(b).

12. Under the Distribution Agreement, an Affiliate is defined as, "with respect to any specified Person, a Person that directly, or indirectly through one or more intermediaries,

controls, is controlled by, or is under common control with, such specified Person; provided however, that for purposes of this Agreement, no member of either Group shall be deemed to be an Affiliate of any member of the other Group." DeLisle Aff., Exh. D, Distribution Agreement at Section 1.01(2).

13. Under the Distribution Agreement, a Representative is defined as, "with respect to any Person, any of such Person's directors, officers, employees, agents, consultants, advisors, accountants, attorneys and representatives." DeLisle Aff., Exh. D, Distribution Agreement at Section 1.01(84).

14. In connection with its merger with another pharmaceuticals company, Pharmacia and Upjohn, Inc., Pharmacia, until then known as Monsanto Company, changed its name to Pharmacia in March 2000. DeLisle Aff., Exh. H, Pharmacia Certificate of Amendment.

15. Thereafter, New Monsanto, which had been incorporated under the name Monsanto Ag Company as a completely separate wholly owned subsidiary of Pharmacia one month earlier, DeLisle Aff., Exh. I, Monsanto Certificate of Incorporation, changed its name to Monsanto Company ("New Monsanto"). DeLisle Aff., Exh. J, Monsanto Certificate of Amendment.

16. By agreement dated September 1, 2000, amended on July 1, 2002, (the "Separation Agreement"), Pharmacia transferred the assets associated with its agricultural business to New Monsanto, and New Monsanto assumed the liabilities associated with Pharmacia's current and former agricultural business (the "Monsanto Liabilities"). DeLisle Aff., Exh. F, Separation Agreement at Section 2.01; DeLisle Aff., Exh. G, Amendment to Separation Agreement; DeLisle Aff., Exh. C, DeCamp Deposition at 25.

17. Also pursuant to the Separation Agreement, Monsanto agreed to defend Pharmacia and hold it harmless from and against the Monsanto Liabilities. DeLisle Aff., Exh. F, Separation Agreement at Section 3.03(b); DeLisle Aff., Exh. C, DeCamp Deposition at 26.

18. With regard to the Chemical Liabilities previously assumed by Solutia, New Monsanto assumed nothing but a contingent obligation to indemnify Pharmacia, an obligation that arose only to the extent and on the condition that a loss to Pharmacia resulted from a failure by Solutia to fully carry out its obligations under the Distribution Agreement. DeLisle Aff., Exh. F, Separation Agreement at Section 1.01, "Monsanto Liabilities," Subsection (9).

19. Section 11.08 of the Separation Agreement provides that "[e]xcept for the provisions of Sections 3.03 and 3.04 relating to Indemnities, which are also for the benefit of the Indemnitees, this Agreement is solely for the benefit of the parties hereto and their Subsidiaries and Affiliates and is not intended to confer upon any other Persons any rights or remedies hereunder." DeLisle Aff. Exh. F, Separation Agreement at Section 11.08.

20. Sections 3.03 and 3.04 of the Separation Agreement identify the Indemnitees as "each member of the Monsanto Group, and each of their Representatives and Affiliates," and "each member of the Pharmacia Group, and each of their Representatives and Affiliates." DeLisle Aff. Exh. F, Separation Agreement at Sections 3.03(a) and 3.03(b).

21. Under the Separation Agreement, an Affiliate is defined as, "with respect to any specified Person, a Person that directly, or indirectly through one or more intermediaries, controls, is controlled by, or is under common control with, such specified Person; provided however, that for purposes of this Agreement, no member of either Group shall be deemed to be an Affiliate of any member of the other Group." DeLisle Aff. Exh. F, Separation Agreement at Section 1.01, "Affiliate".

22. Under the Separation Agreement, a Representative is defined as, "with respect to any Person, any of such Person's directors, officers, employees, agents, consultants, advisors, accountants, attorneys and representatives." DeLisle Aff. Exh. F, Separation Agreement at Section 1.01, "Representative".

23. In October 2000, Monsanto sold approximately 15% of its stock to the public, and then in August 2002 Pharmacia distributed its ownership interest in Monsanto to Pharmacia shareholders. DeLisle Aff., Exh. B, Interrogatory Responses at 8-9.

24. After that distribution, Pharmacia retained no ownership interest in Monsanto, and Pharmacia and Monsanto are completely independent companies. DeLisle Aff., Exh. B, Interrogatory Responses at 9.

25. The only basis for statutory or tort liability stated in the complaint are acts alleged to have occurred between 1943 and 1983. DeLisle Aff., Exh. A, Complaint.

26. On May 24, 2004 Monsanto Company filed a Motion for Judgment on the Pleadings (the "Motion for Judgment") requesting that the Court grant the Motion on the grounds that the allegations in complaint with respect to Monsanto concern actions occurring in and before 1983, and since New Monsanto did not exist until 2000. DeLisle Aff., Exh. K, Motion.

27. Mystic Landing did not attempt to dispute this conclusion in its response to New Monsanto's motion for judgment on the pleadings. Rather, Mystic Landing argued that, based upon certain contractual arrangements between them, "New Monsanto may be liable for [Pharmacia's] actions." DeLisle Aff., Exh. L, Opposition at 3.

28. On June 15, 2004, Defendant Monsanto Company submitted a reply memorandum in support of its Motion for Judgment on the Pleadings. DeLisle Aff., Exh. M, Reply.

29. By order dated February 25, 2005, prior to a hearing on the issue, this Court denied Monsanto's Motion for Judgment on the Pleadings. DeLisle Aff., Exh. N, Order.

30. The only contractual arrangements between New Monsanto and Pharmacia pertinent to this Motion are the Separation Agreement and the Distribution Agreement. DeLisle Aff., Exh. D, Distribution Agreement; DeLisle Aff., Exh. F, Separation Agreement.

Respectfully submitted,

*/s/ John M. Stevens*
John M. Stevens (BBO # 480140)
Adam P. Kahn (BBO # 561554)
Elisabeth M. Delisle (BBO #658067)
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 832-1000

Dated: October 24, 2005

**Certificate of Service**

I hereby certify that I have caused this document to be served by having a copy thereof delivered by hand to:

Doreen M. Zankowski, Esquire
Hinckley, Allen & Snyder LLP
28 State Street
Boston, Massachusetts 02109

Douglas B. Otto, Esquire
Jill K. Hauff, Esquire
Morrison Mahoney LLP
250 Summer Street
Boston, Massachusetts 02210

and by first-class mail to:

Howard G. Guggenheim, Esquire
P. O. Box 736
Scituate, Massachusetts 02066

*/s/ John M. Stevens*
John M. Stevens (BBO No. 480140)

Dated: