UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 OCT 24  P 4: 45

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| MYSTIC LANDING, LLC,<br>        Plaintiff,<br>v.<br><br>PHARMACIA CORPORATION<br> and MONSANTO COMPANY,<br>        Defendants. | |
| PHARMACIA CORPORATION and<br> MONSANTO COMPANY,<br>        Third-Party Plaintiffs,<br>v.<br><br>MODERN CONTINENTAL CONSTRUCTION<br> CO., INC.,<br>        Third-Party Defendant. | CIVIL ACTION No. 04-10180 NMG |
| PHARMACIA CORPORATION,<br>        Third-Party Plaintiff,<br>v.<br><br>BOSTON EDISON COMPANY,<br>        Third-Party Defendant. | |
| BOSTON EDISON COMPANY,<br>    Fourth-Party Plaintiff,<br>v.<br><br>O'DONNELL SAND & GRAVEL, INC.<br> and MARY O'DONNELL,<br>    Fourth-Party Defendant. | |

**DEFENDANT PHARMACIA CORPORATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Pharmacia Corporation ("Pharmacia")[1] hereby moves for partial summary judgment pursuant to F.R.C.P. 56 and Local Rule 56.1. Plaintiff Mystic Landing LLC ("Mystic") seeks damages and a declaratory judgment as a result of environmental contamination present on property owned by Mystic and alleged by Mystic to have been caused during a period prior to 1983 when the property was owned by Pharmacia.

Pharmacia moves for partial summary judgment on portions of Count I and all of Count II ("Declaratory Judgment" and "Contribution" respectively), specifically those portions by which Monsanto seeks to recover past "response" costs and, apparently, "property damage." As more particularly set forth in the memorandum filed herewith, the Court should grant the motion because response costs have to be incurred in order to be recovered and Mystic has disclosed no evidence of having incurred response costs and because Mystic has suffered no damage or injury to its property from contamination alleged in the complaint because it it purchased the property with full knowledge of that contamination.

Pharmacia is not moving for summary judgment on Count I to the extent that Count seeks a declaration as to response costs that have not yet been incurred. The parties have agreed by stipulation to dismiss with prejudice Plaintiff's Counts III, IV, and V (Negligence, Continuing Nuisance, and Trespass). Pharmacia is not moving for summary judgment on Count VI (Attorneys' Fees and Costs).

### REQUEST FOR ORAL ARGUMENT

Defendants believe that oral argument would assist the Court in resolving the issues raised in this Motion. Accordingly, in accordance with Local Rule 7.1(D), they request a hearing

---

[1] Defendant Monsanto Company ("New Monsanto") has moved for summary judgment on all counts. To the extent that the Court does not grant its motion, New Monsanto hereby joins Pharmacia in this motion.

B3114020.1

at such time as the Court determines is appropriate. The final pre-trial conference on this matter is scheduled for December 9, 2005, and trial is scheduled for January 23, 2006.

By their attorneys,

_____
John M. Stevens (BBO No. 480140)
Adam P. Kahn (BBO No. 561554)
Elisabeth M. DeLisle (BBO No. 658067)
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 832-1000
Attorneys for Pharmacia Corporation
 and Monsanto Company

Dated: October 24, 2005

### CERTIFICATE OF SERVICE

I hereby certify that I served the above document on October 24, 2005 by having a copy thereof delivered by hand to Doreen M. Zankowski, Hinckley, Allen & Snyder LLP, 28 State Street, Boston, Massachusetts 02109 and by mail to Douglas B. Otto, Morrison Mahoney LLP, 250 Summer Street, Boston, Massachusetts 02210, and a copy by first class mail to Howard G. Guggenheim, P. O. Box 736, Scituate, Massachusetts 02066.

_____
John M. Stevens (BBO No. 480140)

B3114020.1

3

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I, Adam P. Kahn, hereby certify that on October 21, 2005, I conferred with Doreen M. Zankowski, counsel for Mystic Landing LLC, regarding this Motion pursuant to Local Rule 7.1(A)(2), and we have been unable to narrow the issues presented in this Motion.

_____
Adam P. Kahn