# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MYSTIC LANDING, LLC,<br>        Plaintiff,<br>v.<br><br>PHARMACIA CORPORATION and MONSANTO COMPANY,<br>        Defendants. | |
| PHARMACIA CORPORATION and<br>  MONSANTO COMPANY,<br>        Third-Party Plaintiffs,<br>v.<br><br>MODERN CONTINENTAL CONSTRUCTION CO., INC.,<br>        Third-Party Defendant. | CIVIL ACTION No. 04-10180 NMG |
| PHARMACIA CORPORATION,<br>        Third-Party Plaintiff,<br>v.<br><br>BOSTON EDISON COMPANY,<br>        Third-Party Defendant. | |
| BOSTON EDISON COMPANY,<br>    Fourth-Party Plaintiff,<br>v.<br><br>O'DONNELL SAND & GRAVEL, INC.<br>and MARY O'DONNELL,<br>    Fourth-Party Defendant. | |

**AFFIDAVIT OF R. DUFF COLLINS, LSP, P.G.**

I, R. Duff Collins, LSP, P.G., do depose and state:

B3119134.1

1. I am a Senior Vice President at Woodard & Curran, an environmental engineering and consulting firm with an office at 980 Washington Street, in Dedham, Massachusetts.

2. I make this affidavit in support of the Opposition of Pharmacia Corporation and Monsanto Company to Motion for Summary Judgment on Liability by Plaintiff Mystic Landing, LLC and Third-Party Defendant Modern Continental Construction Co., Inc. This affidavit is made voluntarily and on the basis of personal knowledge unless otherwise indicated.

3. I have been retained as an expert witness by counsel to Defendants Pharmacia and Monsanto Company. In that capacity, I prepared a document entitled "Expert Opinion of R. Duff Collins, P.G., LSP" ("Expert Opinion"), which I completed on September 12, 2005. A copy of that Expert Opinion is attached hereto as Exhibit A. Appendix A of the Expert Opinion sets forth my experience and qualifications.

4. As part of my preparation of the Expert Opinion, I formed certain opinions about the environmental condition of the property located at the intersection of Alford Street/Broadway and Chemical Lane in Everett and Boston, Massachusetts ("the Property"). I have been advised that Mystic Landing LLC is the current owner of the Property.

5. I also formed certain opinions about the adjacent property that is currently improved as the Gateway Shopping Center ("Gateway Property"). I have been advised that Pharmacia is a former owner of the Gateway Property.

6. Page 9 of my Expert Opinion continues to reflect my opinion and states in part that "Modern Continental's operations have created a new release of Oil and Hazardous Material (OHM) at the Site. Modern Continental and Mystic Landing LLC have not complied with the reporting and response action requirements of the Massachusetts Contingency Plan associated

with these releases." The basis of that opinion is set forth in more detail on pages 9 to 12 of my Expert Opinion.

7. I have also been provided with two additional documents, one of which I am informed was not produced to Defendants Pharmacia and Monsanto Company until October 6, 2005 and the other of which I am informed was received from the Massachusetts Department of Environmental Protection on November 3, 2005 pursuant to a request by counsel to Pharmacia and Monsanto. The first document, a copy of which is attached hereto as Exhibit B, is an Administrative Consent Order and Penalty Notice that was entered into by the Massachusetts Department of Environmental Protection and Modern Continental Construction Co., Inc. on August 8, 2005. The second document, a copy of which is attached hereto as Exhibit C, is a February 11, 2003 letter from DEP to Max Marino which attaches, among other things, analytical data on soils stockpiled at the Property. Such documents indicate that a release of asbestos occurred on the Site.

8. Page 13 of my Expert Opinion continues to reflect my opinion and states in part that "Mystic Landing LLC is not in compliance with the response action deadlines or other regulatory requirements under MGL c. 21E and the Massachusetts Contingency Plan (MCP; 310 CMR 40.0000) for the reported release of Oil and Hazardous Materials (OHM) at the Alford Street property identified as RTN 3-13341." The basis of that opinion is set forth in more detail on pages 13 to 14 of my Expert Opinion.

9. Page 23 of my Expert Opinion continues to reflect my opinion and states in part that "Groundwater flow information developed for the Site [i.e., the Property] and both groundwater flow and disposal site boundary information developed for the Gateway Property indicate the presence of impacted soil and groundwater at the Site is not a result of past

migration from the Gateway property." It is also my opinion that "With the exception of the Cape Cod Area, the Gateway property has achieved a Permanent Solution under the MCP. Closure of numerous impacted areas of the Gateway property would not be feasible if an uncontrolled or continuing source of release was present. Remedial actions performed at the Gateway property have removed, treated or contained the former potential sources." Additional bases of these opinions are set forth in more detail on pages 18 to 23 of my Expert Opinion.

10. My other opinions about the Property and the Gateway Property are set forth elsewhere in Exhibit A, as well as in a document entitled "Rebuttal Report of R. Duff Collins, P.G., LSP", which I completed on September 20, 2005. That document is attached as Exhibit D.

Signed this 7th day of November, 2005, under pains and penalties of perjury.

_____
R. Duff Collins