# EXHIBIT 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MYSTIC LANDING, LLC,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>PHARMACIA CORPORATION, SOLUTIA INC.<br>and MONSANTO COMPANY,<br><br>　　　　Defendants.<br> | |
| PHARMACIA CORPORATION and<br>MONSANTO CORPORATION,<br><br>　　　　Third-Party Plaintiffs,<br><br>　　　　v.<br><br>MODERN CONTINENTAL CONSTRUCTION<br>CO., INC.,<br><br>　　　　Third-Party Defendant. | CIVIL ACTION No. 04-10180 RGS |

**ANSWER, COUNTERCLAIMS AND THIRD-PARTY COMPLAINT
OF DEFENDANTS
<u>PHARMACIA CORPORATION AND MONSANTO COMPANY</u>**

Defendants Pharmacia Corporation ("Pharmacia") and Monsanto Company ("Monsanto") (collectively, the "Defendants") hereby answer the complaint of plaintiff Mystic Landing, LLC ("Mystic") as follows:

**FIRST DEFENSE**

As to the specific allegations of the complaint, the Defendants state as follows:

17/515183.1

1. State that the allegations in the first unnumbered paragraph are not allegations of fact but characterizations of the claim and, accordingly, require no response, and to the extent that a response is required, deny said allegations.

2. Admit the allegations in paragraph 1.

3. As to the allegations in paragraph 2, admit the allegation that Pharmacia Corporation is conducting business in the Commonwealth of Massachusetts and deny each and every other allegation in said paragraph.

4. As to the allegations in paragraph 3, admit the allegation that Solutia Inc. has a principal place of business at 575 Maryville Centre Drive, St. Louis, Missouri, and deny each and every other allegation in said paragraph.

5. As to the allegations in paragraph 4, admit the allegations that Monsanto has a principal place of business at 800 N. Lindbergh Boulevard, St. Louis, Missouri, and deny each and every other allegation in said paragraph.

6. State that the allegations in paragraphs 5 and 6 are not allegations of fact but conclusions of law and, accordingly, require no response.

7. Admit the allegation in paragraph 7.

8. Deny the allegations in paragraphs 8 through 11.

9. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 12.

10. Deny the allegations in paragraph 13.

11. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 14 and 15.

12. Admit the allegations in paragraph 16.

13. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 17 through 21.

14. Deny the allegations in paragraph 22.

15. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

16. State that the allegations in paragraphs 24 and 25 are not allegations of fact but conclusions of law and, accordingly, require no response.

17. As to the allegations in paragraph 26, admit the allegation that Mystic sent a notice to Pharmacia on or about August 27, 2001, and state that each and every other allegation in said paragraph is a characterization of the content of the notice, which speaks for itself and, accordingly, requires no response.

18. State that the allegations in paragraph 27 are not allegations of fact but conclusions of law and, accordingly, require no response, and to the extent that a response is required, deny said allegations.

19. Deny the allegations in paragraph 28.

20. As to the allegations in paragraph 29, repeat and reassert the admissions, statements, and denials in paragraphs 2 through 18 hereof, inclusive, as if the same were set forth herein in their entirety.

21. Deny the allegations in paragraph 30.

22. State that the allegations in paragraph 31 are not allegations of fact but conclusions of law and, accordingly, require no response.

17/515183.1

- 3 -

23. As to the allegations in paragraph 32, repeat and reassert the admissions, statements, and denials in paragraphs 2 through 22 hereof, inclusive, as if the same were set forth herein in their entirety.

24. Deny the allegations in paragraphs 33 and 34.

25. As to the allegations in paragraph 35, repeat and reassert the admissions, statements, and denials in paragraphs 2 through 23 hereof, inclusive, as if the same were set forth herein in their entirety.

26. Deny the allegations in paragraphs 36 through 39.

27. As to the allegations in paragraph 40, repeat and reassert the admissions, statements, and denials in paragraphs 2 through 26 hereof, inclusive, as if the same were set forth herein in their entirety.

28. Deny the allegations in paragraphs 41 through 44.

29. As to the allegations in paragraph 45, repeat and reassert the admissions, statements, and denials in paragraphs 2 through 28 hereof, inclusive, as if the same were set forth herein in their entirety.

30. Deny the allegations in paragraphs 46 through 49.

31. As to the allegations in paragraph 50, repeat and reassert the admissions, statements, and denials in paragraphs 2 through 30 hereof, inclusive, as if the same were set forth herein in their entirety.

32. Deny the allegations in paragraphs 51 through 54.

## SECOND DEFENSE

33. The complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

34. The claims alleged in the complaint are barred in whole or in part by the applicable statute or statutes of limitations.

### FOURTH DEFENSE

35. The damages alleged in the complaint, if incurred or to be incurred at all, were caused, in whole or in part, by persons other than the defendants.

### FIFTH DEFENSE

36. The claims set forth in the complaint are barred, in whole or in part, by the negligence of Mystic.

### SIXTH DEFENSE

37. The claims alleged in the complaint are barred by laches.

### SEVENTH DEFENSE

38. The claims alleged in the complaint are barred by Mystic's unclean hands.

### EIGHTH DEFENSE

39. The claims alleged in the complaint are barred by estoppel.

### NINTH DEFENSE

40. By virtue of its acts and omissions, Mystic has failed to mitigate the damages alleged in the complaint.

### TENTH DEFENSE

41. Mystic has failed to satisfy the conditions precedent to filing suit under M.G.L. c. 21E § 4A.

### ELEVENTH DEFENSE

42. Mystic's claims are barred because, having paid a price for the Site that contemplated its expenditure of the amounts it seeks to recover, it would be unjustly enriched by that recovery.

### COUNTERCLAIMS

By way of counterclaim against Mystic, the Defendants state as follows:

### FIRST COUNTERCLAIM - CONTRIBUTION UNDER M.G.L. C. 21E, § 4

43. Defendant and Plaintiff-in-Counterclaim Pharmacia Corporation ("Pharmacia") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 100 Route 206 North, Peapack, New Jersey.

44. Defendant and Plaintiff-in-Counterclaim Monsanto Company ("Monsanto") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 800 North Lindbergh Boulevard, St. Louis, Missouri.

45. Plaintiff and Defendant-in-Counterclaim Mystic Landing, LLC ("Mystic") is a limited liability corporation organized and existing under the laws of the Commonwealth with its principal place of business at 600 Memorial Drive, Cambridge, Massachusetts.

46. On information and belief, Mystic is the owner and operator of the parcel of real property located at Alford Street and Broadway in Everett, Massachusetts (the "Site").

47. In its complaint, Mystic alleges that the Defendants are liable for past and future response costs associated with the Site in an amount in excess of $75,000 and seeks a declaration to that effect.

48. Mystic is itself liable for any such response costs under M.G.L. c. 21E, §§ 4, 5(a).

(a) Because Mystic is the current owner of the Site, it is liable under M.G.L. c. 21E, § 5(a)(1).

(b) Because Mystic owned the Site at a time of disposal or storage of oil and/or hazardous materials at the site and/or because it, or another whose actions are imputed to Mystic or for whose actions Mystic is legally responsible, directly or indirectly transported to the Site, disposed of or stored at the Site and/or arranged by contract or otherwise for such transport, storage or disposal of tunnel muck and/or other materials that contained oil or hazardous materials and/or were intermixed with soil containing oil or hazardous materials, Mystic is liable under M.G.L. c. 21E, §§ 5(a)(3)-(5).

49. As set forth in paragraphs 47 and 48, for purposes of 28 U.S.C. § 2201(A), there is an actual controversy within the Court's jurisdiction with respect to liability for past and future response costs associated with the Site.

50. By reason of the foregoing, in the event the Defendants or either of them is found liable to Mystic for response costs, whichever of them is or are found liable is or are entitled pursuant to M.G.L. c. 21E, § 4 to contribution from Mystic for its equitable share of past response costs and a declaration that Mystic is liable in contribution for its equitable share of future response costs.

### SECOND COUNTERCLAIM - CONTRIBUTION UNDER CERCLA § 113(f)

51. The Defendants hereby repeat and reallege the allegations in paragraphs 43 through 47 hereof, inclusive, as if the same were set forth herein in their entirety.

52. Mystic is itself liable for any such response costs under CERCLA § 107(a), 42 U.S.C. § 9607(a).

(a) Because Mystic is the current owner of the Site, it is a person liable under CERCLA § 107(a)(1).

(b) Because Mystic owned the site at the time of disposal of hazardous substances there and/or because it, or another whose actions are imputed to Mystic or for whose actions Mystic is legally responsible, by contract, agreement or otherwise arranged for transport to the Site or storage or disposal at the Site of tunnel muck and/or other materials that contained hazardous substances and/or were intermixed with soil containing hazardous substances, Mystic is liable under CERCLA § 107(a)(3), 42 U.S.C. § 9607(a)(3).

53. As set forth in paragraphs 51 and 52, for purposes of 28 U.S.C. § 2201(a), there is an actual controversy within the Court's jurisdiction with respect to liability for past and future response costs at the Site.

54. By reason of the foregoing, in the event the Defendants or either of them is found liable to Mystic for response costs, whichever of them is or are found liable is or are entitled pursuant to CERCLA § 113(f), 42 U.S.C § 9613(f) to contribution from Mystic for its equitable allocation of past response costs and a declaration that Mystic is liable in contribution for its equitable allocation of future response costs.

## THIRD-PARTY COMPLAINT

By way of Third-Party Claim, pursuant to Federal Rule of Civil Procedure 14, the Defendants state as follows:

### COUNT I - M.G.L. C. 21E, § 4

55.     Third-Party Plaintiff Pharmacia Corporation ("Pharmacia") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 100 Route 206 North, Peapack, New Jersey.

56.     Third-Party Plaintiff Monsanto Company ("Monsanto") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 800 North Lindbergh Boulevard, St. Louis, Missouri.

57.     Third-Party Defendant Modern Continental Construction Co., Inc. ("Modern Continental") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business at 600 Memorial Drive, Cambridge, Massachusetts.

58.     In the complaint, plaintiff Mystic Landing, LLC ("Mystic") claims against Pharmacia and Monsanto for recovery of costs incurred and to be incurred by Mystic in response to contamination of property located at Alford Street and Broadway in Everett, Massachusetts (the "Site") by materials that are oil and hazardous materials, as those terms are defined in M.G.L. c. 21E.

59.     All or a portion of the contamination referred to in paragraph 58 was caused by, or is attributable to, Modern Continental. More particularly, Modern Continental operated the Site at a time of disposal or storage of oil and/or hazardous materials at the Site and/or directly or indirectly transported to the Site, disposed of or stored at the Site and/or arranged by contract or otherwise for such transport, storage or disposal of tunnel muck and/or other materials that contained oil or hazardous materials and/or were intermixed with soil containing oil or hazardous materials.

17/515183.1                                                   - 9 -

60. By reason of its conduct alleged in paragraph 59, Modern Continental is liable under M.G.L. c. 21E, § § 5(a)(2) - (5) for response costs at the Site and, accordingly, under M.G.L. c. 21E, § 4, it is liable to the Third-Party Plaintiffs in contribution for all or part of any liability they, or either of them, may have under Mystic's claim.

## COUNT II - CERCLA § 113(f)

61. The Third-Party Plaintiffs hereby repeat and reallege the allegations in paragraphs 55 through 57 hereof, inclusive, as if the same were set forth herein in their entirety.

62. In the complaint, Mystic claims against Pharmacia and Monsanto for recovery of costs incurred and to be incurred by Mystic in response to contamination of the Site by materials that are hazardous substances, as that term is defined in CERCLA, 42 U.S.C. § § 9601 et seq.

63. All or a portion of the contamination referred to in paragraph 62 was caused by, or is attributable to, Modern Continental. More particularly, Modern Continental operated the Site at the time of disposal of hazardous substances there and/or by contract, agreement or otherwise arranged for transport to the Site or storage or disposal at the Site of tunnel muck and/or other materials that contained hazardous substances and/or were intermixed with soil containing hazardous substances.

64. By reason of its conduct alleged in paragraph 63, Modern Continental is liable under CERCLA § § 107(a)(2)-(3), 42 U.S.C. § § 9607(a)(2) - (3), for response costs at the Site and accordingly, under CERCLA § 113(f), 42 U.S.C. § 9613(f), it is liable to the Third-Party Plaintiffs in contribution for all or part of any liability they, or either of them, may have under Mystic's claim.

WHEREFORE, the Defendants pray that the Court enter judgment as follows:

(1) Dismissing the Complaint;

(2) In the event judgment is entered for the plaintiff, granting them contribution from Mystic and Modern Continental for all or a part of the award and/or the declaration in favor of the plaintiff;

(3) Granting them their costs, including attorneys' fees, incurred in defending the action; and

(4) Granting them such other and further relief as may be just and proper.

Respectfully submitted,

_____
John M. Stevens (BBO # 480140)
Adam P. Kahn (BBO # 561554)
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts 02110
(617) 832-1000
Attorneys for Defendants Pharmacia Corporation
and Monsanto Company

Dated: February 9, 2004

### Certificate of Service

I hereby certify that a true copy of the above document was served by mail on February 9, 2004 to the following counsel of record: Doreen M. Zankowski, Hinkley, Allen & Snyder LLP, 28 State Street, Boston, Massachusetts 02109-1775.

_____
Adam P. Kahn