UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MYSTIC LANDING, LLC,<br>    Plaintiff,<br> v.<br><br>PHARMACIA CORPORATION<br> and MONSANTO COMPANY,<br>    Defendants.<br><br>PHARMACIA CORPORATION and<br> MONSANTO COMPANY,<br>    Third-Party Plaintiffs,<br> v.<br><br>MODERN CONTINENTAL CONSTRUCTION<br> CO., INC.,<br>    Third-Party Defendant.<br><br>PHARMACIA CORPORATION,<br>    Third-Party Plaintiff,<br> v.<br><br>BOSTON EDISON COMPANY,<br>    Third-Party Defendant.<br><br>BOSTON EDISON COMPANY,<br>    Fourth-Party Plaintiff,<br> v.<br><br>O'DONNELL SAND & GRAVEL, INC.<br> and MARY O'DONNELL,<br>    Fourth-Party Defendant. | CIVIL ACTION No. 04-10180 NMG |

**MOTION OF DEFENDANT PHARMACIA CORPORATION TO FORECLOSE
<u>PRESENTATION OF EVIDENCE ON DAMAGES</u>**

B3126249.1

Defendant Pharmacia Corporation ("Pharmacia") hereby moves to foreclose plaintiff Mystic Landing, LLC ("Mystic") from presenting evidence, either in response to a motion for summary judgment or at trial, of costs alleged to have been incurred responding to environmental contamination at the property in Everett, Massachusetts owned now by Mystic and formerly by Pharmacia that is the subject matter of the action (the "Property"). As more particularly described in the memorandum of law filed herewith, the Court should grant the Motion because: despite having been ordered to do so by the Court and sanctioned for its continuing failure to do so, Mystic failed to produce any documents claimed to evidence response costs until well after the deadlines not only for the completion of fact discovery but also for the service of expert reports and the filing of dispositive motions; the invoices belatedly included in a filing by Mystic in response to Pharmacia's motion for partial summary judgment on the issue of past response costs are not even alleged to show expenditures by Mystic; and, on their face, these documents indicate, with few exceptions, that they are bills not for response costs but for litigation expenses.

## REQUEST FOR ORAL ARGUMENT

Pharmacia believes that oral argument would assist the Court in resolving the issues raised in this Motion. Accordingly, in accordance with Local Rule 7.1 (D), Pharmacia requests a hearing at such time as the Court determines is appropriate. The final pre-trial conference on this matter is scheduled for December 9, 2005, and trial is scheduled for January 23, 2006.

        Respectfully submitted,

        /s/ John M. Stevens
        John M. Stevens (BBO # 480140)
        Adam P. Kahn (BBO # 561554)
        Elisabeth M. DeLisle (BBO #658067)
        Foley Hoag LLP
        155 Seaport Boulevard
        Boston, Massachusetts   02210
        (617) 832-1000

Dated:   November 18, 2005

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I, John M. Stevens, hereby certify that on November 17, 2005 I conferred with Robert G. Flanders, Jr. and Doreen M. Zankowski, counsel to Mystic Landing LLC and Modern Continental Construction Co., Inc., regarding this Motion pursuant to Local Rule 7.1(A)(2), and we have been unable to narrow the issues presented in this Motion.

        /s/ John M. Stevens
        John M. Stevens

Dated:   November 18, 2005