**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MYSTIC LANDING, LLC,<br>    Plaintiff,<br>    v.<br><br>PHARMACIA CORPORATION, SOLUTIA INC.<br> and MONSANTO COMPANY,<br>    Defendants.<br><br>PHARMACIA CORPORATION and<br> MONSANTO COMPANY,<br>    Third-Party Plaintiffs,<br>    v.<br><br>MODERN CONTINENTAL CONSTRUCTION<br> CO., INC.,<br>    Third-Party Defendant.<br><br>PHARMACIA CORPORATION,<br>    Third-Party Plaintiff,<br>    v.<br><br>BOSTON EDISON COMPANY,<br>    Third-Party Defendant.<br><br>BOSTON EDISON COMPANY,<br>    Fourth-Party Plaintiff,<br>    v.<br><br>O'DONNELL SAND & GRAVEL, INC.<br> and MARY O'DONNELL,<br>    Fourth-Party Defendant. | CIVIL ACTION No. 04-10180 NMG |

**AFFIDAVIT OF ADAM P. KAHN IN SUPPORT OF PHARMACIA CORPORATION'S
<u>MOTION TO FORECLOSE PRESENTATION OF EVIDENCE ON DAMAGES</u>**

    I, Adam P. Kahn, depose and state as follows:

B3125543.1

1. I am admitted to the bars of the Supreme Judicial Court of Massachusetts, the United States District Court for the District Court of Massachusetts and the United States Court of Appeals for the First Circuit.

2. I am a partner in the law firm of Foley Hoag LLP and am counsel for Pharmacia Corporation ("Pharmacia"). I make this affidavit in support of Pharmacia's Motion to Foreclose Presentation of Evidence on Damages.

3. In my role as counsel for Pharmacia, I have on numerous occasions, commencing in or about May 2001, corresponded with counsel to Mystic Landing, LLC ("Mystic") and Modern Continental Construction Co., Inc. ("Modern") regarding Mystic and Modern's claims against Pharmacia, Monsanto Company and/or Solutia Inc. related the property at Alford Street and Broadway in Everett and Boston that is the subject of this suit (the "Property").

4. On several occasions prior to Mystic's filing of the Complaint, I received documents from counsel to Mystic and Modern purporting to show Mystic's "remedial costs" in relation to the Property.

5. Such documents contained varying estimates of costs Mystic anticipated incurring in relation to contamination on the Property and assertions that past costs had been incurred. However, at no time prior to Mystic's filing of the Complaint in December 2003 did counsel to Mystic and Modern provide invoices for the services of Rizzo Associates or Richard J. Hughto, PH.D., P.E., LSP or any other documents purporting to evidence costs actually incurred.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Adam P. Kahn
Adam P. Kahn

Dated: November 18, 2005