UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MYSTIC LANDING, LLC,<br>    Plaintiff,<br>    v.<br><br>PHARMACIA CORPORATION ,<br>    Defendant.<br><br>PHARMACIA CORPORATION,<br>    Third-Party Plaintiff.<br>    v.<br><br>MODERN CONTINENTAL CONSTRUCTION<br> CO., INC.,<br>    Third-Party Defendant.<br><br>PHARMACIA CORPORATION,<br>    Third-Party Plaintiff,<br>    v.<br><br>BOSTON EDISON COMPANY,<br>    Third-Party Defendant.<br><br>BOSTON EDISON COMPANY,<br>    Fourth-Party Plaintiff,<br>    v.<br><br>O'DONNELL SAND & GRAVEL, INC.<br> and MARY O'DONNELL,<br>    Fourth-Party Defendant. | CIVIL ACTION No. 04-10180 NMG |

**RENEWED MOTION OF PHARMACIA CORPORATION IN OPPOSITION
TO MYSTIC LANDING LLC'S MOTION FOR LEAVE
TO FILE AN AMENDED COMPLAINT**

Defendant Pharmacia Corporation ("Pharmacia") submits this Renewed Motion in

Opposition to Plaintiff Mystic Landing, LLC ("Mystic") and Third-Party Defendant Modern

B3138149.1

Continental Construction Co., Inc.'s ("Modern's") Motion For Leave To File an Amended Complaint (the "Motion") in order to further expand upon the arguments in opposition to Mystic's motion that Pharmacia originally set forth in Section 7(b) of the parties' Joint Pretrial Memorandum.  While Pharmacia does not have any conceptual objection to amendment to remove counts or parties that are not longer part of the case, i.e., those corresponding to Items 1 - 3 in the section entitled "Facts" in Mystic's memorandum in support of its Motion, such changes are unnecessary because of the stipulations of dismissal filed for the removed counts (Original Counts III, IV and V) and the removed party (Monsanto).   However, Pharmacia does oppose several other amendments proposed by Mystic, as described in further detail below.

As discussed in Section 7(b) of the Joint Pretrial Memorandum, the Court should deny Mystic's Motion because:  (a) permitting Mystic to amend its Complaint at this late stage in the proceeding, well after the close of discovery and shortly before trial, would unfairly prejudice Pharmacia; and, (b) several of Mystic's proposed amendments would be futile because they attempt to state claims for which there is no basis in the record.

**I.      Facts**

Mystic filed its Complaint in December 2003.  Pharmacia conducted its discovery, drafted its dispositive motion and opposition to Mystic's dispositive motion, and developed its strategy for trial on the basis of the information contained in that Complaint.  After the close of discovery, and after the filing of dispositive motions, Mystic proposed an amendment, which differs from the December 2003 Complaint by recasting facts, adding an additional count (new Count III - Compensatory Damages), and seeking additional relief, specifically the recovery of property damages, that Pharmacia believes was not sought in the original Complaint.

**II.     Permitting Mystic's Amendment Would Prejudice Pharmacia**

"While leave to amend 'shall be freely given when justice so requires,' parties seeking to benefit of the rule's liberality have an obligation to exercise due diligence; unseemly delay, in combination with other factors, may warrant denial of a suggested amendment." *Quaker State Oil Refining Corp. v. Garrity Oil Co., Inc.*, 884 F.2d 1510, 1517 (1st Cir. 1989).  The *Quaker State* court affirmed the district court's denial of defendants' motion to add an additional counterclaim where the defendant had known the facts upon which the proposed counterclaim was based when it brought its counterclaims two years prior to the proposed amendment, only a short time remained during the discovery period, a great deal of discovery had taken place without reference to defendant's "neoteric theory" and the defendant had failed to proffer a satisfactory explanation for its delay.  *Id.* at 1517-1518.  Similarly, in *Hayes v. New England Millwork Distributors, Inc.*, 602 F.2d 15, 19-20 (1st Cir. 1979), the First Circuit affirmed the district court's denial of plaintiff's motion to amend his complaint where plaintiff had "allowed his case to lie fallow for more than two years," moving to amend his complaint after the close of discovery and only after defendant had filed a dispositive motion and had failed to show a "valid reason for his neglect and delay."  In this case, Mystic's unreasonable and unexplained delay should result in denial of its Motion.

Pharmacia relied on the December 2003 Complaint in limiting its conduct in discovery and, accordingly, did not pursue fact discovery related to Mystic's late-asserted claim for property damages.  As discussed in Pharmacia's Motion for Partial Summary Judgment (the "Pharmacia Motion") at p. 10, Mystic's December 2003 Complaint never mentions property damage, nor were indications of property damage found in Mystic's original Rule 26 Disclosures.  Accordingly, the Pharmacia Motion asks the Court to dismiss Mystic's claim for property damage, in part, on the ground that such claim was not set forth in the Complaint.

Permitting Mystic to amend its Complaint to include at this late stage of the proceeding, after the close of discovery and only weeks before trial, a claim that was based entirely on facts known to Mystic when it first filed suit, would substantially prejudice Pharmacia.

Additionally, Pharmacia invested substantial time and resources in drafting other aspects of its dispositive motion and opposition to Mystic's dispositive motion, and developing its strategy for trial on the basis of the original Complaint. Mystic now seeks to avoid summary judgment by making substantial changes to the Complaint in order to correct deficiencies pointed out by Pharmacia in its dispositive motion and its opposition to Mystic's dispositive motion. An amendment would require Pharmacia to revise and resubmit its dispositive motion to address the new "Count III" and other issues in the proposed amended complaint.

### III.  Mystic's Proposed Amendment Should be Denied Because Such Amendment Would be Futile

Pharmacia further objects to Mystic's proposed amendment seeking property damages, as well as Mystic's proposed amendment seeking reimbursement of up to $186,304.97[1] for alleged past response costs, as such amendments would be pointless. "Where an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters." *Correa-Martinez v. Arrgillaga-Belendez*, 903 F.2d 49, 59 (1st Cir. 1990). A determination of whether an amendment will be futile depends on the posture of the case. Where, as here, "leave to amend is not sought until after discovery has closed and a summary judgment motion has been docketed, the proposed amendment must be not only theoretically viable but also solidly grounded in the record." *Hatch v. Dept. for Children*, 274 F.3d 12, 18 (1st

---

[1] Mystic variously alleges past response costs of $186,304.97 in paragraph 36 of the proposed amended complaint and $145,450.00 in the proposed complaint's second request for relief.

Cir. 2001). In such cases, "an amendment is properly classified as futile unless the allegations of the proposed amended complaint are supported by substantial evidence." *Id.*

With regard to the allegations of property damage, the record in this case makes clear that Mystic was well aware of the contaminated nature of the Property at the time it purchased it in June of 2001. As demonstrated in the Pharmacia Motion at pp. 11-16, Mystic, as a purchaser with knowledge of the contaminated nature of the Property, is not entitled to collect property damages. Therefore, even if the amendment had been timely requested, allowing Mystic to amend its Complaint to include a claim of property would serve no purpose and therefore should be denied.

Similarly, as Pharmacia demonstrated in its November 18, 2005 Motion to Foreclose Presentation of Evidence on Damages, Mystic should be foreclosed from introducing evidence at trial to demonstrate that it has incurred past response costs because Mystic did not produce that evidence prior to the close of discovery, and in any event the record documents that Mystic has not incurred the costs. Again, because Mystic should not be able to recover those costs, either for failure to disclose or because the costs were never incurred, there would be no purpose in allowing the amendment.

**CONCLUSION**

For the foregoing reasons, as well as for the reasons set forth in Section 7(b) of the Joint Pretrial Memorandum, the Court should deny Mystic's Motion for Leave to File an Amended Complaint.

Respectfully submitted,

/s/ Elisabeth M. DeLisle
John M. Stevens (BBO # 480140)
Adam P. Kahn (BBO # 561554)
Elisabeth M. DeLisle (BBO #658067)
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts   02210
(617) 832-1000

Dated:   December 21, 2005