UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MYSTIC LANDING, LLC,<br>    Plaintiff,<br> v.<br><br>PHARMACIA CORPORATION<br>    Defendant. | CIVIL ACTION No. 04-10180 NMG |
| PHARMACIA CORPORATION<br>    Third-Party Plaintiffs,<br> v.<br><br>MODERN CONTINENTAL CONSTRUCTION<br> CO., INC.,<br>    Third-Party Defendant. | |
| PHARMACIA CORPORATION,<br>    Third-Party Plaintiff,<br> v.<br><br>BOSTON EDISON COMPANY,<br>    Third-Party Defendant. | |
| BOSTON EDISON COMPANY,<br>    Fourth-Party Plaintiff,<br> v.<br><br>O'DONNELL SAND & GRAVEL, INC.<br> and MARY O'DONNELL,<br>    Fourth-Party Defendant. | |

**MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* OF DEFENDANT
PHARMACIA CORPORATION TO FORECLOSE PRESENTATION OF EVIDENCE
<u>ON PAST RESPONSE COSTS</u>**

Defendant Pharmacia Corporation ("Pharmacia") hereby submits this memorandum in support of its motion to preclude plaintiff Mystic Landing, LLC ("Mystic") from presenting evidence at trial of costs alleged to have been incurred responding to environmental contamination at the property in Everett, Massachusetts currently owned by Mystic Landing, LLC (the "Property"). Pharmacia previously set forth the reasons why Mystic should be foreclosed from introducing evidence of such costs, either in response to a motion for summary judgment or at trial, in the Memorandum In Support of the Motion of Defendant Pharmacia Corporation to Foreclose Presentation of Evidence on Damages (the "Memorandum") filed on November 18, 2005. Mystic filed an opposition to Pharmacia's motion on December 2, 2005 ("Opposition"). This Court has not yet acted on Pharmacia's Motion to Foreclose Presentation of Evidence on Damages. For the reasons set forth in the Memorandum, Mystic should be precluded from introducing such evidence of such costs at trial.

## ARGUMENT

As detailed in the Memorandum, Mystic should be foreclosed from presenting evidence of costs alleged to have been incurred responding to contamination at the Property on three separate grounds: (1) Mystic failed to produce documents claimed to evidence response costs until well after the deadlines for the completion of fact discovery, the service of expert reports and the filing of dispositive motions even after this Court ordered Mystic to produce all responsive materials and, in accordance with Fed.R.Civ.P. 37(b)(2)(B) and Fed.R.Civ.P. 37(c)(1), evidence of such costs should, therefore, be precluded; (2) the invoices Mystic belatedly included in a filing in response to Pharmacia's motion for partial summary judgment do not show expenditures by Mystic, which is the only party who has pleaded a claim to recover response costs and are, therefore, not relevant to the disposition of this matter; and (3) the

documents indicate, with few exceptions, that they are bills for litigation expenses, not response costs and, therefore, cannot be recovered as response costs. Mystic's opposition to Pharmacia's motion does nothing to weaken Pharmacia's arguments, set forth in the Memorandum, supporting the exclusion of such evidence.

### A. Exclusion of the Belatedly Produced Documents Purporting to Evidence Response Costs is an Appropriate Sanction in This Case.

Exclusion of evidence not produced during discovery is a sanction available to the Court pursuant to both Fed.R.Civ.P. 37(b)(2) and Fed.R.Civ.P. 37(c)(1) and is a sanction that is entirely appropriate here. In its opposition, Mystic asserts that (1) Pharmacia was aware that costs had been incurred and, therefore, has not been prejudiced by Mystic's failure to produce relevant documents until shortly before trial, and (2) that Mystic's behavior in not producing such documents is not of the type warranting the sanction of exclusion. Neither assertion is correct.

#### 1. Mystic Failed to Produce Relevant Evidence, Which Failure Prejudiced Pharmacia.

As discussed in the Memorandum, Mystic was required to produce evidence of past response costs both pursuant to Fed.R.Civ.P. 26(a)(1)(C) and in response to Pharmacia's requests for production. In contravention of these requirements and of the Court's order of April 5, 2005, Mystic failed to produce invoices related to an essential element of its claim until long after the close of discovery and only shortly before trial. Mystic's failure evidences its continued disregard of its discovery obligations.

There is no merit to Mystic's apparent argument that the assertions and allegations in its Section 4A demand letter, complaint and automatic disclosures as to response costs it claimed to have incurred excused its failure to produce documents showing those costs and obviated the prejudice to Pharmacia arising from that failure. See Opposition at 4, 6, 16. More assertions and allegations do not constitute the "documents or other evidentiary material . . . on which [a

- 3 -

computation of damages claimed] is based," that Mystic was required to make available under Fed.R.Civ.P. 26(a)(1)(C). Nor are they all documents constituting, recording, concerning or relating to "[a]ny investigation of environmental conditions at, beneath, or around the Site, including but not limited to all requests for proposals, contracts, scope of work documents, correspondence, reports, studies, and communications" that Mystic was required to produce in response to Pharmacia's June 25, 2004 requests for production.

Mystic's attorneys concede that the documents accounting for the great majority of alleged response costs inexplicably were not produced during the discovery period.[1] Moreover, they did not -- as claimed in their Opposition -- produce the documents as soon as they were put on notice of their failure to do so previously. See Opposition at 3, 16. As noted in the Memorandum, Pharmacia's attorneys made clear to Mystic's attorneys on multiple occasions during the discovery period in filings with the Court and otherwise that documents evidencing past response costs had not been produced. Mystic did nothing either then or in response to the Court's command that it produce all responsive documents. The documents were produced only after the time to conduct fact depositions had expired and after Pharmacia, at substantial expense, filed its summary judgment papers which, once again, noted the absence of such evidence and, accordingly, requested summary judgment in its favor on this portion of Mystic's claim.[2]

---

[1] Pharmacia remains convinced that no documents were produced during the discovery period. In any event, the documents claimed to have been produced at that time account for only $53,178.41 of the $186,304.97 in costs Mystic now claims to have incurred.

[2] This event is but the latest that Mystic's documents have appeared only once their absence has been noted. For example, Mystic did not disclose documents regarding an investigation that commenced in 2002 of storage of asbestos containing soils at the Property until it was disclosed during the deposition of one of Mystic's 30(b)(6) witnesses that such documents existed.

### 2. Mystic's Behavior is of the Type That Warrants the Sanction of Exclusion.

Exclusion is warranted because Mystic continued to disregard its discovery obligations even after being sanctioned for its earlier failure and warned that the Court was "not going to tolerate this kind of conduct when it comes to discovery." Transcript of April 4, 2005 Status Conference ("Tr.") at 17-18. Mystic's ongoing disregard of its discovery obligations and a Court order presents exactly the type of behavior that courts have found, in cases such as those cited in the Memorandum, to warrant the sanction of exclusion. Mystic's attempts to distinguish the cases cited by Pharmacia in the Memorandum trivialize the rules of discovery and fail to recognize the egregiousness of its conduct. Mystic appears to fail to appreciate that it had previously been sanctioned for failing to cooperate in discovery,[3] and that its present failure to disclose all responsive documents represents a failure to comply with the Court's earlier order. Such conduct constitutes egregious discovery misconduct, and Mystic's assertions to the contrary do nothing to change the facts of this case.

### B. The Documents Should Be Excluded Because The Costs Were Not Incurred By Mystic.

As discussed in the Memorandum, the past costs Mystic seeks to recover as response costs also cannot be recovered because they were not incurred by Mystic. In an affidavit filed with Mystic's opposition to Pharmacia's motion for summary judgment, Mystic's president stated under oath the work supporting the invoices "was either paid for by Modern Construction

---

[3] To this end, Mystic's contention that "[t]his Court's Memorandum and Order dated February 25, 2005 was not disobeyed" is simply inexplicable. In that order, the Court granted Pharmacia's Motion to Compel the production of relevant and discoverable information. See Memorandum and Order of February 25, 2005 at 7. Further, at the April 4, 2005 status conference the Court stated that "[y]ou ought to both be producing for one another everything that is relevant in this case without having lawyers have to file pleadings and write letters and make phone calls and make requests and get responses 24 hours before events are going to occur in this case." Tr. at 17. By failing to produce the invoices until more than a year after they were requested, well after the close of the discovery period and the time for the filing of dispositive motions and waiting *until the very day* Mystic's opposition was due, Mystic clearly has violated this Court's order.

or will be paid by Modern Construction." <u>See</u> Affidavit of John H. Pastore of Nov. 7, 2005 at 10. The affidavit made no reference to any payments by Mystic or any practice of back-charging between entities like Mystic and Modern. Only when Pharmacia moved to foreclose evidence of past response costs, *inter alia*, on grounds that they had not been incurred by the only entity seeking recovery of response costs did Mr. Pastore file a second affidavit contradicting his earlier sworn statement by stating that Mystic had paid "[m]ore than $16,674.00" of the costs and stating that back-charging was a common practice. <u>See</u> Affidavit of John N. Pastore of Dec. 1, 2005, at 7-11. Mr. Pastore did not state that back-charging, in fact, had occurred, and -- in any event -- neither Mystic nor Modern produced any document during discovery or afterwards showing any back-charge or any payment by Mystic of any cost alleged to be a response cost. Mystic's failure to come forward with evidence of any such payment in response to Pharmacia's motion for summary judgment requires that the motion be granted and that evidence of past response costs be excluded at trial.

    **C.**    **The Documents Should be Excluded Because They Do Not Represent Response Costs.**

Although there is little detail provided in the invoices in question, as described in the Memorandum, it is evident that the majority of the invoices do not constitute response costs. It is simply ludicrous for Mystic to rely, in response to Pharmacia's position that many of the invoices do not represent response costs, on "the mere fact that Rizzo engaged a driller to drill test wells." <u>See</u> Opposition at 5. That Dr. Hughto may have engaged in some activities that properly qualify as assessment does not mean that his actions in, for example: (a) reviewing documents produced during discovery alongside and/or instead of counsel; (b) reviewing documents produced in response to Mystic's overly broad document requests related to the remediation of an entirely separate piece of property in an attempt to support Mystic's claim that

contaminants from that property were migrating to the Property, a claim Mystic was forced to dismiss because there was no support for such claim in the record; (c) developing numerous damage estimates based on Mystic's seemingly ever-changing development scenarios; (d) developing cost estimates that Mystic admits were developed only for lending purposes; or, (e) writing his expert report, properly constitute "response costs." They do not. Few of the invoices identify any work that could be a response cost; accordingly, they should be excluded from evidence at trial.

## CONCLUSION

For the foregoing reasons, Mystic should be excluded from presenting evidence at trial of costs alleged to have been incurred responding to environmental contamination at the Property.

Respectfully submitted,

/s/ John M. Stevens
John M. Stevens (BBO # 480140)
Adam P. Kahn (BBO # 561554)
Elisabeth M. DeLisle (BBO #658067)
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts  02210
tel: (617) 832-1000
fax: (617) 832-7000
jstevens@foleyhoag.com

Dated:    January 3, 2006