# **EXHIBIT 1**

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MYSTIC LANDING, LLC,<br>        Plaintiff,<br><br>v.<br><br>PHARMACIA CORPORATION<br>and MONSANTO COMPANY,<br>        Defendants.<br><br>PHARMACIA CORPORATION and<br>MONSANTO COMPANY,<br>        Third-Party Plaintiffs,<br><br>v.<br><br>MODERN CONTINENTAL CONSTRUCTION<br>CO., INC.,<br>        Third-Party Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| PHARMACIA CORPORATION,<br>        Third-Party Plaintiff,<br><br>v.<br><br>BOSTON EDISON COMPANY,<br>        Third-Party Defendant.<br><br>v.<br><br>BOSTON EDISON COMPANY,<br>        Fourth-Party Plaintiff,<br><br>v.<br><br>O'DONNELL SAND & GRAVEL, INC.<br>And MARY O'DONNELL,<br>        Fourth-Party Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CIVIL ACTION NO.
04-10180 NMG**

## PLAINTIFF MYSTIC LANDING, LLC AND THIRD-PARTY DEFENDANT MODERN CONTINENTAL CONSTRUCTION CO., INC.'S REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND THE COMPLAINT

Plaintiff Mystic Landing, LLC ("Mystic") and Third-Party Defendant Modern
Continental Construction Co., Inc. ("Modern")(collectively referred to herein as "Mystic") have
moved for leave to amend the complaint in this case. The defendant Pharmacia Corporation
("Pharmacia") has filed an untimely opposition to Mystic's December 2, 2005, Motion in the
form of a December 21, 2005, "Renewed Motion … In Opposition …". (Although it opposed
the filing of Mystic's amendment in the parties' December 2, 2005, joint pretrial memorandum,
Pharmacia filed no response to the amendment Motion itself within the fourteen (14) day period
required by Local Rule 7.1(B)(2).)

Mystic seeks to amend its complaint: (1) to drop dismissed claims and parties; (2) to
conform the allegations in the complaint to the evidence obtained during the discovery period;
and (3) to clarify the precise relief sought. In opposing this Motion, Pharmacia attempts to cloud
the issues in the hope of avoiding its clear and strict liability, under M.G.L. c. 21E §§ 4A and 5,
for contaminating the property in question.

As set forth in the Motion for Leave to Amend, Mystic initially filed its complaint in the
Massachusetts Superior Court, seeking, *inter alia,* a declaratory judgment of liability against
Pharmacia and others under M.G.L. c. 21E, §§ 4A and 5 and the determination of all
compensable damages[1] under these statutory provisions. Later, the parties agreed to the
dismissal of certain defendants and common law claims.

Pharmacia's opposition misconstrues the proposed amendment and fails to establish any
basis for denial of the Motion. Mystic's amendment seeks no new relief and adds no new

---

[1] Paragraph 33 of the original Compliant sought a declaratory Judgment that Defendants are responsible for "…all of
the response costs and other damages…pursuant to M.G.L. c. 21E, § 5" (emphasis added) and further requested in
Paragraph 34 a declaration that Defendants "are responsible for contribution, reimbursement or an equitable share of
the response costs pursuant to M.G.L. c. 21E, § 4A." Although the original complaint did not specify permanent
diminution in value as included within the "other damages" sought, discovery and expert determinations were
available to both sides to address this issue.

#564873v2                                                2

<u>claims</u>. Although the proposed amendment contains counts for "Contribution and Reimbursement" and "Compensatory Damages," such damages are also sought in the original complaint. All the amended complaint does is separate these claims into separate counts, but it does not contain any new theory of recovery, any new claim, or seek any new request for relief.

Mystic's Complaint (and Amended Complaint) rests upon a simple request for a declaratory judgment of liability against Pharmacia under a strict liability statute. What Mystic seeks is the imposition of the strict statutory liability against the former owner and operator who contaminated the property in question. The evidence adduced to date demonstrates that Pharmacia is liable for pollution of the subject site during the forty-six years it manufactured and disposed of chemicals on the site. The question before this Court is Pharmacia's liability for Mystic's past and future responses costs to clean up the site and for the permanent diminution in value to the property as a result of Pharmacia's contamination.[2]

Defendant's Opposition is an attempt to obfuscate this Court's ability to resolve the matter. Pharmacia's Opposition fails to raise any reasons why Mystic should not be permitted to amend the Complaint to set forth more clearly the relief it seeks and to revise factual allegations in light of facts and expert determinations obtained since the filing of the complaint. Pharmacia's assertion of prejudice stems from a fundamental misunderstanding of the relief Mystic has requested from the outset and to which it is entitled under M.G.L. 21E. No new theory, claim, or request for relief is set forth in the Amended Complaint. Mystic has always sought all relief available under M.G.L. c. 21E, § 5, which includes any permanent diminution in value of the property based on Pharmacia's pollution of the site.

---

[2] Given Pharmacia's admissions concerning its liability and the undisputed evidence concerning its responsibility for the contamination of the site, Pharmacia's liability and its responsibility for these damages, we believe, can be determined as a matter of law.

Pharmacia argues that alleged undue delay, prejudice, and futility should bar Mystic's Motion to Amend. It fails to appreciate, however, that there is no substantive change to the liability that has been alleged or the relief sought since the filing of this action. The amendment simply clarifies and conforms the pleadings to the evidence and to intervening events.

The mere fact that the parties have filed dispositive motions also does not bar the amendment, which is to be "freely given when justice so requires." Fed.R.Civ.P. 15(a); Foman v. Davis, 371 U.S. 178,182 (1962). Moreover, this is not a situation when an amendment would be futile, because Mystic has always asserted the claims and requests for all damages, including diminution of property value, permitted under the statutory scheme of M.G.L. c. 21E, § 5. See Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 59 (1st Cir. 1990).

Pharmacia has further presented no evidence of prejudice, apart from contending that its trial strategy will be adversely affected by allowing the amendment. But given that Mystic's claims for the strict liability and for all relief awardable under M.G.L. c. 21E, § 5 were stated as in the original Complaint and subject to discovery, such contentions have no substantive basis.

In sum, the amendment proposed by Mystic will not require additional discovery or cause delays that would adversely affect the management or trial of this case. Mystic seeks leave to file this amendment to set forth Pharmacia's clear and strict liability for all relief available under M.G.L. c. 21E, §§ 4 and 5. Allowing this amendment will enable the Court to resolve this case on clear, conformed pleadings.

## CONCLUSION

Pharmacia has failed to rebut Mystic's showing that justice requires amendment of the Complaint to clarify the relief sought and to conform the pleadings to facts and discovery in this case. For the reasons set forth herein and in Mystic's Motion for Leave to Amend the

Complaint, Plaintiff respectfully requests that this Court allow the Plaintiff to amend its

Complaint in the form attached to Plaintiffs' Motion for Leave to Amend the Complaint.

> MYSTIC LANDING, LLC AND MODERN
> CONTINENTAL CONSTRUCTION CO.
>
> By its attorneys:
>
> /s/ Doreen M. Zankowski
>
> _____
> Robert G. Flanders, Esq. (BBO #170820)
> Doreen M. Zankowski, Esq. (BBO #558381)
> Kevin M. Plante, Esq. (BBO #630088)
> Hinckley, Allen & Snyder LLP
> 28 State Street
> Boston, MA  02109-1775
> (617) 345-9000

DATED: January 3, 2006

## CERTIFICATE OF SERVICE

I, Doreen M. Zankowski, hereby certify that on this 3rd day of January, 2006, I served a true and accurate copy of the foregoing document by first class mail to:

John M. Stevens, Esq.
Adam P. Kahn, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts  02210

Mark S. Granger, Esq.
Douglas B. Otto, Esq.
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210

Howard G. Guggenheim
P.O. Box 736
Scituate, MA 02066

> /s/ Doreen M. Zankowski
>
> _____
> Doreen M. Zankowski