UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MYSTIC LANDING, LLC,<br>Plaintiff,<br><br>v.<br><br>PHARMACIA CORPORATION,<br>and MONSANTO COMPANY,<br>Defendants.<br><br>PHARMACIA CORPORATION and<br>MONSANTO COMPANY,<br>Third-Party Plaintiffs,<br><br>v.<br><br>MODERN CONTINENTAL CONSTRUCTION<br>CO., INC.,<br>Third-Party Defendant. | <br><br><br><br><br><br><br><br><br><br>**CIVIL ACTION NO.**<br>**04-10180 NMG** |
| PHARMACIA CORPORATION<br>Third-Party Plaintiff,<br><br>v.<br><br>BOSTON EDISON COMPANY<br>Third-Party Defendant.<br><br>v.<br><br>BOSTON EDISON COMPANY<br>Fourth-Party Plaintiff,<br><br>v.<br><br>O'DONNELL SAND & GRAVEL, INC.<br>And MARY O'DONNELL<br>Fourth-Party Defendants. | |

**AFFIDAVIT OF DOREEN M. ZANKOWSKI**

I, Doreen M. Zankowski, depose and state as follows:

1.  I am admitted to the bars of the Supreme Judicial Court of Massachusetts, the United States District Court of Massachusetts, and the United State Court of Appeals for the First Circuit.

2.  I am a partner in the law firm of Hinckley, Allen & Snyder LLP and am counsel for Mystic Landing, LLC ("Mystic") and Modern Continental Construction Co., Inc. ("Modern").

3.  I make this affidavit in support of Mystic and Modern's Opposition to Pharmacia's Motion to Foreclose Presentation of Evidence of Damages.

4.  In my role as counsel for Mystic, I am familiar with the documents that have been produced by Mystic and Modern in response to Pharmacia and Monsanto Company's requests for production of documents.

5.  On or about March 11, 2005, Mystic and Modern provided approximately ten additional boxes of documents to counsel for Pharmacia and Monsanto for review, in response to Pharmacia's and Monsanto's request for production of documents.

6.  Mystic and Modern have continued to provide responsive documents throughout the discovery period and thereafter as they are discovered and deemed responsive.

7.  On March 11, 2005, counsel for Pharmacia and Monsanto reviewed the documents at the offices of Hinckley, Allen and Snyder LLP.

8.  One of the boxes produced contained 14 invoices from Rizzo Associates, Inc. ("Rizzo") for the environmental response work that Rizzo completed on behalf of Mystic.

9.  I personally was not aware that counsel for Pharmacia and Monsanto did not take copies of these documents until I had a conversation with Adam Kahn on or about November 7,

#561182
110580.114009

2005 wherein he said that he did not have any Rizzo invoices as evidence of past environmental response costs.

10. During the November 7, 2005 telephone call, I informed Mr. Kahn that I indeed thought that copies of Rizzo's invoices were produced and that I would check the boxes of documents and send him copies of the invoices.

11. Immediately, after our telephone conversation of November 7, 2005, I checked the boxes that were produced on March 11, 2005 and located the 14 invoices. I forwarded copies of the invoices to Mr. Kahn immediately and supplemented the production with the remaining invoices. A true and accurate copy of my November 7, 2005 letter and all attachments is attached hereto as Exhibit 1.

12. The total value of the invoices included in the production of documents was $73,041.32.

13. $33,456.70 worth of invoices were obtained by this office after the March 11, 2005 production and these invoices were forwarded along with the November 7, 2005 letter to Mr. Kahn.

14. $50,883.56 worth of Rizzo invoices were missing from the documents produced and copies were obtained from Rizzo directly and provided to counsel for Pharmacia and Monsanto.

15. The November 7, 2005 letter also included copies of all of the invoices paid to date, with a notation on the invoice by Rizzo's accounting staff indicating the invoice had been paid by Mystic, or Modern on Mystic's behalf.

#561182
110580.114009

SIGNED UNDER THE PENALTIES OF PERJURY this 2nd day of December 2005.

_____
Doreen M. Zankowski

#561182
110580.114009