UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MYSTIC LANDING, LLC,<br>Plaintiff,<br><br>v.<br><br>PHARMACIA CORPORATION,<br>and MONSANTO COMPANY,<br>Defendants.<br><br>PHARMACIA CORPORATION and<br>MONSANTO COMPANY,<br>Third-Party Plaintiffs,<br><br>v.<br><br>MODERN CONTINENTAL CONSTRUCTION<br>CO., INC.,<br>Third-Party Defendant.<br>PHARMACIA CORPORATION<br>Third-Party Plaintiff,<br><br>v.<br><br>BOSTON EDISON COMPANY<br>Third-Party Defendant.<br><br>v.<br><br>BOSTON EDISON COMPANY<br>Fourth-Party Plaintiff,<br><br>v.<br><br>O'DONNELL SAND & GRAVEL, INC.<br>and MARY O'DONNELL<br>Fourth-Party Defendants. | **CIVIL ACTION NO.**<br>**04-10180 NMG** |

**PLAINTIFF MYSTIC LANDING, LLC AND THIRD-PARTY DEFENDANT
MODERN CONTINENTAL CONSTRUCTION CO., INC.'S AMENDED
MEMORANDUM OF IN OPPOSITION TO DEFENDANT PHARMACIA
CORPORATION'S MOTION IN LIMINE TO FORECLOSE PLAINTIFF'S
PRESENTATION OF EVIDENCE ON ANTICIPATED FUTURE RESPONSE
COSTS**

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ..................................................................................................

**FACTS** ........................................................................................................................................

**ARGUMENT**................................................................................................................................

I.     A Declaration of Liability Against Pharmacia with Response Action Costs to be Awarded After Remediation is Acceptance...........................

II.     Pharmacia is Liable Under the Oil and Hazardous Material Release Prevention Act, M.G.L. c. 21E ..................................................................

        A. Pharmacia is Liable Under 21E, § 4A ..............................................................

        B. § 4 Allows "Reimbursement" of Response Costs and Recovery of Response Costs a Party "Intends to Undertake".........................................

**CONCLUSION** ..........................................................................................................................

i

# **TABLE OF AUTHORITIES**

**CASES**

*Magee v. United States,* 121 F.3d 1 (1st Cir.1997)

*Coll v. PB Diagnostic Sys., Inc.,* 50 F.3d 1115, 1121 (1st Cir. 1995)

*Oliver v. Digital Equip. Corp.,* 846 F.2d 103,105 (1st Cir. 1988)

*Stepanischen v. Merchants Despatch Transp. Corp.,* 722 F.2d 922 (1st Cir. 1983)

*Byrnes v. Massachusetts Port Auth.,* 1994 WL 879644 (Mass. Super. Ct. 1994)

*Guaranty-First Trust Co. v. Textron, Inc.,* 416 Mass. 332 (1993)

*Black v. Coastal Oil New England, Inc.,* 45 Mass. App. Ct. 461 (1998)

*Belkus v. Brockton,* 282 Mass. 285 (1933)

*Taygeta Corporation v. Varian,* 436 Mass. 217 (2002)

*Lewis v. Potvin Lumber Company, Inc.,* 390 Mass. 636 (1983)

*Harris v. T.C. Erb Construction, Inc.,* 1996 WC 1185038 (Mass.Super.Ct. 1996)

*Luna Preservation Society v. Metropolitan District Commission et al.,* 2000 WL 420838 (Mass.Super.Ct. 2000)

*Wellesley Hills Realty Trust v. Mobil Oil Corporation;* 747 F.Supp. 93 (1990)

*Koehn v. Ayers,* 26 F.Supp.2d 953 (1998)


**STATUTES AND REGULATIONS**

M.G.L. c. 21E

M.G.L. § 21E, § 2

M.G.L. C. 21E, § 4

M.G.L. C. 21E, § 4A

M.G.L. C. 21E, § 5

M.G.L. c. 21E, § 5(a)

M.G.L. c. 21E, § 5(a)(2)

M.G.L. c. 21E § 5(a)(3)

310 C.M.R. 40.0000

310 C.M.R. 40.0000, Subpart P

42 U.S.C. § 9601(14)

## PRELIMINARY STATEMENT

Plaintiff Mystic Landing, LLC ("Mystic") and Third-Party Defendant Modern Continental Construction Co., Inc. ("Modern") submit this Amended Memorandum of Law in Support of its Motion in Opposition to Defendant Pharmacia Corporation's Motion In Limine to Foreclose Plaintiff's Presentation of Evidence on Anticipated Future Response Costs.  The Defendant Pharmacia Corporation ("Pharmacia"), formerly the Monsanto Company ("Monsanto"), is liable under M.G.L. c. 21E ("the Act") because Pharmacia's chemical manufacturing, handling, storage, and waste-disposal activities caused contamination of Mystic's property during Pharmacia's thirty-seven years of owning and operating the site at issue  as a chemical manufacturing and storage facility (the "Site" or "Property").

This Memorandum explains why Pharmacia's In Limine fails to undermine the legal validity of Mystic and Modern's claims under Massachusetts General Laws, Chapter 21E, for a Declaratory Judgment of liability and eventual award of response coast and property damages and for damages based on Pharmacia's wide-ranging contamination of the Site.  Pharmacia now seeks to walk away from their cleanup responsibilities and the damages they caused to the Property after years of polluting and contaminating the Site.  Under the statutory and regulatory framework of Chapter 21E, enforcement actions can be initiated by the current landowners to recover response costs required to remediate the contaminated properties.  The policies and purposes behind the far-reaching Oil and Hazardous Material Release Prevention Act, Chapter 21E are to encourage redevelopment of known contaminated properties and to empower current landowners to enforce the provisions of 21E, including ordering previous owners such as

Pharmacia who have contaminated the properties to fund intended cleanup measures. The Act provides for strict liability that is joint and several. Even current owners who did nothing to pollute their property are liable. Although Pharmacia disputes the public policy embodied in 21E, clearly misunderstands its provisions, and largely ignores controlling law, Pharmacia cannot escape liability under 21E.

**Summary of the Reasons why Pharmacia's Motion In Limine Should be Denied:**

1. Pharmacia fundamentally misunderstands the difference between § 4 and § 4A of Chapter 21E; Pharmacia is Clearly Liable Under § 4A for the response costs that Mystic and Modern have undertaken and *intend to undertake*.

2. Under the strict liability provisions of 21E, a previous owner such as Pharmacia, that has contaminated a site like this one is liable to a current owner, despite the current owner's knowledge of the contamination when it acquired the site; Pharmacia's common-law arguments regarding knowledge and injury are irrelevant to the strict statutory imposed liability under 21E.

# FACTS

Mystic and Modern rely on the facts presented in its previously filed Memorandum of Law in Support of Their Motion for Summary Judgment on Liability and Exhibits thereto (see Exhibit A). In particular, Mystic and Modern rely, and refer this Court to, the Expert Report and Affidavit of Richard J. Hughto, Ph.D., P.E. LSP (see Exhibits B and C).

Although we rely on the documents referenced above and on the facts therein referenced, which we incorporate herein by reference, the following salient facts are provided for the benefit of the Court:

During the decades of Pharmacia's ownership and operation of the Site, its activities there included the handling and storage of raw materials for chemical

manufacturing; the manufacture and storage of chemical products and by-products; and the production, handling, and disposal of wastes and by-products. MONS2 0000586-0000595; Deposition of Gerald Rinaldi ("Rinaldi Deposition"), September 8, 2005.

The existing contamination at the Mystic Site is indisputable, as it is both admitted by Pharmacia and well-documented. Hughto Report, at 5, and documents cited therein. The contamination consists of the residuals from Pharmacia's chemical manufacturing processes, storage, release, spills and related waste-disposal activities that took place on the Site during the decades that Pharmacia owned and operated the Site. *Id;* Hughto Affidavit at Exhibit F. The Hughto Affidavit states that he personally reviewed and relied on all the documents in this case, and further states that the documents attached to that Memorandum of Law are of a type reasonably relied upon by experts in his field in forming expert opinions. *See* Hughto Affidavit at 4. Contamination of the soil, groundwater, surface water, and surface water sediments has occurred because of the storage, use, releases, spills, and chemical disposals that occurred during Pharmacia's various chemical-related operations at the Site. *Id.*

Pharmacia's own documents show that it knew that the contamination occurred and that it remained on the Site due to its operations.

I. **A Declaration of Liability Against Pharmacia with Response Action Costs to be Awarded After Remediation is Acceptance**

Pharmacia states in their Motion in Limine that "the Court may issue a declaratory judgment pertaining to allocation of 'reasonable costs' for 'necessary and appropriate' response actions once those costs have been incurred. Motion in Limine at 3. Mystic and Modern agree the Court can issue a declaration that Pharmacia is Liable, and that Mystic and Modern should be awarded response action costs incurred and those intended to be

3

incurred, and property damages. We do not disagree with Pharmacia, however, that the Court can make a declaration of liability now, and the award of future response cost can be calculated after remediation is accomplished or when it is about to be undertaken.

Nevertheless, this Memorandum of Law will address the attacks made my Pharmacia on the cost estimates prepared for this case. There are many variables that a good expert uses in preparing cost estimates, and thus there is a range in Dr. Hughto's cost estimate for future response cost. Apparently, Pharmacia would like to see a sum certain. It would be a poor expert who would not consider the variables and prepare an exact number for the future response action costs for the site. The cost estimates prepared by Dr. Hughto are far from "irrelevant," "inadmissible," and "nonrecoverable." Motion in Limine at 2. See Expert of Report (text only) of Richard J. Hughto, Ph.D., P.E., LSP attached as Exhibit B.

The Response costs prepared by Dr. Hughto are a guide for what it will cost for remediation of the site. Mystic and Modern agree with Pharmacia that a declaration of liability can be made and response action cost damages can be calculated and awarded after remediation or when they are about to be undertaken. Moreover, the Court can fashion an escrow remedy or other funding mechanism for this case. For example, this Court can use Dr. Hughto's cost estimates and order the Defendant to open an escrow account from which the Plaintiff will use to fund the remediation. After the remediation, any response actions found not to be "necessary and appropriate" can be reimbursed to the Defendant. Likewise, any response actions for which the Plaintiff had to pay, should be reimbursed by the Defendant.

566263 v.2

4

### III. Pharmacia Is Liable Under The Oil And Hazardous Material Release Prevention Act, M.G.L. C. 21e

Pharmacia's legal arguments are based on law simply inapplicable to these statutory 21E claims. First, however, it is important to establish Pharmacia's clear liability under 21E, §§ 4A, and then to understand why Pharmacia's arguments fail to change their status as a liable party under 21E.

#### A. Pharmacia is Liable Under 21E, § 4A

Pharmacia is liable for contribution to the required response actions at the Site. M.G.L. §4A provides a procedure whereby a party gives notice to a potentially responsible party that the notifying party reasonably believes is liable under § 5 to seek contribution for clean up costs. The party notified need not be adjudicated as liable under § 5 in order for a party to prevail under § 4A.

Chapter 21E, § 4A states:

> Section 4A. (a) Any person…who *has undertaken*, is undertaking, *or intends to undertake* a necessary and appropriate response action or who is or reasonably believes that he might be liable pursuant to section five *may notify any person he reasonably believes is liable pursuant to section five* that the response action has been taken or is being taken or of the notifier's intent to take such response action or to seek *contribution, reimbursement* or equitable share from other persons...

(*emphasis added*). On August 27, 2001 Mystic sent notice pursuant to § 4A to Pharmacia that Mystic reasonably believed it was liable under § 5 and that Mystic sought contribution from Pharmacia for the cost of the response actions it has undertaken and it intends to undertake. Please see a copy of the August 27, 2001 §4A Notice at Exhibit Q.

When, as here, Plaintiffs have complied with these notice provisions, Pharmacia's liability under § 4A is inescapable. Not only is it liable for property damage under § 5, it

is also liable under § 4A for contribution to the response costs that the present owner has undertaken and intends to undertake.

  **B.** **§ 4A Allows "Reimbursement" of Response Costs and Recovery of Response Costs a Party "Intends to Undertake"**

Pharmacia is liable for response costs as discussed above. Costs estimates for remediation of the Site have been prepared by Dr. Richard J. Hughto, Ph.D., P.E., LSP and presented in his Expert Report at Exhibit B.

Pharmacia argues "the rule [is] that only response costs actually expended may be recovered." Memorandum at 9. But this represents a fundamental misunderstanding of § 4A. Under §4A, liability extends to "any person…who…has *undertaken*…or *intends to undertake*" a response action. The Massachusetts appeals court in *Black v. Coastal Oil New England, Inc.* explained a key difference between §§ 5 and 4A. The Court stated "that a 'person liable for cleanup under § 5 can sue other liable parties under § 4 for reimbursement of cleanup costs already paid, but cannot sue under § 5(a)(5)(III) to recover costs not yet incurred." *Black*, 45 Mass.App.Ct. at 464 (*citations omitted*). The court continued: "Prior payment is a prerequisite for reimbursement. *Id. (citations omitted)*. The Court explained that "[o]nly after the addition of G.L. c. 21E, § 4A…has a private party who is liable under § 5 been able to seek contribution toward future response costs before commencing cleanup…" *Id*. When Pharmacia states that this Court "is without authority to award monetary damages for costs that have not yet been incurred," it displays a misunderstanding of the statute under which it is liable. Memorandum at 9.

Pharmacia further shows its misunderstanding of the law and adds a new element when it states: "In sum, even if the law permitted unexpended response costs to be

recovered…Mystic still could not recover here because it would not have established damages with anything remotely approaching the requisite degree of specificity." First, the law permits unexpended response costs to be recovered under § 4A. Second, Pharmacia offers no legal support for its assertion that Plaintiffs are unable to prove those costs with the "requisite degree of specificity." The cost estimates for these response actions have been prepared by an expert. To be sure, Pharmacia disputes the cost estimates. But that is exactly why a trial on damages is necessary – to determine the amount of "necessary and appropriate" response costs and the damages to be recovered, with whatever specificity may be reasonably required to estimate such costs.

> there shall be no liability…for a person otherwise liable who can establish by a preponderance of the evidence, (A) that the release or threat of release of oil or hazardous material and the damages resulting therefrom were caused by:
>
> (1) an act of God;
>
> (2) an act of war;
>
> (3) an act or omission of a third party…whose act or omission occurs in connection with a contractual relationship
>
> (4) any combination of the foregoing paragraphs…21E, § 5.

Mystic and Modern's cause of action against Pharmacia is created by 21E, § 4A and 5. The evident policy behind 21E is to encourage developers to buy contaminated properties, to clean them up using funds recovered from polluters and from other responsible parties, and to redevelop them for productive use. *See Textron*, 416 Mass. at 335. In *Taygeta v. Varian*, the Court expounds on the important policies behind 21E. The Court states: "Simply put, G.L. c. 21E was drafted in a comprehensive fashion to compel the prompt and efficient cleanup of hazardous material and to ensure that costs

7

566263 v.2

and damages are borne by the appropriate responsible parties." *Taygeta*, 436 Mass. at 223. Moreover, the court stated that the primary purpose of 21E is

> to respond to environmental contamination and to recover response costs from persons responsible for the contamination…A second significant purpose of 21E is to enable private persons 'to obtain a certain measure of compensation for loss resulting from environmental damage.'

*Id.* (*citing Textron*, 416 Mass. at 335). Pharmacia's arguments fly in the face of the important policies and purposes of 21E to encourage buyers such as the Plaintiff to purchase contaminated properties, clean them up with the financial help of the responsible polluters, and reintroduce them into the market again as productive properties. In doing so, the Legislature sought to eliminate the dangers of allowing toxic substances to contaminate the properties for years on end, in favor of requiring the responsible polluters to pay for the damages. A finding of liability against Pharmacia, and a trial on damages to fund the cleanup of the Mystic Site, fulfills the purposes and policies behind the Oil and Hazardous Material Release Prevention Act, Chapter 21E.

## CONCLUSION

For the reasons and upon the authorities set forth above, Plaintiff Mystic Landing, LLC and Third Party Defendant Modern Continental Construction Co. respectfully request that the Court deny Pharmacia's Motion In Limine to Foreclose Plaintiff's Presentation of Evidence on Anticipated Future Response Costs.

MYSTIC LANDING, LLC AND MODERN CONTINENTAL CONSTRUCTION CO.

By its attorneys:


_/s/ Kevin M. Plante_
Robert G. Flanders, Jr., Esq. (BBO #170820)
Doreen M. Zankowski, Esq. (BBO #558381)
Kevin M. Plante, Esq. (BBO #630088)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109-1775
(617) 345-9000

DATED: January 9, 2006

## CERTIFICATE OF SERVICE

I, Kevin M. Plante, hereby certify that on this 9th day of January 2006, I served a true and accurate copy of the foregoing document by hand to:

John M. Stevens, Esq.
Adam P. Kahn, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts 02210

Mark S. Granger, Esq.
Douglas B. Otto, Esq.
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210

Howard G. Guggenheim
P.O. Box 736
Scituate, MA 02066

                                                             /s/ Kevin M. Plante
                                                             Kevin M. Plante

Signed under the penalties of perjury this 9th day of January 2006.

                                                              /s/ Kevin M. Plante