UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MYSTIC LANDING, LLC,<br>    Plaintiff,<br> v.<br><br>PHARMACIA CORPORATION<br>    Defendant.<br><br>PHARMACIA CORPORATION<br>    Third-Party Plaintiffs,<br> v.<br><br>MODERN CONTINENTAL CONSTRUCTION<br> CO., INC.,<br>    Third-Party Defendant.<br><br>PHARMACIA CORPORATION,<br>    Third-Party Plaintiff,<br> v.<br><br>BOSTON EDISON COMPANY,<br>    Third-Party Defendant.<br><br>BOSTON EDISON COMPANY,<br>    Fourth-Party Plaintiff,<br> v.<br><br>O'DONNELL SAND & GRAVEL, INC.<br> and MARY O'DONNELL,<br>    Fourth-Party Defendant. | CIVIL ACTION No. 04-10180 NMG |

**OPPOSITION OF DEFENDANT PHARMACIA CORPORATION TO VARIOUS MOTIONS BY MYSTIC LANDING AND MODERN CONTINENTAL TO LATE FILE AND/OR AMEND VARIOUS DOCUMENTS**

Defendant Pharmacia Corporation ("Pharmacia") hereby opposes the two motions filed

by Mystic Landing LLC ("Mystic") and Modern Continental ("Modern") on the evening of

January 9, 2006 requesting permission to late-file or late-amend the documents required to be filed yesterday by this Court's order of April 5, 2005. Specifically, after the close of business and after the documents were due to the Court, Mystic and Modern filed motions for leave to file: (1) amended findings of fact and rulings of law, and (2) late opposition to Pharmacia Corporation's trial exhibits. Mystic and Modern argued that the press of business prevented them from completing the documents on time.

Local Rule 7.1(A)(2) provides that "no motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow this issue." No such conference was requested, nor did one occur. To Pharmacia's knowledge, Mystic and Modern have never complied with this local rule in this action, and they certainly did not here.

Had Mystic and Modern contacted Pharmacia and indicated that they needed more time to satisfy the Court's order of April 5, 2005, Pharmacia would have assented as a matter of professional courtesy, but would have asked for an agreement that the parties make their filings simultaneously, i.e., if Mystic needed an extra day to file, then Pharmacia would also file a day later to avoid giving Mystic a "free look" at Pharmacia's filings. Because Mystic and Modern never bothered to contact Pharmacia, Pharmacia filed its documents in accordance with the schedule provided by the Court. The result is that Mystic and Modern unilaterally appropriated the opportunity to read and respond to Pharmacia's documents before filing their own, rather than having the documents exchanged simultaneously, as contemplated by the Court's order.

Mystic and Modern's failure to comply with local rules specifically designed to minimize demands on judicial resources should not be rewarded by giving the violators a tactical advantage in litigation. Accordingly, Pharmacia requests that the Court deny Mystic and

- 3 -

Modern's motions and direct them henceforth to comply with the local rules established by this District.

                                Respectfully submitted,

                                /s/ John M. Stevens
John M. Stevens (BBO # 480140)
Adam P. Kahn (BBO # 561554)
Elisabeth M. DeLisle (BBO #658067)
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts  02210
tel: (617) 832-1000
fax: (617) 832-7000
jstevens@foleyhoag.com

Dated:    January 10, 2006