United States District Court
District of Massachusetts

| | |
|---|---|
| MYSTIC LANDING, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 04-10180-NMG |
| ) | |
| PHARMACIA CORP., ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM & ORDER

GORTON, J.

The instant case relates to liability under the Massachusetts Oil and Hazardous Material Release Prevention Act, Mass. Gen. Laws ch. 21E ("Chapter 21E"), for contamination of a parcel of approximately 35 acres in Everett and Boston, Massachusetts ("the Property").

I. Factual Background

The current owner of the Property, Mystic Landing, LLC ("Mystic"), acquired it in June, 2001, with knowledge of its contamination. Mystic is a single-purpose, limited liability company whose sole member is Modern Continental Construction Co. ("Modern"). Although Mystic officially acquired the Property in 2001, its affiliate Modern apparently began to occupy and use the Property in 1996 pursuant to a lease agreement with the then-owner.

The Monsanto Company ("Monsanto"), of whom defendant Pharmacia Corp. ("Pharmacia") is the successor in title, owned the Property between 1929 and 1983. It operated a large-scale chemical manufacturing plant and stored oil on the Property, which activities are alleged by Mystic to have caused substantial contamination. Title to the Property was conveyed, in succession, from Monsanto to Boston Edison Company ("Boston Edison") in 1983, to O'Donnell Sand & Gravel, Inc. ("OS&G") in 1995, to Mary O'Donnell ("O'Donnell") in 1999 and finally, in 2001, to Mystic. Monsanto changed its name to Pharmacia in March, 2002.

Chapter 21E imposes strict liability for environmental damage on any person, among others, who stores or disposes of hazardous material on real property from which there has been a release or threat of release of hazardous material. See Mass. Gen. Laws. ch. 21E, § 5. The statute authorizes private parties to sue for contribution, reimbursement and/or an equitable share of response costs (§§ 4 and 4A) as well as recovery for property damage (§ 5).[1]

## II. Procedural History

In December, 2003, Mystic filed a complaint in state court against Pharmacia and two other purported successors-in-interest

---

[1] Response costs are defined in Chapter 21E, § 2 as the costs of assessment, containment and removal.

-2-

to Monsanto. The complaint stated counts for declaratory judgment (I), contribution (II), negligence (III), continuing nuisance (IV), trespass (V) and attorney's fees and costs (VI). One defendant was never served and filed for bankruptcy protection at about the time that suit was filed. Pharmacia and the other remaining defendant removed the case to this Court on the basis of diversity jurisdiction.

In October, 2005, plaintiff's common law claims for negligence, continuing nuisance and trespass were all dismissed with prejudice by stipulation of the parties. In November, 2005, the other remaining defendant was also dismissed with prejudice by stipulation. Consequently, Pharmacia is the only first-party defendant remaining in the instant action for which the parties have waived their right to a jury trial.

During the course of the litigation, numerous counterclaims, third-party claims and fourth-party claims have been filed. Pertinent to the current dispute is a counterclaim by Pharmacia against Mystic for contribution and third-party claims by Pharmacia against Modern for liability and contribution. Pharmacia has also filed a third-party complaint against Boston Edison which then counterclaimed against Pharmacia, cross-claimed against Mystic and Modern and filed a fourth-party complaint against OS&G and O'Donnell. After removal from state court, the case was initially assigned to United States District Judge

Stearns who issued an order bifurcating the trial with respect to claims relating to Boston Edison. After the case was transferred to this session, it denied a motion for reconsideration of that bifurcation order.

On February 25, 2005, this Court entered an order which, <u>inter</u> <u>alia</u>, allowed a motion by the defendants to compel the production of documents. Six weeks later, this Court imposed sanctions against the plaintiff, Mystic, and third-party defendant, Modern, on account of their dilatory compliance with discovery obligations.

Approximately one dozen motions are currently pending before the Court, most of which are opposed and relate to one or two key issues. In October, 2005, cross-motions for summary judgment were filed by Mystic and Modern (jointly) and by Pharmacia. Shortly thereafter, Pharmacia moved the Court to foreclose Mystic from presenting any evidence at trial relative to response costs that it has incurred. In December, 2005, Mystic moved for leave of court to file an amended complaint.

In the weeks leading up to the scheduled trial date (January 23, 2006), Pharmacia filed three motions in limine, all of which seek to prevent Mystic from introducing evidence concerning various forms of damages, namely, response costs already incurred, future response costs and property damage. After the parties submitted witness and exhibit lists, and proposed

-4-

findings of fact and conclusions of law, Pharmacia filed an opposition to nearly 100 trial exhibits that Mystic and Modern proposed to offer and Mystic moved for leave of court to file 1) a late opposition to approximately 186 of Pharmacia's trial exhibits, 2) amended proposed findings of fact and conclusions of law and 3) an amended opposition to one of Pharmacia's motions in limine.

The scheduled bench trial has been continued to provide the Court time to consider the pending motions. The Court heard oral argument relating to those motions and other disputed issues on January 13, 2006.

### III. Cross-Motions for Summary Judgment

Plaintiff, Mystic, and third-party defendant, Modern, have filed a joint motion for summary judgment with respect to Pharmacia's liability under Chapter 21E. Defendant Pharmacia opposes that motion and has filed a cross-motion for partial summary judgment. The Court will address those cross-motions first whereupon resolution of the remaining pending disputes will be more readily apparent.

#### A. Standard of Review

Summary judgment is appropriate where the moving party has shown, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". Fed.

R. Civ. P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law". Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." Id. A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party". Id.

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). If, after viewing the record in the non-movant's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

**B.   Discussion**

**1.   Mystic/Modern's Motion for Summary Judgment**

Mystic and Modern contend that summary judgment is warranted on the issue of Pharmacia's liability under Chapter 21E. Moreover, they maintain that the Court should also find Pharmacia

liable for contribution toward the response costs they <u>intend</u> to incur. In support of their contentions, they offer substantial evidence that the Property was contaminated while owned by Pharmacia's predecessor, Monsanto.

In response, Pharmacia concedes that "there was a release of hazardous materials while [its predecessor] owned and operated the Property" but contends that the motion of Mystic and Modern should be denied to the extent that 1) Modern seeks any ruling in its favor and 2) Pharmacia is deemed responsible for all, or substantially all, of the costs to remediate the Property. In essence, Pharmacia's position is that even if it is liable under Chapter 21E, the amount it owes should a) be based on response costs that have actually been incurred and b) equitably reflect the circumstances which include Mystic's full awareness of the contamination of the Property before the purchase.

After consideration of the pleadings and oral argument, the Court will allow Mystic's motion to the extent that it seeks a declaration of Pharmacia's liability under Chapter 21E but will deny the motion to the extent that it seeks a determination of the <u>extent</u> of that liability or Pharmacia's corresponding responsibility for incurred response costs, both of which will be addressed at trial.

The Court will also deny the motion to the extent that it is brought by the third-party defendant, Modern. As Pharmacia

correctly points out:  Modern 1) has stated no claims in the instant action, 2) has not been joined as a party-plaintiff and 3) as a third-party defendant to claims brought by Pharmacia, has not availed itself of the opportunity or the obligation to bring compulsory counterclaims against the defendant. Consequently, Modern has no standing to seek summary judgment with respect to Pharmacia's liability.

        **2.**    **Pharmacia's Motion for Partial Summary Judgment**

Pharmacia seeks summary judgment with respect to Mystic's claims for incurred response costs and property damage. Specifically, Pharmacia contends that Mystic has failed to provide any evidence of incurred response costs thereby requiring the Court to find an absence of such costs.  Mystic's claim for property damage should also fail, according to Pharmacia, because that claim was not asserted in a timely manner and, in any event, such damage is not recoverable by Mystic under the circumstances. That motion will also be allowed, in part, and denied, in part.

The Court will allow Pharmacia's motion with respect to Mystic's claim for property damage.  Although that claim was adequately pled, relief of that nature will not be imposed as a matter of law.  Mystic concedes that it knew the Property was contaminated when it was purchased but seeks compensation for the diminution in the Property's value to the extent that the contamination cannot be fully remediated.  Pharmacia avers that,

under common-law principles, Mystic cannot be so compensated for its informed purchase of damaged real property as to which it assumed some risk.  Mystic responds that the Court should not rely upon common-law principles in its evaluation of the property damage claim given the specific, statutory basis for recovery and the underlying purpose of Chapter 21E to encourage the remediation of contaminated properties by private parties.

Although Mystic's argument may have some economic appeal, it lacks legal support.  Because damage to property is not defined in Chapter 21E, Massachusetts courts have consistently looked to common-law principles in evaluating those claims.  See, e.g., One Wheeler Rd. Assocs. v. Foxboro Co., 843 F. Supp. 792, 797 (D. Mass. 1994) (concluding that the Massachusetts legislature intended "damage to real and personal property" in Chapter 21E to incorporate the concept of such damage at common law) (citation omitted); Guaranty-First Trust Co. v. Textron, Inc., 622 N.E.2d 597, 597-98 (Mass. 1993) (describing the measure of recovery for property damage under Chapter 21E as "identical to the measure of recovery at common law").  See also Town of Sturbridge v. Mobil Corp., 19 F. Supp. 2d 330, 333 (D. Mass. 2002) (stating that accrual of a cause of action under 21E is "consistent with the 'discovery rule' applied in negligence cases") (citations omitted).

In this case, a plain reading of the statute in light of

common-law principles bars Mystic from recovering for property damage. Chapter 21E, § 5 authorizes a private cause of action for "damage to ... real or personal property incurred or suffered". According to the clear terms of that statute, therefore, there is no entitlement to recovery for property damage without an experience of loss or injury. It is axiomatic under tort law as well that no cause of action for negligence lies where the claimant has suffered no injury. See, e.g., Cannon v. Sears, Roebuck & Co., 374 N.E.2d 582, 584 (Mass. 1978) ("A negligence action may not be maintained unless one has suffered injury or damage"); W. Keeton, D. Dobbs, R. Keeton & D. Owen, Prosser and Keeton on the Law of Torts § 30 (5th ed. 1984). Cf. Larabee v. Potvin Lumber Co., Inc., 459 N.E.2d 93 (Mass. 1983) (plaintiffs' knowledge of loss prior to purchase of property prevented direct claim in tort).

Here, where the statute includes such terms as "damage" and "suffer", the Court concludes that the drafters of the legislation did not intend to displace common-law principles. Thus, because Mystic concedes that it purchased the Property with full awareness of its contamination, it has not suffered compensable property damage. To the extent that Mystic overestimated the value of (and therefore overpaid for) the Property, despite being aware of its contamination, recovery for property damage is foreclosed nonetheless because Mystic was

obliged to mitigate any potential loss. See Hill v. Metro. Dist. Comm'n, 787 N.E.2d 526, 534 (Mass. 2003) (citation omitted).

Apart from the question of property damage, the Court will deny Pharmacia's motion for summary judgment. Although Pharmacia has provided material evidence of Mystic's failure to disclose, timely and fully, the response costs it has incurred, that failure does not warrant entry of a judgment that no such costs were incurred. This issue is further addressed below in Section IV.B.

## IV. Other Pending Motions

The parties have filed numerous other motions, most of which can be resolved summarily without additional elaboration. Those that require explanation, however, are as follows.

### A. Mystic's Motion for Leave to Amend its Complaint

As articulated by the Court at the hearing on January 13, 2006, amendments to the complaint will be allowed to the extent that they enable it to be conformed more closely to the evidence at trial. In that regard, Mystic should omit claims and parties that have been terminated from the case and provide clarification where necessary or helpful to the Court. On account of the Court's decision that Mystic may not recover property damages in this case, no such claim should be included in the amended complaint.

### B. Pharmacia's Motions to Foreclose Presentation of Evidence of Previously Incurred Response Costs

Pharmacia has filed three motions, including its motion for partial summary judgment, in which it contends that the Court should forbid Mystic from introducing evidence at trial relating to previously incurred response costs. As grounds for its motions, Pharmacia asserts that Mystic failed to disclose, in a timely and complete manner, any such costs during discovery despite Pharmacia's requests for relevant documentation. Mystic disputes that assertion and contends that any shortcoming of production was unintentional and the result of a misunderstanding.

The Court has previously sanctioned Mystic for its neglect of discovery obligations in this case. While the Court is disinclined to exclude relevant evidence from the trial, it will not tolerate any further noncompliance with legitimate discovery requests. Consequently, although the Court will deny Pharmacia's motions to exclude evidence of previously incurred response costs, Mystic will produce forthwith any additional documents related to such costs or be foreclosed from offering evidence of incurred response costs at trial.

### C. Pharmacia's Motion in Limine to Foreclose Presentation of Evidence on Anticipated Future Response Costs

The parties conceded at the hearing on January 13, 2006, that, while the trial judge may, at the time of the bench trial,

-12-

apportion liability so that the parties will know their respective responsibility for future response costs, no specific monetary award therefor will be made before they are incurred. Accordingly, although Mystic is not prevented as a matter of law from offering evidence of expected, future response costs, such evidence may be unnecessary.  Thus, the Court will deny, without prejudice, Pharmacia's motion to exclude presentation of evidence of anticipated future response costs but Mystic is forewarned that such evidence will be excluded at trial unless shown to be relevant.

## ORDER

In accordance with the foregoing memorandum,

1) the Motion for Summary Judgment of Mystic and Modern on Liability (Docket No. 94) is, with respect to Pharmacia's liability under Chapter 21E, **ALLOWED,** and is otherwise **DENIED;**

2) Pharmacia's Motion for Partial Summary Judgment (Docket No. 91) is, with respect to Mystic's claim for property damage, **ALLOWED,** and is otherwise **DENIED;**

3) Mystic's Motion for Leave to Amend the Complaint (Docket No. 114) is, with respect to withdrawn claims, dismissed parties and clarification of evidence to be presented at trial, **ALLOWED,** and is otherwise **DENIED;**

4) Pharmacia's Motions to Foreclose Presentation of Evidence on Damages (Docket No. 112) and to Foreclose Presentation of Evidence of Past Response Costs (Docket No. 131) are **DENIED,** but Mystic is hereby directed to produce forthwith any additional documents related to incurred response costs or be foreclosed from introducing such evidence at trial;

5) Pharmacia's Motion in Limine to Foreclose Presentation of Evidence of Property Damage (Docket No. 127) is

**ALLOWED**;

6) Pharmacia's Motion in Limine to Foreclose Presentation of Evidence on Anticipated Future Response Costs (Docket No. 129) is **DENIED**, without prejudice;

7) Pharmacia's Renewed Motion in Opposition to Mystic's Motion for Leave to File an Amended Complaint (Docket No. 126) and Mystic's Motion for Leave to File a Reply in Response to Pharmacia's Renewed Motion in Opposition to Mystic's Motion for Leave to File an Amended Complaint (Docket No. 134) are **DENIED**, as moot;

8) Mystic's Motion for Leave to File Amended Findings of Fact and Rulings of Law (Docket No. 148) is **ALLOWED**;

9) Mystic's Motions for Leave to File Opposition to Pharmacia's Trial Exhibits Late (Docket Nos. 149 and 153) are **ALLOWED**; and

10) Mystic's Motion for Leave to File an Amended Opposition to Pharmacia's Motion in Limine to Foreclose Evidence on Anticipated Future Response Costs (Docket No. 150) is **ALLOWED**.

The parties are directed to confer about the approximately 280 proposed exhibits currently in dispute and to resubmit, on or before March 13, 2006, a drastically reduced list of disputed exhibits as to which the objecting party will state cogent reasons for any objections and the proponent will respond on or before March 20, 2006. If the Court has to resolve such issues, sanctions may be imposed upon the losing party.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated: January 25, 2006