UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MYSTIC LANDING, LLC,<br>        Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| PHARMACIA CORPORATION,<br>        Defendant. | )<br>)<br>) |
| PHARMACIA CORPORATION,<br>        Third-Party Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| MODERN CONTINENTAL CONSTRUCTION<br>CO., INC.,<br>        Third-Party Defendant. | )<br>)<br>)<br>) |
| PHARMACIA CORPORATION,<br>        Third-Party Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| BOSTON EDISON COMPANY,<br>        Third-Party Defendant. | )<br>)<br>) |
| v. | )<br>) |
| BOSTON EDISON COMPANY,<br>        Fourth-Party Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| O'DONNELL SAND & GRAVEL, INC.<br>And MARY O'DONNELL,<br>        Fourth-Party Defendants. | )<br>)<br>)<br>) |

**CIVIL ACTION NO.
04-10180 NMG**

**ANSWER, COUNTERCLAIMS AND THIRD-PARTY COMPLAINT OF DEFENDANT
PHARMACIA CORPORATION TO PLAINTIFF MYSTIC LANDING LLC'S
AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND
<u>COMPENSATORY RELIEF</u>**

B3158943.1

Defendant Pharmacia Corporation ("Pharmacia") hereby answers the amended complaint of plaintiff Mystic Landing, LLC ("Mystic") as follows:

### FIRST DEFENSE

As to the specific allegations of the complaint, the Defendant states as follows:

1. State that the allegations in the first unnumbered paragraph are not allegations of fact but characterizations of the claim and, accordingly, require no response, and to the extent that a response is required, deny said allegations.

2. Admit the allegations in paragraph 1.

3. As to the allegations in paragraph 2, admit the allegations that Pharmacia Corporation is a Delaware corporation with a principal place of business in Peapack, New Jersey, and is conducting business in the Commonwealth of Massachusetts. Admit that during its ownership and operation of the Site, Pharmacia was called the Monsanto Company or the Monsanto Chemical Company. Deny each and every other allegation in said paragraph.

4. State that the allegations in paragraphs 3 through 5 are not allegations of fact but conclusions of law and, accordingly, require no response.

5. Admit the allegations in paragraph 6.

6. Deny the allegations in paragraph 7.

7. As to the allegations contained in paragraph 8, admit that the chemical manufacturing facility on the Site produced, *inter alia*, sulfuric acid, and deny each and every other allegation in said paragraph.

8. As to the allegations contained in paragraph 9, admit that Pharmacia owned and operated a chemical manufacturing facility on a parcel to the west of the Site, and deny each and every other allegation in said paragraph.

9. Admit the allegations in paragraph 10.

10. Deny the allegations in paragraph 11-12.

11. As to the allegations in paragraph 13, admit that Edison sold the Site to O'Donnell Sand & Gravel, Inc., which, in turn, sold the Site to Mary O'Donnell, and deny each and every other allegation in said paragraph.

12. As to the allegations in paragraph 14, state that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph but admit that a report was prepared on behalf of Mary O'Donnell describing subsurface investigations of the Site, which report is in writing and speaks for itself.

13. As to the allegations in paragraph 15, state that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph.

14. Admit the allegations in paragraph 16.

15. As to the allegations in the first and second sentences of paragraph 17, state that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph but admit that Rizzo produced a report describing subsurface investigations of the Site, which report is in writing and speaks for itself.  As to the allegations in the third sentence of paragraph 17, state that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in said sentence.

16. As to the allegations in paragraphs 18 and 19, state that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraphs.

17. Deny the allegations in paragraphs 20 through 22.

18. Admit the allegations in paragraph 23.

19. State that the allegations in paragraphs 24 through 26 are not allegations of fact but conclusions of law and, accordingly, require no response.

20. As to the allegations in paragraph 27, admit that Mystic sent a notice to Pharmacia on or about August 27, 2001, and state that each and every other allegation in said paragraph is a characterization of the content of the notice, which speaks for itself and, accordingly, requires no response.

21. Deny the allegations in paragraph 28.

22. State that the allegations in paragraph 29 are not allegations of fact but conclusions of law and, accordingly, require no response, and to the extent that a response is required, deny said allegations.

23. As to the allegations in paragraph 30, repeat and reassert the admissions, statements, and denials in paragraphs 2 through 22 hereof, inclusive, as if the same were set forth herein in their entirety.

24. Deny the allegations in paragraph 31.

25. As to the allegations in paragraph 32, admit that an actual controversy exits between Mystic and Pharmacia and deny each and every other allegation in said paragraph.

26. As to the allegations in paragraph 33, repeat and reassert the admissions, statements, and denials in paragraphs 2 through 25 hereof, inclusive, as if the same were set forth herein in their entirety.

27. Deny the allegations in paragraphs 34 through 36.

28. As to the allegations in paragraph 37, repeat and reassert the admissions, statements, and denials in paragraphs 2 through 27 hereof, inclusive, as if the same were set forth herein in their entirety.

29. Deny the allegations in paragraphs 38 through 41.

## SECOND DEFENSE

30. The complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

31. The claims alleged in the complaint are barred in whole or in part by the applicable statute or statutes of limitations.

## FOURTH DEFENSE

32. The damages alleged in the complaint, if incurred or to be incurred at all, were caused, in whole or in part, by persons other than the defendant.

## FIFTH DEFENSE

33. The claims set forth in the complaint are barred, in whole or in part, by the negligence of Mystic.

## SIXTH DEFENSE

34. The claims alleged in the complaint are barred by laches.

## SEVENTH DEFENSE

35. The claims alleged in the complaint are barred by Mystic's unclean hands.

## EIGHTH DEFENSE

36. The claims alleged in the complaint are barred by estoppel.

## NINTH DEFENSE

37. By virtue of its acts and omissions, Mystic has failed to mitigate the damages alleged in the complaint.

**TENTH DEFENSE**

38. Mystic's claims are barred because, having paid a price for the Site that contemplated its expenditure of the amounts it seeks to recover and having been aware of the condition of the Site at the time it purchased it, it would be unjustly enriched by that recovery.

**COUNTERCLAIMS**

By way of counterclaim against Mystic, the Defendant states as follows:

**FIRST COUNTERCLAIM -
CONTRIBUTION UNDER M.G.L. C. 21E, § 4**

39. Defendant and Plaintiff-in-Counterclaim Pharmacia Corporation ("Pharmacia") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 100 Route 206 North, Peapack, New Jersey.

40. Plaintiff and Defendant-in-Counterclaim Mystic Landing, LLC ("Mystic") is a limited liability corporation organized and existing under the laws of the Commonwealth with its principal place of business at 600 Memorial Drive, Cambridge, Massachusetts.

41. Mystic is the owner and operator of the parcel of real property located at Alford Street and Broadway in Everett, Massachusetts (the "Site").

42. In its complaint, Mystic alleges that Pharmacia is liable for past and future response costs associated with the Site in an amount in excess of $75,000 and seeks a declaration to that effect.

43. Mystic is itself liable for any such response costs under M.G.L. c. 21E, §§ 4, 5(a).

   (a)   Because Mystic is the current owner of the Site, it is liable under M.G.L. c. 21E, § 5(a)(1).

   (b)   Because Mystic owned the Site at a time of disposal or storage of oil and/or hazardous materials at the site and/or because it, or another whose

actions are imputed to Mystic or for whose actions Mystic is legally responsible, directly or indirectly transported to the Site, disposed of or stored at the Site and/or arranged by contract or otherwise for such transport, storage or disposal of materials that contained oil or hazardous materials and/or were intermixed with soil containing oil or hazardous materials, Mystic is liable under M.G.L. c. 21E, §§ 5(a)(2)-(5).

44. As set forth in paragraphs 42 and 43, for purposes of 28 U.S.C. § 2201(A), there is an actual controversy within the Court's jurisdiction with respect to liability for past and future response costs associated with the Site.

45. By reason of the foregoing, in the event the Defendant is found liable to Mystic for response costs, it is entitled pursuant to M.G.L. c. 21E, § 4 to contribution from Mystic for its equitable share of past response costs and a declaration that Mystic is liable in contribution for its equitable share of future response costs.

## THIRD-PARTY COMPLAINT

By way of Third-Party Claim, pursuant to Federal Rule of Civil Procedure 14, the Defendant states as follows:

## COUNT I - M.G.L. C. 21E, § 4

46. Third-Party Plaintiff Pharmacia Corporation ("Pharmacia") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 100 Route 206 North, Peapack, New Jersey.

47. Third-Party Defendant Modern Continental Construction Co., Inc. ("Modern Continental") is a corporation organized and existing under the laws of the Commonwealth of

Massachusetts with its principal place of business at 600 Memorial Drive, Cambridge, Massachusetts.

48. In its complaint, plaintiff Mystic Landing, LLC ("Mystic") claims against Pharmacia for recovery of costs incurred and to be incurred by Mystic in response to contamination of property located at Alford Street and Broadway in Everett, Massachusetts (the "Site") by materials that are oil and hazardous materials, as those terms are defined in M.G.L. c. 21E.

49. All or a portion of the contamination referred to in paragraph 48 was caused by, or is attributable to, Modern Continental.  More particularly, Modern Continental operated the Site at a time of disposal or storage of oil and/or hazardous materials at the Site and/or directly or indirectly transported to the Site, disposed of or stored at the Site and/or arranged by contract or otherwise for such transport, storage or disposal of materials that contained oil or hazardous materials and/or were intermixed with soil containing oil or hazardous materials.

50. By reason of its conduct alleged in paragraph 49, Modern Continental is liable under M.G.L. c. 21E, § § 5(a)(2) - (5) for response costs at the Site and, accordingly, under M.G.L. c. 21E, § 4, it is liable to Pharmacia in contribution for all or part of any liability it may have under Mystic's claim.

WHEREFORE, the Defendant prays that the Court enter judgment as follows:

(1)     Dismissing the Complaint;

(2)     In the event judgment is entered for the plaintiff, granting it contribution from Mystic and Modern Continental for all or a part of the award and/or the declaration in favor of the plaintiff;

(3)     Granting it the costs, including attorneys' fees, it incurred in defending the action pursuant to M.G.L. c. 21E § 4A; and

(4) Granting it such other and further relief as may be just and proper.

                Respectfully submitted,

/s/ Elisabeth M. DeLisle
John M. Stevens (BBO # 480140)
Adam P. Kahn (BBO # 561554)
Elisabeth M. DeLisle (BBO # 658067)
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts  02210
(617) 832-1000
Attorneys for Defendant Pharmacia Corporation

Dated:  February 15, 2006