# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MYSTIC LANDING, LLC,<br>　　　Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| PHARMACIA CORPORATION,<br>　　　Defendant. | )<br>)<br>) |
| PHARMACIA CORPORATION,<br>　　　Third-Party Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| MODERN CONTINENTAL CONSTRUCTION CO., INC.,<br>　　　Third-Party Defendant. | )<br>)<br>)<br>) |
| PHARMACIA CORPORATION,<br>　　　Third-Party Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| BOSTON EDISON COMPANY,<br>　　　Third-Party Defendant. | )<br>)<br>) |
| v. | )<br>) |
| BOSTON EDISON COMPANY,<br>　　　Fourth-Party Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| O'DONNELL SAND & GRAVEL, INC.<br>And MARY O'DONNELL,<br>　　　Fourth-Party Defendants. | )<br>)<br>)<br>) |

**CIVIL ACTION NO.**
**04-10180 NMG**

## PHARMACIA CORPORATION'S OPPOSITION TO MYSTIC LANDING AND MODERN CONTINENTAL'S MOTION FOR LEAVE TO FILE <u>A SUPPLEMENTAL BRIEF</u>

B3162218.2

Defendant Pharmacia Corporation ("Pharmacia") submits this memorandum in opposition to Plaintiff Mystic Landing, LLC ("Mystic") and Third-Party Defendant Modern Continental Construction Co., Inc.'s ("Modern") Motion for Leave To File a Supplemental Brief Addressing Various Matters Argued at the January 13, 2006 Pre-Trial Conference (the "Motion").  The Court should deny the Motion because: (1) it is unclear what relief the Motion seeks; (2) it attempts to raise an entirely new legal theory that is flawed on its face; and, (3) it appears to address issues that are no longer relevant to the case.

## I.     It Is Unclear What Relief, If Any, Mystic and Modern's Motion Seeks

Mystic and Modern's Motion appears to seek no more than leave to supplement the Pretrial Memorandum filed jointly by Pharmacia, Mystic and Modern on December 2, 2005, to add discussion regarding, *inter alia*, the effect that the presence of a so-called "impermeable clay cap" on the Property has on the allocation of liability among the parties.  More particularly, Mystic and Modern seek to elaborate on the new legal theory first advanced at oral argument of pre-trial motions that a provision of Chapter 21E makes it unnecessary to allocate responsibility for response costs according to the commonly applied equitable factors.  Because the Motion seeks no substantive relief, only a brief demonstration of the error is necessary by way of response.  Should the Court construe the Motion as a request for substantive relief, Pharmacia respectfully requests an opportunity to more fully respond to Mystic and Modern's Motion through briefing and oral argument.

## II. Mystic and Modern's New Legal Theory Is Based on an Erroneous Interpretation of M.G.L. c. 21E § 5(b)

Recognizing that such "black letter" equitable factors as Mystic's payment of a reduced purchase price, its full knowledge of the condition of the Property at the time it purchased it, Mystic and Modern's contribution to the contamination at the Property, Modern's flagrant breach of the environmental laws, as evidenced by the DEP enforcement actions against Modern, and Mystic's unexcused delinquency in complying with M.G.L. c. 21E weigh heavily against Mystic and Modern, they now argue that the Court should not consider such factors at all.  As noted above, such argument was not timely raised.  However, even if it had been timely raised, it is based on a misreading of the very language to which Mystic and Modern cite and, accordingly, should be rejected by this Court.

Mystic and Modern rely exclusively on the language of the second paragraph of M.G.L. c. 21E § 5(b) to support their argument that the Court need not equitably apportion response costs among the parties.  That paragraph of M.G.L. c. 21E § 5(b) provides:

> No person who is liable solely pursuant to clause (1) of paragraph (a) and who did not own or operate the site at the time of the release or threat of release in question and did not cause or contribute to such release or threat of release shall be liable to any person who is liable pursuant to clauses (2), (3), (4), or (5) of said paragraph, except that any such person liable solely pursuant to clause (1) of paragraph (a) shall be liable to the commonwealth as set forth in paragraph (d).

Clause 1 of Section 5(a) imposes liability on the current owner and operator of a site from or at which there is or has been a release or threat of release of oil or hazardous material merely by reason of that status.  However, Mystic and Modern are liable not solely pursuant to § 5(a)(1), but also pursuant to clause 2 of Section 5(a) as persons "who at the time of storage or disposal of any hazardous material owned or operated any site at or upon which such hazardous material was stored or disposed of and from which there is or has been a release or threat of release of hazardous material," pursuant to clause 3 of Section 5(a) as persons "who by contract,

agreement, or otherwise, directly or indirectly, arranged for the transport, disposal, storage or treatment of hazardous material to or in a site or vessel from or at which there is or has been a release or threat of release of hazardous material," pursuant to clause 4 of Section 5(a) as persons "who, directly, or indirectly, transported any hazardous material to transport, disposal, storage or treatment vessels or sites from or at which there is or has been a release or threat of release of such material," and pursuant to clause 5 of Section 5(a) as persons "who otherwise caused or is legally responsible for a release or threat of release of oil or hazardous material from a vessel or site".  Thus, the provision on which they rely is inapplicable to Mystic and Modern because their liability is not due simply to their status as owner and operator of the Property, but is also because they are culpable for contamination at the Property.

Mystic's claim is pursuant to Section 4 of M.G.L. c. 21E, where equitable apportionment is the rule.  "Section 4 of G.L. c. 21E, and not § 5, governs private party actions by persons who are strictly liable for cleanup under § 5 for recovery from others who are also strictly liable." *Mailman's Steam Carpet Cleaning Corp. v. Lizotte*, 415 Mass. 865, 873 (1993).  Where M.G.L. c. 21E § 4 governs, in actions between two or more liable persons, "each shall be liable to the others for their equitable share of the costs of such response action."  M.G.L. c. 21E § 4.  Thus, under M.G.L. c. 21E § 4,  liability must be allocated among Mystic, Modern and Pharmacia according to principles of equitable apportionment.

Although Mystic and Modern assert, without citation, that the policies behind M.G.L. c. 21E should preclude this Court's equitable apportionment of costs, in fact such policies are completely consistent with equitable apportionment and, in any event, do not override the clear language of the statute or the clear facts of this case.  Pharmacia does not dispute that a goal of

M.G.L. c. 21E is the remediation and redevelopment of contaminated properties, but the equitable apportionment of costs does not detract from that goal. Pharmacia is willing to pay what it believes is its equitable share of necessary and appropriate response costs. However, nothing in Chapter 21E or its underlying policies means that Mystic and Modern are entitled to absolute protection from liability. Under the clear terms of the statute, they must bear their equitable share of response costs.

### III. Mystic and Modern's "Brief" Appears to Reassert Claims That Have Been Dismissed

The latter half of Mystic and Modern's proposed Pre-Trial Memorandum (the "Memorandum") appears to argue issues that have either been dismissed from, or are no longer relevant to, the case. *See* Memorandum at 8 (appearing to reassert the property damage argument this Court rejected in its January 25, 2005 Memorandum and Order); Memorandum at 9 (appearing to argue that Mystic may recover monetary damages prior to their expenditure, contrary to the position Mystic took at the Pretrial Conference). To the extent that Mystic and Modern are continuing to make arguments in support of theories that have been dismissed from this case, such arguments merely clog the court with unnecessary filings and should be stricken.

- 6 -

        Respectfully submitted,

        <u>/s/ John M. Stevens</u>
        John M. Stevens (BBO # 480140)
        Adam P. Kahn (BBO # 561554)
        Elisabeth M. DeLisle (BBO # 658067)
        Foley Hoag LLP
        155 Seaport Boulevard
        Boston, Massachusetts  02210
        (617) 832-1000
        jstevens@foleyhoag.com
        Attorneys for Defendant Pharmacia Corporation

Dated: February 21, 2006