UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MYSTIC LANDING, LLC,<br>    Plaintiff,<br><br>v.<br><br>PHARMACIA CORPORATION,<br>    Defendant.<br><br>PHARMACIA CORPORATION,<br>    Third-Party Plaintiff,<br><br>v.<br><br>MODERN CONTINENTAL CONSTRUCTION CO., INC.,<br>    Third-Party Defendant.<br><br>PHARMACIA CORPORATION,<br>    Third-Party Plaintiff,<br><br>v.<br><br>BOSTON EDISON COMPANY,<br>    Third-Party Defendant.<br><br>v.<br><br>BOSTON EDISON COMPANY,<br>    Fourth-Party Plaintiff,<br><br>v.<br><br>O'DONNELL SAND & GRAVEL, INC.<br>And MARY O'DONNELL,<br>    Fourth-Party Defendants. | **CIVIL ACTION NO.**<br>**04-10180 NMG** |

**PLAINTIFF MYSTIC LANDING, LLC AND THIRD-PARTY DEFENDANT MODERN CONTINENTAL CONSTRUCTION CO., INC.'S RESPONSE TO PHARMACIA CORPORATION'S REVISED OBJECTIONS TO PLAINTIFF MYSTIC LANDING, LLC AND THIRD-PARTY DEFENDANT MODERN CONTINENTAL CONSTRUCTION CO., INC.'S LIST OF EXHIBITS TO BE INTRODUCED AT TRIAL**

Pursuant to this Court's January 25, 2006 Order, Plaintiff Mystic Landing, LLC ("Mystic") and Third-Party Defendant Modern Continental Construction Co., Inc. ("Modern") respectfully submit the following responses to Pharmacia Corporation's ("Pharmacia") objections to Mystic and Modern's list of exhibits they intend to rely upon at the trial of this matter. Pharmacia has outlined its objections primarily on the following three grounds: (1) expert reports are inadmissible hearsay; (2) undisclosed and new expert opinion, and (3) untimely disclosed documents regarding costs, and relevance of same. For the reasons set forth below, Mystic and Modern submit that Pharmacia's objections are meritless and should be denied because none of the documents objected to should be inadmissible at the trial of this matter. Further, Mystic and Modern state that to deny the use of these exhibits at trial will be unjust as these exhibits go directly to the probative nature of the matter at hand; namely, contribution and liability for the contamination problems at the Everett property.

## I.    An Expert Report Does Not Constitute Inadmissible Hearsay

Pharmacia objects to the introduction of the Hughto Report along with certain tabulations, data and summaries contained within the report, on the grounds that such materials are inadmissible hearsay. As long as the author of the report has detailed the information that he considered and upon which he based his various opinions and is available for cross examination at trial, the written expert report is not inadmissible hearsay. "For an out of court statement to be excluded from the definition of hearsay by 801(d)(1), the declarant must be both a witness at the trial or hearing at which the statement is offered and available for cross examination concerning the statement." Cotchette, Federal Courtroom Evidence, § 801.4.1 (5th Ed. 2005) (citing U.S. v. Green, 258 F.3d 683, 690-692 (7th Cir. 2001)). Reports stating an expert opinion are admissible if the preparer is present in court to testify as to his qualifications as an expert and to be cross-

examined on the substance." Forward Communications Corp. v. United States, 608 F.2d 485, 511 (Ct.Cl.1979). There can be no colorable charge by Pharmacia that the data upon which Mr. Hughto relied is hearsay or otherwise inadmissible as it constitutes analytical data, business records and studies based upon Pharmacia's own documentation. "As a general matter the admission of written expert reports into evidence when the expert has testified orally at trial is not redundant.... an expert's comprehensive written report may help a [trier of fact] to more fully understand and evaluate that expert's testimony and conclusions and their impact on the case... oral testimony is often chopped up and hard to follow." N.A.A.C.P. v. A.A. Arms, Inc., 2003 WL 2003750 at *1 (E.D.N.Y. 2003). Notably, the Hughto report has already been under consideration by the Court in connection with Modern and Mystic's Motion for Summary Judgment with no objection by Defendant. Further, the Hughto report has been filed with the Court, provided to Pharamacia's counsel, and Pharmacia's own expert reviewed the report and provided a rebuttal report thereto.

    Moreover, as Mr. Hughto is a testifying witness, properly included on Mystic's and Modern's witness list provided to the Court, the report may be entered into evidence for non-hearsay purposes such as refreshing his recollection or to demonstrate the data and sampling upon which he based his opinion. Fed.R.Evid. 703, 803(5), (6) and 807. Non-hearsay statements are statements offered for a purpose other than the truth of the statement's contents, and such statements are fully admissible for that intended purpose. Fed.R.Evid. 801. Fed.R.Evid. 1006 permits the compilation of data and writings to be admitted and presented in the form of a chart, summary or calculation. Similarly, expert reports may be admitted into evidence to explain the basis of the expert's opinion. U.S. v. Great Lakes Dredge & Dock Co., 1999 WL 1293469 at *3 (S.D. Fla. 1999)(noting low risk of prejudice, admitted expert report of

testifying expert into evidence). The Hughto report and attachments thereto will greatly assist the trier of fact, contain sufficient indicia of reliability, and do not represent a risk of redundant evidence. Pharmacia's objection to the Hughto report and attachments thereto should be denied.

**II.    Supplemental and New Data May Be Entered as Evidence and Opined Upon By Experts**

Pharmacia objects to certain of Mystic and Modern's exhibits as untimely disclosed or constituting an undisclosed expert opinion. The response, evaluation, and ultimate remediation process under M.G.L. c. 21E and the Massachusetts Contingency Plan is an ongoing process wherein testing, sampling and analysis continues. Such data has been timely produced in supplementation of prior discovery and in accordance with this Court's January 25, 2006 Order that it produce all evidence of response costs. Mystic and Modern have timely provided all new and ongoing testing results, and such material has not been improperly withheld, previously undisclosed, or prejudicial to Defendant. Wilson v. Bradlees of New England, Inc., 250 F.3d 10, 20 (1st Cir. 2001) (authority to exclude untimely produced evidence is intimately linked to duties to supplement discovery). Mystic and Modern's additional sampling data, analysis and evidence is not untimely; it has been produced forthwith upon its completion and availability. Moreover, certain of Pharmacia's objections are a matter of mere semantics, because the documents in question are data in supplementation of the Hughto report, but do not constitute new or previously undisclosed opinion. Plaintiff's case has not been materially altered, nor has Defendant been blindsided by the materials created and disclosed after the close of discovery. Cf. Boucher v. Northeastern Log Homes, 2005 WL 758470 at *3 (D. Me. 2005). Mystic and Modern have simply sought inclusion of materials provided to Defendant in supplementation pursuant to Fed.R.Civ.P. 26(e), which do not change the theory or course of this litigation and present no prejudice to Pharmacia. The sampling data provided clearly shows that contamination

problems that exist at the Everett property are below the "clay cap" or the so-called "tunnel muck" and these very facts are simply disturbing to Pharmacia because they continue to prove Mystic and Modern's position that the contamination below the clay cap is all the result of Pharmacia's (formerly Monsanto's) operations at the property over a more than 75-year span. Pharmacia's continued and unsupported position to exclude this evidence is simply to avoid their unquestionable liability under M.G.L. 21E, §5(b).

 Furthermore, untimely disclosure will not automatically result in the exhibit being excluded. As the rule suggests, late disclosure may be justified given the circumstances. Poulis-Minott v. Smith, 388 F.3d 354, 358 (1st Cir. 2004). "The purpose of the expert disclosure rules is to facilitate a fair contest with the basic issues and facts disclosed to the fullest practical extent. Thus, Rules 26(a) and 37(c)(1) seek to prevent the unfair tactical advantage that can be gained by filing to unveil an expert in a timely fashion, and thereby potentially deprive plaintiff of the opportunity to depose the proposed expert, challenge his credentials, solicit expert opinions of his own or conduct expert-related discovery." Mystic and Modern timely produced the expert report of Richard Hughto, based upon all evidence available at such time. To the extent that additional sampling data has been produced, Mr. Hughto is available and free to testify as to same, which does not constitute a new or undisclosed opinion (such data merely bolsters and supports the earlier data and conclusions. The issue here is not that the expert's report is entirely new and unannounced, but rather whether any new information is included in the data supplements that was not included in the complete statement of all opinions to be expressed as required by rule 26(a). Id; see also Cytyc Corp. v. Tripath Imaging Inc., 2005 WL 1527883 at *3 (D. Mass. 2005) (supplements were not untimely or prejudicial even though the defendants filed four rebuttal expert reports two and a half weeks after the rebuttal expert reports were

circulated). Because testing at the site is ongoing, Mystic and Modern are substantially justified in producing and relying upon the newly developed data. Defendants suffer no prejudice from the additional soil sampling data and such evidence does not alter or materially change Mystic and Modern's theory of recovery or the expert opinions of Richard Hughto.

Further, this Court's Order required all information to be produced that related to expended "response costs" under M.G.L. 21E, §4A. Mystic and Modern continue to provide Pharmacia with the data and information that supports Mystic and Modern's continuing efforts to remediate the property in accordance with the Statute. To deny the admissibility of this data and information, would undermine the Court's Order directing the delivery of such information.

### III. Response Costs and Future Development Are Relevant and Were Timely Disclosed

In accordance with this Court's January 25, 2006 Order, Modern and Mystic have produced all documents within their care custody or control (even securing documents from outside sources) relating to response costs. Pharmacia's objection to such documentation, listed in the Exhibit List and produced in accordance with the Court's directive, is an inappropriate attempt at reconsideration of its denied Summary Judgment Motion and Motions in Limine to foreclose presentation of such evidence.

As stated in Rule 401, "relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The proffered evidence is relevant if it tends to prove or disprove a matter at issue in the case. See U.S. v. Flemi, 402 F.3d 79, 86 (1st Cir. 2005) (noting that generally, all relevant evidence is admissible, while evidence which is not relevant is not admissible). Thus, the standard is quite lenient. U.S. v. McVeigh, 153 F.3d 1166, 1172 (10th Cir. 1998) ("As for the degree of probative value required under Rule 401, the rule

sets the bar very low."). Weakness in the evidence will generally go to its weight, not to its relevance or admissibility. Girden v. Sandals Int'l, 262 F.3d 195, 199 (2d Cir. 2001).

Mystic and Modern have submitted certain documentation regarding future development possibilities, not in an attempt to secure findings on future response costs or property damage, but as a means of assisting the Court in making findings relevant to the reasonable and necessary response costs under the M.G.L. c. 21E remediation plan and allocation of the remediation responsibilities. Such documentation is relevant and proper in presenting what level of remediation is necessary and appropriate given the possibilities for the parcel of land after it has been remediated. Without evidence of what level of development may be sustained on the property, the Court will be without the tools and evidence to make a reasoned allocation of the costs to achieve the reasonable, final result. Accordingly, documents relating to the future development possibilities of the property are relevant to the allocation of response costs and Pharmacia's objections should be denied.

## RESPONSES TO OBJECTIONS

| Exhibit No. | Description | Pharmacia Objection | Response |
|---|---|---|---|
| 1. | Expert Report of Richard J. Hughto, Ph.D., P.E., LSP ("Hughto Expert Report"), dated September 12, 2005 | Hearsay | See Sections I and II above. |
| 2. | Affidavit of Richard J. Hughto, Ph.D., P.E., LSP, dated September 26, 2005 | | |
| 3. | Aerial Photograph of Site contained in Hughto Expert Report | | |
| 4. | Aerial Photograph of Site (1952) contained in Hughto Expert Report | | |
| 5. | Merrimac Chemical Company, Inc. Aerial Photograph (1931) contained in Hughto Expert Report | | |
| 6. | Historical Monsanto Site Plan contained in Hughto Expert Report | | |
| 7. | Table 1: Primary Eastern Parcel Products Manufactured, Raw Materials, and Waste Products contained in Hughto Expert Report | Hearsay | See Sections I and II above; summary of complex data. |
| 8. | Timeline of Site Ownership Chart contained in Hughto | | |

|     |                                                                                                                                                                                 |                                 |                                      |
| --- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- | ------------------------------- | ------------------------------------ |
|     | Expert Report                                                                                                                                                                   |                                 |                                      |
| 9.  | Monsanto Company 1978 Closed Disposal Areas Diagram contained in Hughto Expert Report                                                                                           |                                 |                                      |
| 10. | Historic Monsanto Waste Disposal Locations Diagram contained in Hughto Expert Report                                                                                            |                                 |                                      |
| 11. | Monsanto Company Elevated Concentrations of Sulfate Diagram contained in Hughto Expert Report                                                                                   |                                 |                                      |
| 12. | Monsanto Company Elevated Concentrations of Sulfur Diagram contained in Hughto Expert Report                                                                                    |                                 |                                      |
| 13. | Monsanto Company Elevated Concentrations of EP Soluble Lead Diagram contained in Hughto Expert Report                                                                           |                                 |                                      |
| 14. | Monsanto Company Elevated Concentrations of Aluminum and Iron Diagram contained in Hughto Expert Report                                                                         |                                 |                                      |
| 15. | Historic Site Contamination Quantified Prior to 2000 Diagram contained in Hughto Expert Report                                                                                  |                                 |                                      |
| 16. | Aerial Photograph of Site contained in Hughto Expert Report                                                                                                                     |                                 |                                      |
| 17. | Outline of MCP Process contained in Hughto Expert Report                                                                                                                        |                                 |                                      |
| 18. | Site Plan with Rizzo Associates Sampling Locations contained in Hughto Expert Report                                                                                            |                                 |                                      |
| 19. | Monsanto Co. Memorandum contained in Hughto Expert Report                                                                                                                       |                                 |                                      |
| 20. | Letter from M. James Feeney (Monsanto Co.) to J.W. Cox (Boston Edison Co.) regarding Proposed Property Sale to Boston Edison Co., dated January 22, 1982, contained in Hughto Expert Report |                                 |                                      |
| 21. | Site Plan-UCL Soil Exceedance Areas Diagram contained in Hughto Expert Report                                                                                                   |                                 |                                      |
| 22. | Site Plan-UCL Soil and RCS-1 Exceedance Areas Diagram contained in Hughto Expert Report                                                                                         | Undisclosed Expert Opinion      | See Sections I, II and III above.    |
| 23. | Area of Low pH Groundwater Diagram contained in Hughto Expert Report                                                                                                            |                                 |                                      |
| 24. | Site Plan with Locations of Section Lines Diagram contained in Hughto Expert Report                                                                                             | Undisclosed Expert Opinion      | See Sections I, II and III above.    |
| 25. | Geologic Cross-Sections A-A, B-B Diagram contained in Hughto Expert Report                                                                                                      | Undisclosed Expert Opinion      | See Sections I, II and III above.    |
| 26. | Geologic Cross-Sections A-A, B-B with Contaminated Interval Diagram contained in Hughto Expert Report                                                                           | Undisclosed Expert Opinion      | See Sections I, II and III above.    |
| 27. | Woodard & Curran Aerial Photograph with Soil Sample                                                                                                                             |                                 |                                      |

#574818 v1                                                                                   8

|     |                                                                                                                                    |                                                                       |                                                                              |
| --- | ---------------------------------------------------------------------------------------------------------------------------------- | --------------------------------------------------------------------- | ---------------------------------------------------------------------------- |
|     | Locations contained in Hughto Expert Report                                                                                        |                                                                       |                                                                              |
| 28. | Woodard & Curran Aerial Photograph with Tunnel Muck Thickness contained in Hughto Expert Report                                    | Undisclosed Expert Opinion                                            | See Sections I and II above.                                                 |
| 29. | Woodard & Curran Aerial Photograph with Tunnel Muck Thickness (with chart) contained in Hughto Expert Report                       | Undisclosed Expert Opinion                                            | See Sections I and II above.                                                 |
| 30. | Table 2: Summary of Primary Soil and Groundwater Contaminants and Their Sources contained in Hughto Expert Report                  | Hearsay                                                               | See Sections I and II above; summary of complex data.                        |
| 31. | Location of Waste Disposal and Observed Contamination Diagram contained in Hughto Expert Report                                    |                                                                       |                                                                              |
| 32. | Site Plan with Rizzo Associates Sampling Locations Diagram contained in Hughto Expert Report                                       | Undisclosed Expert Opinion                                            | See Sections I, II and III above.                                            |
| 33. | Mystic River Sediment Sample Locations by: Menzie Cura & Assoc. contained in Hughto Expert Report                                  | Undisclosed Expert Opinion                                            | See Section II above.                                                        |
| 34. | Site Plan: Metals Impacted Groundwater Diagram contained in Hughto Expert Report                                                   | Undisclosed Expert Opinion                                            | See Section II above.                                                        |
| 35. | Draft AUL Language-Mystic Landing Site contained in Hughto Expert Report                                                           | Hearsay, Undisclosed Expert Opinion, Relevance                        | See Sections I and II above.                                                 |
| 36. | Table 3: Summary of Estimated Remediation Costs contained in Hughto Expert Report                                                  | Hearsay, Relevance                                                    | See Sections I and II above; summary of complex data.                        |
| 37. | Summary of Estimated Remediation Costs Using Data Available Through December 2005 Table to supplement Hughto Expert Report         | Hearsay, Undisclosed Expert Opinion, Relevance                        | See Sections I and II above; summary of complex data.                        |
| 38. | Estimated Cost for Soil Disposal During Construction Chart to supplement Hughto Expert Report                                      | Hearsay, Undisclosed Expert Opinion, Relevance                        | See Sections I and II above; summary of complex data.                        |
| 39. | Summary of Contamination Conditions Requiring Remediation Table to supplement Hughto Expert Report                                 | Undisclosed Expert Opinion                                            | See Sections I and II above.                                                 |
| 40. | Table 1: Soil Analytical Data-Mystic River (SED Sample) to supplement Hughto Expert Report                                         | Undisclosed Expert Opinion                                            | See Sections I and II above.                                                 |

| | | | |
|---|---|---|---|
| 41. | Table 1: Soil Analytical Data (mg/kg) (CES Sample) to supplement Hughto Expert Report | Undisclosed Expert Opinion | See Sections I and II above. |
| 42. | Table 1: Groundwater Analytical Data to supplement Hughto Expert Report | Undisclosed Expert Opinion | See Sections I and II above. |
| 43. | Table 2: Lims 93815 Soil Analytical Data to supplement Hughto Expert Report | Undisclosed Expert Opinion | See Sections I and II above. |
| 44. | Table 3: Groundwater Analytical Data, dated December 2005 to supplement Hughto Expert Report | Undisclosed Expert Opinion | See Sections I and II above. |
| 45. | Con-Test Analytical Laboratory-Analytical Summary Report, dated December 15, 2005 to supplement Hughto Expert Report | Undisclosed Expert Opinion | See Sections I and II above. |
| 46. | Con-Test Analytical Laboratory-Analytical Summary Report, dated December 15, 2005 to supplement Hughto Expert Report | Undisclosed Expert Opinion | See Sections I and II above. |
| 47. | Con-Test Analytical Laboratory-Analytical Summary Report, dated December 19, 2005 to supplement Hughto Expert Report | Undisclosed Expert Opinion | See Sections I and II above. |
| 48. | Con-Test Analytical Laboratory-Analytical Summary Report, dated December 22, 2005 to supplement Hughto Expert Report | Undisclosed Expert Opinion | See Sections I and II above. |
| 49. | Con-Test Analytical Laboratory-Analytical Summary Report, dated December 27, 2005 to supplement Hughto Expert Report | Undisclosed Expert Opinion | See Sections I and II above. |
| 50. | Alpha Analytical Laboratories Certificate of Analysis (Laboratory Job #L0515324)-Reported on December 22, 2005 to supplement Hughto Expert Report | Undisclosed Expert Opinion | See Sections I and II above. |
| 51. | Alpha Analytical Laboratories Certificate of Analysis (Laboratory Job #L0515482)-Reported on December 23, 2005 to supplement Hughto Expert Report | Undisclosed Expert Opinion | See Sections I and II above. |
| 52. | SUMMARY CHART, showing 1) these particular hazardous materials, 2) their CAS Numbers, 3) each environmental study, from 1980 to 2001, in which the contamination was found, and 4) whether the contaminants were discovered in groundwater, soil or both on the Site prepared by Richard J. Hughto | Hearsay | See Sections I and II above; summary of complex data. |
| 53. | Rizzo Associates, Environmental Studies Phase II: Field Investigation Report, dated June 19, 2001 | | |
| 54. | Rizzo Associates, Environmental Studies Limited Subsurface Investigation Report, dated August 10, 2001 | | |
| 55. | Laboratory Report prepared by Spectrum Analytical, Inc., dated June 7, 2005 | | |
| 56. | Laboratory Report prepared by Spectrum Analytical, | | |

| | | | |
|---|---|---|---|
| | Inc., dated June 10, 2005 | | |
| 57. | Laboratory Report prepared by Spectrum Analytical, Inc., dated June 16, 2005 | | |
| 58. | Analytical Results prepared by ProScience Analytical Services, Inc., dated June 22, 2005 | | |
| 59. | Analytical Results prepared by ProScience Analytical Services, Inc., dated July 19, 2005 | | |
| 60. | Letter from F.M. Lee (Boston Edison Co.) to Richard Chalpin (MA Dept. of Environ. Quality Engineering) regarding Monsanto Site, dated October 17, 1985 | Incomplete | The Parties have agreed as to the submission of complete documents. |
| 61. | Monsanto Co. Plan entitled "Closed Disposal Areas." (EVE 1615691) | | |
| 62. | Letter from Gerald Petros, Esq. to Mr. Fred Hassan, Richard T. Collier, Esq. and Adam P. Kahn, Esq., dated August 27, 2001 | | |
| 63. | Preliminary Assessment-Waterfront Development Everett and Boston, Massachusetts prepared by Environmental Science and Services, Inc., dated April 12, 2002 | | |
| 64. | Monsanto Co. Memorandum from P.B. Hodges, B.W. Eley and A.F. Pier to F.J. Holzapfel regarding Environmental Assessment Sale of 34 Acres-Everett Plant, dated October 24, 1973 | | |
| 65. | Monsanto Co. Memorandum from J.H. Waldbeser to R.G. Cooper regarding Sale of Everett Property to Boston Edison with Attachment of Draft Summary of Site History and Environmental Status, Sale of Everett Plant, East Side Property, dated November 19, 1981 | | |
| 66. | From Irving A. Newcomer to R.E. Cummings regarding Everett Plant, East Side Assessment, dated June 3, 1980 | | |
| 67. | Monsanto Company 2004 Annual Report | Hearsay, Relevance | Business records, relevant as to corporate identity and Pharmacia as corporate successor. |
| 68. | Quitclaim Deed from Monsanto Co. to Boston Edison Co., dated June 20, 1983 | | |
| 69. | Quitclaim Deed from Boston Edison Co. to O'Donnell Sand & Gravel, Inc., dated March 6, 1995 | | |
| 70. | Quitclaim Deed from O'Donnell Sand & Gravel, Inc. to Mary O'Donnell, dated September 25, 1995 | | |
| 71. | Quitclaim Deed from Mary O'Donnell to Mystic Landing, LLC, dated June 21, 2001 | | |

| | | | |
|---|---|---|---|
| 72. | Option Agreement between Mary O'Donnell and Modern Continental Construction Co., Inc./Obayashi, a Joint Venture, dated May 1, 1996 | | |
| 73. | First Amendment to the Option Agreement between Mary O'Donnell and Modern Continental Construction Co., Inc./Obayashi, a Joint Venture, dated March 17, 1999 | | |
| 74. | Notice of Option Agreement between Mary O'Donnell and Modern Continental Construction Co., Inc./Obayashi, a Joint Venture, dated March 17, 1999 | | |
| 75. | Subcontract Agreement between Modern Continental Construction Co., Inc./Obayashi, a Joint Venture and Mary O'Donnell Construction Co., Inc., dated April 5, 1996 | | |
| 76. | Amendment to Subcontract Agreement between Modern Continental Construction Co., Inc./Obayashi, a Joint Venture and Mary O'Donnell Construction Co., Inc., dated March 17, 1999 | | |
| 77. | Commercial Lease from Mary O'Donnell to Mary O'Donnell Construction Co., Inc., dated May 1, 1996 | | |
| 78. | Assignment and Assumption of Rights and Obligations Agreement between Modern Continental Co., Inc./Obayashi, a Joint Venture and Mystic Landing, LLC, dated June 19, 2001 | | |
| 79. | Assignment of Notice of Option Agreement between Mary O'Donnell and Modern Continental Co., Inc./Obayashi, a Joint Venture, dated June 21, 2001 | | |
| 80. | Rizzo Associates Invoice No. 51647 for $4,072.11, dated March 26, 2001 | Undisclosed, Relevance | See Section III above. |
| 81. | Rizzo Associates Invoice No. 52031 for $29,935.14, dated April 26, 2001 | Undisclosed, Relevance | See Section III above. |
| 82. | Rizzo Associates Invoice No. 52330 for $16,106.44, dated May 21, 2001 | Undisclosed, Relevance | See Section III above. |
| 83. | Rizzo Associates Invoice No. 52909 for $26,372.51, dated June 29, 2001 | Undisclosed, Relevance | See Section III above. |
| 84. | Rizzo Associates Invoice No. 53376 for $8,793.48, dated August 15, 2001 | Undisclosed, Relevance | See Section III above. |
| 85. | Rizzo Associates Invoice No. 53836 for $769.93, dated November 14, 2001 | Undisclosed, Relevance | See Section III above. |
| 86. | Rizzo Associates Invoice No. 54480 for $511.24, dated September 20, 2001 | Undisclosed, Relevance | See Section III above. |
| 87. | Rizzo Associates Invoice No. 55233 for $691.85, dated January 15, 2002 | Undisclosed, Relevance | See Section III above. |
| 88. | Rizzo Associates Invoice No. 55762 for $3,393.85, dated February 14, 2002 | Undisclosed, Relevance | See Section III above. |
| 89. | Rizzo Associates Invoice No. 56170 for $1,773.23, dated | Undisclosed | See Section III |

|  |  |  |  |
|---|---|---|---|
|  | March 21, 2002 | , Relevance | above. |
| 90. | Rizzo Associates Invoice No. 56915 for $2,067.73, dated May 15, 2002 | Undisclosed, Relevance | See Section III above. |
| 91. | Rizzo Associates Invoice No. 57454 for $4,684.61, dated June 21, 2002 | Undisclosed, Relevance | See Section III above. |
| 92. | Rizzo Associates Invoice No. 580381 for $318.32, dated August 13, 2002 | Undisclosed, Relevance | See Section III above. |
| 93. | Rizzo Associates Invoice No. 580920 for $309.00, dated September 23, 2002 | Undisclosed, Relevance | See Section III above. |
| 94. | Rizzo Associates Invoice No. 581166 for $1,910.66, dated October 16, 2002 | Undisclosed, Relevance | See Section III above. |
| 95. | Rizzo Associates Invoice No. 581594 for $206.00, dated November 13, 2002 | Undisclosed, Relevance | See Section III above. |
| 96. | Rizzo Associates Invoice No. 581957 for $2,935.50, dated December 18, 2002 | Undisclosed, Relevance | See Section III above. |
| 97. | Rizzo Associates Invoice No. 583972 for $1,828,25, dated June 21, 2003 | Undisclosed, Relevance | See Section III above. |
| 98. | Rizzo Associates Invoice No. 584591 for $2,266.00, dated August 13, 2003 | Undisclosed, Relevance | See Section III above. |
| 99. | Rizzo Associates Invoice No. 588929 for $2,382.69, dated September 28, 2004 | Undisclosed, Relevance | See Section III above. |
| 100. | Rizzo Associates Invoice No. 589369 for $7,147.52, dated November 1, 2004 | Undisclosed, Relevance | See Section III above. |
| 101. | Rizzo Associates Invoice No. 50001074 for $3,551.63, dated December 31, 2004 | Undisclosed, Relevance | See Section III above. |
| 102. | Rizzo Associates Invoice No. 50002590 for $1,545.00, dated January 28, 2005 | Undisclosed, Relevance | See Section III above. |
| 103. | Rizzo Associates Invoice No. 50003170 for $352.19, dated February 27, 2005 | Undisclosed, Relevance | See Section III above. |
| 104. | Rizzo Associates Invoice No. 50005077 for $1,211.06, dated April 29, 2005 | Undisclosed, Relevance | See Section III above. |
| 105. | Rizzo Associates Invoice No. 50008870 for $29,834.05, dated July 15, 2005 | Undisclosed, Relevance | See Section III above. |
| 106. | Rizzo Associates Invoice No. 50011802 for $2,411.59, dated September 9, 2005 | Undisclosed, Relevance | See Section III above. |
| 107. | Rizzo Associates Invoice No. 50016260 for $26,065.21, dated November 15, 2005 | Undisclosed, Relevance | See Section III above. |
| 108. | Rizzo Associates Invoice No. 50017106 for $2,868.18, dated November 27, 2005 | Undisclosed, Relevance | See Section III above. |
| 109. | Expert Report of David P. Bouchard, MAI, Steven R. Foster, MAI, Lincoln Property Company ("Bouchard Expert Report"), dated September 12, 2005 | Hearsay, Relevance, Incomplete | See Sections I and II above.<br><br>The Parties have agreed as to the submission of complete |

| | | | documents. |
|---|---|---|---|
| 110. | Photograph of View Southerly Along Alford Street (Route 99) contained in Bouchard Expert Report | | |
| 111. | Photograph of View Northerly Along Broadway (Route 99) contained in Bouchard Expert Report | | |
| 112. | Photograph of View of Horizon Way from Route 99 contained in Bouchard Expert Report | | |
| 113. | Photograph of View Along Horizon Way Towards Route 99 contained in Bouchard Expert Report | | |
| 114. | Photograph of View Southerly Across the Site contained in Bouchard Expert Report | | |
| 115. | Photograph of View Northerly Across the Site contained in Bouchard Expert Report | | |
| 116. | Photograph of View Northerly Across the Site II contained in Bouchard Expert Report | | |
| 117. | Photograph of View Southerly Across the Site II contained in Bouchard Expert Report | | |
| 118. | Photograph of View Along the Back Boundary, Railroad Retail Development contained in Bouchard Expert Report | | |
| 119. | Photograph of View Westerly Along the Mystic River contained in Bouchard Expert Report | | |
| 120. | Photograph of View Southerly Across Mystic River contained in Bouchard Expert Report | | |
| 121. | Photograph of View Southerly Towards the Power Plant contained in Bouchard Expert Report | | |
| 122. | Photograph of View Along the Waterfront contained in Bouchard Expert Report | | |
| 123. | Photograph of View Along the Waterfront II contained in Bouchard Expert Report | | |
| 124. | Photograph of View of the Property from Across the Mystic River contained in Bouchard Expert Report | | |
| 125. | Photograph of View Easterly Along the Mystic River contained in Bouchard Expert Report | | |
| 126. | Site Constraints Plan, Drawing No. 2 prepared by Environmental Science Services, Inc., dated April 11, 2002 contained in Bouchard Expert Report | | |
| 127. | Emerging Trend: Transforming Buildings from Office to Residential Chart contained in Bouchard Expert Report | Hearsay, Relevance | See Sections I and II above. |
| 128. | Expert Report of Crosby/Schlessinger/Smallridge, LLC ("CSS Expert Report"), dated September 12, 2005 | Hearsay, Relevance | See Sections I and II above. |
| 129. | New Development-Option 1 Diagram contained in CSS Expert Report | Relevance | See Section III above; relevant as to reasonable, necessary and appropriate |

#574818 v1                                              14

| | | | |
|---|---|---|---|
| | | | remediation efforts and costs (Not presented as evidence of damages) |
| 130. | New Development-Option 2 Diagram contained in CSS Expert Report | Relevance | See Section III above; relevant as to reasonable, necessary and appropriate remediation efforts and costs (Not presented as evidence of damages) |
| 131. | New Development-Option 3 Diagram contained in CSS Expert Report | Relevance | See Section III above; relevant as to reasonable, necessary and appropriate remediation efforts and costs (Not presented as evidence of damages) |
| 132. | New Development-Option 4 Diagram contained in CSS Expert Report | Relevance | See Section III above; relevant as to reasonable, necessary and appropriate remediation efforts and costs (Not presented as evidence of damages) |
| 133. | New Development-Option 5 Diagram contained in CSS Expert Report | Relevance | See Section III above; relevant as to reasonable, necessary and appropriate remediation efforts and costs (Not presented as evidence of damages) |
| 134. | New Development-Option 6 Diagram contained in CSS | Relevance | See Section III |

|  | | | |
|---|---|---|---|
|  | Expert Report |  | above; relevant as to reasonable, necessary and appropriate remediation efforts and costs (Not presented as evidence of damages) |
| 135. | New Development-Option 7 Diagram contained in CSS Expert Report | Relevance | See Section III above; relevant as to reasonable, necessary and appropriate remediation efforts and costs (Not presented as evidence of damages) |
| 136. | Deposition Transcript of Gerald Rinaldi ("Rinaldi Deposition"), dated September 8, 2005 |  |  |
| 137. | Notice of Deposition to Pharmacia Corp. pursuant to Fed. R. Civ. P. 30(b)(6), dated April 20, 2005 (Rinaldi Deposition Exhibit 1) |  |  |
| 138. | Monsanto Co. Memorandum from R.E. Cummings to R.S. Nelson and F.J. Holzapfel, dated July 21, 1980 (Rinaldi Deposition Exhibit 3) |  |  |
| 139. | Internal Monsanto Co. Memorandum from J.H. Waldbeser to R.E. Cummings, dated August 4, 1980 (Rinaldi Deposition Exhibit 4) |  |  |
| 140. | Dames & Moore, Hydrogeologic Survey, dated January 8, 1980 (Rinaldi Deposition Exhibit 5) | Incomplete | The Parties have agreed as to the submission of complete documents. |
| 141. | Letter from Barry J. Vroginday and Charles A. Rich (Dames & Moore) Monsanto Industrial Co. regarding Report, Hydrogeological Services, dated December 23, 1980 (Rinaldi Deposition Exhibit 6) |  |  |
| 142. | Dames & Moore Report-Hydrogeologic Survey for the Eastern Property of Monsanto Industrial Chemicals Report, dated February 12, 1982 (Rinaldi Deposition Exhibit 7) |  |  |
| 143. | Letter from M. James Feeney (Monsanto Co.) to J.W. Cox (Boston Edison Co.) regarding proposed Property Sale to Boston Edison Co., dated January 22, 1982 |  |  |

|  |  |  |  |
|---|---|---|---|
|  | (Rinaldi Deposition Exhibit 8) |  |  |
| 144. | Perkins Jordan Report "Site Contamination and Liability Audit on Monsanto Property," dated July 14, 1982 (Rinaldi Deposition Exhibit 9) |  |  |
| 145. | Letter from Consulting Richard R. DeBenedictis and Bennett Edgar (Engineers & Scientists, Inc.) to Ms. Lilla Dick (MA Dept. of Environ. Protection), dated March 27, 1996 (Rinaldi Deposition Exhibit 10) |  |  |
| 146. | Phase I: Initial Site Investigation Report, Alford, MA prepared by Consulting Engineers & Scientists, Inc., dated January 15, 1997 (Rinaldi Deposition Exhibit 11) |  |  |
| 147. | Letter from Adam P. Kahn, Esq. To Doreen M. Zankowski, Esq. enclosing Woodward & Curran laboratory sampling results, dated October 13, 2004 (Rinaldi Deposition Exhibit 12) |  |  |
| 148. | Exploration Location Plan prepared by GZA GeoEnvironmental, Inc., dated April 8, 1994 (Rinaldi Deposition Exhibit 13) |  |  |
| 149. | Initial Site Evaluation Table (Rinaldi Deposition Exhibit 14) |  |  |
| 150. | Index of Documents prepared by Monsanto (Rinaldi Deposition Exhibit 15) |  |  |
| 151. | Inventory of Hazardous Materials prepared by Monsanto (Rinaldi Deposition Exhibit 16) |  |  |
| 152. | Industrial Hygiene Materials List prepared by Monsanto (Rinaldi Deposition Exhibit 17) |  |  |
| 153. | Monsanto Co. Drawing of Site, dated November 26, 1965 (Rinaldi Deposition Exhibit 18) |  |  |
| 154. | Monsanto Co. Memorandum from R.J. Cushing to Henry Gott regarding Building Identification, dated January 18, 1989 (Rinaldi Deposition Exhibit 19) |  |  |
| 155. | Plant Layout Map, dated November 3, 1977 (Rinaldi Deposition Exhibit 20) |  |  |
| 156. | Material and Waste Handling from Discussions with Employees prepared by GZA GeoEnvironmental, Inc., dated July 1992 (Rinaldi Deposition Exhibit 21) |  |  |
| 157. | Press Release No. 1: "The Everett Plant" to Monsanto Magazine, dated December 13, 1971 (Rinaldi Deposition Exhibit 22) |  |  |
| 158. | Electronic Communication from E.S. Brimer to M.W. Hoots regarding Everett Site Meeting, dated July 6, 1992 (Rinaldi Deposition Exhibit 23) |  |  |
| 159. | Response Action Outcome Statement for Monsanto Everett Site, Mystic View, Wells 5 and Tidal Flats Subareas Prepared by O'Reilly, Talbot & Okun Associates, dated July 1997 (Rinaldi Deposition Exhibit |  |  |

| | | | |
|---|---|---|---|
| | 24) | | |
| 160. | Response Action Outcome Statement for Monsanto Everett Site, Fund Land Area Prepared by O'Reilly, Talbot & Okun Associates, dated July 1997 (Rinaldi Deposition Exhibit 25) | | |
| 161. | Response Action Outcome Statement for Monsanto Everett Site, Plasticizer Subarea Prepared by O'Reilly, Talbot & Okun Associates, dated July 1997 (Rinaldi Deposition Exhibit 26) | | |
| 162. | Everett Plant History Chronology (Rinaldi Deposition Exhibit 27) | | |
| 163. | GZA Phase II-Comprehensive Site Assessment Report, dated July 1994 (Rinaldi Deposition Exhibit 28) | | |
| 164. | Monsanto Detailed Process Descriptions-Alcohol (1950) (Rinaldi Deposition Exhibit 29(a)) | | |
| 165. | Monsanto Detailed Process Descriptions-Commercial Aluminum (1950) (Rinaldi Deposition Exhibit 29(b)) | | |
| 166. | Monsanto Detailed Process Descriptions-Muriatic Acid, Bisulfate and Carbonizer (1950) (Rinaldi Deposition Exhibit 29(c)) | | |
| 167. | Monsanto Detailed Process Descriptions-Nitric Acid (1950) (Rinaldi Deposition Exhibit 29(d)) | | |
| 168. | Monsanto Detailed Process Descriptions-Sodium Metabisulfite (1950) (Rinaldi Deposition Exhibit 29(e)) | | |
| 169. | Monsanto Detailed Process Descriptions-Sulfuric Acid Department (1950) (Rinaldi Deposition Exhibit 29(f)) | | |
| 170. | Letter from Richard J. Chalpin (Massachusetts Dept. of Environ. Quality Engineering) to Francis M. Lee (Boston Edison Co.), dated June 26, 1985 (Rinaldi Deposition Exhibit 30) | | |
| 171. | Handwritten Note with Attachment of February 22, 1996 Letter from Kingsley Nai (MA Dept. of Environ. Protection) to Mary O'Donnell, dated March 4, 1996 (Rinaldi Deposition Exhibit 31) | | |
| 172. | Monsanto Co. Memorandum from R.J. Cushing to various Monsanto employees regarding Procedure E-124 Update, dated September 28, 1988 (Rinaldi Deposition Exhibit 32) | | |
| 173. | Monsanto Co. Internal Document from W.L. Merman regarding Hazardous Spill Prevention and Clean-Up Plan, dated April 3, 1972 (reissued on July 10, 1974 and revised on January 2, 1975) (Rinaldi Deposition Exhibit 33) | | |
| 174. | Letter from John W Duggan and Richard J. Chalpin (MA Dept. of Environ. Quality) to Richard J. Cushing | | |

| # | Description | | |
|---|---|---|---|
| | (Monsanto Co.) regarding Scheduling of Remedial Measures at Monsanto Everett Facility, dated May 4, 1989 (Rinaldi Deposition Exhibit 34) | | |
| 175. | Monsanto Co. Memorandum from J.P. Dushney to R.T. Allen regarding Site Assessment-Non-Monsanto Owned Land, dated May 13, 1986 (Rinaldi Deposition Exhibit 35) | | |
| 176. | Handwritten Note containing Attachment of Memorandum from David Chapman to Richard J. Chalpin (MA Dept. of Environ. Quality Engineering), dated July 29, 1995 (Rinaldi Deposition Exhibit 36) | | |
| 177. | Deposition Transcript of Michael DeCamp, ("DeCamp Deposition"), dated September 9, 2005 | | |
| 178. | Notice of Deposition to Monsanto Co. pursuant to Fed. R. Civ. P. 30(b)(6), dated April 20, 2005 (DeCamp Deposition Exhibit 1) | | |
| 179. | Appendix A-"Information Regarding Our Formation"- contained in Monsanto Company's Proxy Statement (DeCamp Deposition Exhibit 2) | | |
| 180. | Distribution Agreement between Monsanto Company and Solutia, Inc., dated September 1, 1997 (DeCamp Deposition Exhibit 3) | | |
| 181. | Execution Copy-Amendment to Distribution Agreement between Monsanto Company and Solutia, Inc., dated July 1, 2002 (DeCamp Deposition Exhibit 4) | | |
| 182. | Separation Agreement between Pharmacia Corporation and Monsanto Co., dated September 1, 2000 (DeCamp Deposition Exhibit 5) | | |
| 183. | Execution Copy-First Amendment to Separation Agreement between Pharmacia Corporation and Monsanto Co., dated July 1, 2002 (DeCamp Deposition Exhibit 6) | | |
| 184. | Expert Report of Donald P. Bouchard, MAI, Steven R. Foster, MAI, Lincoln Property Company, dated September 15, 2005 ("Bouchard Rebuttal Report") | | |
| 185. | Rebuttal Expert Report of Richard J. Hughto, Ph.D., P.E., LSP, dated September 19, 2005 ("Hughto Rebuttal Report") | | |
| 186. | Surface Water Quality Data, dated December 13, 2005 to supplement Hughto Expert Report | | |

Respectfully submitted,

MYSTIC LANDING, LLC AND MODERN CONTINENTAL CONSTRUCTION CO., INC.

By its attorneys:

/s/ Doreen M. Zankowski
_____
Robert G. Flanders (BBO #170820)
Doreen M. Zankowski (BBO #558381)
Jeremy Blackowicz (BBO #645950)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109-1775
(617) 345-9000

DATED: March 21, 2006

## CERTIFICATE OF SERVICE

I, Doreen M. Zankowski, hereby certify that on this 21st day of March, 2006, I served a true and accurate copy of the foregoing document by first class mail to:

John M. Stevens, Esq.
Adam P. Kahn, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts 02210

Mark S. Granger, Esq.
Douglas B. Otto, Esq.
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210

Howard G. Guggenheim
P.O. Box 736
Scituate, MA 02066

/s/ Doreen M. Zankowski
_____
Doreen M. Zankowski