UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MYSTIC LANDING, LLC, <br> Plaintiff, <br><br> v. <br><br> PHARMACIA CORPORATION, <br> Defendant. <br><br> PHARMACIA CORPORATION, <br> Third-Party Plaintiff, <br><br> v. <br><br> MODERN CONTINENTAL CONSTRUCTION CO., INC., <br> Third-Party Defendant. <br><br> PHARMACIA CORPORATION, <br> Third-Party Plaintiff, <br><br> v. <br><br> BOSTON EDISON COMPANY, <br> Third-Party Defendant. <br><br> v. <br><br> BOSTON EDISON COMPANY, <br> Fourth-Party Plaintiff, <br><br> v. <br><br> O'DONNELL SAND & GRAVEL, INC. And MARY O'DONNELL, <br>   Fourth-Party Defendants. | **CIVIL ACTION NO.** <br> **04-10180 NMG** |

**PLAINTIFF, MYSTIC LANDING, LLC'S MOTION FOR TIME WITHIN WHICH TO FILE ITS APPLICATION FOR ATTORNEYS' FEES AND COSTS**

Now comes Plaintiff Mystic Landing, LLC ("Mystic") and hereby requests time within which to submit its Application for Attorneys' Fees under M.G.L. c. 21E, §§ 4A and 15. Mystic seeks up to and including June 30, 2006 within which to file its Application.

Plaintiff Mystic prevailed at trial of this matter, with the Court finding Defendant Pharmacia Corporation ("Pharmacia") liable for 90% of past response costs and liable for future remediation costs on a sliding scale, up to 90% of future response costs. Under chapter 21E's clear statutory mandate:

> "the Court shall award the plaintiff its litigation costs and reasonable attorneys' fees if the plaintiff shows, and the court finds, that the person against whom the civil action is brought is liable and:
> (1) failed without reasonable basis to make a timely response to a notification pursuant to this section, or
> (2) did not participate in negotiations or dispute resolution in good faith, or
> (3) failed without reasonable basis to enter into or carry out an agreement to perform or participate in the performance of the response action on an equitable basis or pay its equitable share of the costs of such response action or of other liability pursuant to the provisions of this chapter, where its liability was reasonably clear…"

M.G.L. c. 21E, § 4A(d).

Although Mystic is entitled to an award of attorneys' fees as part of the c. 21E statutory damages structure and would have been prepared to prove same at trial of the matter and in accordance with Fed.R.Civ.P. 54(d)(2)(A), the parties stipulated and the Court agreed to reserve such matters to post-trial proceedings. As it is part of the statutory damages structure, Fed.R.Civ.P. 54(d)(2)(B) is inapplicable; however, Mystic seeks an order from the Court establishing such special procedures as it deems advisable pursuant to a briefing schedule, and time within which to submit evidentiary materials and argument in support of its attorneys' fees claim under M.G.L. c. 21E.

Due to the complexity of the matter, with a history of negotiations under the §4A process dating back to 2001 and a voluminous time entry and task-tracking system for billing purposes with respect to the attorneys' fees and costs incurred by Mystic in connection with this matter, Plaintiff also requests nine days to fully prepare the necessary materials for the Court to make a proper determination of Mystic's application for the award of damages.

Defendant will not be prejudiced by such provision of time by the Court, as the requested time expires prior to the Defendant's appeal period and further that counsel for Pharmacia Corp., Adam Kahn, has indicated to Plaintiff's counsel, Doreen M. Zankowski, that as of this date, without waiving its right to same, Pharmacia presently does not intend to pursue an appeal of the June 5, 2006 Memorandum and Order. To the extent this Court deems it equitable and prudent, Mystic would not oppose an extension of time within which Pharmacia may seek an appeal of the June 5, 2006 Memorandum and Order pending the briefing of the issue of attorney's fees and costs under the statutory damages of M.G.L. c. 21E, to permit the Defendant to review and assess Plaintiff's Application prior to making its decision on whether to appeal this Court's decision.

WHEREFORE, Mystic respectfully requests that this Court grant its request for time up to and including June 30, 2006, within which to submit its materials in connection with the attorneys' fees and costs awardable by the Court under the mandate of M.G.L. c. 21E.

Respectfully submitted,

**MYSTIC LANDING, LLC and
MODERN CONTINENTAL CONSTRUCTION
CO., INC.**

By its attorneys:

/s/ Doreen M. Zankowski
Robert G. Flanders, Jr. (BBO #170820)
Doreen M. Zankowski (BBO #558381)
Jeremy Blackowicz (BBO #650945)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109-1775
(617) 345-9000

DATED: June 21, 2006

## **CERTIFICATE OF SERVICE**

I, Doreen M. Zankowski, hereby certify that on this 21st day of June 2006, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

John M. Stevens, Esq.
Adam P. Kahn, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts 02210

Mark S. Granger, Esq.
Douglas B. Otto, Esq.
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210

Howard G. Guggenheim
P.O. Box 736
Scituate, MA 02066

/s/ Doreen M. Zankowski

## CERTIFICATION OF CONFERRAL AND ASSENT

Counsel for Plaintiff has conferred with counsel for the Defendant, Adam Kahn, and, as of the time of filing has neither indicated assent nor an intent to object.

/s/ Doreen M. Zankowski

#589254