UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MYSTIC LANDING, LLC,<br>Plaintiff,<br><br>v.<br><br>PHARMACIA CORPORATION,<br>Defendant.<br><br>PHARMACIA CORPORATION,<br>Third-Party Plaintiff,<br><br>v.<br><br>MODERN CONTINENTAL CONSTRUCTION<br>CO., INC.,<br>Third-Party Defendant. | |
| PHARMACIA CORPORATION,<br>Third-Party Plaintiff,<br><br>v.<br><br>BOSTON EDISON COMPANY,<br>Third-Party Defendant.<br><br>v.<br><br>BOSTON EDISON COMPANY,<br>Fourth-Party Plaintiff,<br><br>v.<br><br>O'DONNELL SAND & GRAVEL, INC.<br>And MARY O'DONNELL,<br>    Fourth-Party Defendants. | **CIVIL ACTION NO.<br>04-10180 NMG** |

**PLAINTIFF MYSTIC LANDING, LLC'S APPLICATION FOR
ATTORNEYS' FEES AND COSTS**

Now comes Plaintiff Mystic Landing, LLC ("Mystic"), pursuant to the statutory authority in M.G.L. c. 21E, §§ 4A(d), 5 and 15, and hereby applies to this Court for an award of its attorneys' fees and costs. Plaintiff Mystic prevailed at trial of this matter, with the Court finding Defendant Pharmacia Corporation ("Pharmacia") liable for 90% of Mystic's past response costs and liable for future remediation costs on a sliding scale that increases Pharmacia's portion and responsibility for funding such efforts as the remediation costs increase, with a maximum liability exposure of 90% of future remediation costs.

Mystic complied with the statutory notification and negotiation process with Pharmacia as required by Section 4A. Pharmacia failed both (1) to participate in resolution of the dispute in good faith, and also, (2) failed to perform or participate in the proposed response action and pay its equitable share of remediation, despite its clear responsibility for same, each of which are independent grounds entitling Mystic to its attorneys' fees and costs. Mystic is further entitled to its attorneys' fees and costs pursuant to M.G.L. c. 21E, § 15, as its success at trial of this matter advanced the interests of chapter 21E.

As a result of Pharmacia's failure and neglect to negotiate in good faith or to acknowledge its clear liability resulting from contamination of the property over the course of its seventy-year chemical operations at the site, Mystic was left with no choice but to seek contribution and reimbursement via a complex, expensive, and time consuming litigation process. Mystic expressly sought its fees and costs in connection with this matter via Count III of its Amended Complaint, filed on or about February 1, 2006. The parties stipulated and the Court agreed to reserve the question of the amount and reasonableness of any award of attorneys' fees and costs to post-trial proceedings.

Mystic submits that, it is entitled to all costs and expert fees incurred, totaling $241,808.33 and reasonable attorneys' fees in the amount of $1,116,099.34. Mystic has reviewed its fees in connection with this matter and has reduced same to what it believes is a reasonable sum, given the nature of the case, the complexity of the work, and the ultimate, successful outcome.

For all the foregoing reasons and as further set forth in the Memorandum of Law and Zankowski Affidavit, filed herewith, Mystic is entitled to recovery of its reasonable attorneys' fees and costs associated with litigating the clear liability of Pharmacia, which resulted, in part, from Pharmacia's lack of good faith negotiation during the Section 4A process.

Respectfully submitted,

**MYSTIC LANDING, LLC and MODERN CONTINENTAL CONSTRUCTION CO., INC.**

By its attorneys:

/s/ Doreen M. Zankowski
Robert G. Flanders, Jr. (BBO #170820)
Doreen M. Zankowski (BBO #558381)
Jeremy Blackowicz (BBO #650945)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109-1775
(617) 345-9000

DATED: June 30, 2006

## CERTIFICATE OF SERVICE

I, Doreen M. Zankowski, hereby certify that on this 30th day of June 2006, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

John M. Stevens, Esq.
Adam P. Kahn, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts  02210

Mark S. Granger, Esq.
Douglas B. Otto, Esq.
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210

Howard G. Guggenheim
P.O. Box 736
Scituate, MA 02066

/s/ Doreen M. Zankowski

#591212                                      4