## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MYSTIC LANDING, LLC,<br>Plaintiff,<br><br>v.<br><br>PHARMACIA CORPORATION,<br>Defendant. | ) ) ) ) ) ) ) ) |
| PHARMACIA CORPORATION,<br>Third-Party Plaintiff,<br><br>v.<br><br>MODERN CONTINENTAL CONSTRUCTION<br>CO., INC.,<br>Third-Party Defendant. | ) ) ) ) ) ) ) ) ) |
| PHARMACIA CORPORATION,<br>Third-Party Plaintiff,<br><br>v.<br><br>BOSTON EDISON COMPANY,<br>Third-Party Defendant.<br><br>v.<br><br>BOSTON EDISON COMPANY,<br>Fourth-Party Plaintiff,<br><br>v.<br><br>O'DONNELL SAND & GRAVEL, INC.<br>And MARY O'DONNELL,<br>      Fourth-Party Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**CIVIL ACTION NO.
04-10180 NMG**

## AFFIDAVIT OF DOREEN M. ZANKOWSKI, ESQ. IN SUPPORT OF PLAINTIFF,
## MYSTIC LANDING, LLC'S APPLICATION FOR ATTORNEYS' FEES AND COSTS

I, Doreen M. Zankowski, Esq. being of age and duly sworn do hereby state as follows:

1.  I am a partner in the law firm of Hinckley, Allen & Snyder LLP ("HAS"), and have been a member in good standing of the bar of the Commonwealth of Massachusetts since 1991.

2.  I represent Plaintiff Mystic Landing, LLC ("Mystic"), and Third-party Defendant Modern Continental Construction Co., Inc. ("Modern"), in the above-captioned matter and make the following representations based upon my personal knowledge thereof.

3.  This affidavit is filed in support of Plaintiff Mystic's Application for Attorneys' Fees and Costs.

4.  I have been involved in this matter and litigation since its inception and was involved throughout the M.G.L. c. 21E, § 4A notification and negotiation process and have first hand knowledge of the matters stated herein and factual assertions in Plaintiff's Memorandum of Law in Support of its Application for Attorneys' Fees and Costs.

5.  Discovery in this case included a review of Pharmacia's documents regarding its chemical operations at the property dating back nearly one hundred years. In connection with the document production, Pharmacia served Mystic with a "Privilege Log" spanning 406 pages, containing 3696 documents and dating back to a March 8, 1911 legal invoice to the Cochran Chemical Co. from its attorneys. Pharmacia's document production occurred in St. Louis, Missouri over the course of April4-7, 2005, in a room containing in excess of 200 boxes of documents which were responsive, in part, to Mystic's *reduced* scope of document request. The purported "index" to the St. Louis documents contained 459 pages listing the contents of folders and boxes; this index was not linked in any discernable fashion to the documents as they were boxed and produced. The production

of such documents occurred in a haphazard fashion consisting of mixed boxes with no organization, rhyme, or reason to the documents contained therein.

6. Pharmacia's initial document production was further supplemented with at least another 40 boxes produced to Mystic in Boston with an accompanying 17 page "Privilege Log" containing 148 withheld documents.

7. Pharmacia took the deposition of both Mystic and Modern Continental Construction pursuant to Rule 30(b)(6), consisting of Deponents Robert Shepard, Peter Grela and Max Marino.

8. I have had direct involvement in the drafting, reviewing and preparation of letters, research, memoranda and pleadings, both by myself and prepared by other attorneys at Hinckley, Allen & Snyder, LLP.

9. In connection with Mystic's Application for Attorneys' Fees and Costs, I have reviewed the billing invoices and detail of services rendered to Mystic.

10. Mystic has incurred attorneys' fees in the total amount of $1,313,058.05 and costs in the amount of $70,587.69.

11. Mystic incurred expert fees and costs in connection with the matter of $28,860.00 for Crosby, Schlessinger Smallridge and $57,917.75 for the services of Lincoln Property Company and expert fees and litigation support costs from Rizzo Associates and Dr. Richard Hughto in the amount $84,442.89 as presented in Mystic's Trial Exhibit 233.

12. In reviewing the billing to Mystic, I have reduced the amount of attorneys' fees requested to the Court to a reasonable amount of $1,116,099.34.

13. Mystic has incurred total reimbursable costs in the amount of $241,808.33.

14. In coming to the reduced, reasonable attorneys' fee amount, I accounted for matters related, but tangential to the litigation and Section 4A process with Pharmacia and reduced the amount of attorneys' fees requested to account for same.

15. In coming to the reduced, reasonable attorneys' fee amount, I accounted for work performed solely on behalf of third-party defendant Modern and reduced the amount of attorneys' fees requested to account for same.

16. In coming to the reduced, reasonable fee amount, I accounted for duplication of effort, wherein materials were subject to multiple reviews or for time involved in the attorneys having to reacquaint themselves with factual matters, issues and law related to the litigation and reduced the amount of attorneys' fees requested to account for same.

17. In coming to the reduced, reasonable fee amount, I accounted for billing and invoicing relating to rescheduling, motions for extensions and circumstances to accommodate counsel's schedule and reduced the amount of attorneys' fees requested to account for same.

18. In coming to the reduced, reasonable fee amount, I accounted for what constituted a reasonable and fair fee for the services performed, accounting for the nature of the services, the skill level required and the ultimate staffing of same with the appropriate person.

19. Mystic submits that it is entitled to attorneys' fees in the amount of $1,116,099.34, which such sum is a fair and reasonable sum, having been reduced in accordance with the applicable case law and guidance from the courts.

20. Attached hereto as Exhibit A is a true and accurate copy of a latter dated May 11, 2001 from Gerald Petros to Mary Cody.

21. Attached hereto as Exhibit B is a true and accurate copy of a letter dated May 29, 2001 from Gerald Petros to Mary Cody.

22. Attached hereto as Exhibit C is a true and accurate copy of a letter dated June 1, 2001 from Brent Gilhousen to Gerald Petros.

23. Attached hereto as Exhibit D is a true and accurate copy of a letter dated June 8, 2001 from Gerald Petros to Brent Gilhousen.

24. Attached hereto as Exhibit E is a true and accurate copy of a letter dated June 27, 2001 from Adam Kahn to Gerald Petros.

25. Attached hereto as Exhibit F is a true and accurate copy of a letter dated August 27, 2001 from Gerald Petros to Adam Kahn, Fred Hassan, and Richard Collier.

26. Attached hereto as Exhibit G is a true and accurate copy of a letter dated October 12, 2001 from Adam Kahn to Gerald Petros.

27. Attached hereto as Exhibit H is a true and accurate copy of a letter dated November 16, 2001 from Doreen Zankowski to Adam Kahn.

28. Attached hereto as Exhibit I is a true and accurate copy of a letter dated November 29, 2001 from Doreen Zankowski to Adam Kahn.

29. Attached hereto as Exhibit J is a true and accurate copy of a letter dated December 6, 2001 from Adam Kahn to Doreen Zankowski.

30. Attached hereto as Exhibit K is a true and accurate copy of a letter dated January 11, 2002 from Doreen Zankowski to Adam Kahn.

31. Attached hereto as Exhibit L is a true and accurate copy of a letter dated January 22, 2002 from Adam Kahn to Doreen Zankowski.

32. Attached hereto as Exhibit M is a true and accurate copy of a letter dated April 8, 2002 from Doreen Zankowski to Adam Kahn.

33. Attached hereto as Exhibit N is a true and accurate copy of a letter dated May 6, 2002 from Adam Kahn to Doreen Zankowski.

34. Attached hereto as Exhibit O is a true and accurate copy of a latter dated May 31, 2002 from Doreen Zankowski to Adam Kahn.

35. Attached hereto as Exhibit P is a true and accurate copy of a letter dated June 12, 2002 from Adam Kahn to Doreen Zankowski.

36. Attached hereto as Exhibit Q is a true and accurate copy of a letter dated August 27, 2002 from Doreen Zankowski to Adam Kahn.

37. Attached hereto as Exhibit R is a true and accurate copy of a letter dated September 12, 2002 from Adam Kahn to Doreen Zankowski.

38. Attached hereto as Exhibit S is a true and accurate copy of a letter dated October 10, 2003 from Doreen Zankowski to Adam Kahn.

39. Attached hereto as Exhibit T is a true and accurate copy of a letter dated October 23, 2003 from Adam Kahn to Doreen Zankowski.

40. Attached hereto as Exhibit U is a true and accurate copy of a letter dated October 24, 2003 from Doreen Zankowski to Adam Kahn.

41. Attached hereto as Exhibit V is a true and accurate copy of a letter dated December 11, 2003 from Adam Kahn to Doreen Zankowski.

42. Attached hereto as Exhibit W is a true and accurate copy of a letter dated December 22, 2003 from Doreen Zankowski to Adam Kahn.

6

**FURTHER YOUR AFFIANT SAYETH NOT.**

**SIGNED UNDER THE PENALTIES OF PERJURY THIS 30th DAY OF June, 2006.**

/s/ Doreen M. Zankowski