UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MYSTIC LANDING, LLC,<br>        Plaintiff,<br>v.<br><br>PHARMACIA CORPORATION, SOLUTIA INC.<br>and MONSANTO COMPANY,<br>        Defendants. | |
| PHARMACIA CORPORATION and<br>MONSANTO COMPANY,<br>        Third-Party Plaintiffs,<br>v.<br><br>MODERN CONTINENTAL CONSTRUCTION<br>CO., INC.,<br>        Third-Party Defendant. | CIVIL ACTION No. 04-10180 NMG |
| PHARMACIA CORPORATION,<br>        Third-Party Plaintiff,<br>v.<br><br>BOSTON EDISON COMPANY,<br>        Third-Party Defendant. | |
| BOSTON EDISON COMPANY,<br>        Fourth-Party Plaintiff,<br>v.<br><br>O'DONNELL SAND & GRAVEL, INC.<br>and MARY O'DONNELL,<br>        Fourth-Party Defendant. | |

**AFFIDAVIT OF ELISABETH M. DELISLE IN SUPPORT OF DEFENDANT PHARMACIA CORPORATION'S OPPOSITION TO MYSTIC LANDING'S APPLICATION FOR ATTORNEYS' FEES AND COSTS**

B3231017.1

I, Elisabeth M. DeLisle, depose and state as follows:

1. I am admitted to the bars of the Supreme Judicial Court of Massachusetts, the United States District Court for the District Court of Massachusetts and the United States Court of Appeals for the First Circuit. I am an associate in the law firm of Foley Hoag LLP and am counsel for Monsanto Company ("Monsanto") and Pharmacia Corporation ("Pharmacia").

2. In my role as counsel for Monsanto and Pharmacia in the above-captioned lawsuit, I am familiar with the documents that were produced to Mystic by Pharmacia in St. Louis, Missouri.

3. Pharmacia produced documents responsive to Mystic's requests in the manner that they were maintained in the ordinary course of business by Solutia Inc. ("Solutia"), the company with custody of the documents. The documents were stored in numbered banker's boxes and were accompanied by a detailed index. Due to the breadth of Mystic's document requests, Pharmacia reviewed more than 200 boxes of documents and determined that it was necessary to produce well over 100 boxes of documents, which were made available in a large room at Monsanto's corporate headquarters. Prior to production the documents were reviewed for responsiveness and privilege, with efforts being made to remove all non-responsive and privileged materials. In certain instances, due to space constraints, boxes of documents were consolidated where the removal of non-responsive and/or privileged items made leaving the documents in their original box unreasonable. This approach was adopted in order to make Mystic's review easier, not more difficult.

4. In my role as counsel for Monsanto in the above-captioned lawsuit, I am familiar with the documents that were produced to Pharmacia by Mystic.

5. Mystic produced documents to Pharmacia on numerous occasions after responses to discovery requests were due and the fact discovery period had closed, including significant documents on the eve of trial. In many such cases Mystic's productions were comprised of documents that had been in existence for a number of years. For example:

- On November 7, 2005, Mystic produced documents which included correspondence dating from 2002 and 2003 relating to the Department of Environmental Protection's investigation of Modern's transport to and storage of contaminated soils at the Property;
- On April 4, 2006, Mystic provided field logs from Rizzo's 2001 sampling activities, which field logs were referenced by Duff Collins in his testimony regarding his opinion that there was and is no "impermeable" barrier on the Property;
- On April 5, 2006, Mystic produced a box of documents that contained, among other things, previously undisclosed documents relating to the 1996 subcontract negotiations between Modern and O'Donnell Construction and documents dating from approximately 2001 regarding Mystic's plans to develop the property and bring claims against Monsanto.

6. In my role as counsel for Monsanto in the above-captioned lawsuit, I am familiar with the documents attached hereto. The parenthetical references indicate the exhibit number of documents that were introduced at trial or identified as an exhibit but withheld from the Court with the Court's agreement because they pertained to settlement discussions.

7. Attached as Exhibit A is a true and accurate copy of a May 5, 2001 e-mail from Chuck Madden to Peter Grela and Max Marino regarding Mystic Landings as produced to Pharmacia by Mystic on April 5, 2006.

8. Attached as Exhibit B is a true and accurate copy of a May 15, 2001 draft letter regarding Preliminary Remedial Cost Estimate from Richard J. Hughto and William C. Phelps to Doreen Zankowski (Ex. D-151).

9. Attached as Exhibit C is a true and accurate copy of a May 22, 2001 draft letter regarding Preliminary Remedial Cost Estimate from Richard J. Hughto and William C. Phelps to Doreen Zankowski (Ex. D-152).

10. Attached as Exhibit D is a true and accurate copy of a table entitled, "Summary of Estimated Remediation Costs Using Data Available Through December 2005" (Ex. 37).

11. Attached as Exhibit E is a true and accurate copy of a March 18, 2002 letter from Doreen M. Zankowski to Adam P. Kahn (Ex. D-231.)

12. Attached as Exhibit F is a true and accurate copy of a Quitclaim Deed from Mary O'Donnell to Mystic Landing, LLC dated June 21, 2001 (Ex. 71).

13. Attached as Exhibit G is a true and accurate copy of a December 16, 2002 letter from Adam P. Kahn to Doreen M. Zankowski (Ex. D-233).

14. Attached as Exhibit H is a true and accurate copy of an October 10, 2003 letter from Doreen M. Zankowski to Adam P. Kahn enclosing a Confidentiality and Non-Disclosure Agreement (Ex. D-242.)

15. Attached as Exhibit I is a true and accurate copy of an April 12, 2004 letter from Doreen M. Zankowski to Adam P. Kahn (Ex. D-247).

16. Attached as Exhibit J is a true and accurate copy of a May 27, 2005 document entitled "Settlement Meeting" (Ex. D-248).

17. Attached as Exhibit K is a true and accurate copy of a draft document from Monsanto Company and Pharmacia Corporation to Prospective Purchasers of "Mystic Landing" who have read and signed a confidentiality/non-use stipulation containing red-line edits made by Mystic and/or counsel or consultants for Mystic (Ex. D-250).

18. Attached as Exhibit L is a true and accurate copy of Plaintiff Mystic Landing, LLC's First Request for Production of Documents From Defendants Pharmacia Corporation and Monsanto Company.

19. Attached as Exhibit M is a true and accurate copy of an August 30, 2004 letter from Doreen Zankowski to John Stevens.

20. Attached as Exhibit N are true and accurate copies of the Notice of Deposition of Mystic Landing and the Notice of Deposition of Modern Continental dated March 4, 2005.

21. Attached as Exhibit O is a true and accurate copy of a December 4, 2003 letter from Michael P. Lewis to John Pastore regarding Contaminated Soils at Modern Continental Everett Yard.

22. After Pharmacia filed its Opposition to Mystic Landing's Motion for Time Within Which To File Its Application For Attorneys' Fees and Costs and Pharmacia Corporation's Motion for Attorneys' Fees and Costs ("Pharmacia's Application"), the Court returned the trial exhibits, including the documents referenced in Pharmacia's Application. For the Court's convenience, attached as Exhibit P is a table of the numbered exhibits referenced in Pharmacia's Application and the locations at which copies of those numbered exhibits can be found, whether in this Affidavit or in the Affidavit of Doreen M. Zankowski filed by Mystic on June 30, 2006.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Elisabeth M. DeLisle
Elisabeth M. DeLisle

Dated: July 21, 2006