EXHIBIT H

# Hinckley, Allen & Snyder LLP  *Attorneys At Law*

28 STATE STREET □ BOSTON, MASSACHUSETTS 02109-1775
617 345-9000 □ FAX 617 345-9020 □ www.haslaw.com

## FACSIMILE TRANSMITTAL SHEET

FROM: Doreen M. Zankowski, Esq.

DATE: October 10, 2003

NUMBER OF PAGES TRANSMITTED (INCLUDING COVER SHEET): 7

If you did not receive the indicated number of pages or if any pages are illegible, please call us immediately at: (617) 345-9000 Ext. 4000

CLIENT: 110580    MATTER: 114009

**CONFIDENTIALITY NOTICE**

This facsimile transmission and the accompanying documents contain legally privileged confidential information. The information is intended only for the use of the recipient named below. If you are not an intended recipient, you are hereby notified that any disclosure, copying, distribution, or exploitation of, or the taking of any action in reliance on, the contents of this facsimile is strictly prohibited. If you have received this facsimile in error, please notify us immediately by telephone to arrange for the return of the original documents to us at our expense.

TO: Adam P. Kahn, Esq.
FIRM: Foley Hoag
RE: Mystic Landing, LLC
PHONE NUMBER:
FAX NUMBER: 617-832-7000

☐ URGENT  ☐ PER OUR DISCUSSION  ☐ AS REQUESTED  ☐ PLEASE CALL TO DISCUSS  ☐ PLEASE SEE BELOW

NOTES/COMMENTS:



---

28 STATE STREET □ BOSTON, MASSACHUSETTS 02109-1775 □ 617 345-9000 □ FAX 617 345-9020
1500 FLEET CENTER □ PROVIDENCE, RHODE ISLAND 02903-2393 □ 401-274-2000 □ FAX 401-277-9600
43 NORTH MAIN STREET, 2ND FLOOR □ CONCORD, NEW HAMPSHIRE 03301 □ 603 225-4334 □ FAX 603 224-8350

# HINCKLEY, ALLEN & SNYDER LLP

*Attorneys at Law*

28 STATE STREET
BOSTON, MASSACHUSETTS 02109-1775
617 345-9000
FAX: 617 345-0020

D. M. Zankowski, Esq.
dzankowski@haslaw.com

October 10, 2003

Confidential
Settlement Purposes Only

VIA FACSIMILE (617) 832-7000 AND
FIRST CLASS MAIL

Adam P. Kahn, Esq.
Foley Hoag
155 Seaport Boulevard
Boston, MA 02210

Re: Mystic Landing, LLC and Monsanto/Solutia/Pharmacia
Alford Street, Everett, MA Property

Dear Adam:

Attached please find a Confidentiality and Non-Disclosure Agreement ("Agreement") that should be signed by your client prior to Modern Continental Construction Co., Inc. ("Modern") and/or Mystic Landing, LLC providing the documents you requested relating to the Lease and Purchase and Sale Agreement for the Alford Street property.

Once you return an executed copy of the Agreement, I will forward the relevant documents to you. As I have suggested in the past, we should schedule a meeting with you and representatives of Modern to discuss the documents.

Please let me know if you have any questions.

Very truly yours,

Doreen M. Zankowski

DMZ/mle
Attachment

1500 FLEET CENTER □ PROVIDENCE, RHODE ISLAND 02903-2393 □ 401 274-2000 □ FAX: 401 277-9600
43 NORTH MAIN STREET □ CONCORD, NEW HAMPSHIRE 03301-4934 □ 603 225-4334 □ FAX 603 224-8350

# CONFIDENTIALITY
# AND
# NON-DISCLOSURE
# AGREEMENT

THIS CONFIDENTIALITY AGREEMENT (the "Agreement") is made and entered into as of this _____ day of _____, 2003, by and between Monsanto Corporation, Solutia, Inc., and Pharmacia Corporation, including its attorneys (hereinafter referred to as the "Recipient") having offices at _____, and Mystic Landing, LLC, having offices at 600 Memorial Drive, Cambridge, MA 02139 (hereinafter referred to as "Mystic"). Whenever used herein, the terms "Monsanto" or "Recipient" shall also be deemed to include any parent, subsidiary or entity affiliated with such entity.

In consideration of the mutual promises and covenants herein stated, and each act performed or to be performed hereunder, the parties hereto hereby agree as follows:

1. <u>Confidential Information</u>. All documents in the possession, custody or control of Mystic containing confidential technical or commercial, financial or proprietary business information which are produced by Mystic to the Recipient, including, but not limited to, lease and purchase and sale information concerning the Mystic Landing Property, Everett, Massachusetts, and other information relating thereto, will be designated as "Confidential." The term "Confidential Information" shall include all such confidential technical and commercial, financial or proprietary business information of Mystic.

2. <u>Information Not Subject to this Agreement</u>. The term "Confidential Information" shall not include information which is:

    (a) is in the public domain or becomes part of the public domain by publication or otherwise through no act or failure to act on the part of Recipient;

    (b) is known to Recipient prior to disclosure by Mystic, and Recipient can establish such prior knowledge by competent documentation or other competent evidence, including, without limitation, immediate disclosure of such prior knowledge; or

    (c) is disclosed to Recipient by a third party, and such disclosure is not in violation of any confidentiality agreement with or obligation to Mystic.

3. <u>Recipient's Covenants</u>. Recipient, on behalf of itself and its affiliates, officers, employees, attorneys and agents (collectively, "Representatives"), covenants and agrees that:

    (a) Recipient shall not disclose, directly or indirectly, or make available all or any portion of the Confidential Information to any third party, and Recipient shall not,

without the prior written consent of Mystic, use, copy, photograph, reproduce or transcribe in any manner whatsoever, in whole or in part, all or any portion of any Confidential Information for any purpose other than solely in connection with the provision of goods or services to Mystic by Recipient.

(b) Recipient shall not reveal to others any Confidential Information except to the extent that it is necessary to disclose such information to its Representatives having a demonstrated need to know such information for the sole purpose of carrying out an agreed upon activity by Mystic and Recipient. All such Representatives of Recipient shall be informed by Recipient of the confidential nature of such information and shall agree (in the case of non-employees, in writing) to be bound by the terms and conditions of this Agreement prior to receiving such Confidential Information. No other use or disclosure of the Confidential Information shall be made by Recipient without the prior written consent of Mystic or Modern Continental Construction Co., Inc.

(b) The Recipient agrees that it shall use the Confidential Information solely for the purposes of carrying out an agreed upon activity by Mystic and Recipient and for no other purpose; *provided, however, that* Confidential Information may be disclosed by counsel for a Party to the following:

    (i) counsel and members, associates and employees of the firm of which counsel are members;

    (ii) in-house counsel for Recipient and those persons usually employed by Recipient for the purpose of providing necessary clerical and office support to such in-house counsel, provided all of the foregoing persons are directly involved in oversight of the dispute (including without limitation pre-litigation or litigation pursuant to the process prescribed by Mass. Gen. Laws. Ch. 21E, § 4A and further provided that each such person first agrees in writing to be bound by the provisions of this Agreement;

    (iii) present employees of Recipient who are given access to the documents by counsel for said Recipient as is necessary for the purposes of carrying out an agreed upon activity by Mystic and Recipient and/or for the dispute between Mystic and Recipient, and for no other purpose, *provided that* each such person first agrees in writing to be bound by the provisions of this Agreement;

    (iv) former employees of Recipient who are given access to the documents by counsel for Recipient as is necessary for the purposes of any dispute between Mystic and Recipient and for

2

      no other purpose, *provided that* each such former employee first agrees in writing to be bound by the provisions of this Agreement;

(v)   the Court;

(vi)   stenographic personnel and court reporters providing services in any dispute between Mystic and Recipient;

(vii)   outside experts retained by Recipient for purposes of carrying out an agreed upon activity by Mystic and Recipient and/or for any dispute between Mystic and Recipient, *provided that* each such expert agrees in writing to be bound by the provisions of this Agreement;

(viii)   any witness or deponent who may or actually does give testimony in any dispute between Mystic and Recipient, *provided that:* (i) such witness or deponent is listed on the face of the Confidential document; is the originator, author, or an identified recipient of such Confidential document; or has personal knowledge concerning such Confidential document; or has personal knowledge regarding the subject matter of the Confidential document; (ii) such witness or deponent is an officer, director, or employee of Mystic or Recipient; (iii) Mystic consents in writing to the disclosure of the Confidential material to such witness or deponent; or (iv) the Court orders such disclosure;

(ix)   Recipient's insurer or the insurer's in-house counsel, *provided that* each such person agrees in writing to be bound by the provisions of this Agreement; and

(x)   any other person to whom Mystic agrees, in writing, that disclosure may be made, or to whom a Court determines that disclosure must be made.

Disclosure to any other persons is strictly prohibited unless ordered by the Court.

  (c)   If Recipient (a) is subpoenaed in another proceeding; (b) is served with a demand in another action to which it is a party; or (c) is served with any other legal process for the purpose of obtaining the disclosure of the Confidential Information, the Recipient shall give prompt written notice of its receipt of such subpoena, demand or legal process to Mystic so as to allow Mystic at least 10 days, or such lesser time as such

3

subpoena, demand or legal process specifies for production, to intercede and protect its rights. Provided that such notice is given, nothing herein shall be construed as requiring the Recipient or anyone else covered by this Agreement to challenge or appeal any order requiring production of any Confidential Information, or to subject itself to any penalties for non-compliance with any subpoena, demand or legal process, or to seek any relief from the Court.

(d)    Recipient acknowledges that the documents related to the Confidential Information are extremely voluminous. Given the volume and location of the documents involved and the proposed method of production, there exists a possibility that Mystic may inadvertently produce documents which would otherwise be subject to a claim of privilege against discovery. For purposes of this Agreement, "Privilege" or "Privileged" shall include, but not be limited to, documents constituting attorney/client communications and documents representing attorney work product and/or documents prepared in anticipation of litigation as defined under applicable law. Recipient agrees that such inadvertent production of documents subject to a claim of privilege (whether or not said document(s) is(are) identified on any privilege log prepared by Mystic or counsel) shall not be construed as or operate as a waiver of any privilege with respect to such documents or other documents subject to a claim of privilege. Accordingly, the inadvertent production of originals or copies of documents, which would otherwise be subject to any privilege against discovery shall not constitute a waiver of Mystic's right to assert any privilege with respect to such documents or other documents subject to a claim of privilege.

(e)    In the event that any Confidential or Privileged material is, either intentionally or inadvertently, disclosed to someone not authorized to receive such material under this Agreement, or if a person so authorized breaches any of his or her obligations under this Agreement, counsel of record of the Recipient immediately shall disclose the unauthorized disclosure or breach to Mystic's counsel of record, and also shall use his or her best efforts to obtain the return of all copies of the Confidential or Privileged material and to any prevent further disclosures of the same. Nothing herein is intended to limit any rights either Mystic or Recipient may have, independent of this Agreement, under applicable law to assert or challenge any Privilege asserted with respect to any document or information.

(f)    Upon Mystic's request, Recipient shall immediately destroy or return to Mystic all copies of any documents or other tangible, magnetic or digital media containing Confidential Information, regardless of whether such material was furnished to Recipient by Mystic or was developed by Recipient.

(g)    Neither the execution of this Agreement nor the furnishing of any information hereunder shall be construed as granting expressly or by implication any

4

license in and to the Confidential Information. Mystic is the exclusive owner of the Confidential Information.

4. <u>Reasonable Precautions</u>. All reasonable precautions shall be taken by the parties hereto to insure compliance with the terms and conditions of this Agreement.

5. <u>Remedies</u>. The parties hereto acknowledge that any breach or violation of this Agreement may be difficult to calculate in pecuniary damages, therefore Mystic may avail itself of injunctive relief, specific performance or other equitable relief under this Agreement, and such remedies shall be cumulative or, and in addition to, any other remedies available at law or in equity.

6. <u>Admissability and Relevance of the Confidential Information</u>. Nothing in this Agreement shall constitute an admission that the materials produced by Mystic to Recipient do in fact contain commercial, financial or proprietary information, nor shall anything in this Agreement constitute any admission concerning the relevance, admissibility or authenticity of any document(s).

7. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement of the parties hereto with respect to the subject matter of this Agreement and supersedes any and all prior agreements and understandings between the parties, whether written or oral, with respect to such subject matter. No change, alteration, waiver, or modification of this Agreement or of any covenant, condition, or limitation contained herein shall be effective unless made in writing and signed by both parties hereto.

8. <u>Governing Law</u>. The validity and interpretation of this Agreement shall be governed by the laws of the Commonwealth of Massachusetts.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first written above.

RECIPIENT:                                  MYSTIC LANDING, LLC:

By:_____                  By:_____
Its:_____                 Its:_____

Date:_____                Date:_____

#458622

5