EXHIBIT J



# Settlement Meeting

## Mystic Landing v. Monsanto and Pharmacia v. Modern Continental

Confidential Settlement Communication

May 27, 2005

# Two introductory concepts

- Everything said here is in the context of settlement only, i.e.:
  – Monsanto will not use what Modern says here in the litigation; and
  – Modern will not use what Monsanto says here in the litigation

- For purposes of this meeting:
  – Modern Continental Construction Co. and Mystic Landing LLC = "Modern"
  – Monsanto Company and Pharmacia Corporation = "Monsanto"

May 27, 2005

Confidential Settlement Communication

2

# Interests

- Monsanto's
  - Final resolution of liability
  - Pay only what is appropriate
  - Minimize transaction costs

- Modern's Presumed Interests
  - Maximize value and marketability of Property by answering environmental concerns of prospective bidders
  - Minimize transaction costs

May 27, 2005

Confidential Settlement Communication

3

Litigating the case to conclusion is not the best way to resolve the dispute

# Modern's Alternative to Settlement

- Between now and February 2006, high transaction costs—hundreds of thousands of dollars
- A judgment Modern views as favorable will likely result in appeal, stretching into 2007. Modern hopes to have property sold by then.
- Modern has litigation exposure
  – Modern will bear a share of costs
    · Modern's own operations are documented to have caused contamination
    · Modern has not complied with Massachusetts cleanup rules
    · Modern has not been able to document that it paid more than $300,000 for the property, a significant discount reflecting the presence of contamination
  – Many of Modern's claimed costs are not recoverable response costs.

May 27, 2005

Confidential Settlement Communication

5

# Modern's Alternative to Settlement (continued)

- The court may well not resolve which of the future costs will be recoverable, but rather leave it to another tribunal after the costs are incurred. This means dispute drags on for even more time.

- If Modern gets a final favorable judgment (in 2007), it still doesn't get any money, since it has not incurred response costs and does not intend to incur any. Based on current facts, there is no way a successful conclusion of litigation for Modern can recover the transaction costs in cash.

- Developers are generally not interested in "buying a lawsuit" or purchasing property enmeshed in litigation; instead will simply reduce their cash offer to Modern.

May 27, 2005

Confidential Settlement Communication

6

# Monsanto's Alternative to Settlement

- Between now and February 2006, high transaction costs
- Even if Monsanto "prevails", since Modern is not cleaning up the property, Monsanto faces risk of suits from future owners

May 27, 2005

Confidential Settlement Communication

7

# Monsanto's Settlement Proposal

1. Monsanto commits to taking certain steps after property is sold, contingent on purchaser cooperation
2. Monsanto and Modern will "market" Monsanto's commitments to prospective purchasers to maximize value of offers to Modern
3. Modern dismisses lawsuit, but all rights are preserved in the event sale does not go through or purchaser is not interested in the offer and would rather litigate

May 27, 2005

Confidential Settlement Communication

8

# Monsanto's Commitments

- neutralize low pH groundwater in southern end of Property
- stabilize or otherwise address metals that exceed "upper concentration limits" in the "hot spots" identified by Rizzo in soil and groundwater
- Prepare the necessary paperwork for this work under Massachusetts cleanup rules, and document the completion of the work
- Do this work in coordination with a purchaser's redevelopment efforts

May 27, 2005

Confidential Settlement Communication

9

# Monsanto's Commitments (continued)

- Monsanto will agree not to enforce its deed restriction prohibiting the use of the property for anything other than industrial purposes.

- Monsanto will attempt to convince Boston Edison to not enforce the identical restriction, which Edison placed on the property when it sold it to O'Donnell.

# Developer's Reciprocal Commitments

- Developer agrees not to sue Monsanto
- Developer agrees to Activity and Use Limitation. The AUL can allow residential and commercial uses, subject to certain customary limitations
  - e.g., soil management plan, health and safety plan for utility workers.
- Developer will cooperate with Monsanto's implementation of its remedial commitments.

# Marketing Proposal

- Monsanto and Modern will cooperate to produce a confidential marketing proposal setting forth the commitments.
- Monsanto will cooperate with Modern to formalize Monsanto's commitments to a purchaser.
- Monsanto will consider "backing up" its commitments with insurance policy, subject to availability.

May 27, 2005

Confidential Settlement Communication

12

# Litigation "Freeze"

- Modern and Monsanto file joint motion to dismiss litigation without prejudice, i.e., it can be refiled at any time

- Monsanto and Modern will agree to a tolling agreement, and that discovery taken in case can be used if case refiled, so no meaningful additional transaction costs if the litigation needs to recommence.

- Monsanto will agree that discovery by Modern can be used by a purchaser, if the purchaser wants to litigate against Monsanto

May 27, 2005

Confidential Settlement Communication

13

# Advantages of Settlement

- <u>Attractive to developers, which maximizes sale price.</u>
  - With Monsanto's commitments, the property becomes a very typical urban site to which developers are accustomed.
  - Developers are not interested in inheriting a piece of litigation; they would rather have a commitment to clean up from a financially secure entity like Monsanto
  - If the developer would rather litigate than accept the Monsanto commitments, it can pick up where Modern leaves off, using the "litigation freeze" agreements

May 27, 2005

Confidential Settlement Communication

14

# Advantages of Monsanto's Proposal (continued)

- <u>Save the transaction costs:</u>
  - Judge Gorton is pushing the trial schedule, and is not likely to be amenable to delays in trial.
  - A judgment for Mystic will not yield dollars for Mystic, since Mystic has no "response costs"; actual payment may require a wholly separate action.
  - Mystic agrees to dismiss litigation without prejudice, i.e., it can refile at any time.
  - Monsanto agrees to tolling agreement, preservation of discovery, and binding effect of existing decisions in case, so Mystic can refile easily.

May 27, 2005

Confidential Settlement Communication

15