EXHIBIT L

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
MASSACHUSETTS

| | |
|---|---|
| MYSTIC LANDING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PHARMACIA CORPORATION,<br>and MONSANTO COMPANY,<br><br>Defendants. | |
| PHARMACIA CORPORATION and<br>MONSANTO COMPANY,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>MODERN CONTINENTAL CONSTRUCTION<br>CO., INC.,<br><br>Third-Party Defendant. | **CIVIL ACTION NO.**<br>**04-10180 RGS** |
| PHARMACIA CORPORATION<br><br>Third-Party Plaintiff,<br><br>v.<br><br>BOSTON EDISON COMPANY<br><br>Third-Party Defendant. | |

**PLAINTIFF MYSTIC LANDING, LLC'S FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS FROM DEFENDANTS PHARMACIA CORPORATION AND
MONSANTO COMPANY**

JUN 25 2004 20:41 FR H S BOSTON 30 2    TO 50114009983270000 P.17

Plaintiff Mystic Landing, LLC ("Mystic") requests that Defendants Pharmacia Corporation ("Pharmacia") and Monsanto Company ("Monsato") produce for inspection and/or copying all documents and things described below within thirty (30) days from the date of this request at the offices of Hinckley, Allen & Snyder LLP, 28 State Street, Boston, Massachusetts.

## GENERAL INSTRUCTIONS

A.  You are required to specify which documents are produced in response to each of the numbered paragraphs.

B.  If any document or thing herein requested was formerly in the possession, custody, or control of the producing party and has been lost or destroyed, you are required to submit, in lieu of each document, a written statement that:

1. Describes in detail the nature of the document and its content;
2. Identifies the person who prepared or authored the document and, if applicable, the person to whom the document was sent;
3. Specifies the date on which the document was prepared or transmitted or both; and
4. Specifies, if possible, the date on which the document was lost or destroyed, and, if destroyed, the conditions of or reasons for such destruction and the persons requesting and performing the destruction.

C.  If any documents otherwise required to be produced by this request are withheld, you are required to identify the document by stating its date, author, recipients, and the reason for withholding.

D.  This request for production of documents is continuing, and any document obtained or located subsequent to production which would have been produced had it been available or its existence known at the time of service of this request is to be supplied forthwith.

## Instructions Concerning Claims of Privilege or Immunity

As to each document herein requested to be produced which you withhold on the ground of privilege, or as having been prepared in anticipation of litigation, please state the following:

    A.    Its date;

    B.    The names and positions of all persons who participated in its preparation;

    C.    The names and positions of all persons to whom the document or a copy was addressed or who has seen the document or copy thereof or to whom its contents have been disclosed;

    D.    Its subject matter; and

    E.    Your grounds for non-production.

## GENERAL DEFINITIONS

    A.    The word "document" means any recorded information or recorded communication in whatever form, including without limitation, correspondence, books, pamphlets, periodicals, letters, memoranda, including any memorandum or report of a meeting or telephone or other conversation, electronic mail, invoice, account, credit, memo, financial statement, general ledger, subsidiary and supporting ledger, journal, diary, telegram, report, record, contract, agreement, study, draft, handwritten or other note, working paper, sketch, picture, plan, chart, paper, graph, index, tape, data sheet or data processing card, data-file, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, and regardless of origin or location, in the possession, custody or control of the defendant or its agents, accountants

or attorneys. "Document" also means all copies of documents, by whatever means made, if the copy bears any other marking or notation not found on the original. "Document" or "documents" specifically includes, but is not limited to, any document kept by individuals in their desks, at home, on computers, or elsewhere.

B.   The term "communication" means any act or instance of transferring, transmitting, passing, delivering or giving information, by oral, written, or electronic means, including but not limited to by notes, letter, telegram, telex, telephone facsimile, tape, electronic mail, voice mail or otherwise. The term "communication" or "communicate" shall include any and all information relating to all written and oral communications and "documents" (as above defined) whether or not any such document or the information contained therein was transmitted by its author to any other person.

C.   "Person" or "persons" means any natural person, corporation, firm, partnership, unincorporated association, joint venture, proprietorship, governmental body (including any administrative agency and including state, federal or local government) or other organization or legal entity.

D.   The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the sentence inclusive rather than exclusive.

E.   The word "including" shall be construed to mean "without limitation."

F.   The term "reflecting" means evidencing, demonstrating, touching upon, mentioning, commenting on, incorporating, analyzing, transcribing, noting, evaluating, reviewing, reporting on, critiquing, criticizing or showing in any way.

JUN 25 2004 20:45 FR H A S BOSTON 30 2   TO 50114009983270000   P.20

G. The term "relating to" means constituting, concerning, mentioning, discussing, pertaining to, connected with, relied upon, or in anyway relevant to the indicated item.

H. The term "concerning" means regarding, having as a subject, in part or in whole, making reference to, showing, or reflecting in any way.

## ADDITIONAL DEFINITIONS

1. "Pharmacia" shall mean Defendant Pharmacia Corporation and shall include, without limitation, all employees, officers, agents, or persons otherwise affiliated with Pharmacia.

2. "Solutia" shall mean Solutia, Inc. and shall include, without limitation, all employees, officers, agents, or persons otherwise affiliated with Solutia.

3. "Monsanto" shall mean Defendant Monsanto Company and shall include, without limitation, all employees, officers, agents, or persons otherwise affiliated with Monsanto.

4. "Defendants" shall mean the Defendants, collectively or individually.

5. "Mystic" shall mean Plaintiff Mystic Landing, LLC and shall include, without limitation, all employees, officers, agents, or persons otherwise affiliated with Mystic.

6. The "Property" shall refer to the property located at Alford Street and Broadway, Everett, Massachusetts.

7. The "Gateway Center" shall mean that parcel of land which, upon information and belief, Monsanto Company owned prior to selling it to Diversity Developers Realty Corp. and is located on the opposite side of railroad tracks which border the Property.

8. The "Complaint" shall mean the Complaint for Declaratory Judgment and Compensatory Relief filed in this action by Mystic on May December 4, 2003.

## DOCUMENTS TO BE PRODUCED

### Request No. 1

All documents and electronic media, including but not limited to correspondence, notes, and memoranda, which refer to, reflect or discuss any and all of the allegations set forth in any pleading in this action.

### Request No. 2

All documents and electronic media to or from Pharmacia, Solutia, and/or Monsanto, including but not limited to correspondence, notes, data, summaries, reports, contracts, agreements, and memoranda, which refer to, reflect or discuss the Property and/or the Gateway Center.

### Request No. 3

All documents and electronic media between Mystic and the Defendants, including but not limited to correspondence, notes, data, summaries, reports, and memoranda, which refer to, reflect or discuss the Property and/or the Gateway Center.

### Request No. 4

All documents and electronic media, including but not limited to correspondence, memoranda, licenses or permits, between the Defendants and the State of Massachusetts Department of Environmental Protection, the United States Environmental Protection

Agency, and/or any other local, state or federal agency or department which refer to, reflect, or discuss environmental conditions at the Property.

Request No. 5

Any and all photographs, diagrams, models, or other such documents or things, including but not limited to still, videotaped, time-motion or other films, which refer to or reflect the Property.

Request No. 6

All documents and electronic media, including but not limited to reports, correspondence, photographs, notes, daily logs, summaries, which refer to, reflect or discuss any processing, production, activities and/or operations of Monsanto that took place on the Property between 1943 and 1983 and involved the use, handling, transportation, and/or storage of any petroleum products, hazardous substances or chemicals, including but not limited to metals, primary arsenic, lead, fuel oil, cutting oil and lubricants, methylene chloride, acetone, butanone, chloroform, sulfuric acid, phthalic anhydride and trichloroethane.

Request No. 7

All documents and electronic media which refer to, reflect or discuss any spills, leaks, or discharges of any petroleum products, hazardous substances or chemicals, including but not limited to metals, primary arsenic, lead, fuel oil, cutting oil and lubricants, methylene chloride, acetone, butanone, chloroform, sulfuric acid, phthalic anhydride and trichloroethane, on the Property.

Request No. 8

All documents and electronic media which refer to, reflect or discuss potential claims or lawsuits which in any way involve environmental compliance or the conditions and operations at the Property during the period of 1943 through 1983, including but not limited to correspondence, reports, notices of violation, pleadings, directives, letters of warning, and citations.

Request No. 9

All documents and electronic media which refer to, reflect or discuss any environmental audits, investigations, tests or sampling activities on the Property during the period of 1943 through 1983, including but not limited to reports, correspondence, field notes, boring logs, chain of custody records, charts, and sample analyses.

Request No. 10

All documents which refer to, reflect or discuss the removal, remediation, or other cleanup activities on the Property in connection with the contamination alleged in the Complaint, including but not limited to correspondence, proposals, contracts, reports, logs, daily reports, summaries, permits, and licenses.

Request No. 11

All documents which refer to, reflect or discuss the sale of the Property from Monsanto to Boston Edison Company, including but not limited to deeds, purchase and sale agreements, correspondence, proposals, contracts, reports, notes, and memoranda.

Request No. 12

All documents which refer to, reflect or discuss any and all agreements of indemnification between the parties to this action which in any way relate to the Property.

8

Request No. 13

All documents which refer to, reflect or discuss any financial reserves relating to the Property.

Request No. 14

All documents, including but not limited to correspondence, memorandum, licenses or permits, between the Defendants and the State of Massachusetts Department of Environmental Protection, the United States Environmental Protection Agency, and/or any other local, state or federal agency or department which refer to, reflect, or discuss environmental conditions at the Gateway Center.

Request No. 15

All documents and electronic media, including but not limited to reports, correspondence, test results, analyses, photographs, notes, daily logs, summaries, which refer to, reflect or discuss the activities and/or operations that took place at the Gateway Center and involved the use, handling, transportation, and/or storage of any petroleum products, hazardous substances or chemicals, including but not limited to metals, primary arsenic, lead, fuel oil, cutting oil and lubricants, methylene chloride, acetone, butanone, chloroform, sulfuric acid, phthalic anhydride and trichloroethane.

Request No. 16

All documents and electronic media which refer to, reflect or discuss any spills, leaks, or discharges of any petroleum products, hazardous substances or chemicals, including but not limited to metals, primary arsenic, lead, fuel oil, cutting oil and lubricants, methylene chloride, acetone, butanone, chloroform, sulfuric acid, phthalic anhydride and trichloroethane, at the Gateway Center.

9

Request No. 17

All documents and electronic media which refer to, reflect or discuss potential claims or lawsuits which in any way involve environmental compliance or the conditions and operations at the Gateway Center, including but not limited to correspondence, reports, notices of violation, pleadings, directives, letters of warning, and citations.

Request No. 18

All documents and electronic media which refer to, reflect or discuss any environmental audits, investigations, tests or sampling activities at the Gateway Center, including but not limited to reports, correspondence, field notes, boring logs, chain of custody records, charts, and sample analyses.

Request No. 19

All documents and electronic media which refer to, reflect or discuss the removal, remediation, or other cleanup activities on the parcel of land abutting the Gateway Center, including but not limited to correspondence, proposals, contracts, reports, logs, daily reports, summaries, permits, licenses, and documents reflecting the cost of any removal, remediation, or other cleanup activities.

Request No. 20

All documents and electronic media which refer to, reflect or discuss any environmental claims made by the Defendants to insurance companies which reference or discuss the Gateway Center.

Request No. 21

All documents which refer to, reflect or discuss the sale of the Property by Monsanto Company to Boston Edison Company

### Request No. 22

All documents upon which Defendant Monsanto Company relies for it assertion that it should be dismissed from this lawsuit.

### Request No. 23

All reports from experts containing the information concerning any subject matter on which the expert may testify in this litigation, and a copy of the expert's curriculum vitae.

### Request No. 24

All documents which the Defendants referenced or referred to in responding to Mystic's First Set of Interrogatories.

### Request No. 25

Any documents which the Defendants intend to introduce at any trial in this action, which have not otherwise been produced pursuant to these requests.

Respectfully submitted,

MYSTIC LANDING, LLC

By its attorneys,

*Doreen M. Zankowski* /kip/
Gerald J. Petros, Esq. (BBO #558437)
Doreen M. Zankowski, Esq. (BBO #558381)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109-1775
(617) 345-9000

DATED: June 25, 2004