EXHIBIT M

# HinckleyAllenSnyder LLP

ATTORNEYS AT LAW

28 STATE STREET □ BOSTON, MASSACHUSETTS 02109-1775
617 345-9000 □ FAX 617 345-9020 □ www.haslaw.com

# FACSIMILE TRANSMITTAL SHEET

FROM:    **Doreen M. Zankowski, Esq.**

DATE:    **August 30, 2004**

NUMBER OF PAGES TRANSMITTED
(INCLUDING COVER SHEET)            | **3** |

If you did not receive the indicated number of pages or if any pages are illegible, please call us immediately at:   **(617) 345-9000 Ext. 4000**

CLIENT: 110580          MATTER: 114009

## CONFIDENTIALITY NOTICE

This facsimile transmission and the accompanying documents contain legally privileged confidential information. The information is intended only for the use of the recipient named below. If you are not an intended recipient, you are hereby notified that any disclosure, copying, distribution, or exploitation of, or the taking of any action in reliance on, the contents of this facsimile is strictly prohibited. If you have received this facsimile in error, please notify us immediately by telephone to arrange for the return of the original documents to us at our expense.

| | |
|---|---|
| **Adam Kahn, Esq.** | **Douglas Otto, Esq.** |
| TO: **John M. Stevens, Esq.** | TO: **Mark S. Granger, Esq.** |
| FIRM: **Foley Hoag LLP** | FIRM: **Morrison Mahoney LLP** |
| RE: **Mystic Landing, LLC v. Pharmacia Corp. et al.** | RE: **Mystic Landing, LLC v. Pharmacia Corp. et al.** |
| PHONE NUMBER **617-832-1000** | PHONE NUMBER **617-439-7500** |
| FAX NUMBER **617-832-7000** | FAX NUMBER **617-342-4970** |

NOTES/COMMENTS:

# HinckleyAllenSnyder LLP
### ATTORNEYS AT LAW

28 State Street
Boston, MA 02109-1775
TEL: 617.345.9000
FAX: 617.345.9020
www.haslaw.com


*Doreen M. Zankowski, Esq.*
*dzankowski@haslaw.com*


August 30, 2004


<u>**Via Facsimile**</u>

John Stevens, Esq.
Foley Hoag LLP
155 Seaport Blvd.
Boston, MA 02210-2600

RE:   **Mystic Landing, LLC v. Pharmacia Corporation et al.**
      <u>**Civil Action No. 04-10180-RGS**</u>

Dear John:

Following up on our telephone conversation earlier today, Mystic Landing, LLC
("Mystic") is able to reschedule the site visit originally calendared for Sunday, August
29, 2004 for either Tuesday, September 7th, Wednesday, September 8th, or Thursday,
September 9th. Because union employees are on the site until 3:30 pm, the site visit must
begin no earlier than 3:35 pm on those days, and all individuals must be off the site by
6:30 pm. Alternatively, Mystic is working on alternate days of either Sunday, September
19th or Sunday, September 26th at 7:30 or 8:00 am. I will let you know as soon as Mystic
confirms the availability of these particular Sundays. Please let me know which of these
days works best for your consultants' schedules.

Turning to the production of documents in this case and in accordance with my letter of
August 19, 2004, we shall produce for your inspection and copying all non-privileged
and non-confidential documents from our office files and from Mystic's and Modern
Continental Construction Co., Inc.'s ("Modern") files which are responsive to Pharmacia
Corporation's ("Pharmacia") and Monsanto Company's ("Monsanto") request for
production. I trust that Monsanto and Pharmacia will reciprocate by providing their
respective responsive, non-privileged, and non-confidential documents *in a reasonable
manner.*

As you mentioned during our telephone conversation earlier today, please confirm in
writing that Pharmacia's and Monsanto's position with respect to their production of
documents is that neither has any documents which are responsive to Mystic's and

1500 Fleet Center, Providence, RI 02903-2393 TEL: 401.274.2000 FAX: 401.277.9600
43 North Main Street, Concord, NH 03301-4934 TEL: 603.225.4334 FAX: 603.224.8350

**HinckleyAllenSnyder**LLP
ATTORNEYS AT LAW

John Stevens, Esq.
August 30, 2004
Page 2

Modem's discovery requests. Further, please confirm that the 170+ boxes of documents
which Pharmacia and Monsanto intend to produce in this dispute are exclusively Solutia
Inc.'s ("Solutia") documents.

As you have flatly refused to provide Mystic and Modem with either an index of the
170+ boxes of documents or some other way to identify categories of documents
contained therein, we seek some other way to reasonably conduct discovery in this case.
We have reviewed Modem's and Mystic's discovery requests and, with the exception of
Request No. 2, they are not overly broad so as to justify Pharmacia's and Monsanto's
unreasonable, 'mass-production' of documents. Please disregard Mystic's and Moderns'
Request No. 2 and provide a revised estimate of the volume of responsive documents. If
Pharmacia and Monsanto continue to insist on a 'mass-production' of documents, Mystic
and Modem will be forced to seek an order from the Court compelling Pharmacia and
Monsanto to provide Mystic and Modem with an index or reasonable listing of the
documents produced. *See* Rickles, Inc. v. Frances Denney Corp., 508 F. Supp. 4, 7-8 (D.
Mass. 1980) (ordering plaintiffs to provide an index or orderly listing of the documents
presented). *See also* 49 Massachusetts Practice Series § 5.35 (2004) ("The key is that the
respondent must produce its documents and records in a usable and orderly fashion....").

I look forward to hearing from you regarding the foregoing.

Very truly yours,

Doreen M. Zankowski

cc:   Gerald J. Petros
      Katherine L. Ruff
      Adam Kahn
      Douglas B. Otto
      Howard G. Guggenheim