**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF MASSACHUSETTS**

_____

MYSTIC LANDING, LLC,                      )
Plaintiff,                                )
                                          )
v.                                        )
                                          )
PHARMACIA CORPORATION,                    )
Defendant.                                )
                                          )
PHARMACIA CORPORATION,                    )
Third-Party Plaintiff,                    )          **CIVIL ACTION NO.**
                                          )          **04-10180 NMG**
v.                                        )
                                          )
MODERN CONTINENTAL CONSTRUCTION           )
CO., INC.,                                )
Third-Party Defendant.                    )
_____)
PHARMACIA CORPORATION,                    )
Third-Party Plaintiff,                    )
                                          )
v.                                        )
                                          )
BOSTON EDISON COMPANY,                    )
Third-Party Defendant.                    )
                                          )
v.                                        )
                                          )
BOSTON EDISON COMPANY,                    )
Fourth-Party Plaintiff,                   )
                                          )
v.                                        )
                                          )
O'DONNELL SAND & GRAVEL, INC.             )
And MARY O'DONNELL,                       )
       Fourth-Party Defendants.           )
_____)

**PLAINTIFF, MYSTIC LANDING, LLC'S**
**MOTION FOR CLARIFICATION, OR ALTERNATIVELY,**
**TO CORRECT AN OVERSIGHT OR OMISSION**
**RELATING TO THE CALCULATION OF PREJUDGMENT INTEREST**

Pursuant to Fed. R. Civ. P. Rule 60(a) the Plaintiff, Mystic Landing, LLC ("Mystic") hereby moves this Court to correct an oversight or omission in its Memorandum of Decision and Judgment dated June 5, 2006 (the "Judgment"). The Judgment, we submit, should reflect or include prejudgment interest on the previously incurred response costs awarded to Mystic because Mystic is entitled to such an award as a matter of law. This Court found *inter alia* that the Defendant, Pharmacia Corporation ("Pharmacia") was liable for 90% of Mystic's past response costs dating from March 26, 2001 through April 7, 2006. The Judgment, however, was silent on the issue of prejudgment interest. Mystic now seeks to correct the oversight or omission in the Judgment, to reflect or include prejudgment interest on the award of Mystic's past response costs, for the following reasons:

(1)     Massachusetts law, which governs this case, entitles Mystic to recover prejudgment interest on its previously incurred response costs at a rate of 12% per year, as a matter of right;

(2)     Pharmacia was on notice from the very beginning of this action that Mystic was entitled to and would seek interest on its response costs should it prevail at trial; and

(3)     fairness and equity require that the Judgment be clarified or corrected to include prejudgment interest because the Court's award of response costs omitted to include prejudgment interest by oversight.

**WHEREFORE,** for the foregoing reasons, and as further supported by Mystic's Memorandum of Law in Support of its Motion and the Affidavit of Doreen M. Zankowski, filed herewith, Mystic requests that this Court:

(1)     clarify or correct the Judgment to include prejudgment interest on the response costs awarded to Mystic. This interest should be calculated at a rate of 12% per year from one of

the following three dates: (a) when Mystic began to accrue the response costs; (b) when Mystic

sent Pharmacia its formal M.G.L. c. 21E notification; or (c) when this action was commenced;

and

(2)    grant such other and further relief as this Court deems just and necessary.

## LOCAL RULE 7.1 CERTIFICATION

I HEREBY CERTIFY that on several occasions over the last thirty (30) days, I conferred,

on behalf of Mystic, with Pharmacia's counsel, Adam Khan, regarding the issues raised in the

foregoing motion, and attempted in good faith to resolve or narrow the issues, but such

concurrence was not achieved and a ruling on this Motion is required from the Court.

*/s/ Doreen M. Zankowski*

## REQUEST FOR A HEARING

The Plaintiff hereby requests a hearing at which it may present oral arguments

concerning the issues raised by this Motion.

Respectfully submitted,
**MYSTIC LANDING, LLC and**
By its attorneys:

*/s/ Doreen M. Zankowski*
Robert G. Flanders, Jr. (BBO #170820)
Doreen M. Zankowski (BBO #558381)
Jeremy Blackowicz (BBO #650945)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA  02109-1775
DATED:  September 18, 2006    (617) 345-9000

## CERTIFICATE OF SERVICE

I, Doreen M. Zankowski, hereby certify that on this 18th day of September 2006, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

John M. Stevens, Esq.
Adam P. Kahn, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts  02210

Mark S. Granger, Esq.
Douglas B. Otto, Esq.
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210

Howard G. Guggenheim
P.O. Box 736
Scituate, MA 02066

_/s/ Doreen M. Zankowski_____