**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MYSTIC LANDING, LLC,<br>Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PHARMACIA CORPORATION,<br>Defendant. | ) |
| | ) |
| PHARMACIA CORPORATION,<br>Third-Party Plaintiff, | ) **CIVIL ACTION NO.** |
| | ) **04-10180 NMG** |
| v. | ) |
| | ) |
| MODERN CONTINENTAL CONSTRUCTION<br>CO., INC.,<br>Third-Party Defendant. | ) |
| PHARMACIA CORPORATION,<br>Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BOSTON EDISON COMPANY,<br>Third-Party Defendant. | ) |
| | ) |
| v. | ) |
| | ) |
| BOSTON EDISON COMPANY,<br>Fourth-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| O'DONNELL SAND & GRAVEL, INC.<br>And MARY O'DONNELL,<br>Fourth-Party Defendants. | ) |

**PLAINTIFF, MYSTIC LANDING, LLC'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR CLARIFICATION,**
**OR ALTERNATIVELY, TO CORRECT AN OVERSIGHT OR OMISSION**
**RELATING TO THE CALCULATION OF PREJUDGMENT INTEREST**

Pursuant to Fed. R. Civ. P. Rule 60(a) the Plaintiff, Mystic Landing, LLC ("Mystic") hereby moves this Court to correct an oversight or omission in its Memorandum of Decision and Judgment dated June 5, 2006 (the "Judgment").  The Judgment, we submit, should reflect or include prejudgment interest on the previously incurred response costs awarded to Mystic because Mystic is entitled to such an award as a matter of law. This Court found *inter alia* that the Defendant, Pharmacia Corporation ("Pharmacia")[1] was liable for 90% of Mystic's past response costs dating from March 26, 2001 through April 7, 2006.  The Judgment, however, was silent on the issue of prejudgment interest.[2]  Mystic now seeks to correct the oversight or omission in the Judgment, to reflect or include prejudgment interest on the award of Mystic's past response costs, for the following reasons:

(1)     Massachusetts law, which governs this case, entitles Mystic to recover prejudgment interest on its previously incurred response costs at a rate of 12% per year, as a matter of right;

(2)     Pharmacia was on notice from the very beginning of this action that Mystic was entitled to and would seek interest on its response costs should it prevail at trial; and

(3)     fairness and equity require that the Judgment be clarified or corrected to include prejudgment interest because the Court's award of response costs omitted to include prejudgment interest by oversight.

---

[1] Mystic will refer to Pharmacia collectively throughout the memo as including and incorporating Pharmacia's predecessors in interest, including, but not limited to, Monsanto.

[2] While the Judgment was also silent on the issue of ***post***-judgment interest, the parties agree that Mystic is entitled to post-judgment interest under 28 U.S.C. §1961 and that such interests "shall be calculated from the date of the entry of judgment… ."  See E-mail dated August 1, 2006 from Adam Kahn, counsel for Pharmacia to Doreen M. Zankowski, counsel for Mystic, attached to the Affidavit of Doreen M. Zankowski, as Exhibit A.

By letter dated August 11, 2006, counsel for Pharmacia sent counsel for Mystic a check for 90% of Mystic's past response costs as of April 7, 2006, ***including post-judgment interest at the federal rate***, in the amount of $203,164.11.  See copy of August 11, 2006 letter attached to the Affidavit of Doreen M. Zankowski, as Exhibit B.

## FACTUAL BACKGROUND

### 1.    Mystic's Response Actions At The Site

An examination of the facts in this case reveals a long history of Mystic's persistent but unavailing efforts to obtain Pharmacia's assistance in the remediation of a contaminated site located on the shore of the Mystic River at State Route 99 and Chemical Lane (Alford Street) in Boston and Everett, Massachusetts (the "Site"). Pharmacia owned the Site from approximately 1929 until 1983, during which Pharmacia operated it as a chemical manufacturing and storage facility until about 1975.

In early 2001, counsel for Mystic contacted counsel for Pharmacia regarding Mystic's intent to purchase the Site and provided Pharmacia with information indicating that contamination existed at the Site resulting from Pharmacia's chemical manufacturing and storage operations. Pharmacia completely failed to respond to Mystic's initial notification, prompting Mystic to send a follow-up letter. Although the parties thereafter exchanged various communications, Pharmacia refused to accept responsibility and assist Mystic in the response actions. After these informal attempts to enlist Pharmacia's assistance in the clean-up failed, Mystic invoked the §4A process.

On or about August 27, 2001, counsel for Mystic sent to Pharmacia a formal notification under M.G.L. c. 21E, §4A, which detailed Mystic's investigations and analysis to that date concerning the contamination at the Site. Mystic provided Pharmacia with clear information and evidence regarding Pharmacia's liability for the contamination of the Site, which was consistent with Pharmacia's previous chemical manufacturing operations. Notwithstanding Mystic's comprehensive presentation of the facts, analysis, and reasons for Pharmacia's liability in its

Section 4A notification, Pharmacia failed and refused to participate in the response costs at the Site.

On or about November 16, 2001 and again by letter dated April 8, 2002 Mystic renewed its efforts to engage in negotiations with Pharmacia as anticipated under Section 4A, but to no avail. In the months and years following, Mystic provided information to Pharmacia about its remediation and development plans, but Pharmacia continued to deny that it had any liability despite the overwhelming evidence to the contrary.

**2.    Commencement Of This Action**

On December 5, 2003, Mystic commenced this action in the Suffolk Superior Court seeking relief against Pharmacia. In its Complaint, Mystic requested that the Court:

> "1.    Declare that the defendants are responsible to provide contribution or reimbursement or to pay their equitable share of the costs of Mystic's response action or other liability related to the Site pursuant to the provisions of Mass. Gen. Laws c. 21E, §4A in amounts which will be made to appear, ***together with interest*** thereon and costs;
>
> 2.    Enter judgment in favor of Mystic and against the defendants for all response costs incurred by Mystic in connection with the Site, ***plus interest*** and costs;"

See copy of Mystic's Complaint for Declaratory Judgment and Compensatory Relief at p. 8, attached to the Affidavit of Doreen M. Zankowski, as Exhibit C. On January 26, 2004, Pharmacia removed this case to the Federal District Court, District of Massachusetts, on the basis of diversity of citizenship, with the jurisdictional amount exceeding $75,000. On February 1, 2006, Mystic amended its Complaint and once again requested that this Court:

> "2.    Declare that Pharmacia is responsible to provide reimbursement of and/or contribution to the incurred costs of the response actions that Mystic caused to be taken at the Site or that were taken at the Site for its benefit, pursuant to the provisions of Mass. Gen. Laws c. 21E, §4A, ***together with interest*** thereon and costs;"

See copy of Mystic's Amended Complaint for Declaratory Judgment and Compensatory Relief at p. 8, attached to the Affidavit of Doreen M. Zankowski, as Exhibit D.

3.    **Response Costs Incurred By Mystic At The Site**

In its Memorandum of Decision, this Court found that Pharmacia was liable for 90% of Mystic's response costs dating from March 26, 2001 through April 7, 2006, which totaled $223,861.20. See Plaintiff's Trial Exhibit 233, attached to the Affidavit of Doreen M. Zankowski, as Exhibit E. Between March 26, 2001 and August 27, 2001, the date of the Section 4A notification, Mystic incurred response costs totaling $106,618.35. Id. at Exhibit E. Then, Mystic incurred additional response costs totaling $21,348.67 from August 27, 2001, the date of the Section 4A notification, until this lawsuit was filed on December 5, 2003. Mystic incurred another $117,242.85 in response costs from December 5, 2003 until the commencement of trial on April 7, 2006. Pharmacia could have stepped-in and participated in the response efforts at any point through April 7, 2006, thereby minimizing its liability exposure, but it failed and refused to do so.

## ARGUMENT

Rule 60(a) of the Federal Rules of Civil Procedure, provides relief from a judgment or order of the Court in the event of clerical mistakes in a judgment or other error arising from oversight or omission. Specifically, Rule 60(a) provides, in part:

> "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."

Pursuant to Rule 60(a), a motion for relief from judgment based on a clerical error may be made at any time. See Fed. R. Civ. P. 60(a). [Emphasis Added].

Mystic is not requesting any substantive changes to the Judgment. It is undisputed that Massachusetts law governs this dispute and that Massachusetts law mandates that Mystic be awarded prejudgment interest at a yearly rate of 12%, as set forth below. Rather, Mystic merely

is seeking correction of the mistake or error therein arising from the Judgment's failure to award or calculate prejudgment interest on the response costs awarded to Mystic. Ct. Stovall v. Illinois Central Gulf Railroad, Inc., 722 F.2d 190, 191-192 (5th Cir. 1984) (where judgment was ambiguous with regard to interest, such ambiguity was subject, upon motion of the party or by the court itself at any time, to clarification).

## I. MASSACHUSETTS LAW, WHICH GOVERNS THIS CASE, ENTITLES MYSTIC TO RECOVER PREJUDGMENT INTEREST ON ITS RESPONSE COSTS AT A RATE OF TWELVE PERCENT PER YEAR, AS A MATTER OF RIGHT.

### A. The Issue Of Prejudgment Interest Is Determined By Massachusetts State Law.

On January 26, 2004, Pharmacia removed this case to the Federal District Court, District of Massachusetts, on the basis of diversity of citizenship, with the jurisdictional amount exceeding $75,000. The availability of prejudgment interest in diversity cases is a substantive matter determined by the applicable state law. See Schulhof v. Northeast Cellulose, Inc., 545 F. Supp. 1200, 1211 (D. Mass. 1982); See also Fratus v. Republic Western Ins. Co., 147 F.3d 25, 30 (1st Cir. 1998) (in diversity cases, state law must be applied in determining whether and how much pre-judgment interest should be awarded; See also Loft v. Lapidus, 936 F.2d 633, 639 (1st Cir. 1991) (Massachusetts law governs the pre-judgment interest rate in a diversity case). Therefore, Massachusetts state law determines whether prejudgment interest should be awarded to Mystic, and, if so, at what rate.

### B. Mystic Is Entitled To Recover Prejudgment Interest At A Rate Of Twelve Percent On Its Response Costs Under M.G.L. c. 21E.

The purpose of Chapter 21E is to "compel prompt and efficient cleanup of hazardous material" and enable private parties "to obtain a certain measure of compensation for loss resulting from environmental damage." Sheehy v. Lipton Indus., Inc., 24 Mass. App. Ct. 188,

197 (1987).  M.G.L. c. 21E, § 4A permits an injured party to seek contribution for clean-up

costs, and provides in pertinent part:

> (a) Any person…*who has undertaken, is undertaking*, *or intends to undertake* a
> necessary and appropriate response action or who is or reasonably believes that he
> might be liable pursuant to section five *may notify any person he reasonably
> believes is liable pursuant to section five* that the response action has been taken
> or is being taken or of the notifier's intent to take such response action *or to seek
> contribution, reimbursement or equitable share from other persons...*

[Emphasis Added].

Massachusetts courts have held that the prevailing party under M.G.L. c. 21E is entitled

to prejudgment interest as part of its compensation for loss resulting from its response actions.

In the case of Commonwealth v. Blackstone Valley Electric Co., 867 F. Supp. 78, 84 (D. Mass

1994), this Court determined that the Plaintiff, the Commonwealth of Massachusetts Department

of Environmental Protection, as the prevailing party could recover prejudgment interest accrued

on its uncollected response action costs at a rate of 12% per year.[3]  Similarly, in Newly Weds

Foods, Inc. v. Westvaco Corp., 2002 WL 1923864 (Mass. Super. 2002), the Court found that the

total response costs, including interest, would be allocated to a prevailing private party pursuant

to the verdict in the case brought under M.G.L. c. 21E.  Id. at *3, FN1.

Therefore, prejudgment interest on the response costs awarded to Mystic under M.G.L. c.

21E should be calculated at a rate of 12% per year dating back to when they were incurred,

beginning on March 26, 2001.  At the very latest, prejudgment interest on the response costs

---

[3] M.G.L. c. 21E, § 13 ("Liens on property of persons liable; priority; releases"), provides that any liability
to the Commonwealth under this chapter shall constitute a debt to the Commonwealth and mandates that
prejudgment interest at a rate of 12% per year be awarded.  Specifically, M.G.L. c. 21E, § 13 states:

> Any liability to the commonwealth under this chapter shall constitute a debt to the commonwealth.
> Any such debt together with interest thereon at the rate of twelve percent per annum from the date
> such debt becomes due, shall constitute a lien… .

The same reasoning and rationale justifying treating the liability for response costs incurred by the Commonwealth
as a "debt" on which interest begins to accrue, applies in this case on the response costs incurred by Mystic at the
Site.

awarded to Mystic under M.G.L. c. 21E should be calculated from August 27, 2001, the date of

Mystic's formal Section 4A notification.

### C. Mystic Is Alternatively Entitled To Prejudgment Interest At A Rate Of Twelve Percent On Its Response Costs Under M.G.L. c. 231, §6B, From The Date This Action Was Commenced.

Assuming, *arguendo*, that Mystic was not entitled to prejudgment interest under M.G.L.

c. 21E dating back to the incurring of these costs, Mystic is still entitled to recover prejudgment

interest at a rate of 12% on the awarded response costs under M.G.L. c. 231, §6B, from the date

this lawsuit was commenced.  Massachusetts law provides that prejudgment interest shall be

added by the clerk of courts to the amount of damages awarded in a tort action.  <u>See</u>  M.G.L. c.

231, §6B.  Specifically, M.G.L. c. 231, §6B provides in part:

> In any action in which a verdict is rendered or a finding made or an order
> for judgment … or for consequential damages, or for damage to property,
> ***there shall be added by the clerk of court to the amount of damages interest
> thereon at the rate of twelve per cent per annum from the date of commencement
> of the action*** even though such interest brings the amount of the verdict or finding
> beyond the maximum liability imposed by law.

<u>See</u> M.G.L. c. 231, §6B.  [Emphasis Added].  Massachusetts Courts have held that M.G.L. c.

231, §6B is broad in its scope and applies to compensatory damage awards in all tort and tort-

like causes of action.  <u>See</u> <u>Bennett v. City of Holyoke</u>, 362 F. 3d 1, 11 (D. Mass. 2004) (citations

omitted).  The statutory command that prejudgment interest shall be added at the specified rate

"applies unreservedly to all such awards."  <u>Bennett v. City of Holyoke</u>, 362 F. 3d at 11 <u>citing</u>

<u>Griffin v. Gen. Motors Corp.</u>, 380 Mass. 362, 403 (1980).  Therefore, "there can be no doubt that

… prejudgment interest is a remedy available in common law tort actions."  <u>Bennett v. City of</u>

<u>Holyoke</u>, 362 F. 3d at 11.

Similarly, there is no doubt that Mystic is entitled to prejudgment interest on the award of

its previously incurred <u>response</u> <u>costs</u>.  In <u>City of Malden v. Breslin</u>, 34 Mass. App. Ct. 258, 263-

264 (1993), the Massachusetts Appeals Court held that the "the cost of the remedial measures

necessitated [by the responsible party] was awarded to the plaintiffs as consequential damages,

and [pre]judgment interest was properly included in the judgment," under M.G.L. c. 231, §6B.

City of Malden v. Breslin, 34 Mass. App. Ct. at 263-264.

## II.    PHARMACIA WAS ON NOTICE FROM THE VERY BEGINNING OF THIS ACTION THAT MYSTIC WAS ENTITLED TO AND WOULD SEEK PREJUDGMENT INTEREST IN THIS CASE, SHOULD IT PREVAIL AT TRIAL.

Pharmacia was on notice from the very beginning of this action that Mystic was entitled

to and would seek interest on its response costs should it prevail at trial.  As set forth above,

prejudgment interest at a rate of 12% per year is statutorily mandated both under M.G.L.A. c.

21E as well as M.G.L. c. 231, §6B.  Moreover, Mystic requested an award of interest on its

response costs in its Complaint originally filed with the Suffolk Superior Court on December 5,

2003, and again in its Amended Complaint filed with this Court on February 1, 2006.  Therefore,

Pharmacia cannot claim that it lacked notice that Mystic was entitled to and would seek

prejudgment interest in this case should it prevail at trial.

## III.   FAIRNESS AND EQUITY DICTATE THAT THE JUDGMENT BE CLARIFIED OR CORRECTED TO REFLECT PREJUDGMENT INTEREST, WHICH WAS INADVERTENTLY OMITTED FROM THE COURT'S AWARD OF RESPONSE COSTS TO MYSTIC.

Notwithstanding Mystic's repeated and persistent efforts, Pharmacia failed to perform or

to participate in the proposed response action and to pay its equitable share of remediation costs

at the Site, despite its responsibility for same.  As a result of Pharmacia's refusal to acknowledge

responsibility even when its liability for the contamination at the Site was clear, as determined by

this Court, Mystic was forced to incur all the response costs at the Site to date.  Had Pharmacia

participated and contributed to the response efforts, the clean-up of the Site could have been completed more quickly and more cheaply.

This Court ultimately found that as a result of Pharmacia's activities and operations at the Site, it was liable for 90% of Mystic's incurred response costs. See Memorandum of Decision. Therefore, failing to clarify or correct the Memorandum of Decision to reflect prejudgment interest in this case would be unfair and inequitable.  It would undermine the public policy considerations underlying M.G.L. c. 21E, which discourages litigation, encourages parties to accept responsibility for response costs, and promotes cooperate with other potentially responsible parties in an effort to clean-up contaminated sites in an expeditious and cost-effective manner.  See Sheehy v. Lipton Indus., Inc., 24 Mass. App. Ct. 188, 197 (1987). Further, exempting Pharmacia from having to pay prejudgment interest on the response costs expended by Mystic would punish Mystic and would reward Pharmacia for its refusal to cooperate with Mystic and to participate in the remediation of the Site.  Pharmacia, in essence, would receive the benefit of an interest free loan during the years 2001, 2002, 2003, 2004, 2005, and 2006 before a judgment issued in this case, at Mystic's expense and to its detriment.  As Courts in Massachusetts have noted:

> At a rate of twelve percent per year, prejudgment interest is a formidable factor in litigation.  It would not encourage joint tortfeasors to settle if they were secure in the knowledge that they were relieved of obligation to pay interest on damages… .

See  Harvey v. Essex Bancorp Inc., 25 Mass. App. Ct. 323, 326 (1988).  Such an outcome would be especially unfair and unreasonable in this case in light of the Court's determination that Pharmacia is responsible for paying 90% of Mystic's total response costs dating from March 26, 2001 through April 7, 2006 which totaled $223,861.20.

## <u>CONCLUSION</u>

For the foregoing reasons, and as further supported by the Affidavit of Doreen M. Zankowski, filed herewith, Mystic requests that this Court:

(1)    clarify or correct the Judgment to include prejudgment interest on the response costs awarded to Mystic.  This interest should be calculated at a rate of 12% per year from one of the following three dates: (a) when Mystic began to accrue the response costs; (b) when Mystic sent Pharmacia its formal M.G.L. c. 21E notification; or (c) when this action was commenced; and

(2)    grant such other and further relief as this Court deems just and necessary.

Respectfully submitted,


**MYSTIC LANDING, LLC**

By its attorneys:


*/s/ Doreen M. Zankowski*
Robert G. Flanders, Jr. (BBO #170820)
Doreen M. Zankowski (BBO #558381)
Jeremy Blackowicz (BBO #650945)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA  02109-1775
(617) 345-9000


DATED:  September 18, 2006

## CERTIFICATE OF SERVICE

I, Doreen M. Zankowski, hereby certify that on this 18th day of September 2006, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

John M. Stevens, Esq.
Adam P. Kahn, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts  02210

Mark S. Granger, Esq.
Douglas B. Otto, Esq.
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210

Howard G. Guggenheim
P.O. Box 736
Scituate, MA 02066

*/s/ Doreen M. Zankowski*