UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MYSTIC LANDING, LLC,<br>    Plaintiff,<br> v.<br><br>PHARMACIA CORPORATION<br> and MONSANTO COMPANY,<br>    Defendants. | |
| PHARMACIA CORPORATION and<br> MONSANTO COMPANY,<br>    Third-Party Plaintiffs,<br> v.<br><br>MODERN CONTINENTAL CONSTRUCTION<br> CO., INC.,<br>    Third-Party Defendant. | CIVIL ACTION No. 04-10180 NMG |
| PHARMACIA CORPORATION,<br>    Third-Party Plaintiff,<br> v.<br><br>BOSTON EDISON COMPANY,<br>    Third-Party Defendant. | |
| BOSTON EDISON COMPANY,<br>    Fourth-Party Plaintiff,<br> v.<br><br>O'DONNELL SAND & GRAVEL, INC.<br> and MARY O'DONNELL,<br>    Fourth-Party Defendant. | |

**MEMORANDUM IN OPPOSITION TO MOTION
<u>FOR AWARD OF PREJUDGMENT INTEREST</u>**

B3258275.3

Defendant Pharmacia Corporation ("Pharmacia") submits this memorandum in opposition to the Motion of plaintiff Mystic Landing, LLC ("Mystic") for Clarification, or alternatively, to correct an Oversight or Omission Relating to the Calculation of Prejudgment Interest.  The Court should deny the Motion because, under governing Circuit precedent that Mystic failed to bring to the attention of the Court, the Motion must be construed as a motion to alter or amend a judgment under Rule 59 of the Federal Rules of Civil Procedure, and as such it is barred as untimely under a deadline the Court has no jurisdiction to extend.  Even if the Motion could be styled as an application under Rule 60(a) of the Federal Rules of Civil Procedure, there is no reason to conclude that the lack of provision in the judgment for prejudgment interest was a clerical mistake arising from oversight or omission because there is no presumption under Massachusetts law that interest be awarded in connection with an equitable claim for contribution under chapter 21E of the Massachusetts General Laws.  Even if there were an entitlement to prejudgment interest and Mystic had made a timely application to amend the judgment, the measures of interest sought by Mystic would produce a punitive, rather than a compensatory award.  At bottom, the Motion is yet another attempt by Mystic to obtain a windfall recovery contrary to applicable rules of law and principles of equity.

**ARGUMENT**

**I.     The Motion Is An Untimely Motion To Amend A Judgment.**

Under governing Circuit precedent, however Mystic may attempt to style the Motion, it must be treated as a motion to amend or alter a judgment under Rule 59(e) that is barred as untimely.  *See Crowe v. Bolduc,* 365 F.3d 86 (1st Cir. 2004).  In *Crowe,* the Court followed the teaching of the United States Supreme Court in *Osterneck v. Ernst & Whinney,* 489 U.S. 169

(1989), overruled its decision in *Aubin v. Fudala,* 782 F.2d 287 (1st Cir. 1986) permitting the use of Rule 60(a) as a "vehicle for correcting a final judgment that omitted mandatory prejudgment interest" at any time after entry of judgment and determined that "the proper procedural vehicle for motions seeking to revise a judgment to include an initial award of prejudgment interest (whether mandatory or discretionary)" is a motion under Rule 59(e) that must be filed within 10 days after entry of judgment.  365 F.3d at 89, 91-94.  District courts lack power to extend the 10-day deadline for filing motions to alter or amend a judgment.  *E.g., Feinstein v. Moses*, 951 F.2d 16 (1st Cir. 1991).  Mystic did not file the Motion until 105 days after judgment was entered on June 5, 2006.

Counsel for Pharmacia brought the Circuit Court's decision in Crowe to the attention of counsel for Mystic, which had not mentioned this controlling adverse decision in its Motion, and requested that Mystic withdraw the Motion.  Mystic failed to do so.

## II. The Absence Of An Award For Pre-Judgment Interest Was Not The Result Of A Clerical Mistake Arising From Oversight Or Omission.

Even if Federal Rule of Civil Procedure Rule 60(a) were a permissible means to seek to alter a judgment so as to provide for prejudgment interest, it would not avail Mystic.  The Rule permits the Court to correct "[c]lerical mistakes in judgments . . . arising from oversight or omission . . . at any time."  However, lack of provision for pre-judgment interest in a judgment would constitute a clerical mistake only if a statute or other source of positive law unambiguously directed the Court or the clerk to add pre-judgment interest in a specific amount to any judgment making an award to a plaintiff in the particular type of action in which judgment was entered.  That circumstance is not present here.

Massachusetts law does not direct the Court or the clerk to add interest to any recovery in contribution under M.G.L. c. 21E by a private plaintiff.  More generally, as the Massachusetts

Supreme Judicial Court has observed, the "matter of awarding prejudgment interest is . . . one of balancing equities." *USM Corp. v. Marson Fastener Corp.,* 392 Mass. 334, 350 (1984). This principle has particular force where, as here, the remedy sought at trial was equitable in nature. *See Nissan Automobiles of Marlborough, Inc. v. Glick,* 62 Mass. App. Ct. 302, 311-12 (2004). In the circumstances, the logical conclusion is not that the absence of any mention of prejudgment interest represents a clerical mistake arising from oversight or omission by clerk or Court but rather that the Court applied the equitable factors governing a claim for contribution under chapter 21E to produce an allocation of liability between the parties that did not include an award to Mystic attributable to prejudgment interest.

Neither of the two chapter 21E cases cited by Mystic suggests that a private party seeking contribution under chapter 21E is entitled to prejudgment interest as of right. *Commonwealth of Massachusetts v. Blackstone Valley Electric, Co.,* 867 F. Supp. 78, 84 (D. Mass. 1994), involved a provision of chapter 21E specifically authorizing the Commonwealth to recover prejudgment interest. *See* M.G.L. c. 21E, § 13. There is no counterpart provision applicable to private claimants like Mystic. By the referenced footnote in *Newly Weds Foods, Inc. v. Westvaco Corp.,* 2002 WL 1923864 (Mass. Super. 2002), the court did not, as Mystic would have it, allocate total response costs, including interest, to a prevailing party. 2002 WL 1923864 at *3, FN 1. Rather, the court calculated total response costs to be allocated "exclusive of interest." *Id.* Even if the inference that prejudgment interest was awarded may be drawn from this statement, the case says nothing more than that it is within the discretion of a court to award prejudgment interest when it concludes, as the Court did not here, that the equitable balance supports such an award.

### III. Mystic Seeks An Excessive Award Of Interest.

Even if Mystic were entitled to prejudgment interest as of right and had brought a timely motion to alter or amend the judgment to award prejudgment interest, the Motion still would have had to be denied because, continuing a pattern of attempting to secure inequitable windfall recoveries, Mystic seeks an unjustifiable measure of interest. In that regard, without citing any supporting authority, it requests that interest begin to run from the time it incurred expenditures in advance of trial. *See* Mystic Memorandum at 7-8. Alternatively, citing inapposite authority applicable to Massachusetts tort claims, Mystic contends it should receive interest on everything the Court considered past response costs from the date it commenced the action, even though it did not incur many of those costs--if indeed it has paid them as of this date--until years later.

The purposes for which prejudgment interest is awarded in no way support Mystic's claim. As the Supreme Court observed in *Osterneck*, prejudgment interest traditionally has been viewed as a part of the compensation that makes a plaintiff whole. 489 U.S. at 175-76. More pertinently to the present context, the Massachusetts Supreme Judicial Court stated in *Sterilite Corp. v. Continental Cas. Co.*, 397 Mass. 837 (1986), the purpose of the Massachusetts statutes providing for prejudgment interest is to award interest "so that a person wrongfully deprived of the use of money should be made whole for his loss." 397 Mass. at 840-42, *quoting Perkins School for the Blind v. Rate Setting Comm'n*, 383 Mass. 825, 835 (1981). Because a significant portion of the costs on which it seeks interest from the commencement of the action had not been paid by Mystic even as of the conclusion of the trial years later, Mystic is asking the Court to award interest on money it was able to use throughout that period.

In sum, not only is Mystic's request barred as untimely and unsupported by Massachusetts law but it represents the latest instance of a pattern of overreaching by Mystic,

beginning with its unyielding demand that Pharmacia bear 100 percent of all response costs and a substantial portion of proposed development costs, continuing with its unprecedented claim for property damage when it bought with full knowledge of what it was getting and extending to this day with its pending claim for attorneys' fees.

## CONCLUSION

For the foregoing reasons, the Court should deny Mystic's motion relating to prejudgment interest with costs to Pharmacia.

> By its attorneys,
>
> /s/ John M. Stevens
> John M. Stevens (BBO # 480140)
> Adam P. Kahn (BBO # 561554)
> Elisabeth M. DeLisle (BBO #658067)
> Foley Hoag LLP
> 155 Seaport Boulevard
> Boston, Massachusetts  02210
> (617)  832-1000
> jstevens@foleyhoag.com

Dated:  September 29, 2006

B3258275.3

- 6 -