United States District Court
District of Massachusetts

```
_____
                               )
MYSTIC LANDING, LLC            )
                               )
        Plaintiff,             )
                               )
        v.                     )   Civil Action No.
                               )   04-10180-NMG
PHARMACIA CORPORATION,         )
                               )
        Defendant.             )
                               )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

The underlying case involves liability pursuant to Mass. Gen. Laws. ch. 21E for the cleanup costs of a contaminated parcel of land in Everett, Massachusetts. Following a three-day bench trial (April 10, 11 and 18, 2006), the Court held, <u>inter</u> <u>alia</u>, that Pharmacia Corporation ("Pharmacia") was liable for 90% of the response costs incurred by Mystic Landing, LLC ("Mystic") as of April 6, 2006 and imposed a sliding scale distribution between the companies for all future costs.

Currently pending before the Court are two post-trial motions of Mystic: 1) an application for attorneys' fees and costs and 2) a motion for clarification with respect to prejudgment interest. Pharmacia has filed objections to both.

-1-

I.  **Motion for Attorney Fees**

Plaintiff Mystic contends that the Court is required to award attorneys' fees and costs because Pharmacia failed to comply with the statutory procedure outlined in M.G.L. c. 21E § 4A. Pharmacia, not surprisingly, disagrees and argues that any award of fees should be against Mystic.

The Court begins its analysis with the statutory language. The provision at issue, M.G.L. c. 21E § 4A(d), states:

> In any civil action in which a claim ... is filed pursuant to section four or this section ... the court shall award the plaintiff its litigation costs and reasonable attorneys' fees if the plaintiff shows, and the court finds, that the person against whom the civil action is brought is liable and:
>
> (1) failed without reasonable basis to make a timely response to a notification pursuant to this section, or
>
> (2) did not participate in negotiations or dispute resolution in good faith, or
>
> (3) failed without reasonable basis to enter into or carry out an agreement to perform or participate in the performance of the response action on an equitable basis or pay its equitable share of the costs of such response action or other liability ... where its liability was reasonably clear ....

Mystic contends that Pharmacia failed to participate in negotiations in good faith (§ 4A(d)(2)) and failed to pay its equitable share of costs despite its clear liability in the matter (§ 4A(d)(3)).

In support of its argument, Mystic alleges that Pharmacia stonewalled Mystic's attempts to engage in meaningful negotiation

by responding with onerous demands for documentation. After the negotiations failed and the parties went to trial, Mystic contends that Pharmacia remained dilatory and uncooperative which resulted in significant litigation burdens on Mystic.

Pharmacia challenges that portrayal of its actions before and during the April, 2006, bench trial and contends that it participated in good faith in the pre-trial negotiations. Pharmacia does not dispute that it made requests for documents but argues that they were reasonable requests for additional information regarding the basis of its liability, which are allowed by statute. See M.G.L. c. 21E § 4A(b). It also contends that Mystic failed to provide the requested documentation in a timely manner and that failure itself is a violation of the requirement in § 4A that Mystic negotiate in good faith.

Pharmacia asserts that it had a reasonable basis for not entering into an agreement to pay a share of the responses costs, i.e. that Mystic resolutely demanded that Pharmacia pay 100% of the response costs while ignoring, among other things, the contribution to contamination made by Mystic.

On the basis of the parties' filings and affidavits in support, the Court finds that Pharmacia neither failed to participate in good faith negotiations nor failed to enter into an agreement to divide the response costs. The attorneys' fee remedy in § 4A is intended to promote the negotiation of

environmental liability suits by inflicting penalties on parties which obstruct peaceful settlement. This case is not one in which either party acted without a reasonable basis in the negotiations leading to trial. As such, the Court concludes that plaintiff Mystic is not entitled to attorneys' fees and costs pursuant to § 4A.

Mystic, in the alternative, moves the Court to award fees and costs pursuant to M.G.L. c. 21E § 15. That provision states:

> In any suit by Massachusetts residents to enforce the requirements of this chapter ... the court may award costs, including reasonable attorney and expert witness fees, to any party other than the commonwealth who advances the purposes of this chapter.

Interpreting that provision, the Supreme Judicial Court has stated such relief is allowed only to

> a party which has not contributed to, or caused, the release of hazardous materials necessitating its response actions ... only such a party may be awarded attorney's fees and costs under § 15.

Martignetti v. Haigh-Farr Inc., 425 Mass. 294, 321 (1997). Therefore, that provision allows for the recovery of fees and costs for "innocent parties" only. Buddy's Inc. v. Town of Saugus, 62 Mass. App. Ct. 256, 258 (2004).

Pharmacia argues, convincingly, that Mystic is not an innocent party for the purposes of § 15. This Court found Mystic to be partially liable because it was the owner of the property at the time the hazardous material was released. While Mystic contends that it was not Mystic but Modern Continental

-4-

Construction Co. ("Modern"), an affiliate for Mystic, which contributed to the contamination, this Court also determined that "Mystic and Modern [would be treated] as a single entity" in this case. Therefore, Mystic is precluded from seeking attorneys' fees and costs pursuant to § 15.

## II. Motion for Clarification

On June 5, 2006, this Court apportioned liability between the parties in a Memorandum of Decision and Judgment which did not expressly provide for prejudgment interest.  Pursuant to Fed.R.Civ.P. 60(a), plaintiff Mystic moves the Court to "correct this oversight or omission ... to reflect or include prejudgment interest".  Mystic presents three arguments in support of its position: 1) M.G.L. c. 21E entitles Mystic to recover prejudgment interest, 2) Pharmacia was on notice from the beginning that Mystic was entitled to and would seek interest on its response costs and 3) considerations of fairness and equity necessitate a provision for such interest.

Pharmacia objects to the motion and informs the Court that the motion is not only improperly styled but also untimely.  In Crowe v. Bolduc, 365 F.3d 86, 92-93 (1st Cir. 2004), the First Circuit Court of Appeals held that a motion under Fed.R.Civ.P. 59(e) is "the proper procedural vehicle for motions seeking to revise a judgment to include an initial award of prejudgment

-5-

interest". A motion pursuant to Rule 59(e) must be filed within 10 days after entry of judgment and the district court is without jurisdiction to rule on an untimely motion. See Feinstein v. Moses, 951 F.2d 16, 21 (1st Cir. 1991). Mystic filed its motion on September 18, 2006, which is more than three months after the Court issued judgment.

Moreover, contrary to the plaintiff's belief, the omission of prejudgment interest from the award made in the Court's Memorandum of Decision and Judgment was not an oversight. The Court has the discretion to determine, based upon a balancing of equities, any award for prejudgment interest in a case involving private parties. The case cited by Mystic in support of its argument that it is entitled to 12% prejudgment interest, unlike this case, involved authorization for the Commonwealth to recover prejudgment interest pursuant to M.G.L. c. 21E § 13 and as such, is neither controlling nor persuasive here. See Commonwealth of Massachusetts v. Blackstone Valley Elec. Co., 867 F. Supp. 78, 84 (D. Mass. 1994).

**ORDER**

For the foregoing reasons, plaintiff's application for attorneys' fees and costs (Docket No. 184) is DENIED and plaintiff's motion for clarification (Docket No. 196) is also DENIED.

**So ordered.**

                                    /s/ Nathaniel M. Gorton
                                    Nathaniel M. Gorton
                                    United States District Judge

Dated: March 12, 2007